Lauren M. Hausman, (CA Bar No. 349514)
**COPYCAT LEGAL PLLC**
113 N San Vicente Blvd
Suite 232
Beverly Hills, CA 90211
T: (877) 437-6228
E: lauren@copycatlegal.com

Attorney for Plaintiff
MICHAEL GRECCO PRODUCTIONS, INC.

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL GRECCO PRODUCTIONS, INC.,<br><br>       Plaintiff,<br><br>V.<br><br>TIKTOK INC.,<br><br>       Defendant. | Civil Action No. 2:24-cv-04837<br><br>**COMPLAINT** |

Plaintiff Michael Grecco Productions, Inc. ("Plaintiff") sues TikTok Inc. ("Defendant"), and alleges as follows:

## THE PARTIES

1.      Plaintiff is a corporation organized and existing under the laws of the State of California with a principal place of business at 3103 17th Street, Santa Monica, CA 90405.

2.      Defendant is a corporation organized and existing under the laws of the State of California with its principal place of business located at 5800 Bristol Parkway, Suite 100, Culver City, CA 90230. Defendant's agent for service of process is 1505 Corporation CSC – LAWYERS INCORPORATING SERVICE, 2710 Gateway Oaks Drive, Sacramento, CA 95833.

## JURISDICTION AND VENUE

3.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4.       This Court has personal jurisdiction over Defendant because it maintained sufficient minimum contacts with this State such that the exercise of personal jurisdiction over it would not offend traditional notions of fair play and substantial justice.

5.      Venue properly lies in this district pursuant to 28 U.S.C. § 1400(a) because Defendant or its agents reside or may be found in this district.  "The Ninth Circuit has interpreted Section 1400(a) to mean that venue is proper in any judicial

district in which the defendant would be amenable to personal jurisdiction." <u>Righthaven LLC v. Inform Techs., Inc.</u>, No. 2:11-CV-00053-KJD-LRL, 2011 U.S. Dist. LEXIS 119379, at *8 (D. Nev. Oct. 14, 2011) (citing <u>Brayton Purcell LLP v. Recordon & Recordon</u>, 606 F.3d 1124, 1128 (9th Cir. 2010)). Venue is thus proper in this District because personal jurisdiction exists over Defendant in this District.

## **FACTS**

### I.    **Plaintiff's Business**

6.    Plaintiff is a celebrity photography agency, owned and operated by award-winning photojournalist Michael Grecco, that is hired by top-tier media outlets to take photographs of celebrities. Mr. Grecco has photographed legendary musicians, actors, directors, Olympians, technologists, comedians, athletes, fashion models and automobiles – such as Johnny Cash, Steven Spielberg, Will Smith, Chris Rock, Penelope Cruz, Steve Martin, Olympian Janet Evans, the SnapChat Founders, and Porsche's 911 sports automobile.

7.    Mr. Grecco's photographs are widely published in some of the world's most prominent magazines, including but not limited to, *Vanity Fair*, *Rolling Stone*, *ESPN Magazine*, *Time*, Forbes and *Esquire*.

8.    Using state-of-the-art equipment and signature lighting techniques, Mr. Grecco creates high-end photography licensed by some of the top publishers

in this Country. When commissioned for a job, Mr. Grecco spends countless hours capturing hundreds of photographs and then processing those photographs to ensure they meet customers' requirements.

9.    Plaintiff maintains a commercial website (https://grecco.com/) which describes the photography services offered by Mr. Grecco, hosts a sample portfolio of photographs taken and cinemagraphs created by Mr. Grecco, and invites prospective customers to contact Plaintiff to arrange for a professional photo shoot.

10.    Plaintiff owns the photographs and serves as the licensing agent with respect to licensing such photographs.  Plaintiff was formed in 1998 as "Michael Grecco Photography, Inc."  At that time, Mr. Grecco transferred the rights with respect to his existing copyrights (pursuant to a written assignment agreement) to Michael Grecco Photography, Inc.  In 2012, the company name was formally changed to Michael Grecco Productions, Inc. to accommodate for the expansion into motion productions in addition to photography.  Later, in 2014, Plaintiff created "Michael Grecco Photography" as a d/b/a of Plaintiff.

11.    Plaintiff licenses its photographs on an exclusive and non-exclusive basis to top-tier media outlets. Plaintiff has licensed individual images of celebrities for thousands of dollars to major top-tier outlets.

## II.    The Work at Issue in this Lawsuit

### *The First Photograph*

12. In 1997, Plaintiff created a professional photograph of New Zealand actress Lucy Lawless as Xena the Warrior Princess titled "19970506_Xena_Lawless_Lucy_MGP_0001" (the "<u>First Photograph</u>").  A copy of the First Photograph is displayed below:



13. The First Photograph was registered by Plaintiff with the Register of Copyrights on July 7, 2010 and was assigned Registration No. VA 1-431-698. A true and correct copy of the Certificate of Registration pertaining to the First Photograph is attached hereto as **Exhibit "A."**

***The Second Photograph***

14.    In 1997, Plaintiff created a professional photograph of New Zealand actress Lucy Lawless as Xena the Warrior Princess titled "19970506_Xena_lawless_lucy_MGP_0003" (the "Second Photograph").  A copy of the Second Photograph is displayed below:



15.    The Second Photograph was registered by Plaintiff with the Register of Copyrights on July 7, 2010 and was assigned Registration No. VA 1-431-698.

A true and correct copy of the Certificate of Registration pertaining to the Work is attached hereto as **Exhibit "A."**

### *The Third Photograph*

16.    In 1997, Plaintiff created a professional photograph of American Actor Andy Garcia titled "19970503_Garcia_Andy_MGP_0001" (the "Third Photograph").  A copy of the Third Photograph is displayed below:



17.    The Third Photograph was registered by Plaintiff with the Register of Copyrights on July 7, 2010 and was assigned Registration No. VA 1-431-698. A true and correct copy of the Certificate of Registration pertaining to the Third Photograph is attached hereto as **Exhibit "A."**

*The Fourth Photograph*

18.    In 1997, Plaintiff created a professional photograph of American vocal girl group En Vogue titled "19910622_En_Vogue_MGP_0010" (the "<u>Fourth Photograph</u>").  A copy of the Fourth Photograph is displayed below:



19.    The Fourth Photograph was registered by Plaintiff with the Register of Copyrights on July 7, 2010 and was assigned Registration No. VA 1-431-698. A true and correct copy of the Certificate of Registration pertaining to the Fourth Photograph is attached hereto as **<u>Exhibit "A."</u>**

*The Fifth Photograph*

20.    In 1997, Plaintiff created a professional photograph of American new wave band 'Til Tuesday titled "19850101_Til_Tuesday_Mann_Aimee_MGP_0006" (the "<u>Fifth Photograph</u>"). A copy of the Fifth Photograph is displayed below:



21.    The Fifth Photograph was registered by Plaintiff with the Register of Copyrights on July 7, 2010 and was assigned Registration No. VA 1-431-698. A true and correct copy of the Certificate of Registration pertaining to the Fifth Photograph is attached hereto as **<u>Exhibit "A."</u>**

*The Sixth Photograph*

22.    In 1997, Plaintiff created a professional photograph of American director and actor Quentin Tarantino titled "Tarantino_Quentin_MGP_003" (the "<u>Sixth Photograph</u>").  A copy of the Sixth Photograph is displayed below:



23.    The Sixth Photograph was registered by Plaintiff with the Register of Copyrights on July 7, 2010 and was assigned Registration No. VA 1-431-698. A true and correct copy of the Certificate of Registration pertaining to the Sixth Photograph is attached hereto as **Exhibit "A."**

*The Seventh Photograph*

24.    In 2002, Plaintiff created a professional photograph of Google founders, Larry Page and Sergey Brin titled "20021022_Google_Founders_MGP_0003" (the "<u>Seventh Photograph</u>"). A copy of the Seventh Photograph is displayed below:



25.    The Seventh Photograph was registered by Plaintiff with the Register of Copyrights on November 18, 2002 and was assigned Registration No. VAu 590-445. A true and correct copy of the Certificate of Registration pertaining to the Seventh Photograph is attached hereto as **<u>Exhibit "B."</u>**

*The Eighth Photograph*

26.    In 1997, Plaintiff created a professional photograph of New Zealand actress Lucy Lawless as Xena the Warrior Princess titled "19970506_Xena_Lawless_Lucy_MGP_0043" (the "<u>Eighth Photograph</u>").    A copy of the Eighth Photograph is displayed below:



27.    The Eighth Photograph was registered by Plaintiff with the Register of Copyrights on August 29, 2017 and was assigned Registration No. VA 2-064-915. A true and correct copy of the Certificate of Registration pertaining to the Eighth Photograph is attached hereto as **<u>Exhibit "C."</u>**

*The Ninth Photograph*

28.    In 1997, Plaintiff created a professional photograph of New Zealand actress Lucy Lawless as Xena the Warrior Princess titled "19970506_Xena_Lawless_Lucy_MGP_0015" (the "<u>Ninth Photograph</u>").  A copy of the Ninth Photograph is displayed below:



29.    The Ninth Photograph was registered by Plaintiff with the Register of Copyrights on January 19, 2017 and was assigned Registration No. VA 2-030-740. A true and correct copy of the Certificate of Registration pertaining to the Ninth Photograph is attached hereto as **Exhibit "D."**

*The Tenth Photograph*

30.    In 1997, Plaintiff created a professional photograph of New Zealand actress Lucy Lawless as Xena the Warrior Princess titled "19970506_Xena_Lawless_Lucy_MGP_0005" (the "<u>Tenth Photograph</u>").  A copy of the Tenth Photograph is displayed below:



31.    The Tenth Photograph was registered by Plaintiff with the Register of Copyrights on January 19, 2017 and was assigned Registration No. VA 2-030-740. A true and correct copy of the Certificate of Registration pertaining to the Tenth Photograph is attached hereto as **<u>Exhibit "D."</u>**

*The Eleventh Photograph*

32.    In 1998, Plaintiff created a professional photograph of American actors Jerry O'Connell, Cleavant Derricks, Sabrina Anne Lloyd, and Charlie

O'Connell as the cast of the television series Sliders titled "19971209_Sliders_Cast_MGP_0008" (the "<u>Eleventh Photograph</u>"). A copy of the Eleventh Photograph is displayed below:



33.    The Eleventh Photograph was registered by Plaintiff with the Register of Copyrights on August 20, 2017 and was assigned Registration No. VA 2-064-693. A true and correct copy of the Certificate of Registration pertaining to the Eleventh Photograph is attached hereto as **<u>Exhibit "E."</u>**

*The Twelfth Photograph*

34.     In 1998, Plaintiff created a professional photograph of American actress Gillian Anderson titled "9930625_Anderson_Gillian_MGP_0006" (the "<u>Twelfth Photograph</u>").  A copy of the Twelfth Photograph is displayed below:



35.     The Twelfth Photograph was registered by Plaintiff with the Register of Copyrights on July 27, 2017 and was assigned Registration No. VA 2-063-319. A true and correct copy of the Certificate of Registration pertaining to the Twelfth Photograph is attached hereto as **<u>Exhibit "F."</u>**

*The Thirteenth Photograph*

36.     In 2008, Plaintiff created a professional photograph of American actress Gillian Anderson titled "19940708_Depp_Johnny_MGP_0010" (the "Thirteenth Photograph").    A copy of the Thirteenth Photograph is displayed below:



37.     The Thirteenth Photograph was registered by Plaintiff with the Register of Copyrights on July 27, 2017 and was assigned Registration No. VA 2-063-319. A true and correct copy of the Certificate of Registration pertaining to the Thirteenth Photograph is attached hereto as **Exhibit "G."**

*The Fourteenth Photograph*

38.     In 2008, Plaintiff created a professional photograph of American singer Michael Jackson titled "19890127_Jackson_Michael_MGP_0005" (the "Fourteenth Photograph").   A copy of the Fourteenth Photograph is displayed below:



39.     The Fourteenth Photograph was registered by Plaintiff with the Register of Copyrights on July 27, 2017 and was assigned Registration No. VA 2-063-319. A true and correct copy of the Certificate of Registration pertaining to the Fourteenth Photograph is attached hereto as **Exhibit "G."**

### *The Fifteenth Photograph*

40.     In 2008, Plaintiff created a professional photograph of American singer Michael Jackson titled "19890127_Jackson_Michael_MGP_0001" (the "Fifteenth Photograph").  A copy of the Fifteenth Photograph is displayed below:



41.    The Fifteenth Photograph was registered by Plaintiff with the Register of Copyrights on July 27, 2017 and was assigned Registration No. VA 2-063-319. A true and correct copy of the Certificate of Registration pertaining to the Fifteenth Photograph is attached hereto as **Exhibit "G."**

*The Sixteenth Photograph*

42.    In 2004, Plaintiff created a professional photograph of American Actor Morgan Freeman titled "20040525_Freeman_Morgan_MGP_0002" (the "Sixteenth Photograph").  A copy of the Sixteenth Photograph is displayed below:



43.     The Sixteenth Photograph was registered by Plaintiff with the Register of Copyrights on May 28, 2004 and was assigned Registration No. VAu 630-623. A true and correct copy of the Certificate of Registration pertaining to the Sixteenth Photograph is attached hereto as **Exhibit "H."**

*The Seventeenth Photograph*

44.     In 1980, Plaintiff created a professional photograph of British Rock Band Siouxsie and the Banshees titled "19800101_Siouxsie_and_the_Banshees_MGP_0001" (the "<u>Seventeenth Photograph</u>").  A copy of the Seventeenth Photograph is displayed below:



45.    The Seventeenth Photograph was registered by Plaintiff with the Register of Copyrights on March 4, 2019 and was assigned Registration No. VA 1-397-398. A true and correct copy of the Certificate of Registration pertaining to the Seventeenth Photograph is attached hereto as **Exhibit "I."**

### The Eighteenth Photograph

46.    In 1980, Plaintiff created a professional photograph of Singaporean martial artist and actor Jet Li titled "19981009_Li_Jet_MGP_0006" (the "Eighteenth Photograph").  A copy of the Eighteenth Photograph is displayed below:



47.    The Eighteenth Photograph was registered by Plaintiff with the Register of Copyrights on December 10, 2001 and was assigned Registration No. VA 1-148-989. A true and correct copy of the Certificate of Registration pertaining to the Eighteenth Photograph is attached hereto as **Exhibit "J."**

*The Nineteenth Photograph*

48.    In 1993, Plaintiff created a professional photograph of actors Gillian Anderson and David Duchovny titled "19950310_X-Files_The_MGP_Fox_TS_0003" (the "Nineteenth Photograph").  A copy of the Nineteenth Photograph is displayed below:

THE X-FILES     L: Gillian Anderson as Agent Dana Scully
                R: David Duchovny as Agent Fox Mulder

49.     The Nineteenth Photograph was registered by Plaintiff with the Register of Copyrights on January 22, 2017 and was assigned Registration No. VA 2-030-741. A true and correct copy of the Certificate of Registration pertaining to the Nineteenth Photograph is attached hereto as **Exhibit "K."**

*The Twentieth Photograph*

50.     In 1993, Plaintiff created a professional photograph of actors Gillian Anderson and David Duchovny titled "19930625_X-Files_The_MGP_0010" (the "Twentieth Photograph").   A copy of the Twentieth Photograph is displayed below:



51.    The Twentieth Photograph was registered by Plaintiff with the Register of Copyrights on January 22, 2017 and was assigned Registration No. VA 2-030-741. A true and correct copy of the Certificate of Registration pertaining to the Twentieth Photograph is attached hereto as **Exhibit "K."**

*The Twenty-First Photograph*

52.    In 1995, Plaintiff created a professional photograph of actors Gillian Anderson and David Duchovny titled "19950310_X-Files_The_MGP_0007" (the "Twenty-First Photograph").  A copy of the Twenty-First Photograph is displayed below:



53.    The Twenty-First Photograph was registered by Plaintiff with the Register of Copyrights on September 8, 2003 and was assigned Registration No. VA 1-232-596. A true and correct copy of the Certificate of Registration pertaining to the Twenty-First Photograph is attached hereto as **Exhibit "L."**

*The Twenty-Second Photograph*

54.    In 2010, Plaintiff created a professional photograph of bass player Tina Weymouth of American band Talking Heads titled "19800101_Talking_Heads_MGP_0008" (the "Twenty-Second Photograph"). A copy of the Twenty-Second Photograph is displayed below:

55.     The Twenty-Second Photograph was registered by Plaintiff with the Register of Copyrights on July 7, 2010 and was assigned Registration No. VA 1-431-699. A true and correct copy of the Certificate of Registration pertaining to the Twenty-Second Photograph is attached hereto as **Exhibit "M."**

56.     The First Photograph, Second Photograph, Third Photograph, Fourth Photograph, Fifth Photograph, Sixth Photograph, Seventh Photograph, Eighth Photograph, Ninth Photograph, Tenth Photograph, Eleventh Photograph, Twelfth

Photograph, Thirteenth Photograph, Fourteenth Photograph, Fifteenth Photograph, Sixteenth Photograph, Seventeenth Photograph, Eighteenth Photograph, Nineteenth Photograph, Twentieth Photograph, Twenty-First Photograph, and Twenty-Second Photograph are collectively referred to herein as the "<u>Work</u>."

57.    Plaintiff is the owner of the Work and has remained the owner at all times material hereto.

## II.    Defendant's Unlawful Activities

58.    Defendant is an online social media company focused on short-form video hosting services.

59.    Defendant hosts user-submitted videos through its social media app (e.g., https://apps.apple.com/us/app/tiktok/id835599320) and website (https://www.tiktok.com/).

60.    On multiple dates after each photograph comprising the Work was registered, one or more of Defendant's users caused each photograph comprising the Work to be displayed/published on Defendant's social media app/website platform.

61.    A true and correct copy of screenshots of Defendant's website, displaying the copyrighted Work, is attached hereto as **Exhibit "N."**

62.    Following discovery of the photographs comprising the Work on Defendant's website/social media app, Plaintiff fully complied with 17 U.S.C. §

512 by sending multiple Digital Millennium Copyright Act (the "DMCA") takedown notices to Defendant through its designated agent.

63.    Notwithstanding Plaintiff's multiple attempts (over a period of months) to get Defendant to take down the unauthorized use of the Work, Defendant failed and/or refused to remove the Work from its website/social media app.

64.    All conditions precedent to this action have been performed or have been waived.

## COUNT I – COPYRIGHT INFRINGEMENT

65.    Plaintiff re-alleges and incorporates paragraphs 1 through 23 as set forth above.

66.    Each photograph comprising the Work is an original work of authorship, embodying copyrightable subject matter, that is subject to the full protection of the United States copyright laws (17 U.S.C. § 101 *et seq.*).

67.    Plaintiff owns a valid copyright in each photograph comprising the Work, having registered the Work with the Register of Copyrights and owning sufficient rights, title, and interest to such copyright to afford Plaintiff standing to bring this lawsuit and assert the claim(s) herein.

68.    As a result of Plaintiff's reproduction, distribution, and public display of the Work, Defendant had access to the Work prior to its own reproduction,

distribution, and public display of the Work on its website, webpage, and/or social media.

69.    Defendant reproduced, distributed, and publicly displayed the Work without authorization from Plaintiff.

70.    By its actions, Defendant infringed and violated Plaintiff's exclusive rights in violation of the Copyright Act, 17 U.S.C. § 501, by reproducing, distributing, and publicly displaying the Work for its own commercial purposes.

58.    Alternatively, to the extent Defendant did not directly infringe Plaintiff's rights in the Work, Defendant is liable for vicarious infringement.[1]

59.    Defendant has the right and ability to control the infringing acts of its users yet declined or failed to stop its users from engaging in its infringing activity.

60.    Defendant has a direct financial interest in the profits from the infringing activity. A direct financial interest can involve increased traffic.

61.    Alternatively, to the extent Defendant did not directly infringe Plaintiff's rights in the Work, Defendant is liable for contributory infringement.

---

[1]    "[T]he Copyright Act does not specifically render a third person liable for another person's infringement … [vicarious and contributory copyright infringement] emerged from common law principles and are well established in the law." Luvdarts, Ltd. Liab. Co. v. AT&T Mobility, Ltd. Liab. Co., 710 F.3d 1068 (9th Cir. 2013). For a defendant to be secondarily liable, the plaintiff must establish that there has been direct infringement by a third party.  Perfect 10, Inc. v. Amazon.com, Inc., 508 F.3d 1146 (9th Cir. 2007), " Vicarious liability attaches if the Carriers had both the (1) "right and ability to supervise the infringing activity" and (2) "a direct financial interest" in the activity; see also Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd., 545 U.S. 913, 930-31 (2005) ("Liability for vicarious copyright infringement arises … even if the defendant initially lacks knowledge of the infringement."); A&M Records, Inc. v. Napster Inc., 239 F.3d 1004, 1022 (9th Cir. 2001) ("Vicarious copyright liability is an "outgrowth" of respondeat superior.").

62.     "[T]he Copyright Act does not specifically render a third person liable for another person's infringement … [vicarious and contributory copyright infringement] emerged from common law principles and are well established in the law." <u>Luvdarts, Ltd. Liab. Co. v. AT&T Mobility, Ltd. Liab. Co., 710 F.3d 1068 (9th Cir. 2013)</u>. For a defendant to be secondarily liable, the plaintiff must establish that there has been direct infringement by a third party.  <u>Perfect 10, Inc. v. Amazon.com, Inc., 508 F.3d 1146 (9th Cir. 2007)</u>,

63.     "Liability for contributory copyright infringement attaches if the Carriers (1) knew of the direct infringement; and (2) they either induced, caused, or materially contributed to the infringing conduct." <u>Luvdarts, Ltd. Liab. Co. v. AT&T Mobility, Ltd. Liab. Co.</u>, 710 F.3d 1068 (9th Cir. 2013)

64.     Thus, assuming Defendant did not directly infringe, Defendant caused or materially contributed to its users' infringing activity.  Defendant failed to remove the infringements while having actual knowledge the material was copyright protected. <u>Williams v. Scribd, Inc.</u>, No. 09cv1836-LAB (WMc), 2010 U.S. Dist. LEXIS 90496 (S.D. Cal. June 23, 2010) (explaining that the mere failure to remove an infringing item suffices a material contribution analysis).

71.     Defendant's infringement was willful as it acted with actual knowledge or reckless disregard for whether its conduct infringed upon Plaintiff's

copyright. Notably, Defendant itself utilizes a copyright disclaimer on its website ("© 2024 TikTok"), indicating that Defendant understands the importance of copyright protection and intellectual property rights and is actually representing that it owns each of the photographs published on its website.  See, e.g., Bell v. ROI Prop. Grp. Mgmt., LLC, No. 1:18-cv-00043-TWP-DLP, 2018 U.S. Dist. LEXIS 127717, at *3 (S.D. Ind. July 31, 2018) ("[T]he willfulness of ROI's infringement is evidenced by the fact that at the bottom of the webpage on which the Indianapolis photograph was unlawfully published appeared the following: 'Copyright © 2017.' By placing a copyright mark at the bottom of its webpage that contained Mr. Bell's copyrighted Indianapolis Photograph, Mr. Bell asserts ROI willfully infringed his copyright by claiming that it owned the copyright to everything on the webpage."); John Perez Graphics & Design, LLC v. Green Tree Inv. Grp., Inc., Civil Action No. 3:12-cv-4194-M, 2013 U.S. Dist. LEXIS 61928, at *12-13 (N.D. Tex. May 1, 2013) ("Once on Defendant's website, Defendant asserted ownership of Plaintiff's Registered Work by including a copyright notice at the bottom of the page. Based on these allegations, the Court finds Plaintiff has sufficiently pled a willful violation….").

72.    Additionally, Defendant is registered under the Digital Millennium Copyright Act ("DMCA") and thus, Defendant clearly understands that professional photography such as the Work is generally paid for and cannot simply

be copied from the internet.

73.    Plaintiff has been damaged as a direct and proximate result of Defendant's infringement.

74.    Plaintiff is entitled to recover its actual damages resulting from Defendant's unauthorized use of the Work and, at Plaintiff's election (pursuant to 17 U.S.C. § 504(b)), Plaintiff is entitled to recover damages based on a disgorgement of Defendant's profits from infringement of the Work, which amounts shall be proven at trial.

75.    Alternatively, and at Plaintiff's election, Plaintiff is entitled to statutory damages pursuant to 17 U.S.C. § 504(c), in such amount as deemed proper by the Court.

76.    Pursuant to 17 U.S.C. § 505, Plaintiff is further entitled to recover its costs and attorneys' fees as a result of Defendant's conduct.

77.    Defendant's conduct has caused, and any continued infringing conduct will continue to cause, irreparable injury to Plaintiff unless enjoined by the Court.  Plaintiff has no adequate remedy at law.  Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting infringement of Plaintiff's exclusive rights under copyright law.

**WHEREFORE**, Plaintiff demands judgment against Defendants as follows:

a.  A declaration that Defendant has infringed Plaintiff's copyrights in the

Work;

b. A declaration that such infringement is willful;

c. An award of actual damages and disgorgement of profits as the Court deems proper or, at Plaintiff's election, an award of statutory damages for willful infringement up to $150,000.00 for each photograph comprising the Work;

d. Awarding Plaintiff its costs and reasonable attorneys' fees pursuant to 17 U.S.C. § 505;

e. Awarding Plaintiff interest, including prejudgment interest, on the foregoing amounts;

f. Permanently enjoining Defendant, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with Defendant, from directly or indirectly infringing Plaintiff's copyrights or continuing to display, transfer, advertise, reproduce, or otherwise market any works derived or copied from the Work or to participate or assist in any such activity; and

g. For such other relief as the Court deems just and proper.

DATED:  June 7, 2024.                    **COPYCAT LEGAL PLLC**

By: /s/ Lauren M. Hausman

LAUREN M. HAUSMAN

Attorney for Plaintiff
Michael Grecco Productions, Inc.