UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL GRECCO PRODUCTIONS, INC., <br><br> Plaintiff, <br><br> v. <br><br> TIKTOK, INC., <br><br> Defendant. | Case No. 2:24-cv-04837-FLA (MARx) <br><br> **ORDER DENYING PLAINTIFF'S MOTION TO STAY [DKT. 33]** |

On October 4, 2024, Plaintiff filed a Motion to Stay the Case ("Motion"), with a noticed hearing date of October 11, 2021. Dkt. 33. Plaintiff did not file the Motion at least 28 days prior to the hearing date, as required by Local Rule 6-1 and the court's Initial Standing Order, Dkt. 10 at 4–5. As Plaintiff states Defendant does not oppose the Motion, Dkt. 33 at 2–3, the court will construe this Motion as an *ex parte* application to stay the action.

*Ex parte* applications are requests made to the court outside the framework of the ordinary rules for notice of a hearing. *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 490 (C.D. Cal. 1995). They do not offer the opposing party a fair opportunity to respond and are "rarely justified." *Id.* at 490–91. To obtain *ex*

1

*parte* relief, a moving party must present evidence to show that the moving party's cause will be "irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures" and that "the moving party is without fault in creating the crisis that requires *ex parte* relief, or that the crisis occurred as a result of excusable neglect." *Id.* at 492.

Plaintiff contends the court should stay the action pending the resolution of a motion to dismiss, filed on August 19, 2024, in the unrelated action *Elizabeth Waterman v. TikTok Inc.*, Case No. 2:24-cv-04802-AB (AJRx) (the "*Waterman* action"). Dkt. 33 at 1–2. According to Plaintiff, this action and the *Waterman* action "are substantially similar in that both were filed on the same day, both assert claims of copyright infringement against TikTok with respect to the same alleged conduct, the same counsel has appeared in both actions, and a substantially similar motion to dismiss was filed in both actions." *Id.* at 2.

Plaintiff does not cite any legal authority to establish that the filing of a motion to dismiss in an unrelated action against an unrelated defendant, based on allegations of unrelated acts of copyright infringement, constitutes good cause to stay an action. *See* Dkt. 33. Therefore, the Motion is DENIED.

IT IS SO ORDERED.

Dated: October 10, 2024

                                              FERNANDO L. AENLLE-ROCHA
                                              United States District Judge