# Exhibit A

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No.: | 2:24-cv-04802-AB-AJR | Date: | October 30, 2024 |

| Title: | *Elizabeth Waterman v. TikTok, Inc.* |

| Present: The Honorable | **ANDRÉ BIROTTE JR., United States District Judge** |

| Daniel Tamayo | N/A |
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
| None Appearing | None Appearing |

**Proceedings:** **[In Chambers] ORDER <u>GRANTING</u> DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Before the Court is Defendant TikTok, Inc.'s Motion to Dismiss ("Motion," Dkt. No. 24). Plaintiff Elizabeth Waterman filed an opposition, and Defendant TikTok filed a reply. (Dkt. Nos. 29, 30.) The Court found this matter appropriate for decision without oral argument and vacated the October 18, 2024 hearing. *See* Fed. R. Civ. P. 78; L.R. 7-15. For the following reasons, Defendant's Motion is **<u>GRANTED</u>**.

## I. BACKGROUND

Plaintiff Elizabeth Waterman ("Plaintiff") is a photographer, who allegedly created and owns two copyrighted photographs: (1) "146_ClubW_August2018_321," registered as No. VA 1-348-543, and (2) "176_CrazyGirls_181-Edit," registered as No. VA 1-366-084 (collectively, "Photos" or "the Work"). Plaintiff's Complaint ("Compl.") ¶¶ 11-14. Defendant TikTok, Inc. ("Defendant" or "TikTok") is "an online social media company focused on short-form video hosting services." (Compl. ¶ 17.)

Plaintiff alleges, "[o]n multiple dates after each photograph…was registered, one or more of Defendant's users caused each photograph compromising the Work to be displayed/published on Defendant's social media app/website platform." (Compl. ¶ 19.) Following the discovery of the Photos on Defendant's platform, Plaintiff alleges she "fully complied with 17 U.S.C. § 512 by sending multiple Digital Millenium Copyright Act (the "DMCA") takedown notices to Defendant through its designated agent." (Compl. ¶ 21.) Plaintiff alleges that Defendant "failed and/or refused to remove the Work" from its platform. (Compl. ¶ 22.)

Defendant TikTok now moves to dismiss Plaintiff's complaint pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6), alleging Plaintiff has not pled facts in her complaint to plausibly support either a direct, vicarious, or contributory copyright infringement theory by TikTok.

## II.   LEGAL STANDARD

Rule 12(b)(6) allows an attack on the pleadings for "failure to state a claim upon which relief can be granted." A complaint may be dismissed under Rule 12(b)(6) for the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

When ruling on a Rule 12(b)(6) motion, "a judge must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). But a court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Deciding whether a complaint satisfies the plausibility standard is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

If a court determines that a complaint should be dismissed, it must then decide whether to grant leave to amend. Under Rule 15(a), leave to amend "should be freely granted when justice so requires." *Lopez v. Smith*, 203 F.3d 1122, 1127

(9th Cir. 2000) (cleaned up). A district court should generally grant leave to amend "unless it determines that the pleading could not possibly be cured by the allegation of other facts," making any potential amendments futile. *Id.* at 1130 (quoting *Doe v. U.S.*, 58 F.3d 494, 497 (9th Cir. 1995); *see also Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008).

### III. DISCUSSION

Defendant TikTok argues that Plaintiff Waterman fails to adequately plead direct, contributory, and vicarious copyright infringement theories in her complaint, and thus, her complaint must be dismissed in its entirety. (Mot. 1:10-28.) Waterman argues that the "Complaint alleges a ***single*** count of copyright infringement based on a theory of direct infringement, vicarious infringement, ***or*** copyright infringement." (Opp. 3:5-7) (emphasis in original). As such, Waterman argues that, if the Court finds Waterman has "plead a plausible claim on any ***one*** of those theories of infringement, dismissal of the claim is improper." (Opp. 9:1-9) (emphasis in original).

Waterman's argument is misguided. The Ninth Circuit consistently analyzes copyright infringement theories separately when a single claim asserts various theories. *See A&M Records, Inc. v. Napster, Inc.*, 239 F.3d 1004 (9th Cir. 2001) (applying a separate analysis for each infringement claim alleged); *see also Louise Vuitton Malletier, S.A. v. Akanoc Solutions, Inc.,* 591 F. Supp. 2d 1098, 1103 n. 6 (analyzing each separate theory because they are "distinct legal theories", so the court discusses each "as a separate cause of action"). As such, the Court will address each theory in turn as its own separate cause of action.

### A. Direct Copyright Infringement

To plead direct copyright infringement under 17 U.S.C. § 501, a plaintiff must show (1) "ownership of the allegedly infringed material," (2) that the defendant "violate[d] at least one exclusive right granted to" plaintiff under 17 U.S.C. § 106, and (3) causation. *VHT, Inc. v. Zillow Grp., Inc.,* 918 F.3d 723, 731 (9th Cir. 2019). An allegation of copyright registration is sufficient to state prima facie claim to ownership of the work. 17 U.S.C. § 410(c). Since TikTok does not dispute that Waterman has adequately alleged the first and second elements of infringement, the Court will focus its analysis on the causation element.

The causation element is frequently referred to as "volitional conduct" in copyright cases. *See Perfect 10, Inc. v. Giganews, Inc.* 847 F.3d 657, 666 (9th Cir.

2017). The Ninth Circuit has clarified, however, that this term in copyright caselaw refers to the basic tort concept of proximate causation. *Id.* To plead causation, Waterman must include allegations that TikTok exercised some degree of control over the images, "other than by general operation of its website." *See Zillow Grp. Inc.*, 918 F.3d at 732; *see also BMG Rts. Mgmt. (US) LLC v. Joyy Inc.*, 644 F. Supp. 3d 602, 608 (C.D. Cal. 2022) ("Where, as here, the action is against a website owner, the distinction between active and passive participation in the alleged infringement is central to the legal analysis.") (internal citation omitted).

Waterman agrees with TikTok's position that a direct infringement theory of liability has not been properly set forth in the Complaint. (Opp. 9:6-11.) Plaintiff's theory of direct copyright infringement is **DISMISSED**.

### B. Contributory Copyright Infringement

Under federal copyright law, "[o]ne infringes contributorily by intentionally inducing or encouraging direct infringement." *Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.* ("*Grokster*"), 454 U.S. 913, 930 (2005) (citation omitted). Within the Ninth Circuit, a party may be held liable for contributory infringement if it "(1) has knowledge of another's infringement and (2) either (a) materially contributes to or (b) induces that infringement." *Perfect 10, Inc. v. Visa Int'l Serv. Ass'n*, 494 F.3d 788, 795 (9th Cir. 2007).

In the context of online platforms, the Ninth Circuit has held that "a computer system operator can be held contributorily liable if it has actual knowledge that specific infringing material is available using its system and can take simple measures to prevent further damage to copyrighted work yet continues to provide access to infringing works." *Perfect 10, Inc. v. Amazon.com, Inc.* ("*Amazon.com*"), 508 F.3d 1146, 1158 (9th Cir. 2007) (citations and quotations omitted).

#### 1. Knowledge

To establish liability, the first prong requires "more than a generalized knowledge of the possibility of infringement." *Luvdarts, LLC v. AT&T Mobility, LLC*, 710 F.3d 1068, 1072. The knowledge requirement is satisfied by "actual knowledge," but the law "remains unsettled" with respect to whether "reason to know" is sufficient. *See Atari Interactive, Inc. v. Redbubble, Inc.*, 515 F. Supp. 3d 1089, 1114 (N.D. Cal. 2021) (citing *Erickson Prods., Inc. v. Kast*, 921 F.3d 822, 832 (9th Cir. 2019).

The Ninth Circuit thereafter clarified in *A&M Records, Inc. v. Napster, Inc.* ("*Napster II*") that the knowledge requirement for contributory infringement liability is satisfied when "a computer system operator learns of specific infringing material available on his system and fails to purge such material from the system." 239 F.3d 1104, 1021 (9th Cir. 2001). The Circuit explained, however, that "absent any specific information which identifies infringing activity, a computer system operator cannot be held liable for contributory infringement merely because the structure of the system allows for the exchange of copyrighted material." *Id*. (citing *Sony Corp. v. Universal City Studios, Inc.*, 464 U.S. 417, 436 (1984)).

The defendant is not required to be aware of the copyright registration number or exact location of the infringing content in order for the knowledge to be specific; it is enough if the defendant has *sufficient information* to be able to find the specific infringing content on its system. *Perfect 10 v. Giganews, Inc.*, 2013 WL 2109963 at *10 (C.D. Cal. Mar. 8, 2013), *aff'd*, 847 F.3d 657 (9th Cir. 2017) (emphasis added) (finding knowledge when plaintiff sent a notice identifying hundreds of copyrighted images, alleging defendant had a search function which could have been used to search for the infringing content based on the image identifiers plaintiff provided in the notice).

Here, Waterman alleges that TikTok had actual knowledge of the infringement due to the DMCA take-down notices. (Opp. 7:13.) Plaintiff's Complaint alleges, "Plaintiff fully complied with 17 U.S.C. § 512 by sending multiple Digital Millennium Copyright Act ("DMCA") takedown notices to Defendant." (Compl. ¶ 21.) TikTok argues that Waterman failed to plead any facts relating to when the takedown notices were sent, when the infringement occurred, what information was included in the notices, and any other facts that suggest Waterman provided TikTok with sufficient information to be able to locate the specific infringing content on its system. (Mot. 15:18-23.)

On a Rule 12(b)(6) motion, allegations must be taken as true unless contradicted by materials properly before the Court. Waterman alleges that her takedown notices complied with DMCA's requirements, which would be sufficient to place TikTok on notice. However, only stating Waterman "complied with DMCA requirements" without pleading *how* the notices complied is a legal conclusion the Court is not allowed to accept as fact under *Iqbal*. 556 U.S. at 678. The case Waterman relies on, *Backgrid USA v. Twitter, Inc., et al.*, held that the pleadings of the DMCA notice was sufficient because the complaint specified that the take-down notices provided a link to the defendant to properly identify each

instance in alleged infringement.[1] No. CV 22-9462-DMG (ADSx), 2024 U.S. Dist. LEXIS 103090, *13 (C.D. Cal June 7, 2024). However, here, Waterman's complaint is completely devoid of any factual allegations regarding the specific details included in the DMCA. As such, the Court is unable to conclude TikTok had knowledge, actual or reason to know, of the alleged infringement.

### 2. Material Contribution

Even assuming that Waterman's takedown notices were sufficient to confer knowledge, Waterman failed to allege that TikTok materially contributed to or induced infringement. As explained by the Ninth Circuit in *Perfect 10, Inc. v. Giganews*, a computer system operation is liable under a material contribution theory of infringement "if it has actual knowledge that specific infringing material is available using its system and can take simple measures to prevent further damage to copyrighted works yet continues to provide access to infringing works." 847 F.3d 657, 671 (9th Cir. 2017) (emphasis removed).

Waterman argues that because TikTok had "actual knowledge of the infringement," the material contribution prong is automatically satisfied under *Giganews*. (Opp. 7:21-8:19.) Waterman is incorrect. Knowledge is only *one part* of the analysis required under *Giganews*. Rather, in *Giganews*, the Ninth Circuit found the material contribution element was *not satisfied* because there were "no simple measures available to remove infringing material." *Giganews*, 847 F.3d at 671.

Here, Waterman has not alleged any facts in the complaint that TikTok had knowledge of the specific infringing materials *and* was able to take simple measures to prevent further infringement. Rather, Waterman only alleges, "Defendant has the right and ability to control the infringing acts of its users yet declined or failed to stop its users from engaging in its infringing activity." (Compl. ¶ 31.) Waterman alleges no facts that Defendant had the ability to control the acts of its users or that Defendant was able to use simple measures to remove the infringing material from its platform. As such, Waterman's contributory infringement claim is **DISMISSED**.

### C. Vicarious Copyright Infringement

---

[1] In *Backgrid USA, Inc. v. Twitter, Inc.*, Chief Judge Gee wrote, "Each [DMCA] notice complied with 17 U.S.C. 512(c)(3), giving [Defendant] knowledge of specific infringing material, including providing a link to where the infringement was stored and where it was displayed." No. CV 22-9462-DMG (ADSx), 2024 U.S. Dist. LEXIS 103090, *13 (C.D. Cal June 7, 2024).

Case 2:24-cv-04887-LAB-MAR    Document 38-1    Filed 10/30/24    Page 8 of 9   Page ID #:208

A defendant may also be liable under a vicarious infringement theory "by profiting from direct infringement while declining to exercise a right to stop or limit it." *Grokster*, 545 U.S. at 930. To prove vicarious infringement, Plaintiff must show (1) that Defendants enjoy a direct financial benefit from the infringing activity of its subscribers, and (2) that Defendants have declined to exercise the right and ability to supervise or control the infringing activity. *Ellison v. Robertson*, 357 F.3d 1072, 1076 (9th Cir. 2004).

As for the first element, "[t]he essential aspect of the 'direct financial benefit' inquiry is whether there is a causal relationship between the infringing activity and any financial benefit a defendant reaps, regardless of *how substantial* the benefit is in proportion to a defendant's overall profits." *Ellison*, 357 F.3d at 1079 (emphasis in original). And as for the second element, "a defendant exercises control over a direct infringer when he has both a legal right to stop or limit the directly infringing conduct, as well as the practical ability to do so." *Amazon.com*, 508 F.3d at 1173.

### 1. Direct Financial Benefit

The Ninth Circuit has held that "[f]inancial benefit exists where the availability of infringing material 'acts as a "draw" for customers,' " *Napster II*, 239 F.3d at 1023 (quoting *Fonovisa, Inc. v. Cherry Auction, Inc.,* 76 F.3d 259, 263–64 (9th Cir. 1996)), and "[t]here is no requirement that the draw be 'substantial.' " *Ellison*, 357 F.3d at 1079.

Here, TikTok argues Waterman does not sufficiently allege that it has a direct financial interest in the infringing activity. (Mot. 6:16-22.) The Court agrees. In the Complaint, Waterman alleges, "Defendant has a direct financial interest in the profits from the infringing activity. A direct financial interest can involve increased traffic." (Compl. ¶ 32.) This vague and conclusory statement does not allege any relationship between the infringing activity and the alleged increased traffic TikTok experienced by the Photos existing on TikTok's platform. Waterman does not make any attempt to show how increased traffic establishes a financial interest or how this alleged infringement has created increased traffic on TikTok's platform. As such, Waterman has not sufficiently alleged TikTok obtained any direct financial benefit from the alleged infringement.

### 2. Ability to Supervise or Control

To establish the second prong, a plaintiff must present facts plausibly alleging that TikTok "has both a legal right to stop or limit the directly infringing conduct, as well as the practical ability to do so." *Perfect 10, Inc. v. Amazon.com, Inc.*, 508 F.3d 1146, 1174. In *Amazon.com*, the Ninth Circuit found defendant lacked the practical ability to "analyze every image on the internet, compare each image to all other copyrighted images that exist in the world…and determine whether an image on the web infringes someone's copyright." *Id.* (quoting *Perfect 10 v. Google, Inc.*).

TikTok argues that Waterman does not sufficiently allege that TikTok had the right and ability to supervise the infringing conduct. (Mot. 6:11-8:15.) Waterman argues the Complaint sufficiently satisfies this element. (Opp. 6:1-12.) In her Complaint, Waterman alleges, "Defendant has the right and ability to control the infringing acts of its users yet declined or failed to stop its users from engaging in its infringing activity." (Compl. ¶ 31.)

Again, as discussed above, this is the type of bare, legally conclusory language that courts may not accept as true. Waterman makes no attempt to satisfy her burden at the pleadings stage that TikTok had any type of ability to supervise or control its users' infringing conduct. As such, Waterman's vicarious copyright infringement claim is **DISMISSED**.

## IV. CONCLUSION

For the reasons stated above, Defendant's Motion to Dismiss is **GRANTED**. Because leave to amend should be freely granted and the Court is unable to determine at this point if an amendment would be futile, the Court **GRANTS** Plaintiff's request for leave to amend. Any such amended complaint must be filed within twenty-one (21) days of the issuance of this Order.

**IT IS SO ORDERED**.

Case 2:24-cv-04387-AB-MAR Document 36-1 Filed 01/30/25 Page 9 of 9 Page ID #:210