UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL GRECCO PRODUCTIONS, INC., | Case No. 2:24-cv-04837-FLA (MARx) |
| Plaintiff, | **ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AMENDED COMPLAINT [DKT. 24]** |
| v. | |
| TIKTOK, INC., | |
| Defendant. | |

## <u>RULING</u>

Before the court is Defendant TikTok, Inc.'s ("TTI" or "Defendant") Motion to Dismiss Amended Complaint ("Motion"). Dkt. 24 ("Mot.").[1] Plaintiff Michael Grecco Productions, Inc. ("Grecco Productions") opposes the Motion. Dkt. 32 ("Opp'n"). On October 16, 2024, the court found this matter appropriate for resolution without oral argument and vacated the hearing set for October 18, 2024. Dkt. 39; *see* Fed. R. Civ. P. 78(b); Local Rule 7-15.

---

[1] The court cites documents by the page numbers added by the court's CM/ECF system, rather than any page numbers that appear within the documents natively.

For the reasons stated herein, the court GRANTS the Motion and DISMISSES the First Amended Complaint ("FAC") with twenty-one (21) days' leave to amend as to Plaintiff's claims for vicarious and contributory copyright infringement. These claims must be pleaded as separate counts in Plaintiff's Second Amended Complaint. Leave to amend is DENIED as to Plaintiff's claim for direct copyright infringement.

## DISCUSSION

## I.   BACKGROUND

Plaintiff alleges the following facts in the FAC.[2] Plaintiff is a celebrity photography agency, owned and operated by photojournalist Michael Grecco ("Grecco"), who is hired by top-tier media outlets to take photographs of celebrities. Dkt. 23 ("FAC") ¶ 6. Twenty-two of Plaintiff's photographs (collectively, "the Work"), registered under thirteen visual arts group registrations, form the basis of this action. *Id.* ¶¶ 10, 12–56; Dkts. 23-1 through 23-13.

"Defendant is an online social media company focused on short-form video hosting services" that "hosts user-submitted videos through its social media app … and website …." *Id.* at 27 ¶¶ 58–59. "On multiple dates after each photograph comprising the Work was registered, one or more of Defendant's users caused each photograph comprising the Work to be displayed/published on Defendant's social media app/website platform." *Id.* at 27 ¶ 60. Plaintiff attaches as exhibits to the FAC screenshots of Defendant's website, which purportedly show infringement of Plaintiff's copyrights in the Work. *Id.* at 28 ¶ 61; Dkt. 23-14.

According to Plaintiff, "[f]ollowing discovery of the photographs comprising the Work on Defendant's website/social media app, Plaintiff fully complied with 17 U.S.C. § 512 by sending multiple Digital Millennium Copyright Act (the "DMCA") takedown notices to Defendant through its designated agent." *Id.* at 28 ¶ 62.

---

[2] The FAC contains typographical errors, whereby Plaintiff repeats certain paragraph numbers. *See* FAC at 29–30 (repeating paragraph numbers 58–64 between ¶¶ 70 and 71). Accordingly, the court adds page numbers where necessary for clarity.

1    "Notwithstanding Plaintiff's multiple attempts (over a period of months) to get

2    Defendant to take down the unauthorized use of the Work, Defendant failed and/or

3    refused to remove the Work from its website/social media app." *Id.* at 28 ¶ 63.  On

4    August 15, 2024, Plaintiff filed the operative FAC, asserting one count of copyright

5    infringement against Defendant under alternative theories of direct, vicarious, and

6    contributory infringement. *Id.* at 28– 33 ¶¶ 65–77.

7    **II.    LEGAL STANDARD**

8          Under Fed. R. Civ. P. ("Rule") 12(b)(6), a party may file a motion to dismiss a

9    complaint for "failure to state a claim upon which relief can be granted."  The purpose

10   of Rule 12(b)(6) is to enable defendants to challenge the legal sufficiency of the

11   claims asserted in a complaint. *Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d

12   729, 738 (9th Cir. 1987).  A district court properly dismisses a claim under Rule

13   12(b)(6) if the complaint fails to allege sufficient facts "to state a cognizable legal

14   theory or fails to allege sufficient factual support for its legal theories." *Caltex*

15   *Plastics, Inc. v. Lockheed Martin Corp*, 824 F.3d 1156, 1159 (9th Cir. 2016).

16         "To survive a motion to dismiss, a complaint must contain sufficient factual

17   matter … to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*,

18   556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570

19   (2007)).  "The plausibility standard is not akin to a 'probability requirement,' but it

20   asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

21   "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need

22   detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his

23   'entitlement to relief' requires more than labels and conclusions, and a formulaic

24   recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555

25   (internal citations omitted).  "Factual allegations must be enough to raise a right to

26   relief above the speculative level, on the assumption that all the allegations in the

27   complaint are true (even if doubtful in fact)." *Id.* (citations and parentheticals

28   omitted).  "Determining whether a complaint states a plausible claim for relief is 'a

1    context-specific task that requires the reviewing court to draw on its judicial

2    experience and common sense.'" *Ebner v. Fresh, Inc.*, 838 F.3d 958, 963 (9th Cir.

3    2016) (quoting *Iqbal*, 556 U.S. at 679).

4        When evaluating a complaint under Rule 12(b)(6), the court "must accept all

5    well-pleaded material facts as true and draw all reasonable inferences in favor of the

6    plaintiff." *Caltex*, 824 F.3d at 1159.  Legal conclusions, however, "are not entitled to

7    the assumption of truth" and "must be supported by factual allegations." *Iqbal*, 556

8    U.S. at 679.  The court need not accept as true allegations that contradict matters

9    properly subject to judicial notice or established by exhibits attached to the complaint.

10   *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001), *amended on

11   other grounds*, 275 F.3d 1187 (9th Cir. 2001).  "Nor is the court required to accept as

12   true allegations that are merely conclusory, unwarranted deductions of fact, or

13   unreasonable inferences." *Id.*

14   **III.   ANALYSIS**

15       "To establish a prima facie case of copyright infringement, a plaintiff must

16   show (1) ownership of a valid copyright and (2) violation by the alleged infringer of at

17   least one of the exclusive rights granted to copyright owners by the Copyright Act."

18   *UMG Recordings, Inc. v. Augusto*, 628 F.3d 1175, 1178 (9th Cir. 2011) (citing 17

19   U.S.C. § 501(a)).  The exclusive rights granted to a copyright owner differ based on

20   the category of the work in question, and are set forth in 17 U.S.C. § 106, which states

21   in relevant part for pictorial works:

22       Subject to sections 107 through 122, the owner of copyright under
23       this title has the exclusive rights to do and to authorize any of the
         following:

24       (1) to reproduce the copyrighted work in copies…;

25       (2) to prepare derivative works based upon the copyrighted work;

26       (3) to distribute copies … of the copyrighted work to the public by
27           sale or other transfer of ownership, or by rental, lease, or lending;
             [and] …

28

4

> (5) in the case of … pictorial … works…, to display the copyrighted
> work publicly….

17 U.S.C. § 106

Plaintiff attaches copies of the Copyright Registrations as exhibits to the FAC, Dkts. 23-1 through 23-13, and, thus, plausibly alleges it owns valid copyrights to the individual photographs that comprise the Work.  As to the second prong of the analysis, Plaintiff sues Defendant under three theories of liability: direct, contributory, and vicarious copyright infringement.  FAC at 28 ¶ 65 through 32 ¶ 75.  The court discusses each in turn.

### A.    Direct Copyright Infringement

To prevail on a claim of direct copyright infringement, a plaintiff "must … establish causation, which is commonly referred to as the 'volitional-conduct requirement.'"  *VHT, Inc. v. Zillow Grp.*, 918 F.3d 723, 731 (9th Cir. 2019) (citation omitted).  "Stated differently, direct liability must be premised on conduct that can reasonably be described as the direct cause of the infringement."  *Id.* (cleaned up); *see also Fox Broad. Co. v. Dish Network L.L.C.*, 747 F.3d 1060, 1067 (9th Cir. 2014) ("Infringement of the reproduction right requires 'copying *by* the defendant,'" *i.e.*, "that the defendant cause the copying.") (emphasis in original, citation omitted).

Volitional conduct may occur where the defendant "exercised control (other than by general operation of a [website/platform]); selected … material for upload, download, transmission, or storage; or instigated … copying, storage, or distribution" of copyrighted materials.  *Perfect 10, Inc. v. Giganews, Inc.*, 847 F.3d 657, 670 (9th Cir. 2017).  In cases involving website owners or online platforms, "the distinction between active and passive participation in the alleged infringement is central to the legal analysis."  *VHT*, 918 F.3d at 732 (cleaned up).  This is because "operating a system used to make copies at the user's command does not mean that the system operator, rather than the user, caused copies to be made."  *Fox*, 747 F.3d at 1067.
/ / /

5

Defendant contends Plaintiff has not and cannot allege any volitional conduct by TTI to support its direct copyright infringement claim.  Mot. at 9–12.  Plaintiff admits "a direct theory of liability has not been properly set forth in the FAC," but argues Plaintiff "should be given the opportunity to seek discovery with respect to its other theories of liability which very well could reveal additional facts sufficient to support a direct liability theory."  Opp'n at 8–9.

As Plaintiff admits it lacks any facts to plead a claim for direct copyright infringement, the court DISMISSES this claim without leave to amend.  Plaintiff's belief that discovery "very well could reveal additional facts sufficient to support a direct liability theory" is speculative and insufficient to support a valid claim at this time.  *See* Fed. R. Civ. P. 11(b)(2).

### B.    Vicarious Copyright Infringement

"Vicarious copyright liability is an 'outgrowth' of respondeat superior."  *A&M Records, Inc. v. Napster, Inc.*, 239 F.3d 1004, 1022 (9th Cir. 2001).  "In the context of copyright law, vicarious liability extends … to cases in which a defendant has the right and ability to supervise the infringing activity and also has a direct financial interest in such activities."  *Id.* (quotation marks omitted).  "[T]o succeed in imposing vicarious liability, a plaintiff must establish [1] that the defendant exercises the requisite control over the direct infringer and [2] that the defendant derives a direct financial benefit from the direct infringement."  *Perfect 10, Inc. v. Amazon.com, Inc.*, 508 F.3d 1146, 1173 (9th Cir. 2007).

"[A] defendant exercises control over a direct infringer when [it] has both a legal right to stop or limit the directly infringing conduct, as well as the practical ability to do so."  *Id.*  "Although the lines between direct infringement, contributory infringement, and vicarious liability are not clearly drawn, in general, contributory liability is based on the defendant's failure to stop its own actions which facilitate third-party infringement, while vicarious liability is based on the defendant's failure to

cause a third party to stop its directly infringing activities." *Id.* at 1175 (quotation marks and citations omitted).

Here, Plaintiff alleges TTI "has the right and ability to control the infringing acts of its users yet declined or failed to stop its users from engaging in its infringing activity." FAC at 29 ¶ 59. As support, Plaintiff alleges it sent multiple DMCA takedown notices to TTI. *Id.* at 28 ¶ 62. Missing from these allegations are any details related to the contents of these notices, including when they were sent and how they identified the media that infringed the Work. *See Luvdarts, LLC v. AT & T Mobility, LLC*, 710 F.3d 1068, 1072–73 (9th Cir. 2013) (recognizing the DMCA precludes vague notices comprising only lists of titles that "do not identify which of these titles were infringed, who infringed them, or when the infringement occurred"). Plaintiff's assertion it sent multiple DMCA takedown notices to Defendant, alone, is insufficient to plead Defendant had sufficient knowledge to exercise the requisite control over the allegedly infringing users. *See Amazon.com, Inc.*, 508 F.3d at 1174 (finding the "control" element not established where an online system's operator lacked the practical ability to police third-party's websites for infringing content and terminate or block such content).

Accordingly, the court GRANTS the Motion. Plaintiff's theory of vicarious copyright infringement is DISMISSED with twenty-one (21) days' leave to amend.

### C.    Contributory Copyright Infringement

"One contributorily infringes when he (1) has knowledge of another's infringement and (2) either (a) materially contributes to or (b) induces that infringement." *Giganews*, 847 F.3d at 670 (cleaned up). To satisfy the knowledge element, "more than a generalized knowledge" by Defendant "of the possibility of infringement" is required. *Luvdarts*, 710 F.3d at 1072. Instead, "actual knowledge of specific acts of infringement" must exist. *Id.* (citation omitted).

Plaintiff alleges TTI had actual knowledge because Plaintiff sent "multiple [DMCA] takedown notices to Defendant through its designated agent." FAC ¶ 62.

As stated, however, Plaintiff does not provide specific details of the content of those takedown notices, such as which photographs were infringed, who infringed them, or when the infringement occurred. *See* FAC. This allegation is insufficient to plead Defendant had actual knowledge of specific acts of infringement. *See YZ Prods., Inc. v. Redbubble, Inc.*, 545 F. Supp. 3d 756, 763–64 (N.D. Cal. 2021) (finding that plaintiff's allegation that it "notified Defendant of its infringement" was insufficient because it failed to include "specific acts of infringement"); *see also Luvdarts, LLC*, 710 F.3d at 1072–73 (holding a notice containing a "list of titles" without identifying "which of [the] titles were infringed, who infringed them, or when the infringement occurred" was insufficient).

Accordingly, the court GRANTS the Motion. Plaintiff's theory of contributory copyright infringement is DISMISSED with twenty-one (21) days' leave to amend.

## CONCLUSION

For the foregoing reasons, the court GRANTS the Motion with 21 days' leave to amend as to Plaintiff's vicarious and contributory copyright infringement claims. These claims must be pleaded as separate counts in Plaintiff's Second Amended Complaint. Leave to amend is DENIED as to Plaintiff's direct copyright infringement claim. Failure to file an amended complaint timely may result in dismissal of the action without further notice.

IT IS SO ORDERED.

Dated: March 12, 2025

FERNANDO L. AENLLE-ROCHA
United States District Judge