Lauren M. Hausman (CA Bar No. 349514)
**COPYCAT LEGAL PLLC**
113 N San Vicente Blvd
Suite 232
Beverly Hills, CA 90211
T: (877) 437-6228
E: lauren@copycatlegal.com

Attorney for Plaintiff
MICHAEL GRECCO PRODUCTIONS, INC.


IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL GRECCO PRODUCTIONS, INC., | Civil Action No. 2:24-cv-04837 |
| Plaintiff, | **SECOND AMENDED COMPLAINT** |
| V. | |
| TIKTOK INC., | |
| Defendant. | |

Plaintiff Michael Grecco Productions, Inc. ("Plaintiff") sues TikTok Inc. ("Defendant"), and alleges as follows:

## THE PARTIES

1.      Plaintiff is a corporation organized and existing under the laws of the State of California with a principal place of business at 3103 17th Street, Santa Monica, CA 90405.

2.      Defendant is a corporation organized and existing under the laws of the State of California with its principal place of business located at 5800 Bristol Parkway, Suite 100, Culver City, CA 90230. Defendant's agent for service of process is 1505 Corporation CSC – LAWYERS INCORPORATING SERVICE, 2710 Gateway Oaks Drive, Sacramento, CA 95833.

## JURISDICTION AND VENUE

3.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4.       This Court has personal jurisdiction over Defendant because it maintained sufficient minimum contacts with this State such that the exercise of personal jurisdiction over it would not offend traditional notions of fair play and substantial justice.

5.      Venue properly lies in this district pursuant to 28 U.S.C. § 1400(a)

COPYCAT LEGAL PLLC
113 N. SAN VICENTE BLVD., SUITE 232 • BEVERLY HILLS, CA 90211
TELEPHONE (877) 437-6228

because Defendant or its agents reside or may be found in this district. "The Ninth Circuit has interpreted Section 1400(a) to mean that venue is proper in any judicial district in which the defendant would be amenable to personal jurisdiction." Righthaven LLC v. Inform Techs., Inc., No. 2:11-CV-00053-KJD-LRL, 2011 U.S. Dist. LEXIS 119379, at *8 (D. Nev. Oct. 14, 2011) (citing Brayton Purcell LLP v. Recordon & Recordon, 606 F.3d 1124, 1128 (9th Cir. 2010)). Venue is thus proper in this District because personal jurisdiction exists over Defendant in this District.

### FACTS

**I.    Plaintiff's Business**

6.      Plaintiff is a celebrity photography agency, owned and operated by award-winning photojournalist Michael Grecco, that is hired by top-tier media outlets to take photographs of celebrities. Mr. Grecco has photographed legendary musicians, actors, directors, Olympians, technologists, comedians, athletes, fashion models and automobiles – such as Johnny Cash, Steven Spielberg, Will Smith, Chris Rock, Penelope Cruz, Steve Martin, Olympian Janet Evans, the SnapChat Founders, and Porsche's 911 sports automobile.

7.      Mr. Grecco's photographs are widely published in some of the world's most prominent magazines, including but not limited to, *Vanity Fair*, *Rolling Stone*, *ESPN Magazine*, *Time*, Forbes and *Esquire*.

COPYCAT LEGAL PLLC
113 N. SAN VICENTE BLVD., SUITE 232 • BEVERLY HILLS, CA 90211
TELEPHONE (877) 437-6228

8.      Using state-of-the-art equipment and signature lighting techniques, Mr. Grecco creates high-end photography licensed by some of the top publishers in this Country. When commissioned for a job, Mr. Grecco spends countless hours capturing hundreds of photographs and then processing those photographs to ensure they meet customers' requirements.

9.      Plaintiff maintains a commercial website (https://grecco.com/) which describes the photography services offered by Mr. Grecco, hosts a sample portfolio of photographs taken and cinemagraphs created by Mr. Grecco, and invites prospective customers to contact Plaintiff to arrange for a professional photo shoot.

10.      Plaintiff owns the photographs and serves as the licensing agent with respect to licensing such photographs.  Plaintiff was formed in 1998 as "Michael Grecco Photography, Inc."  At that time, Mr. Grecco transferred the rights with respect to his existing copyrights (pursuant to a written assignment agreement) to Michael Grecco Photography, Inc.  In 2012, the company name was formally changed to Michael Grecco Productions, Inc. to accommodate for the expansion into motion productions in addition to photography.  Later, in 2014, Plaintiff created "Michael Grecco Photography" as a d/b/a of Plaintiff.

11.      Plaintiff licenses its photographs on an exclusive and non-exclusive basis to top-tier media outlets. Plaintiff has licensed individual images of celebrities for thousands of dollars to major top-tier outlets.

COPYCAT LEGAL PLLC
113 N. SAN VICENTE BLVD., SUITE 232 • BEVERLY HILLS, CA 90211
TELEPHONE (877) 437-6228

## II.    The Work at Issue in this Lawsuit

### *The First Photograph*

12.    In 1997, Plaintiff created a professional photograph of New Zealand actress Lucy Lawless as Xena the Warrior Princess titled "19970506_Xena_Lawless_Lucy_MGP_0001" (the "<u>First Photograph</u>").  A copy of the First Photograph is displayed below:



13.    The First Photograph was registered by Plaintiff with the Register of Copyrights on July 7, 2010 and was assigned Registration No. VA 1-431-698. A

COPYCAT LEGAL PLLC
113 N. SAN VICENTE BLVD., SUITE 232 • BEVERLY HILLS, CA 90211
TELEPHONE (877) 437-6228

true and correct copy of the Certificate of Registration pertaining to the First Photograph is attached hereto as **Exhibit "A."**

***The Second Photograph***

14.    In 1997, Plaintiff created a professional photograph of New Zealand actress Lucy Lawless as Xena the Warrior Princess titled "19970506_Xena_lawless_lucy_MGP_0003" (the "Second Photograph").  A copy of the Second Photograph is displayed below:



COPYCAT LEGAL PLLC
113 N. SAN VICENTE BLVD., SUITE 232 • BEVERLY HILLS, CA 90211
TELEPHONE (877) 437-6228

15.    The Second Photograph was registered by Plaintiff with the Register of Copyrights on July 7, 2010 and was assigned Registration No. VA 1-431-698. A true and correct copy of the Certificate of Registration pertaining to the Work is attached hereto as **Exhibit "A."**

*The Third Photograph*

16.    In 1997, Plaintiff created a professional photograph of American Actor Andy Garcia titled "19970503_Garcia_Andy_MGP_0001" (the "Third Photograph").  A copy of the Third Photograph is displayed below:



17.    The Third Photograph was registered by Plaintiff with the Register of Copyrights on July 7, 2010 and was assigned Registration No. VA 1-431-698. A

COPYCAT LEGAL PLLC
113 N. SAN VICENTE BLVD., SUITE 232 • BEVERLY HILLS, CA 90211
TELEPHONE (877) 437-6228

true and correct copy of the Certificate of Registration pertaining to the Third

Photograph is attached hereto as **Exhibit "A."**

### *The Fourth Photograph*

18.    In 1997, Plaintiff created a professional photograph of American

vocal girl group En Vogue titled "19910622_En_Vogue_MGP_0010" (the "<u>Fourth

Photograph</u>").  A copy of the Fourth Photograph is displayed below:



19.    The Fourth Photograph was registered by Plaintiff with the Register

of Copyrights on July 7, 2010 and was assigned Registration No. VA 1-431-698.

COPYCAT LEGAL PLLC
113 N. SAN VICENTE BLVD., SUITE 232 • BEVERLY HILLS, CA 90211
TELEPHONE (877) 437-6228

A true and correct copy of the Certificate of Registration pertaining to the Fourth Photograph is attached hereto as **Exhibit "A."**

*The Fifth Photograph*

20.    In 1997, Plaintiff created a professional photograph of American new wave band 'Til Tuesday titled "19850101_Til_Tuesday_Mann_Aimee_MGP_0006" (the "Fifth Photograph"). A copy of the Fifth Photograph is displayed below:



21.    The Fifth Photograph was registered by Plaintiff with the Register of Copyrights on July 7, 2010 and was assigned Registration No. VA 1-431-698. A true and correct copy of the Certificate of Registration pertaining to the Fifth Photograph is attached hereto as **Exhibit "A."**

COPYCAT LEGAL PLLC
113 N. SAN VICENTE BLVD., SUITE 232 • BEVERLY HILLS, CA 90211
TELEPHONE (877) 437-6228

*The Sixth Photograph*

22.    In 1997, Plaintiff created a professional photograph of American director and actor Quentin Tarantino titled "Tarantino_Quentin_MGP_003" (the "Sixth Photograph").  A copy of the Sixth Photograph is displayed below:



23.    The Sixth Photograph was registered by Plaintiff with the Register of Copyrights on July 7, 2010 and was assigned Registration No. VA 1-431-698. A true and correct copy of the Certificate of Registration pertaining to the Sixth Photograph is attached hereto as **Exhibit "A."**

*The Seventh Photograph*

24.    In 2002, Plaintiff created a professional photograph of Google

founders,        Larry        Page        and        Sergey        Brin        titled

"20021022_Google_Founders_MGP_0003" (the "<u>Seventh Photograph</u>").  A copy

of the Seventh Photograph is displayed below:



25.    The Seventh Photograph was registered by Plaintiff with the Register

of Copyrights on November 18, 2002 and was assigned Registration No. VAu 590-

COPYCAT LEGAL PLLC
113 N. SAN VICENTE BLVD., SUITE 232 • BEVERLY HILLS, CA 90211
TELEPHONE (877) 437-6228

445. A true and correct copy of the Certificate of Registration pertaining to the Seventh Photograph is attached hereto as **Exhibit "B."**

*The Eighth Photograph*

26.    In 1997, Plaintiff created a professional photograph of New Zealand actress Lucy Lawless as Xena the Warrior Princess titled "19970506_Xena_Lawless_Lucy_MGP_0043" (the "Eighth Photograph").    A copy of the Eighth Photograph is displayed below:



COPYCAT LEGAL PLLC
113 N. SAN VICENTE BLVD., SUITE 232 • BEVERLY HILLS, CA 90211
TELEPHONE (877) 437-6228

27.     The Eighth Photograph was registered by Plaintiff with the Register of Copyrights on August 29, 2017 and was assigned Registration No. VA 2-064-915. A true and correct copy of the Certificate of Registration pertaining to the Eighth Photograph is attached hereto as **Exhibit "C."**

*The Ninth Photograph*

28.     In 1997, Plaintiff created a professional photograph of New Zealand actress Lucy Lawless as Xena the Warrior Princess titled "19970506_Xena_Lawless_Lucy_MGP_0015" (the "Ninth Photograph"). A copy of the Ninth Photograph is displayed below:

COPYCAT LEGAL PLLC
113 N. SAN VICENTE BLVD., SUITE 232 • BEVERLY HILLS, CA 90211
TELEPHONE (877) 437-6228

29.     The Ninth Photograph was registered by Plaintiff with the Register of
Copyrights on January 19, 2017 and was assigned Registration No. VA 2-030-740.
A true and correct copy of the Certificate of Registration pertaining to the Ninth
Photograph is attached hereto as **Exhibit "D."**

### *The Tenth Photograph*

30.     In 1997, Plaintiff created a professional photograph of New Zealand
actress    Lucy    Lawless    as    Xena    the    Warrior    Princess    titled

"19970506_Xena_Lawless_Lucy_MGP_0005" (the "<u>Tenth Photograph</u>").  A copy

of the Tenth Photograph is displayed below:



31.    The Tenth Photograph was registered by Plaintiff with the Register of

Copyrights on January 19, 2017 and was assigned Registration No. VA 2-030-740.

A true and correct copy of the Certificate of Registration pertaining to the Tenth

Photograph is attached hereto as **<u>Exhibit "D."</u>**

*The Eleventh Photograph*

32.    In 1998, Plaintiff created a professional photograph of American

actors Jerry O'Connell, Cleavant Derricks, Sabrina Anne Lloyd, and Charlie

O'Connell    as    the    cast    of    the    television    series    Sliders    titled

"19971209_Sliders_Cast_MGP_0008" (the "<u>Eleventh Photograph</u>").  A copy of

the Eleventh Photograph is displayed below:



33.    The Eleventh Photograph was registered by Plaintiff with the Register

of Copyrights on August 20, 2017 and was assigned Registration No. VA 2-064-

693. A true and correct copy of the Certificate of Registration pertaining to the

Eleventh Photograph is attached hereto as **Exhibit "E."**

*The Twelfth Photograph*

34.    In 1998, Plaintiff created a professional photograph of American actress Gillian Anderson titled "9930625_Anderson_Gillian_MGP_0006" (the "Twelfth Photograph").  A copy of the Twelfth Photograph is displayed below:



35.    The Twelfth Photograph was registered by Plaintiff with the Register of Copyrights on July 27, 2017 and was assigned Registration No. VA 2-063-319. A true and correct copy of the Certificate of Registration pertaining to the Twelfth Photograph is attached hereto as **Exhibit "F."**

*The Thirteenth Photograph*

COPYCAT LEGAL PLLC
113 N. SAN VICENTE BLVD., SUITE 232 • BEVERLY HILLS, CA 90211
TELEPHONE (877) 437-6228

36.    In 2008, Plaintiff created a professional photograph of American actor and musician Johnny Depp titled "19940708_Depp_Johnny_MGP_0010" (the "Thirteenth Photograph").  A copy of the Thirteenth Photograph is displayed below:



37.    The Thirteenth Photograph was registered by Plaintiff with the Register of Copyrights on July 7, 2010 and was assigned Registration No. VA 1-736-729. A true and correct copy of the Certificate of Registration pertaining to the Thirteenth Photograph is attached hereto as **Exhibit "G."**

*The Fourteenth Photograph*

COPYCAT LEGAL PLLC
113 N. SAN VICENTE BLVD., SUITE 232 • BEVERLY HILLS, CA 90211
TELEPHONE (877) 437-6228

38.    In 2008, Plaintiff created a professional photograph of American

singer Michael Jackson titled "19890127_Jackson_Michael_MGP_0005" (the

"Fourteenth Photograph").   A copy of the Fourteenth Photograph is displayed

below:



39.    The Fourteenth Photograph was registered by Plaintiff with the

Register of Copyrights on July 7, 2010 and was assigned Registration No. VA 1-

736-729. A true and correct copy of the Certificate of Registration pertaining to

the Fourteenth Photograph is attached hereto as **Exhibit "G."**

### The Fifteenth Photograph

40.    In 2008, Plaintiff created a professional photograph of American

singer Michael Jackson titled "19890127_Jackson_Michael_MGP_0001" (the

"Fifteenth Photograph").   A copy of the Fifteenth Photograph is displayed below:

COPYCAT LEGAL PLLC
113 N. SAN VICENTE BLVD., SUITE 232 • BEVERLY HILLS, CA 90211
TELEPHONE (877) 437-6228

41.     The Fifteenth Photograph was registered by Plaintiff with the Register of Copyrights on July 7, 2010 and was assigned Registration No. VA 1-736-729. A true and correct copy of the Certificate of Registration pertaining to the Fifteenth Photograph is attached hereto as **Exhibit "G."**

*The Sixteenth Photograph*

42.     In 2004, Plaintiff created a professional photograph of American Actor Morgan Freeman titled "20040525_Freeman_Morgan_MGP_0002" (the "Sixteenth Photograph").  A copy of the Sixteenth Photograph is displayed below:

COPYCAT LEGAL PLLC
113 N. SAN VICENTE BLVD., SUITE 232 • BEVERLY HILLS, CA 90211
TELEPHONE (877) 437-6228

43.    The Sixteenth Photograph was registered by Plaintiff with the Register of Copyrights on May 28, 2004 and was assigned Registration No. VAu 630-623. A true and correct copy of the Certificate of Registration pertaining to the Sixteenth Photograph is attached hereto as **Exhibit "H."**

*The Seventeenth Photograph*

44.    In 1980, Plaintiff created a professional photograph of British Rock Band Siouxsie and the Banshees titled "19800101_Siouxsie_and_the_Banshees_MGP_0001" (the "Seventeenth Photograph"). A copy of the Seventeenth Photograph is displayed below:

COPYCAT LEGAL PLLC
113 N. SAN VICENTE BLVD., SUITE 232 • BEVERLY HILLS, CA 90211
TELEPHONE (877) 437-6228

45.    The Seventeenth Photograph was registered by Plaintiff with the Register of Copyrights on March 4, 2019 and was assigned Registration No. VA 1-397-398. A true and correct copy of the Certificate of Registration pertaining to the Seventeenth Photograph is attached hereto as **Exhibit "I."**

### *The Eighteenth Photograph*

46.    In 1980, Plaintiff created a professional photograph of Singaporean martial artist and actor Jet Li titled "19981009_Li_Jet_MGP_0006" (the "Eighteenth Photograph").  A copy of the Eighteenth Photograph is displayed below:

COPYCAT LEGAL PLLC
113 N. SAN VICENTE BLVD., SUITE 232 • BEVERLY HILLS, CA 90211
TELEPHONE (877) 437-6228

47.     The Eighteenth Photograph was registered by Plaintiff with the Register of Copyrights on December 10, 2001 and was assigned Registration No. VA 1-148-989. A true and correct copy of the Certificate of Registration pertaining to the Eighteenth Photograph is attached hereto as **Exhibit "J."** The Registration indicates that the Certificate of Registration covers an Internet Website; however, as evidenced by the deposit materials submitted with the copyright registration, the photograph at issue is covered by such Registration and therefore afforded protection/registration under the Copyright Act by virtue of this Certificate of Registration.

COPYCAT LEGAL PLLC
113 N. SAN VICENTE BLVD., SUITE 232 • BEVERLY HILLS, CA 90211
TELEPHONE (877) 437-6228

*The Nineteenth Photograph*

48.    In 1993, Plaintiff created a professional photograph of actors Gillian

Anderson    and    David    Duchovny    titled    "19950310_X-

Files_The_MGP_Fox_TS_0003" (the "Nineteenth Photograph").   A copy of the

Nineteenth Photograph is displayed below:



49.    The Nineteenth Photograph was registered by Plaintiff with the

Register of Copyrights on January 22, 2017 and was assigned Registration No. VA

COPYCAT LEGAL PLLC
113 N. SAN VICENTE BLVD., SUITE 232 • BEVERLY HILLS, CA 90211
TELEPHONE (877) 437-6228

2-030-741. A true and correct copy of the Certificate of Registration pertaining to the Nineteenth Photograph is attached hereto as **Exhibit "K."**

***The Twentieth Photograph***

50.    In 1993, Plaintiff created a professional photograph of actors Gillian Anderson and David Duchovny titled "19930625_X-Files_The_MGP_0010" (the "Twentieth Photograph").   A copy of the Twentieth Photograph is displayed below:



51.    The Twentieth Photograph was registered by Plaintiff with the Register of Copyrights on January 22, 2017 and was assigned Registration No. VA

COPYCAT LEGAL PLLC
113 N. SAN VICENTE BLVD., SUITE 232 • BEVERLY HILLS, CA 90211
TELEPHONE (877) 437-6228

2-030-741. A true and correct copy of the Certificate of Registration pertaining to

the Twentieth Photograph is attached hereto as **Exhibit "K."**

***The Twenty-First Photograph***

52.    In 1995, Plaintiff created a professional photograph of actors Gillian

Anderson and David Duchovny titled "19950310_X-Files_The_MGP_0007" (the

"Twenty-First Photograph").  A copy of the Twenty-First Photograph is displayed

below:



53.    The Twenty-First Photograph was registered by Plaintiff with the

Register of Copyrights on September 8, 2003 and was assigned Registration No.

VA 1-232-596. A true and correct copy of the Certificate of Registration pertaining to the Twenty-First Photograph is attached hereto as **Exhibit "L."**

### *The Twenty-Second Photograph*

54.      In 2010, Plaintiff created a professional photograph of bass player Tina Weymouth of American band Talking Heads titled "19800101_Talking_Heads_MGP_0008" (the "Twenty-Second Photograph"). A copy of the Twenty-Second Photograph is displayed below:



COPYCAT LEGAL PLLC
113 N. SAN VICENTE BLVD., SUITE 232 • BEVERLY HILLS, CA 90211
TELEPHONE (877) 437-6228

55.    The Twenty-Second Photograph was registered by Plaintiff with the Register of Copyrights on July 7, 2010 and was assigned Registration No. VA 1-431-699. A true and correct copy of the Certificate of Registration pertaining to the Twenty-Second Photograph is attached hereto as **Exhibit "M."**

56.    The First Photograph, Second Photograph, Third Photograph, Fourth Photograph, Fifth Photograph, Sixth Photograph, Seventh Photograph, Eighth Photograph, Ninth Photograph, Tenth Photograph, Eleventh Photograph, Twelfth Photograph, Thirteenth Photograph, Fourteenth Photograph, Fifteenth Photograph, Sixteenth Photograph, Seventeenth Photograph, Eighteenth Photograph, Nineteenth Photograph, Twentieth Photograph, Twenty-First Photograph, and Twenty-Second Photograph are collectively referred to herein as the "Work."

57.    Plaintiff is the owner of the Work and has remained the owner at all times material hereto.

## II.    Defendant's Unlawful Activities

58.    Defendant is an online social media company focused on short-form video hosting services.

59.    Defendant hosts user-submitted videos through its social media app (e.g.,    https://apps.apple.com/us/app/tiktok/id835599320)    and    website

(https://www.tiktok.com/).

60.    On multiple dates after each photograph comprising the Work was registered, one or more of Defendant's users caused each photograph comprising the Work to be displayed/published on Defendant's social media app/website platform.

61.    A true and correct copy of screenshots of Defendant's website, displaying the copyrighted Work, is attached hereto as **Exhibit "N."**

62.    Following discovery of the photographs comprising the Work on Defendant's website/social media app, Plaintiff fully complied with 17 U.S.C. § 512 by sending multiple Digital Millennium Copyright Act (the "DMCA") takedown notices to Defendant through its designated agent.

63.    Notwithstanding Plaintiff's multiple attempts (over a period of months) to get Defendant to take down the unauthorized use of the Work, Defendant failed and/or refused to remove the Work from its website/social media app.

64.    All conditions precedent to this action have been performed or have been waived.

## COUNT I – VICARIOUS COPYRIGHT INFRINGEMENT

65.    Plaintiff re-alleges and incorporates paragraphs 1 through 64 as set forth above.

COPYCAT LEGAL PLLC
113 N. SAN VICENTE BLVD., SUITE 232 • BEVERLY HILLS, CA 90211
TELEPHONE (877) 437-6228

66.    Each photograph comprising the Work is an original work of authorship, embodying copyrightable subject matter, that is subject to the full protection of the United States copyright laws (17 U.S.C. § 101 *et seq.*).

67.    Plaintiff owns a valid copyright in each photograph comprising the Work, having registered the Work with the Register of Copyrights and owning sufficient rights, title, and interest to such copyright to afford Plaintiff standing to bring this lawsuit and assert the claim(s) herein.

68.    As a result of Plaintiff's reproduction, distribution, and public display of the Work, one or more of Defendant's users had access to the Work prior to its own reproduction, distribution, and public display of the Work on Defendant's application/website platform.

69.    Such user(s) reproduced, distributed, and publicly displayed the Work without authorization from Plaintiff.

70.    By its actions, such user(s) infringed and violated Plaintiff's exclusive rights in violation of the Copyright Act, 17 U.S.C. § 501, by reproducing, distributing, and publicly displaying the Work for its own commercial purposes.

71.    The Ninth Circuit has explained that one "infringes vicariously by profiting from direct infringement while declining to exercise a right to stop or limit it." Perfect 10, Inc. v. Amazon.com, Inc., 508 F.3d 1146, 1173 (9th Cir.

COPYCAT LEGAL PLLC
113 N. SAN VICENTE BLVD., SUITE 232 • BEVERLY HILLS, CA 90211
TELEPHONE (877) 437-6228

2007). The plaintiff must establish that the defendant exercises the requisite control over the direct infringer and that the defendant derives a direct financial benefit from the direct infringement. Id. A defendant exercises control over a direct infringer when he has both a legal right to stop or limit the directly infringing conduct, as well as the practical ability to do so. BackGrid USA, Inc. v. Twitter, Inc., No. CV 22-9462-DMG (ADSx), 2024 U.S. Dist. LEXIS 103090, *13 (C.D. Cal. June 7, 2024) (denying a Motion to Dismiss claims for direct, contributory, and vicarious infringement).  The Ninth Circuit has found that it is sufficient to allege that the defendant had the ability to identify and remove the infringing work. See Stross v. Zillow Inc., No. 2:21-cv-01489-RAJ-BAT, 2022 U.S. Dist. LEXIS 147735, *21 (W.D. Wash. June 21, 2022) ("[I]t is sufficiently alleged that Zillow had the technical ability to screen or identify the Works based on the URLs included in the DMCA Takedown Notice").

72.    Here, Plaintiff sent Defendant multiple DMCA takedown notices that fully complied with 17 U.S.C. § 512.  Specifically, the DMCA takedown notices set forth each of the required elements of 17 U.S.C. § 512(c)(3)(A)(i) – (vi), including an electronic signature of Plaintiff, identification of each photograph at issue, identification of the material claimed to be infringed (and providing a

COPYCAT LEGAL PLLC
113 N. SAN VICENTE BLVD., SUITE 232 • BEVERLY HILLS, CA 90211
TELEPHONE (877) 437-6228

specific URL to the infringing material), information reasonably sufficient to

permit Defendant to contact Plaintiff (her address, telephone number, and e-mail

address), a statement that Plaintiff had a good faith belief that use of the material

on Defendant's platform was not authorized by Plaintiff, and a statement that the

information in the notification was accurate and, under penalty of perjury, that

Plaintiff had an exclusive right being infringed.

73.    Plaintiff submitted such infringement notices via Defendant's own

website    (https://www.tiktok.com/legal/report/Copyright)    that    Defendant

established for submission of DMCA-related claims.  Plaintiff likewise submitted

the notices to Defendant   via e-mail (Copyright@tiktok.com) to Defendant's

DMCA                designated              agent              (see

https://dmca.copyright.gov/dmca/publish/history.html?search=tiktok&id=865aa3

b9cfc92633fac4f1457decfdcf) as an extra means of notifying Defendant.

74.    Defendant has the right to stop or limit infringement on its

application/website platform.  Indeed, Defendant publishes its policies with

respect to infringement on its application/website platform (at

https://support.tiktok.com/en/safety-hc/account-and-user-safety/copyright),

noting that Defendant has adopted a policy of terminating user accounts if found

to be repeated infringers.

COPYCAT LEGAL PLLC
113 N. SAN VICENTE BLVD., SUITE 232 • BEVERLY HILLS, CA 90211
TELEPHONE (877) 437-6228

75.    Of note, Defendant provides users with instructions on how to report intellectual property infringement and what information will be required to do so. Moreover, Defendant provides different ways to report infringements (in-app reporting and submission of an online form via the website).

76.    Defendant received a direct financial benefit from its user(s)' infringement of the Work.  The unauthorized use/display of the Work on Defendant's platform (mobile phone application and website) acted as a draw for other customers/end-users to engage with Defendant. Defendant materially benefited from the increased engagement. The rise in the number of users engaging with Defendant's platform resulted in increased traffic on the above-mentioned platform, leading to advertisements making additional impressions, and yielding in-platform purchases. In-platform purchases (e.g., purchases made through the TikTok shop) consequently result in monies being paid to Defendant.

77.    Defendant's vicarious infringement was willful as it acted with actual knowledge or reckless disregard for whether its conduct infringed upon Plaintiff's copyright. Notably, Defendant itself utilizes a copyright disclaimer on its website ("© 2024 TikTok"), indicating that Defendant understands the importance of copyright protection and intellectual property rights and is actually representing that it owns each of the photographs published on its website.  See, e.g., Bell v.

COPYCAT LEGAL PLLC
113 N. SAN VICENTE BLVD., SUITE 232 • BEVERLY HILLS, CA 90211
TELEPHONE (877) 437-6228

ROI Prop. Grp. Mgmt., LLC, No. 1:18-cv-00043-TWP-DLP, 2018 U.S. Dist. LEXIS 127717, at *3 (S.D. Ind. July 31, 2018) ("[T]he willfulness of ROI's infringement is evidenced by the fact that at the bottom of the webpage on which the Indianapolis photograph was unlawfully published appeared the following: 'Copyright © 2017.' By placing a copyright mark at the bottom of its webpage that contained Mr. Bell's copyrighted Indianapolis Photograph, Mr. Bell asserts ROI willfully infringed his copyright by claiming that it owned the copyright to everything on the webpage."); John Perez Graphics & Design, LLC v. Green Tree Inv. Grp., Inc., Civil Action No. 3:12-cv-4194-M, 2013 U.S. Dist. LEXIS 61928, at *12-13 (N.D. Tex. May 1, 2013) ("Once on Defendant's website, Defendant asserted ownership of Plaintiff's Registered Work by including a copyright notice at the bottom of the page. Based on these allegations, the Court finds Plaintiff has sufficiently pled a willful violation….").

78.    Additionally, Defendant is registered under the Digital Millennium Copyright Act ("DMCA") and thus, Defendant clearly understands that professional photography such as the Work is generally paid for and cannot simply be copied from the internet.

79.    Plaintiff has been damaged as a direct and proximate result of Defendant's infringement.

80.    Plaintiff is entitled to recover her actual damages resulting from

COPYCAT LEGAL PLLC
113 N. SAN VICENTE BLVD., SUITE 232 • BEVERLY HILLS, CA 90211
TELEPHONE (877) 437-6228

Defendant's unauthorized use of the Work and, at Plaintiff's election (pursuant to 17 U.S.C. § 504(b)), Plaintiff is entitled to recover damages based on a disgorgement of Defendant's profits from infringement of the Work, which amounts shall be proven at trial.

81.     Alternatively, and at Plaintiff's election, Plaintiff is entitled to statutory damages pursuant to 17 U.S.C. § 504(c), in such amount as deemed proper by the Court.

82.     Pursuant to 17 U.S.C. § 505, Plaintiff is further entitled to recover its costs and attorneys' fees as a result of Defendant's conduct.

83.     Defendant's conduct has caused, and any continued infringing conduct will continue to cause, irreparable injury to Plaintiff unless enjoined by the Court.  Plaintiff has no adequate remedy at law.  Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting infringement of Plaintiff's exclusive rights under copyright law.

**WHEREFORE**, Plaintiff demands judgment against Defendants as follows:

a.  A declaration that Defendant has infringed Plaintiff's copyrights in the Work;

b.  A declaration that such infringement is willful;

c.  An award of actual damages and disgorgement of profits as the Court deems proper or, at Plaintiff's election, an award of statutory damages for willful

COPYCAT LEGAL PLLC
113 N. SAN VICENTE BLVD., SUITE 232 • BEVERLY HILLS, CA 90211
TELEPHONE (877) 437-6228

infringement up to $150,000.00 for each photograph comprising the Work;

d. Awarding Plaintiff her costs and reasonable attorneys' fees pursuant to 17 U.S.C. § 505;

e. Awarding Plaintiff interest, including prejudgment interest, on the foregoing amounts;

f. Permanently enjoining Defendant, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with Defendant, from directly or indirectly infringing Plaintiff's copyrights or continuing to display, transfer, advertise, reproduce, or otherwise market any works derived or copied from the Work or to participate or assist in any such activity; and

g. For such other relief as the Court deems just and proper.

## COUNT II – CONTRIBUTORY COPYRIGHT INFRINGEMENT

84.     Plaintiff re-alleges and incorporates paragraphs 1 through 64 as set forth above.

85.     Each photograph comprising the Work is an original work of authorship, embodying copyrightable subject matter, that is subject to the full protection of the United States copyright laws (17 U.S.C. § 101 *et seq.*).

COPYCAT LEGAL PLLC
113 N. SAN VICENTE BLVD., SUITE 232 • BEVERLY HILLS, CA 90211
TELEPHONE (877) 437-6228

86.    Plaintiff owns a valid copyright in each photograph comprising the Work, having registered the Work with the Register of Copyrights and owning sufficient rights, title, and interest to such copyright to afford Plaintiff standing to bring this lawsuit and assert the claim(s) herein.

87.    As a result of Plaintiff's reproduction, distribution, and public display of the Work, one or more of Defendant's users had access to the Work prior to its own reproduction, distribution, and public display of the Work on Defendant's application/website platform.

88.    Such user(s) reproduced, distributed, and publicly displayed the Work without authorization from Plaintiff.

89.    By its actions, such user(s) infringed and violated Plaintiff's exclusive rights in violation of the Copyright Act, 17 U.S.C. § 501.

90.    One who, with knowledge of the infringing activity, induces, causes or materially contributes to the infringing conduct of another may be liable as a contributory infringer. See Ellison v. Robertson, 357 F.3d 1072, 1076. In other words, a party may be held liable for contributory infringement if it "(1) has knowledge of another's infringement and (2) either (a) materially contributes to or (b) induces that infringement. BackGrid at *9 (C.D. Cal. June 7, 2024).  A

COPYCAT LEGAL PLLC
113 N. SAN VICENTE BLVD., SUITE 232 • BEVERLY HILLS, CA 90211
TELEPHONE (877) 437-6228

defendant who receives a compliant DMCA notice and fails to comply satisfies the knowledge prong. Id.

91.    Here, Plaintiff sent Defendant multiple DMCA takedown notices that fully complied with 17 U.S.C. § 512.  The information provided by Plaintiff was sufficient for Defendant to identify the user(s) who infringed the Work. Specifically, the DMCA takedown notices listed the Work infringed, the infringing activity, and the location of the infringing activity on the Defendant's platform. Upon receipt of the DMCA takedown notices, Defendant did in fact become aware of the identity of the user(s) who infringed the Work.

92.    Notwithstanding these DMCA takedown notices, Defendant failed to take any action to remove the Work. Defendant therefore had actual knowledge of its user(s)' infringement of the Work.

93.    A plaintiff properly alleges the material contribution element if he can show that a defendant could have taken simple measures to prevent further damage to copyrighted works yet continued to provide access to infringing works. Stross v. Meta Platforms, Inc., No. 2:21-cv-08023-MCS-AS, 2022 U.S. Dist. LEXIS 100689, *11 (C.D. Cal. Apr. 6, 2022); Umg Recordings, Inc. v. Grande Commc'ns Networks, L.L.C., No. 23-50162, 2024 U.S. App. LEXIS 25505, at *56 (5th Cir.

COPYCAT LEGAL PLLC
113 N. SAN VICENTE BLVD., SUITE 232 • BEVERLY HILLS, CA 90211
TELEPHONE (877) 437-6228

Oct. 9, 2024) (affirming jury verdict of contributory infringement against ISP that received DMCA notices with respect to the IP addresses of its infringing users but failed to take any action to suspend and/or remove services to those users).

94.    Defendant could have taken simple measures to prevent further damage to copyrighted works yet continued to provide access to infringing works. Defendant received multiple, fully compliant DMCA takedown notices yet took no action to remove the infringing material from its application/website platform.

95.    Defendant is a multinational corporation with in-house legal staff. Defendant easily could have dedicated sufficient resources to monitoring DMCA takedown notices and taking timely action to remove infringing conduct, yet Defendant took no such simple measures.

96.    Defendant's contributory infringement was willful as it acted with actual knowledge or reckless disregard for whether its conduct infringed upon Plaintiff's copyright. Notably, Defendant itself utilizes a copyright disclaimer on its website ("Copyright © 2024 Tik Tok"), indicating that Defendant understands the importance of copyright protection and intellectual property rights and is actually representing that it owns each of the photographs published on its website. See, e.g., <u>Bell v. ROI Prop. Grp. Mgmt., LLC</u>, No. 1:18-cv-00043-TWP-DLP,

COPYCAT LEGAL PLLC
113 N. SAN VICENTE BLVD., SUITE 232 • BEVERLY HILLS, CA 90211
TELEPHONE (877) 437-6228

2018 U.S. Dist. LEXIS 127717, at *3 (S.D. Ind. July 31, 2018) ("[T]he willfulness of ROI's infringement is evidenced by the fact that at the bottom of the webpage on which the Indianapolis photograph was unlawfully published appeared the following: 'Copyright © 2017.' By placing a copyright mark at the bottom of its webpage that contained Mr. Bell's copyrighted Indianapolis Photograph, Mr. Bell asserts ROI willfully infringed his copyright by claiming that it owned the copyright to everything on the webpage."); John Perez Graphics & Design, LLC v. Green Tree Inv. Grp., Inc., Civil Action No. 3:12-cv-4194-M, 2013 U.S. Dist. LEXIS 61928, at *12-13 (N.D. Tex. May 1, 2013) ("Once on Defendant's website, Defendant asserted ownership of Plaintiff's Registered Work by including a copyright notice at the bottom of the page. Based on these allegations, the Court finds Plaintiff has sufficiently pled a willful violation….").

97.    Additionally, Defendant is registered under the Digital Millennium Copyright Act ("DMCA") and thus, Defendant clearly understands that professional photography such as the Work is generally paid for and cannot simply be copied from the internet.

98.    Plaintiff has been damaged as a direct and proximate result of Defendant's contributory infringement.

COPYCAT LEGAL PLLC
113 N. SAN VICENTE BLVD., SUITE 232 • BEVERLY HILLS, CA 90211
TELEPHONE (877) 437-6228

99.    Plaintiff is entitled to recover her actual damages resulting from
Defendant's unauthorized use of the Work and, at Plaintiff's election (pursuant to
17 U.S.C. § 504(b)), Plaintiff is entitled to recover damages based on a
disgorgement of Defendant's profits from infringement of the Work, which
amounts shall be proven at trial.

100.    Alternatively, and at Plaintiff's election, Plaintiff is entitled to
statutory damages pursuant to 17 U.S.C. § 504(c), in such amount as deemed
proper by the Court.

101.    Pursuant to 17 U.S.C. § 505, Plaintiff is further entitled to recover her
costs and attorneys' fees as a result of Defendant's conduct.

102.    Defendant's conduct has caused, and any continued infringing
conduct will continue to cause, irreparable injury to Plaintiff unless enjoined by
the Court.  Plaintiff has no adequate remedy at law.  Pursuant to 17 U.S.C. § 502,
Plaintiff is entitled to a permanent injunction prohibiting infringement of Plaintiff's
exclusive rights under copyright law.

**WHEREFORE,** Plaintiff demands judgment against Defendant as follows:

a.  A declaration that Defendant has vicariously infringed Plaintiff's copyrights
in the Work;

COPYCAT LEGAL PLLC
113 N. SAN VICENTE BLVD., SUITE 232 • BEVERLY HILLS, CA 90211
TELEPHONE (877) 437-6228

b.  A declaration that such contributory infringement is willful;

c.  An award of actual damages and disgorgement of profits as the Court deems proper or, at Plaintiff's election, an award of statutory damages for each photograph comprising the Work;

d.  Awarding Plaintiff her costs and reasonable attorneys' fees pursuant to 17 U.S.C. § 505;

e.  Awarding Plaintiff interest, including prejudgment interest, on the foregoing amounts;

f.  Permanently enjoining Defendant, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with Defendant, from directly or indirectly infringing Plaintiff's copyrights or continuing to display, transfer, advertise, reproduce, or otherwise market any works derived or copied from the Work or to participate or assist in any such activity; and

g.  For such other relief as the Court deems just and proper.

DATED: April 1, 2025.          **COPYCAT LEGAL PLLC**

By: /s/ Lauren M. Hausman

COPYCAT LEGAL PLLC
113 N. SAN VICENTE BLVD., SUITE 232 • BEVERLY HILLS, CA 90211
TELEPHONE (877) 437-6228

Lauren M. Hausman, Esq.
Jonathan Alejandrino, Esq. (*pro hac vice*)

Attorneys for Plaintiff
Michael Grecco Productions, Inc.

COPYCAT LEGAL PLLC
113 N. SAN VICENTE BLVD., SUITE 232 • BEVERLY HILLS, CA 90211
TELEPHONE (877) 437-6228