DORSEY & WHITNEY LLP
J. Michael Keyes (SBN 262281)
*keyes.mike@dorsey.com*
Connor J. Hansen (*pro hac vice*)
*hansen.connor@dorsey.com*
Dylan J. Harlow (*pro hac vice*)
*harlow.dylan@dorsey.com*
701 Fifth Avenue, Suite 6100
Seattle, WA 98104
Telephone: 206.903.8800
Facsimile: 206.903.8820

DORSEY & WHITNEY LLP
Kent J. Schmidt (SBN 195969)
*schmidt.kent@dorsey.com*
600 Anton Boulevard, Suite 200
Costa Mesa, CA 92626
Telephone: 714.800.1400
Facsimile: 714.800.1499

*Attorneys for Defendant TikTok, Inc.*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

MICHAEL GRECCO PRODUCTIONS INC.,

*Plaintiff,*

v.

TIKTOK INC.,

*Defendant.*

Case No. 2:24-CV-04837-FLA-MAR

**DEFENDANT'S ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT**

Hon. Fernando L. Aenlle-Rocha

Amended Complaint filed: April 1, 2025

Defendant TikTok, Inc. ("Defendant" or "TTI") hereby answers the Second Amended Complaint filed by Plaintiff Michael Grecco Productions Inc. ("Plaintiff") and asserts Affirmative Defenses to Plaintiff's claim as follows. All allegations not specifically admitted herein are denied.

**<u>THE PARTIES</u>**

1. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 1 and denies them on that basis.

2. Defendant admits that it is a California corporation with a principal place of business in Culver City, California, and that its agent for service of process is 1505 Corporation CSC – Lawyers Incorporating Service.

## JURISDICTION AND VENUE

3. Defendant admits the Court has subject matter jurisdiction over this matter.

4. To the extent the allegations of Paragraph 4 consist of legal arguments or conclusions, they require no answer. To the extent an answer is required, Defendant does not contest that it is subject to the personal jurisdiction of this Court in this matter.

5. To the extent the allegations of Paragraph 5 consist of legal arguments or conclusions, they require no answer. To the extent an answer is required, Defendant does not contest that venue in this District is proper in this matter.

## FACTS[1]

### I. Plaintiff's Business

6. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 6 and on that basis denies them.

7. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 7 and on that basis denies them.

8. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 8 and on that basis denies them.

9. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 9 and on that basis denies them.

---

[1] Defendant reproduces herein the headings and subheadings from Plaintiff's Second Amended Complaint. This is done for the convenience of the Court and the Parties. By doing so, Defendant does not admit to any fact or Plaintiff's characterization of any fact.

10. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 10 and on that basis denies them.

11. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 11 and on that basis denies them.

## II. The Work at Issue in this Lawsuit

***The First Photograph***

12. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 12 and on that basis denies them.

13. Defendant admits that Exhibit A appears to be a certificate of registration for Registration No. VA 1-431-698. As to any remaining allegations, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 13 and on that basis denies them.

***The Second Photograph***

14. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 14 and on that basis denies them.

15. Defendant admits that Exhibit A appears to be a certificate of registration for Registration No. VA 1-431-698. As to any remaining allegations, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 15 and on that basis denies them.

***The Third Photograph***

16. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 16 and on that basis denies them.

17. Defendant admits that Exhibit A appears to be a certificate of registration for Registration No. VA 1-431-698. As to any remaining allegations, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 17 and on that basis denies them.

***The Fourth Photograph***

18. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 18 and on that basis denies them.

19. Defendant admits that Exhibit A appears to be a certificate of registration for Registration No. VA 1-431-698. As to any remaining allegations, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 19 and on that basis denies them.

***The Fifth Photograph***

20. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 20 and on that basis denies them.

21. Defendant admits that Exhibit A appears to be a certificate of registration for Registration No. VA 1-431-698. As to any remaining allegations, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 21 and on that basis denies them.

***The Sixth Photograph***

22. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 22 and on that basis denies them.

23. Defendant admits that Exhibit A appears to be a certificate of registration for Registration No. VA 1-431-698. As to any remaining allegations, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 23 and on that basis denies them.

***The Seventh Photograph***

24. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 24 and on that basis denies them.

25. Defendant admits that Exhibit B appears to be a certificate of registration for Registration No. Vau 590-445. As to any remaining allegations, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 25 and on that basis denies them.

***The Eighth Photograph***

26. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 26 and on that basis denies them.

27. Defendant admits that Exhibit C appears to be a certificate of registration for Registration No. VA 2-064-915. As to any remaining allegations, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 27 and on that basis denies them.

***The Ninth Photograph***

28. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 28 and on that basis denies them.

29. Defendant admits that Exhibit D appears to be a certificate of registration for Registration No. VA 2-030-740. As to any remaining allegations, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 29 and on that basis denies them.

***The Tenth Photograph***

30. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 30 and on that basis denies them.

31. Defendant admits that Exhibit D appears to be a certificate of registration for Registration No. VA 2-030-740. As to any remaining allegations, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 31 and on that basis denies them.

***The Eleventh Photograph***

32. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 32 and on that basis denies them.

33. Defendant admits that Exhibit E appears to be a certificate of registration for Registration No. VA 2-064-693. As to any remaining allegations, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 33 and on that basis denies them.

***The Twelfth Photograph***

34. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 34 and on that basis denies them.

35. Defendant admits that Exhibit F appears to be a certificate of registration for Registration No. VA 2-063-319. As to any remaining allegations, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 35 and on that basis denies them.

***The Thirteenth Photograph***

36. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 36 and on that basis denies them.

37. Defendant admits that Exhibit G appears to be a certificate of registration for Registration No. VA 1-736-729. As to any remaining allegations, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 37 and on that basis denies them.

***The Fourteenth Photograph***

38. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 38 and on that basis denies them.

39. Defendant admits that Exhibit G appears to be a certificate of registration for Registration No. VA 1-736-729. As to any remaining allegations, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 39 and on that basis denies them.

***The Fifteenth Photograph***

40. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 40 and on that basis denies them.

41. Defendant admits that Exhibit G appears to be a certificate of registration for Registration No. VA 1-736-729. As to any remaining allegations, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 41 and on that basis denies them.

***The Sixteenth Photograph***

42. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 42 and on that basis denies them.

43. Defendant admits that Exhibit H appears to be a certificate of registration for Registration No. Vau 630-623. As to any remaining allegations, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 43 and on that basis denies them.

***The Seventeenth Photograph***

44. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 44 and on that basis denies them.

45. Defendant admits that Exhibit I appears to be a certificate of registration for Registration No. VA 1-397-398. As to any remaining allegations, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 45 and on that basis denies them.

***The Eighteenth Photograph***

46. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 46 and on that basis denies them.

47. Defendant admits that Exhibit J appears to be a certificate of registration for Registration No. VA 1-148-989. Defendant admits that the face of the certificate of registration indicates that the Registration covers an Internet Web Site. As to any remaining allegations, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 47 and on that basis denies them.

***The Nineteenth Photograph***

48. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 48 and on that basis denies them.

49. Defendant admits that Exhibit K appears to be a certificate of registration for Registration No. VA 2-030-741. As to any remaining allegations,

Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 49 and on that basis denies them.

***The Twentieth Photograph***

50. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 50 and on that basis denies them.

51. Defendant admits that Exhibit K appears to be a certificate of registration for Registration No. VA 2-030-741. As to any remaining allegations, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 51 and on that basis denies them.

***The Twenty-First Photograph***

52. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 52 and on that basis denies them.

53. Defendant admits that Exhibit L appears to be a certificate of registration for Registration No. VA 1-232-596. As to any remaining allegations, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 53 and on that basis denies them.

***The Twenty-Second Photograph***

54. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 54 and on that basis denies them.

55. Defendant admits that Exhibit M appears to be a certificate of registration for Registration No. VA 1-431-699. As to any remaining allegations, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 55 and on that basis denies them.

56. Defendant admits that Plaintiff's Second Amended Complaint collectively refers to the First Photograph through the Twenty-Second Photograph as the "Work."

57. The allegations in Paragraph 57 consist of legal conclusions to which no answer is required. To the extent an answer is required, Defendant lacks sufficient

knowledge or information to form a belief as to the truth of the allegations in Paragraph 57 and on that basis denies them.

**III. Defendant's Unlawful Activities**

58. Defendant admits it offers video hosting services. Except as otherwise admitted, Defendant denies the allegations of Paragraph 58.

59. To the extent the allegations of Paragraph 59 consist of legal arguments or conclusions, no answer is required. To the extent an answer is required, Defendant admits that TikTok is available through an app and a website.

60. To the extent the allegations of Paragraph 60 consist of legal arguments or conclusions, no answer is required. To the extent an answer is required, Defendant admits that the users shown in Exhibit N posted the content shown therein. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 60 and on that basis denies them.

61. Defendant admits that the screenshots in Exhibit N appear to be of user posts and/or profiles from the TikTok website. Except as otherwise admitted, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 61 and on that basis denies them.

62. The allegations of Paragraph 62 consist of legal arguments or conclusions and no answer is required. To the extent an answer is required, Defendant admits that Plaintiff sent purported copyright takedown notices. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 62 and on that basis denies them.

63. The allegations of Paragraph 63 consist of legal arguments or conclusions and no answer is required. To the extent an answer is required, Defendant denies the allegations of Paragraph 63.

64. The allegations of Paragraph 64 consist of legal arguments or conclusions and no answer is required. To the extent an answer is required, Defendant denies the allegations of Paragraph 64.

**COUNT I – VICARIOUS COPYRIGHT INFRINGEMENT**

65. Defendant incorporates and realleges each of its responses to the preceding paragraphs as if fully set forth herein.

66. The allegations of Paragraph 66 consist of legal arguments or conclusions and no answer is required. To the extent an answer is required, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 66 and on that basis denies them.

67. The allegations of Paragraph 67 consist of legal arguments or conclusions and no answer is required. To the extent an answer is required, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 67 and on that basis denies them.

68. The allegations of Paragraph 68 consist of legal arguments or conclusions and no answer is required. To the extent an answer is required, Defendant admits that user post shown in Exhibit N are publicly available. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 68 and on that basis denies them.

69. The allegations of Paragraph 69 consist of legal arguments or conclusions and no answer is required. To the extent an answer is required, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 69 and on that basis denies them.

70. The allegations of Paragraph 70 consist of legal arguments or conclusions and no answer is required. To the extent an answer is required, Defendant denies the allegations in Paragraph 70.

71. The allegations of Paragraph 71 consist of legal arguments or conclusions and no answer is required. To the extent an answer is required, Defendant denies the allegations in Paragraph 71.

72. The allegations of Paragraph 72 consist of legal arguments or conclusions and no answer is required. To the extent an answer is required,

Defendant admits that Plaintiff sent purported copyright takedown notices to Defendant. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 31 and on that basis denies them.

73. The allegations of Paragraph 73 consist of legal arguments or conclusions and no answer is required. To the extent an answer is required, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 73 and on that basis denies them.

74. The allegations of Paragraph 74 consist of legal arguments or conclusions and no answer is required. To the extent an answer is required, Defendant admits that the policies referenced in Paragraph 74 are published on Defendant's website and states that the polices speak for themselves. Defendant denies any remaining allegations in Paragraph 74.

75. To the extent the allegations of Paragraph 75 consist of legal arguments or conclusions, no answer is required. To the extent an answer is required, Defendant admits that it provides different ways for users to report infringement and provides instructions for doing so.

76. The allegations of Paragraph 76 consist of legal arguments or conclusions and no answer is required. To the extent an answer is required, Defendant admits users can make purchases through TikTok Shop. Defendant denies the remaining allegations in Paragraph 76.

77. The allegations of Paragraph 77 consist of legal arguments or conclusions and no answer is required. To the extent an answer is required, Defendant admits it uses a copyright notification on its website. Defendant denies the remaining allegations in Paragraph 77.

78. The allegations of Paragraph 78 consist of legal arguments or conclusions and no answer is required. To the extent an answer is required,

Defendant admits it has an agent to accept notifications under the DMCA. Defendant denies the remaining allegations in Paragraph 78.

79. The allegations of Paragraph 79 consist of legal arguments or conclusions and no answer is required. To the extent an answer is required, Defendant denies the allegations in Paragraph 79.

80. The allegations of Paragraph 80 consist of legal arguments or conclusions and no answer is required. To the extent an answer is required, Defendant denies the allegations in Paragraph 80.

81. The allegations of Paragraph 81 consist of legal arguments or conclusions and no answer is required. To the extent an answer is required, Defendant denies the allegations in Paragraph 81.

82. The allegations of Paragraph 82 consist of legal arguments or conclusions and no answer is required. To the extent an answer is required, Defendant denies the allegations in Paragraph 82.

83. The allegations of Paragraph 83 consist of legal arguments or conclusions and no answer is required. To the extent an answer is required, Defendant denies the allegations in Paragraph 83.

Defendant denies that Plaintiff is entitled to any of the requested relief, or to any other relief.

a. Plaintiff's prayer for relief does not require an answer.
b. Plaintiff's prayer for relief does not require an answer.
c. Plaintiff's prayer for relief does not require an answer.
d. Plaintiff's prayer for relief does not require an answer.
e. Plaintiff's prayer for relief does not require an answer.
f. Plaintiff's prayer for relief does not require an answer.
g. Plaintiff's prayer for relief does not require an answer.

**COUNT II – CONTRIBUTORY COPYRIGHT INFRINGEMENT**

84. Defendant incorporates and realleges each of its responses to the preceding paragraphs as if fully set forth herein.

85. The allegations of Paragraph 85 consist of legal arguments or conclusions and no answer is required. To the extent an answer is required, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 85 and on that basis denies them

86. The allegations of Paragraph 86 consist of legal arguments or conclusions and no answer is required. To the extent an answer is required, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 86 and on that basis denies them.

87. The allegations of Paragraph 87 consist of legal arguments or conclusions and no answer is required. To the extent an answer is required, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 87 and on that basis denies them.

88. The allegations of Paragraph 88 consist of legal arguments or conclusions and no answer is required. To the extent an answer is required, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 88 and on that basis denies them.

89. The allegations of Paragraph 89 consist of legal arguments or conclusions and no answer is required. To the extent an answer is required, Defendant denies the allegations in Paragraph 89.

90. The allegations of Paragraph 90 consist of legal arguments or conclusions and no answer is required. To the extent an answer is required, Defendant denies the allegations in Paragraph 90.

91. The allegations of Paragraph 91 consist of legal arguments or conclusions and no answer is required. To the extent an answer is required, Defendant admits that Plaintiff sent purported copyright takedown notices to

Defendant. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 91 and on that basis denies them.

92. The allegations of Paragraph 92 consist of legal arguments or conclusions and no answer is required. To the extent an answer is required, Defendant admits that Plaintiff sent purported copyright takedown notices to Defendant. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 92 and on that basis denies them.

93. The allegations of Paragraph 93 consist of legal arguments or conclusions and no answer is required. To the extent an answer is required, Defendant denies the allegations in Paragraph 93.

94. The allegations of Paragraph 94 consist of legal arguments or conclusions and no answer is required. To the extent an answer is required, Defendant admits that Plaintiff sent purported copyright takedown notices to Defendant. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 94 and on that basis denies them.

95. Defendant admits that it is a U.S. corporation and that it has in-house legal staff. Except as otherwise admitted, Defendant denies the remaining allegations in Paragraph 95.

96. The allegations of Paragraph 96 consist of legal arguments or conclusions and no answer is required. To the extent an answer is required, Defendant admits it uses a copyright notification on its website. Defendant denies the remaining allegations in Paragraph 96.

97. The allegations of Paragraph 97 consist of legal arguments or conclusions and no answer is required. To the extent an answer is required,

Defendant admits it has an agent to accept notifications under the DMCA. Defendant denies the remaining allegations in Paragraph 97.

98. The allegations of Paragraph 98 consist of legal arguments or conclusions and no answer is required. To the extent an answer is required, Defendant denies the allegations in Paragraph 98.

99. The allegations of Paragraph 99 consist of legal arguments or conclusions and no answer is required. To the extent an answer is required, Defendant denies the allegations in Paragraph 99.

100. The allegations of Paragraph 100 consist of legal arguments or conclusions and no answer is required. To the extent an answer is required, Defendant denies the allegations in Paragraph 100.

101. The allegations of Paragraph 101 consist of legal arguments or conclusions and no answer is required. To the extent an answer is required, Defendant denies the allegations in Paragraph 101.

102. The allegations of Paragraph 102 consist of legal arguments or conclusions and no answer is required. To the extent an answer is required, Defendant denies the allegations in Paragraph 102.

Defendant denies that Plaintiff is entitled to any of the requested relief, or to any other relief.

a. Plaintiff's prayer for relief does not require an answer.

b. Plaintiff's prayer for relief does not require an answer.

c. Plaintiff's prayer for relief does not require an answer.

d. Plaintiff's prayer for relief does not require an answer.

e. Plaintiff's prayer for relief does not require an answer.

f. Plaintiff's prayer for relief does not require an answer.

g. Plaintiff's prayer for relief does not require an answer.

## AFFIRMATIVE DEFENSES

Defendant asserts the following defenses in response to Plaintiff's Second Amended Complaint. Defendant reserves the right to amend this Answer to assert any additional defenses that may be discovered during the courts of this litigation.

**First Affirmative Defense**

The Second Amended Complaint and its causes of action fail to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).

**Second Affirmative Defense**

Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff has not and cannot demonstrate that it owns the asserted copyright registrations or the asserted Work, including without limitation because one or more of the Work were a work made for hire and/or because Plaintiff does not have an assignment or license conveying it all rights, title, and interest in the Work or the copyright registrations.

**Third Affirmative Defense**

Plaintiff is not entitled to enhanced damages because any infringement was not willful.

**Fourth Affirmative Defense**

Plaintiff is not entitled to attorney's fees or costs because the requirements of 17 U.S.C. § 505 are not met.

**Fifth Affirmative Defense**

Plaintiff's claims are barred, in whole or in part, because any alleged infringement by Defendant or Defendant's users constitutes fair use under 17 U.S.C. § 107.

**Sixth Affirmative Defense**

Plaintiff's claims are barred, in whole or in part, because Defendant is protected by one or more of the safe harbor provisions of the DMCA under 17 U.S.C. § 512.

**Seventh Affirmative Defense**

Plaintiff's claims are barred, in whole or in part, because one or more third parties are liable for the conduct alleged in the First Amended Complaint.

**Eighth Affirmative Defense**

Plaintiff's claims are barred, in whole or in part, because any damage that Plaintiff allegedly sustained was not legally or proximately caused by Defendant.

**Ninth Affirmative Defense**

Plaintiff's claims are barred, in whole or in part, because Plaintiff has not suffered any damages that are caused by, or attributable to, the alleged infringement.

**Tenth Affirmative Defense**

Plaintiff's claims are barred, in whole or in part, because Defendant did not materially contribute to or induce the alleged copyright infringement.

**Eleventh Affirmative Defense**

Plaintiff's claims are barred, in whole or in part, because Defendant did not and does not have a direct financial interest in or to the alleged copyright infringement.

**Twelfth Affirmative Defense**

Plaintiff's claims are barred, in whole or in part, because Plaintiff cannot establish any acts of infringement and/or liability under the Ninth Circuit's server test.

**Thirteenth Affirmative Defense**

Plaintiff's claims are barred, in whole or in part, because any infringement or violation occurred with innocent intent.

**Fourteenth Affirmative Defense**

Plaintiff's claims are barred, in whole or in part, to the extent any third-party use of the subject photographs was pursuant to a valid license, whether an implied or express license.

**Fifteenth Affirmative Defense**

Plaintiff's claims are barred, in whole or in part, as moot to the extent a settlement has been reached with the third parties alleged to infringe the Work.

**Sixteenth Affirmative Defense**

Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff has already recovered damages or other relief from the third parties whose alleged conduct forms the basis of Plaintiff's allegations against Defendant.

**Seventeenth Affirmative Defense**

To the extent Plaintiff seeks injunctive relief, such relief is barred because the injury, harm, or damage allegedly suffered by Plaintiff is adequately compensated in an action for monetary damages.

**Eighteenth Affirmative Defense**

Plaintiff's claims are barred, in whole or in part, by equitable defenses of estoppel, waiver, and/or laches.

**PRAYER FOR RELIEF**

Wherefore Defendant TikTok, Inc. prays for relief as follows:

A. Entry of judgment in favor of Defendant and denying all of Plaintiff's claims and requested relief;

B. Entry of judgment in favor of Defendant dismissing Plaintiff's Second Amended Complaint with prejudice;

C. That the Court award Defendant its costs of suit including reasonable attorneys' fees pursuant to 17 U.S.C. § 505; and

D. That the Court award Defendant any and all other and further relief as the Court deems just and proper.

Dated: April 29, 2025

DORSEY & WHITNEY LLP

By: */s/ J. Michael Keyes*

J. Michael Keyes (SBN 262281)
*keyes.mike@dorsey.com*
Connor J. Hansen (*pro hac vice*)
*hansen.connor@dorsey.com*
Dylan J. Harlow (*pro hac vice*)
*harlow.dylan@dorsey.com*
Columbia Center
701 Fifth Avenue, Suite 6100
Seattle, WA
Telephone: 206.903.8800
Facsimile: 206.903.8820

DORSEY & WHITNEY LLP
Kent J. Schmidt (SBN 195969)
*schmidt.kent@dorsey.com*
600 Anton Boulevard, Suite 200
Costa Mesa, CA 92626
Telephone: 714.800.1400
Facsimile: 714.800.1499

*Attorneys for Defendant TikTok, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on April 29, 2025, a true and correct copy of the foregoing was filed electronically using the Court's CM/ECF system, which shall send notification of such filing to all counsel of record. Any counsel of record who has not consented to electronic service through the Court's CM/ECF system will be served by electronic mail.

*/s/ J. Michael Keyes*
J. Michael Keyes, SBN 262281