DORSEY & WHITNEY LLP
J. Michael Keyes (SBN 262281)
*keyes.mike@dorsey.com*
Connor J. Hansen (*pro hac vice*)
*hansen.connor@dorsey.com*
Dylan J. Harlow (*pro hac vice*)
*harlow.dylan@dorsey.com*
701 Fifth Avenue, Suite 6100
Seattle, WA 98104
Telephone: 206.903.8800
Facsimile: 206.903.8820

DORSEY & WHITNEY LLP
Kent J. Schmidt (SBN 195969)
*schmidt.kent@dorsey.com*
600 Anton Boulevard, Suite 200
Costa Mesa, CA 92626
Telephone: 714.800.1400
Facsimile: 714.800.1499

*Attorneys for Defendant TikTok, Inc.*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MICHAEL GRECCO PRODUCTIONS INC.,<br>*Plaintiff,*<br>v.<br>TIKTOK, INC.,<br>*Defendant.* | Case No. 2:24-CV-04837-FLA-MAR<br>**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR EXTENSION OF DEADLINES**<br>Hon. Fernando L. Aenlle-Rocha<br>Date: May 16, 2025<br>Time: 10:30 a.m.<br>Courtroom: 6B<br>Filed concurrently with Declaration of J. Michael Keyes |

Defendant TikTok, Inc. ("Defendant" or "TTI") hereby opposes the Motion for Extension of Deadlines, Dkt. 56, (the "Motion") filed by Plaintiff Michael Grecco Productions Inc. ("Plaintiff") on May 7, 2025. For the reasons set forth below, the Court should deny the Motion.

# INTRODUCTION

Two days before the close of fact discovery, Plaintiff filed a Motion seeking a sixty (60) day extension of all deadlines in this case, including fact discovery, expert discovery, pretrial filing deadlines, and trial dates. Dkt. 56.[1] Plaintiff's eleventh-hour Motion should be denied for several reasons.

*First*, Plaintiff made no attempt to establish that it has acted with due diligence throughout this case. The reality is that for nearly ten months, Plaintiff did nothing to advance this litigation. It did not serve Initial Disclosures or any discovery requests until April 15, 2025, less than thirty days before the close of discovery.

*Second*, Plaintiff failed to show that work still to be performed could not have been accomplished in the schedule set by the Court. Plaintiff represents in the Motion that it has been "unable to engage in depositions due to scheduling conflicts." Dkt. 56 ¶ 10. The reality is that, as of the filing date of this Opposition, Plaintiff *has not even served* any deposition notices on Defendant. Plaintiff's failure to act sooner does not justify an extension.

*Third*, Plaintiff's Motion is technically deficient and fails to comply with applicable Orders. As the Court knows, the Scheduling and Trial Order, Dkt. 42, ("Scheduling Order") and the Initial Standing Order, Dkt. 10, issued in this case require that any request for an extension or continuance of pretrial or trial dates must be supported by a "detailed declaration setting forth the reasons for the requested relief." Dkt. 42 at 21-22; Dkt. 10 at 16-17 (requiring a "detailed declaration of the grounds for the requested continuance or extension") (emphasis in original). Plaintiff failed to submit any such declaration. Plaintiff also filed its Motion just two days before the close of discovery, failing to adhere to the Initial Standing Order's requirement that "Counsel shall avoid submitting requests for continuance or

[1] Plaintiff initially filed this Motion on May 5, 2025, four days before the close of discovery. Dkt. 50. Its Motion was stricken because Plaintiff improperly directed this Motion to Magistrate Judge Rocconi. Dkt. 54.

extension of time less than five (5) business days prior to the expiration of the scheduled date." Dkt. 10 at 17 (emphasis in original). Plaintiff's failure to comply with the Court's Orders is particularly egregious here considering Magistrate Judge Rocconi specifically referred Plaintiff "to the court's Initial Standing Order . . . set by Honorable Judge Aenlle-Rocha" when striking a prior version of this Motion for failure to comply with the Court's rules. Dkt. 54.[2]

The Court has warned that "[f]ailure to comply with the Local Rules and this [Initial Standing] Order will result in rejection of the request without further notice to the parties." Dkt. 10 at 17. The Court should deny Plaintiff's Motion outright.

## RELEVANT PROCEDURAL & FACTUAL BACKGROUND

Plaintiff is a photography agency owned by Michael Grecco, who specializes in for-hire photography of celebrities. Dkt. 46 ¶ 6. Plaintiff is also a serial litigator and has brought dozens of copyright infringement cases over the past several years. *See Michael Grecco Prods. Inc. v. BDG Media, Inc.*, No. CV 19-04716, 2019 U.S. Dist. LEXIS 235754, at *7 (C.D. Cal. Nov. 21, 2019) (noting that "Plaintiff is not a traditional Plaintiff because . . . Plaintiff has filed some 81 similar lawsuits").

On June 7, 2024, Plaintiff filed its Complaint against TTI, alleging that certain TikTok users had posted to TikTok videos that include photographs owned and copyrighted by Plaintiff. Dkt. 1. Plaintiff filed a First Amended Complaint ("FAC") on August 15, 2024, which Defendant moved to dismiss. Dkt. 23; Dkt. 24. The Court granted Defendant's motion to dismiss the FAC on March 12, 2025. Dkt. 24; Dkt. 45. Plaintiff then filed its Second Amended Complaint ("SAC") on April 1, 2025 and Defendant Answered on April 29, 2025. Dkt. 46; Dkt. 49.

On June 12, 2024, the Court issued its Initial Standing Order. Dkt. 10. On October 23, 2024, the Court issued its Scheduling Order for this case. Dkt. 42. The

---

[2] Plaintiff's Motion also runs afoul of Local Rule 6-1 because Plaintiff failed to file its Motion "not later than twenty-eight (28) days before the date set for the hearing." L.R. 6-1.

Scheduling Order established the deadlines that Plaintiff now seeks to extend, including: Fact Discovery Cut-Off on May 9, 2025; Expert Discovery Cut-Off on June 13, 2025; Last Day to Hear Motions on July 11, 2025; Trial Filings (first round) on September 5, 2025; Trial Filings (second round) on September 19, 2025; Final Pretrial Conference on October 3, 2025; and Trial starting on October 21, 2025. *Id.* at 4.

Plaintiff did not engage in any discovery until last month. Keyes Decl. ¶ 3. On April 15, 2025, Plaintiff served on Defendant's counsel its Initial Disclosures as well as a First Set of Interrogatories, a First Set of Requests for Production, and a First Set of Requests for Admission. *Id.* To date, Plaintiff has not served on Defendant any notices of deposition for this case. *Id.* ¶ 5.

## **ARGUMENT**

### **I. Applicable Law**

The Court's schedule "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4); *Access Vapor, LLC v. Cal. Grown E Liquids, LLC*, No. 8:20-cv-02052-FLA, 2021 U.S. Dist. LEXIS 250441, at *2 (C.D. Cal. Nov. 17, 2021). The "good cause standard primarily considers the diligence of the party seeking the amendment." *Id.* (citing *Johnson v. Mammoth Recreations, Inc*., 975 F.2d 604, 609 (9th Cir. 1992)). The Court may also modify the "schedule if it cannot reasonably be met despite the diligence of the party seeking the extension." *Id.* Regardless, the "focus of the inquiry is upon the moving party's reasons for seeking modification" and "[i]f that party was not diligent, the inquiry should end." *Id.* at *3.

"To show good cause for a continuance, a party must provide specific, detailed, and non-conclusory reasons for granting the extension, including a showing of diligence in pursuing the litigation." *Brooke v. Treasure Mt. Holdings LLC*, No. 5:20-cv-02208-FLA, 2022 U.S. Dist. LEXIS 236510, at *3 (C.D. Cal. Apr. 12, 2022).

## II. The Court's Relevant Orders

The Initial Standing Order issued in this case sets forth specific requirements for an extension that are consistent with the foregoing case law, namely:

> The court has a strong interest in keeping scheduled dates certain. Changes in dates are disfavored. Trial dates set by the court are firm and will not readily be changed. Therefore, a request to continue or extend the date of any matter before this court must be supported by a sufficient factual basis that demonstrates good cause why the change in the date is essential. Without such compelling factual support and a showing of due diligence, requests continuing dates will not be approved. Counsel requesting a continuance or extension of time must file electronically a request . . . and lodge a proposed order including a detailed declaration of the grounds for the requested continuance or extension of time. Failure to comply with the Local Rules and this Order will result in rejection of the request without further notice to the parties. Requests extending scheduling dates do not become effective unless and until this court so orders. Counsel shall avoid submitting requests for continuance or extension of time less than five (5) business days prior to the expiration of the scheduled date. A request to continue or extend dates or deadlines that have already expired constitutes a presumptive lack of due diligence.

Dkt 10 at 16-17 (emphasis in original).

The Scheduling Order similarly provides that "[r]equests for continuances of pretrial and trial dates must be by motion, stipulation, or application, and be accompanied by a detailed declaration setting forth the reasons for the requested relief." Dkt. 42 at 21. The Scheduling Order also provides the following requirements:

> [A] request or stipulation to continue a trial or pretrial date must be supported by a detailed factual showing of good cause and due diligence demonstrating the necessity for the continuance and a description of the parties' efforts, dating back to the filing of the complaint, of the steps they have taken to advance the litigation. This detailed showing must demonstrate that the work still to be performed reasonably could not have been accomplished within the applicable deadlines. General statements are insufficient to establish good cause. Without such compelling factual support and showing of due diligence, requests to continue dates set by the court may be dismissed.

Dkt. 42 at 21-22 (emphasis in original).

## III. Plaintiff Has Not Established Good Cause for the Extension

The Court should deny Plaintiff's motion because it has failed to act diligently from the outset of this litigation and failed to show why remaining work could not have reasonably been completed on the schedule set by the Court.

### A. Plaintiff Has Not Been Diligent

As an initial matter, Plaintiff wholly failed to submit a declaration to show its due diligence or "a description of the parties' efforts, dating back to the filing of the complaint, of the steps they have taken to advance the litigation" as required by the Court's Orders. Dkt. 10 at 16-17; Dkt. 42 at 21-22. The Court should deny Plaintiff's Motion for this reason alone. *Brooke*, 2022 U.S. Dist. LEXIS 236510, at *6 (denying request for extension where the moving party "does not provide any facts regarding its discovery efforts").

Plaintiff has known since October 23, 2024 that the Fact Discovery Cut-Off in this case is May 9, 2025. Dkt. 42 at 4. Yet, Plaintiff failed to serve any discovery requests on Defendant until April 15, 2025, less than 30 days before the close of discovery. Keyes Decl. ¶ 3. And Plaintiff still has not served any notices of deposition on Defendant. *Id.* ¶ 5.

Finally, Plaintiff noticed the Motion for a hearing *after* the close of discovery. Dkt. 56. This is contrary to the Initial Standing Order and in effect is a request to extend the fact discovery deadline *after* it has closed. This "request to continue or extend dates or deadlines that have already expired constitutes a presumptive lack of due diligence." Dkt. 10 at 17; *Access Vapor*, 2021 U.S. Dist. LEXIS 250441, at *4- 5 (applying the presumptive lack of due diligence to a motion to extend discovery that was heard after the close of discovery).

Plaintiff has wholly failed to demonstrate that it has been diligent, and the Court should deny its Motion. *Access Vapor*, 2021 U.S. Dist. LEXIS 250441, at *5- 6 ("Plaintiff is ultimately responsible for the prosecution of its case and has failed to demonstrate the necessary diligence for the court to grant an extension of deadlines."); *Brooke*, 2022 U.S. Dist. LEXIS 236510 at *6-7 ("Defendant fails to demonstrate diligence or good cause for the court to continue pretrial dates and reopen discovery. The court, therefore, DENIES Defendant's Application in its entirety.").

**B. Plaintiff Failed to Show That Remaining Work Could Not Have Reasonably Been Completed On the Court's Schedule**

Because Plaintiff has not shown it has been diligent, the Court need not consider other factors that may justify an extension. *Johnson*, 975 F.2d at 609. Still, Plaintiff has not identified any remaining work that could not have been completed sooner. The only remaining work that Plaintiff identifies in the Motion are depositions. Dkt. 56 ¶ 10. Defendant has noticed the deposition of Plaintiff and two of Plaintiff's representatives. Keyes Decl. ¶ 7. However, Plaintiff has not noticed any depositions. *Id.* ¶ 5. While Plaintiff claims "scheduling conflicts" are now preventing depositions, it fails to provide any explanation of what those conflicts are, why they have suddenly appeared, or why Plaintiff cannot meet discovery deadlines that have been established for months. *See* Dkt. 56 ¶ 10.

The only reason Plaintiff provides for its delay is that Defendant filed its Answer on April 29, 2025 and therefore Plaintiff could not engage in discovery sooner. Dkt. 56 ¶¶ 8-9. This conclusory assertion is baseless. As shown by the Interrogatories submitted herewith, the discovery that Plaintiff seeks relates to broad topics relating to its copyright claims, such as Defendant's copyright policies and procedures, Defendant's handling of takedown notices submitted by Plaintiff, and Defendant's financial information. Keyes Decl. Exh. A. Plaintiff has been on notice of the factual disputes in this case for several months and its need to conduct discovery by virtue of Defendant's motion to dismiss, the Rule 26(f) conference, and other briefing in this case. *See* Dkt. 24; Dkt. 38 (Plaintiff stating in the Rule 26(f) Report that it will need "at least one deposition" and discovery on several issues, including "Defendant's communications regarding the receipt of Plaintiff's takedown notices" and "Defendant's policy/procedures in removing copyrighted work").

Further, as Plaintiff represented to this Court in a Motion to Stay, the claims in this case are nearly identical to the claims at issue in *Waterman v. TikTok, Inc.*, No. 2:24-cv-04802-SRM-AJR, which is pending before the Honorable Judge Serena R. Murillo. *See* Dkt. 33 at 2. As Plaintiff put it, the two cases "both assert claims of copyright infringement against TikTok with respect to the same alleged conduct," namely third parties posting content to TikTok, and Defendant's handling of Plaintiffs' takedown notices. *Id*. The similarities between the cases are even more apparent considering the fact that Ms. Waterman and Mr. Grecco are husband and wife and Plaintiff's counsel, Lauren M. Hausman of CopyCat Legal PLLC, represents the Plaintiffs in both cases.[3] Dkt. 19 at 2-3. Defendant filed its Answer in the *Waterman* case on December 18, 2024, asserting substantially the same affirmative defenses that it asserts in this case. Keyes Decl. ¶ 8. Plaintiff has been

[3] Notably, Plaintiff's counsel has not filed a motion to extend deadlines in the *Waterman* case. Keyes Decl. ¶ 9.

on notice of Defendant's affirmative defenses for months and failed to take any action.

Finally, and importantly, Plaintiff here is the epitome of a sophisticated serial litigator and intimately knows what defenses and other issues arise in the copyright lawsuits that Plaintiff files by the dozen. *See Michael Grecco Prods. Inc.*, 2019 U.S. Dist. LEXIS 235754, at *7 (discussing Plaintiff's litigation history). Plaintiff could, and should, have engaged in discovery sooner and failed to do so.

Plaintiff's Motion should be denied.

**IV. Plaintiff's Motion is Contrary to the Court's Orders and the Local Rules**

Even if Plaintiff had demonstrated diligence or good cause for the extension—it has not—the Motion should be denied due to several violations of the Local Rules and the Court's Orders.

*First*, as set forth above, Plaintiff failed to submit a declaration to support the Motion or to provide a recitation of its diligence as required by the Initial Standing Order and the Scheduling Order. *See supra* Section III.A.

*Second*, Plaintiff filed its Motion four days before the close of discovery, failing to adhere to the Initial Standing Order's requirement that "<u>Counsel shall avoid submitting requests for continuance or extension of time less than five (5) business days prior to the expiration of the scheduled date</u>." Dkt. 10 at 17 (emphasis in original).

*Third*, Plaintiff improperly noticed this Motion for a hearing on an advanced timeline, failing to comply with Local Rule 6-1.

A request for an extension that fails "to comply with the Local Rules and this Order will result in rejection of the request without further notice to the parties." Dkt. 10 at 17. Plaintiff's Motion was already stricken once "for failure to comply with the Court's Local Rules, General Orders, and/or Case Management Order," Dkt. 54, and the Court should deny Plaintiff's Motion for this same reason.

## CONCLUSION

The Court should deny Plaintiff's Motion and order that this case proceed on the schedule set forth in the Scheduling Order.

Dated: May 7, 2025

DORSEY & WHITNEY LLP

By: */s/ J. Michael Keyes*
J. Michael Keyes (SBN 262281)
*keyes.mike@dorsey.com*
Connor J. Hansen (*pro hac vice*)
*hansen.connor@dorsey.com*
Dylan J. Harlow (*pro hac vice*)
*harlow.dylan@dorsey.com*
Columbia Center
701 Fifth Avenue, Suite 6100
Seattle, WA
Telephone: 206.903.8800
Facsimile: 206.903.8820

DORSEY & WHITNEY LLP
Kent J. Schmidt (SBN 195969)
*schmidt.kent@dorsey.com*
600 Anton Boulevard, Suite 200
Costa Mesa, CA 92626
Telephone: 714.800.1400
Facsimile: 714.800.1499

*Attorneys for Defendant TikTok, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on May 7, 2025, a true and correct copy of the foregoing was filed electronically using the Court's CM/ECF system, which shall send notification of such filing to all counsel of record. Any counsel of record who has not consented to electronic service through the Court's CM/ECF system will be served by electronic mail.

*/s/ J. Michael Keyes*
J. Michael Keyes, SBN 262281