Lauren M. Hausman (CA Bar No. 349514)
**COPYCAT LEGAL PLLC**
113 N San Vicente Blvd
Suite 232
Beverly Hills, CA 90211
T: (877) 437-6228
E: lauren@copycatlegal.com

Attorney for Plaintiff
Michael Grecco Productions, Inc.

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL GRECCO PRODUCTIONS, INC., <br><br> Plaintiff, <br><br> v. <br><br> TIKTOK, INC., <br><br> Defendant. | Civil Action No. 2:24-cv-04837-FLA-MAR <br><br> **PLAINTIFF'S REPLY IN SUPPORT OF ITS MOTION FOR EXTENSION OF DEADLINES** <br><br> **(OPPOSED)** <br><br> DATE: Friday, May 16, 2025 <br> TIME: 10:30 a.m. <br> JUDGE: Fernando L. Aenlle-Rocha |

Plaintiff[1] hereby files this reply memorandum in further support of its Motion to Extend Deadlines [D.E. 56], and states as follows:

---

[1] Terms not defined herein shall have the meaning ascribed to them in the Motion.

# INTRODUCTION

Defendant spends much of its opposition to the Motion criticizing Plaintiff and painting half pictures to this Court. For reasons unknown to Plaintiff, Defendant is vehemently opposed to a Motion that would benefit it. Should the Court graciously grant an extension of time to complete fact discovery not only would it allow Plaintiff and Defendant to take the depositions they seek, but also it would not prejudice Defendant. Because extending the discovery cut-off deadline would benefit both parties and aid in the overall prosecution and defense of this matter, the Court should grant Plaintiff's Motion.

# ARGUMENT

## I. Applicable Law

"When a party moves for modification of the scheduling order before the final pretrial conference, the scheduling order 'may be modified only for good cause and with the judge's consent.'" <u>Multicraft Imps., Inc. v. Mariposa United States, Inc.</u>, No. CV 16-3975 DMG (AJWx), 2017 U.S. Dist. LEXIS 186333, at *4 (C.D. Cal. June 8, 2017) (quoting Fed. R. Civ. P. 16(b)(4)). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment. The district court may modify the pretrial schedule 'if it cannot

reasonably be met despite the diligence of the party seeking the extension.' Fed.R.Civ.P. 16 advisory committee's notes (1983 amendment)." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). Where the party seeking to modify the scheduling order "was not diligent, the inquiry should end." Id.

## II. Plaintiff's Due Diligence

Defendant takes issue with the fact that the request for extension of time occurred in the "Eleventh Hour" only two days before the discovery cut-off. However, a presumptive lack of due diligence would not be appropriate here, as the deadlines that Plaintiff wishes to extend have not yet passed.

Plaintiff first filed its Motion for Extension of Time to Extend Discovery Cut-Off Dates on May 5, 2025. An error in the proposed order caused the document to be stricken [D.E. 50, 52, and 54]. While a mistake is not an excuse, and undersigned counsel takes responsibility for the error, Defendant is on the CM/ECF service list and was certainly aware of this motion prior to the "Eleventh Hour." Moreover, Plaintiff first broached the idea of extending the discovery deadline with Defendant on April 21, 2025. Defendant initially opposed. Defendant then served last-minute deposition notices whereby Plaintiff and/or

counsel was unavailable. As such, Plaintiff again asked Defendant if it would like to reconsider requesting an extension of time from the Court for discovery cut-off so that Defendant would be able to take its depositions. Plaintiff made this inquiry with Defendant on May 2, 2025. As Local Rule 7-3 requires counsel to meet and confer, Plaintiff could not file its Motion, until it heard from Defendant's counsel. Defendant's counsel did not respond until May 5, 2025. Plaintiff filed its intended Motion – that Defendant was aware was coming – as soon as it could without compromising complying with a required local rule.

Defendant attempts to accuse Plaintiff of sitting on its hands and doing nothing in furtherance of this matter. Without regurgitating the procedural history laid out in the Motion, the disposition of this case was unknown from August 15, 2024 (the date Defendant filed its Motion to Dismiss)[2] until March 12, 2025 (the date the Court granted Defendant's Motion to Dismiss and allowed Plaintiff leave to file a Second Amended Complaint).[3] The case was in a holding pattern for seven months.

---

[2] See D.E. 24

[3] See D.E. 45.

### III. The Work That Needed to be Performed Required Defendant's Answer

To show good cause for a continuance, a party must provide specific, detailed, and non-conclusory reasons for granting the extension, including a showing of diligence in pursuing the litigation. See Torres v. Bos. Sci. Corp., No. 2:19-cv-09739-SB-AS, 2020 U.S. Dist. LEXIS 232725, at *1 (C.D. Cal. Dec. 7, 2020); Fed. R. Civ. P. 16(b).

As stated in the Motion, Plaintiff needed Defendant's Answer to adequately execute *all* discovery. Defendant's Answer to Plaintiff's Second Amended Complaint was not filed until April 29, 2025. Defendant's Answer could have been filed sooner, which would have given Plaintiff a bit more time to engage in discovery, however, Plaintiff agreed to an extension of time for Defendant to file its Answer as a professional courtesy.

Notably, in one case out of the Central District of California, the court noted that "to the extent this continuance [extension of non-expert discovery deadlines] interferes with other deadlines, the Parties are encouraged to cooperate on stipulations to modify the scheduling order." See Master Pipe Distribution Co. v. KB Ins. Co. Ltd., No. 2:23-cv-02745-AB (AGRx), 2025 U.S. Dist. LEXIS 81791, *n.1 (C.D. Cal. Mar. 11, 2025).

Notwithstanding the specific reason Plaintiff did provide for requesting a continuance, the Court is well within its purview to grant continuance regardless.

> The Parties cite three reasons for the requested continuance: (1) Plaintiff's counsel has been busy with a trial, (2) the COVID-19 pandemic has created delays, and (3) there is a genuine discovery dispute regarding confidential testimony. Stipulation at 3-4. **However, the Parties fail to explain why these issues could not have been anticipated earlier or why they only sought a continuance with less than a week remaining before the discovery cut-off. Good cause is not apparent.**
>
> **Nevertheless, the Court shall grant a modified extension with an admonition that the parties should not expect any further continuance of any (existing or future) deadline.**

Torres v. Bos. Sci. Corp., No. 2:19-cv-09739-SB-AS, 2020 U.S. Dist. LEXIS 232725, at *2 (C.D. Cal. Dec. 7, 2020) (emphasis added).

Defendant states in its opposition that, "Defendant has noticed the deposition of Plaintiff and two of Plaintiff's representatives. Keyes Decl. ¶ 7. However, Plaintiff has not noticed any depositions. Id. ¶ 5. While Plaintiff claims "scheduling conflicts" are now preventing depositions, it fails to provide any explanation of what those conflicts are, why they have suddenly appeared, or why Plaintiff cannot meet discovery deadlines that have been established for months." What Defendant fails to disclose to the Court is that Defendant noticed depositions on six-days, seven-days, and eight-days notice – and one of the notices was

improper to serve on counsel as it should have been a subpoena. The eight calendar days (at best) were insufficient time to ensure availability for both counsel and deponent.

Defendant's contention that Plaintiff should have assumed it would file an identical answer in this case as it did in *Waterman v. TikTok, Inc., No. 2:24-cv-04802-SRM-AJR* is, in a word, ***perplexing***. While the cases certainly share similarities, Plaintiff would hope that Defendant can appreciate every case that is filed is different. If the *Waterman* case and the case at bar were identical, Defendant's Notice of Related Cases would have been granted in *Waterman* in August 2024; however, the Honorable André Birotte Jr. declined TikTok's transfer request for the following reasons: "involve different plaintiffs, works, and evidence." See *Waterman*, D.E. 21. Judge Birotte has recognized that the two cases would require different evidence, and Defendant (who shares the same counsel in both cases) should too.

### IV. Counsel's Detailed Declaration

Undersigned counsel apologizes for not including a detailed declaration with the Motion. While the detailed declaration should have been submitted therewith, undersigned counsel now provides such detailed declaration with this Reply.

COPYCAT LEGAL PLLC
113 N. SAN VICENTE BLVD., SUITE 232 • BEVERLY HILLS, CA 90211
TELEPHONE (877) 437-6228

**V.     Defendant Would Not Be Prejudiced**

"Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification." Landes v. Skil Power Tools, No. 2:12-cv-01252-MCE, 2013 U.S. Dist. LEXIS 181426, 2013 WL 6859837, at *3 (E.D. Cal. Dec. 30, 2013). Plaintiff's reason for seeking modification is so that ***both*** parties can complete discovery.

Regardless of how many ways Defendant and its counsel choose to chastise Plaintiff and its counsel, the fact remains that neither side had the opportunity to take ***any*** depositions. Defendant's counsel consistently glosses over the fact that its deposition requests were made with insufficient notice and/or improperly. Plaintiff opted not to follow in Defendant's footsteps and serve a 30(b)(6) deposition notice with insufficient time merely for the sake of having said it was done.

This Circuit has pointed to four factors for the Court to consider when determining if a scheduling order should be modified: (1) the degree of prejudice to the moving party from a failure to modify; (2) the degree of prejudice to the nonmoving party from a modification; (3) the impact of a modification at that stage

of the litigation on the orderly and efficient conduct of the case; and (4) the degree of willfulness, bad faith or inexcusable neglect on the part of the moving party. See United States v. First Nat. Bank of Circle, 652 F.2d 882, 887 (9th Cir. 1981).

### A. The Degree of Prejudice to the Moving Party

The degree of prejudice to the moving party from a failure to modify is significant. As Defendant points out in its Opposition, Plaintiff has been very clear since the 26(f) conference that it would need at least one deposition. Plaintiff should have been able to take Defendant's deposition and inquire about its eighteen (18) affirmative defenses, which was not possible until 10 days before the discovery cut-off, which did not leave sufficient time to get depositions scheduled between counsel, deponents or court reporters.

### B. The Degree of Prejudice to the Nonmoving Party

Defendant would not be prejudiced by a modification. The parties are not on the eve of trial; the discovery period has not yet closed; and, Defendant would also have the opportunity to take the depositions it clearly wanted to (as evidenced by the three notices it served); notably, Defendant's counsel emailed Plaintiff's counsel May 8, 2025—***the same day of the filing of this reply and less than 24 hours after Defendant filed its opposition to the extension of time***—inquiring

when Ms. Yamada would be made available; adding that if Ms. Yamada could not be made available, that counsel must provide a detailed explanation as to why. Defendant is aware of the cut-off being tomorrow, and that counsel is unavailable. Defendant's insistence on depositions indicates that it would not be prejudiced by an extension of time for discovery cut-off, but in fact would benefit Defendant.

*C. The Impact of Modification at this Stage of Litigation*

The impact of modifying the scheduling order at this stage of litigation would not be detrimental to the orderly and efficient conduct of the case. The parties still have a significant amount of time left in the matter. The parties have not done dispositive motions yet, nor has mediation occurred. In one case, the court noted that "[a]lthough the Court shares Plaintiffs' interest in the expeditious resolution of this matter, the Court is not persuaded that a six-month extension would cause such undue prejudice." Ronduen v. GEO Grp., Inc., No. EDCV 23-0481 JGB (SHKx), 2024 U.S. Dist. LEXIS 212999, at *n.2 (C.D. Cal. Aug. 26, 2024).

*D. The Degree of Willfulness, Bad Faith or Inexcusable Neglect on the Part of the Moving Party*

Lastly, Plaintiff does not request the extension of time in bad faith. As can be seen from the docket, it took more than ten months to have both parties' initial pleadings on the record.

Though it is unclear why Defendant is so steadfast in its opposition to a Motion that would also assist Defendant in completing discovery, Defendant would not be prejudiced by the Court granting Plaintiff's Motion.

Accordingly, Plaintiff respectfully requests that the Court grant its Motion to Extend the Discovery Cut-Off Date.

Dated: May 8, 2025.   **COPYCAT LEGAL PLLC**

By: /s/ Lauren M. Hausman
Lauren M. Hausman, Esq.
Jonathan Alejandrino, Esq. *(pro hac vice)*
Attorneys for Plaintiff
Michael Grecco Productions, Inc.

**CERTIFICATE OF SERVICE**

I hereby certify that on May 8, 2025, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will electronically serve all counsel of record.

/s/ Lauren M. Hausman
Lauren M. Hausman, Esq.