DORSEY & WHITNEY LLP
J. Michael Keyes (SBN 262281)
 *keyes.mike@dorsey.com*
Connor J. Hansen (*pro hac vice*)
 *hansen.connor@dorsey.com*
Dylan J. Harlow (*pro hac vice*)
 *harlow.dylan@dorsey.com*
701 Fifth Avenue, Suite 6100
Seattle, WA 98104
Telephone: 206.903.8800
Facsimile: 206.903.8820

DORSEY & WHITNEY LLP
Kent J. Schmidt (SBN 195969)
 *schmidt.kent@dorsey.com*
600 Anton Boulevard, Suite 200
Costa Mesa, CA 92626
Telephone: 714.800.1400
Facsimile: 714.800.1499

*Attorneys for Defendant TikTok, Inc.*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL GRECCO PRODUCTIONS INC., <br><br> *Plaintiff*, <br><br> v. <br><br> TIKTOK, INC., <br><br> *Defendant*. | Case No. 2:24-CV-04837-FLA-MAR <br><br> **DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR EXTENSION OF DEADLINES** <br><br> Hon. Fernando L. Aenlle-Rocha <br> Date: June 6, 2025 <br> Time: 10:30 a.m. <br> Courtroom: 6B <br><br> Filed concurrently with: <br> Declaration of J. Michael Keyes; and [Proposed] Order |

Defendant TikTok, Inc. ("Defendant" or "TTI") hereby opposes the Motion for Extension of Deadlines, Dkt. 61, (the "Motion") filed by Plaintiff Michael Grecco Productions Inc. ("Plaintiff") on May 9, 2025. For the reasons set forth below, the Court should deny the Motion.

# **INTRODUCTION**

After failing to take *any discovery at all* during the ten-month discovery period, Plaintiff—for the third time—has filed a legally and procedurally deficient Motion seeking to extend all deadlines in this case by sixty (60) days.  Dkt. 61. Plaintiff's Motion should be denied and this case should proceed as scheduled.

Plaintiff makes no attempt to show that it has acted diligently to advance this litigation.  Nor could it.  The close of discovery in this case was May 9, 2025 and Plaintiff failed to seek any discovery from Defendant until less than a month before the deadline. Plaintiff never sought to depose Defendant and served facially untimely written discovery requests mere weeks before the discovery cutoff.  It is Plaintiff's burden to develop and prove its case and any prejudice it now claims from its failure to do so is entirely self-inflicted and does not warrant modifying the Court's schedule, which would include rescheduling expert discovery, summary judgment deadlines, pretrial filing deadlines, the pretrial conference, and trial.

In addition, the Court has twice stricken Plaintiff's Motion "for failure to comply with the Court's Local Rules, General Orders, and/or Case Management Order." Dkt. 54; Dkt. 60.  When doing so, Magistrate Judge Rocconi specifically referred Plaintiff "to the court's Initial Standing Order . . . set by Honorable Judge Aenlle-Rocha."  Dkt. 54.  Despite these warnings, Plaintiff re-filed the same non-compliant Motion.  The Court's orders are clear that any request for an extension must be supported by a "detailed declaration setting forth the reasons for the requested relief."  Scheduling Order, Dkt. 42 at 21-22; Initial Standing Order Dkt. 10 at 16-17.  Plaintiff failed to submit any such declaration.  The Initial Standing Order is also clear that "Counsel shall avoid submitting requests for continuance or extension of time less than five (5) business days prior to the expiration of the scheduled date." Dkt. 10 at 17 (emphasis in original).  Plaintiff's Motion runs afoul of this requirement as well.

DEFENDANT'S OPPOSITION
TO MOTION FOR EXTENSION                                              Case No. 2:24-CV-04837-FLA-MAR

The Court should deny Plaintiff's legally unjustiable and procedurally deficient Motion outright.

### **RELEVANT PROCEDURAL & FACTUAL BACKGROUND**

Plaintiff is a photography agency owned by Michael Grecco, who purports to specialize in for-hire photography of celebrities, Dkt. 46 ¶ 6, but is also the epitome of a serial litigator. Plaintiff has in fact filed dozens of copyright infringement cases over the past several years and hundreds in the last decade. *See Michael Grecco Prods. Inc. v. BDG Media, Inc.*, No. CV 19-04716, 2019 U.S. Dist. LEXIS 235754, at *7 (C.D. Cal. Nov. 21, 2019) (noting that "Plaintiff is not a traditional Plaintiff because . . . Plaintiff has filed some 81 similar lawsuits").

On June 7, 2024, Plaintiff filed its Complaint against TTI, alleging that certain TikTok users had posted to TikTok videos that include photographs owned and copyrighted by Plaintiff. Dkt. 1. Following amendment and Defendants' Motion to Dismiss, Plaintiff filed its Second Amended Complaint ("SAC") on April 1, 2025, which Defendant Answered on April 29, 2025. Dkt. 46; Dkt. 49.

On June 12, 2024, the Court issued its Initial Standing Order. Dkt. 10. On October 23, 2024, the Court issued its Scheduling Order for this case. Dkt. 42. The Scheduling Order established the deadlines that Plaintiff now seeks to extend, including: Fact Discovery Cut-Off on May 9, 2025; Expert Discovery Cut-Off on June 13, 2025; Last Day to Hear Motions on July 11, 2025; Trial Filings (first round) on September 5, 2025; Trial Filings (second round) on September 19, 2025; Final Pretrial Conference on October 3, 2025; and Trial starting on October 21, 2025. *Id.* at 4.

Plaintiff did not engage in *any* discovery until last month. Keyes Decl. ¶ 3. On April 15, 2025, Plaintiff served on Defendant's counsel its Initial Disclosures as well as a First Set of Interrogatories, a First Set of Requests for Production, and a First Set of Requests for Admission. *Id.* Plaintiff never served any notices of deposition. *Id.* ¶ 5.

On May 5, 2025, Plaintiff filed this Motion, improperly noticing it for a hearing with Magistrate Judge Rocconi ("First Motion"). Dkt. 50. Before Defendant could file an opposition, the First Motion was stricken and Plaintiff re-filed it on May 7 ("Second Motion"). Dkt. 54, Dkt. 55. That same day, Defendant filed an opposition to the Second Motion, pointing out several legal and procedural deficiencies with Plaintiff's Motion including that it was not supported by a declaration as required by the Court's rules and that Plaintiff failed to show, or even address, diligence. Dkt. 57. Plaintiff filed a reply on May 8, in which it "apologized for not including a detailed declaration with the Motion" and for the first time attempted to argue that it had been diligent and that both Defendant and Plaintiff would be prejudiced absent an extension. Dkt. 58 at 3-7. The Court struck the Second Motion on May 8 because the hearing date noticed by Plaintiff did not comply with the Local Rules. Dkt. 60 ("Hearing information is missing, incorrect, or not timely.").

On May 9, Plaintiff filed the present Motion. The Motion is the same as the First Motion and Second Motion; Plaintiff merely corrected the hearing date and re-filed. *See* Dkt. 61. But notably absent from the Motion are (1) the "detailed declaration" required by the Court and acknowledged by Plaintiff as missing from its Second Motion, (2) the arguments Plaintiff presented in its Reply for the Second Motion, including any argument that it has acted diligently or will be prejudiced.[1]

## ARGUMENT

### I.    Applicable Law & Orders.

The Court's schedule "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4); *Access Vapor, LLC v. Cal. Grown E Liquids, LLC*, No. 8:20-cv-02052-FLA, 2021 U.S. Dist. LEXIS 250441, at *2 (C.D.

---

[1] As explained below in Section III.C, new arguments raised for the first time in a reply brief are improper and should not be considered, both with respect to the Second Motion and in the event Plaintiff attempts the same tactic now.

Cal. Nov. 17, 2021). "To show good cause for a continuance, a party must provide specific, detailed, and non-conclusory reasons for granting the extension, including a showing of diligence in pursuing the litigation." *Brooke v. Treasure Mt. Holdings LLC*, No. 5:20-cv-02208-FLA, 2022 U.S. Dist. LEXIS 236510, at *3 (C.D. Cal. Apr. 12, 2022). Any "prejudice to the party opposing the modification" supplies "additional reasons to deny a motion," but as always, the "focus of the inquiry is upon the moving party's reasons for seeking modification." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). "If that party was not diligent, the inquiry should end." *Id.*

The Initial Standing Order issued in this case sets forth specific requirements for an extension that are consistent with the foregoing case law, including that a request for an extension "<u>must</u> be supported by a sufficient factual basis that demonstrates good cause why the change in the date is essential" and by "a <u>detailed</u> declaration of the grounds for the requested continuance or extension of time." Dkt 10 at 16-17 (emphasis in original). "<u>Counsel shall avoid submitting requests for continuance or extension of time less than five (5) business days prior to the expiration of the scheduled date.</u> A request to continue or extend dates or deadlines that have already expired constitutes a presumptive lack of due diligence." *Id.* (emphasis in original). The Scheduling Order similarly provides that requests for an extension must be supported by a declaration providing "a <u>detailed</u> factual showing of good cause and due diligence demonstrating the necessity for the continuance and a description of the parties' efforts, dating back to the filing of the complaint, of the steps they have taken to advance the litigation. This detailed showing must demonstrate that the work still to be performed reasonably could not have been accomplished within the applicable deadlines." Dkt. 42 at 21.

Both Orders are clear that failure to comply will result in an extension being denied outright. Dkt. 10 at 17 ("Failure to comply with the Local Rules and this Order will result in rejection of the request without further notice to the parties.");

DEFENDANT'S OPPOSITION
TO MOTION FOR EXTENSION                                     Case No. 2:24-CV-04837-FLA-MAR

1    Dkt. 42 at 21 ("Without such compelling factual support and showing of due

2    diligence, requests to continue dates set by the court may be dismissed.").

3    **II.    Plaintiff's Motion Violates the Court's Orders and the Local Rules.**

4        Despite having its Motion stricken *twice* for failure to comply with the Local

5    Rules and the Court's Orders, Plaintiff's Motion remains deficient, and for many of

6    the same reasons.

7        *First*, Plaintiff failed to submit a declaration to support the Motion or to

8    provide a recitation of its diligence as required by the Initial Standing Order and the

9    Scheduling Order.  Dkt 10 at 16-17; Dkt. 42 at 21 (both requiring, *inter alia*, a

10   "detailed declaration" to demonstrate good cause for an extension).  Plaintiff was

11   clearly aware of this requirement, as shown by its apology and attempt to correct this

12   violation in its Reply for the Second Motion.  Dkt. 58 at 7.  Yet, Plaintiff made no

13   attempt to comply, even with its third bite at the apple.

14       *Second*, Plaintiff filed its Motion the day discovery closed, again failing to

15   adhere to the Initial Standing Order's requirement that "<u>Counsel shall avoid

16   submitting requests for continuance or extension of time less than five (5) business

17   days prior to the expiration of the scheduled date</u>."  Dkt. 10 at 17 (emphasis in

18   original).

19       A request for an extension that fails "to comply with the Local Rules and this

20   Order will result in rejection of the request without further notice to the parties."  Dkt.

21   10 at 17.  Plaintiff's failure to comply with the Court's Orders is particularly

22   egregious here considering this is its third attempt with this Motion and Magistrate

23   Judge Rocconi specifically referred Plaintiff "to the court's Initial Standing Order . . .

24   set by Honorable Judge Aenlle-Rocha" when striking a prior version of this Motion

25   for failure to comply.  Dkt. 54.

26       For these reasons alone, the Court should deny Plaintiff's Motion for its

27   repeated failure to comply with the Court's clear Orders.

28

DEFENDANT'S OPPOSITION
TO MOTION FOR EXTENSION                                    Case No. 2:24-CV-04837-FLA-MAR

### III.  Plaintiff Has Not Established Good Cause for the Extension.

The Court should also deny Plaintiff's motion because Plaintiff has failed to act diligently from the outset of this litigation and failed to show why the discovery it belatedly seeks to conduct could not have reasonably been completed on the schedule set by the Court.

#### A.  Plaintiff Has Not Been Diligent.

As discussed above, Plaintiff wholly failed to submit a declaration to show its due diligence or "a description of the parties' efforts, dating back to the filing of the complaint, of the steps they have taken to advance the litigation" as required by the Court's Orders. Dkt. 10 at 16-17; Dkt. 42 at 21-22.  The Court should deny Plaintiff's Motion for this reason alone. *Brooke*, 2022 U.S. Dist. LEXIS 236510, at *6 (denying request for extension where the moving party "does not provide any facts regarding its discovery efforts").

In any event, Plaintiff has known since October 23, 2024 that the Fact Discovery Cut-Off in this case is May 9, 2025.  Dkt. 42 at 4.  Yet, Plaintiff failed to serve any discovery requests on Defendant until April 15, 2025, less than 30 days before the close of discovery.  Keyes Decl. ¶ 3.  And Plaintiff never served any notices of deposition on Defendant during discovery.  *Id.* ¶ 5.  This is the antithesis of diligence in discovery.  *See O'Connor v. City of El Segundo*, No. CV 20-311-DMG (PLAx), 2020 U.S. Dist. LEXIS 241074, at *5 (C.D. Cal. Dec. 18, 2020) (finding lack of diligence "fatal" where Plaintiff served "his first discovery requests . . . eight months after the action was initiated . . . and only one month before the original discovery cut-off").

Finally, Plaintiff filed this Motion on the last day of discovery and noticed it for a hearing *after* the close of discovery. Dkt. 61.  As a result, granting the Motion would require reopening discovery and extending an already expired fact discovery deadline.  This "request to continue or extend dates or deadlines that have already

expired constitutes a presumptive lack of due diligence."  Dkt. 10 at 17; *Access Vapor*, 2021 U.S. Dist. LEXIS 250441, at *4-5 (applying the presumptive lack of due diligence to a motion to extend discovery that was heard after the close of discovery); *O'Connor*, 2020 U.S. Dist. LEXIS 241074, at *5 (a "belated attempt to extend the *expired* deadline . . . is on its face a lack of due diligence, especially given that the Court requires parties to request continuances at least five court days *before* the deadline") (emphasis in original).

In sum, Plaintiff utterly failed to act diligently in discovery.  That is dispositive of its Motion.  *Access Vapor*, 2021 U.S. Dist. LEXIS 250441, at *5-6 ("Plaintiff is ultimately responsible for the prosecution of its case and has failed to demonstrate the necessary diligence for the court to grant an extension of deadlines."); *Brooke*, 2022 U.S. Dist. LEXIS 236510 at *6-7 ("Defendant fails to demonstrate diligence or good cause for the court to continue pretrial dates and reopen discovery. The court, therefore, DENIES Defendant's Application in its entirety.").

## B.  Plaintiff Failed to Show That Remaining Work Could Not Have Reasonably Been Completed On the Court's Schedule.

Because Plaintiff has not shown it has been diligent, the Court need not consider other factors that may justify an extension. *Johnson*, 975 F.2d at 609.  Still, Plaintiff has not identified any remaining work that could not have been completed sooner, had Plaintiff been reasonably diligent.  The only remaining work that Plaintiff identifies in the Motion are depositions.  Dkt. 61 ¶ 10.  However, Plaintiff has not noticed any depositions. *Id.* ¶ 5.  While Plaintiff vaguely claims that "scheduling conflicts" are now preventing depositions, it fails to provide any explanation of what those conflicts are, why they have suddenly appeared, or why Plaintiff was unable to meet discovery deadlines that had been established for months. *See id.* ¶ 10.

The only reason Plaintiff provides for its delay is that Defendant filed its Answer on April 29, 2025, and that Plaintiff purportedly needed to wait for this

before it could engage in discovery at all.  Dkt. 61 ¶¶ 8-9.  This easily fails.  Initially, Defendant's Answer was timely filed.

Moreover, as shown by the Interrogatories submitted herewith, the discovery that Plaintiff seeks relates to broad topics relating to its copyright claims, such as Defendant's copyright policies and procedures, Defendant's handling of takedown notices submitted by Plaintiff, and Defendant's financial information.  Keyes Decl. Exh. A.  Plaintiff has been on notice of the factual disputes in this case for several months and its need to conduct discovery by virtue of Defendant's motion to dismiss, the Rule 26(f) conference, and other briefing in this case.  *See* Dkt. 24; Dkt. 38 (Plaintiff stating in the Rule 26(f) Report that it will need "at least one deposition" and discovery on several issues, including "Defendant's communications regarding the receipt of Plaintiff's takedown notices" and "Defendant's policy/procedures in removing copyrighted work").

Further, as Plaintiff represented to this Court in a Motion to Stay, the claims in this case are nearly identical to the claims at issue in the concurrent case *Waterman v. TikTok, Inc.*, No. 2:24-cv-04802-SRM-AJR.  *See* Dkt. 33 at 2.  As Plaintiff itself has put it, the two cases "both assert claims of copyright infringement against TikTok with respect to the same alleged conduct," namely third parties posting content to TikTok, and Defendant's handling of Plaintiffs' takedown notices.  *Id*.  The similarities between the cases are even more apparent considering that Ms. Waterman and Mr. Grecco are husband and wife and Plaintiff's counsel, Lauren M. Hausman of CopyCat Legal PLLC, represents the Plaintiffs in both cases.[2]  Dkt. 19 at 2-3. Defendant filed its Answer in the *Waterman* case on December 18, 2024, asserting substantially the same affirmative defenses that it asserts in this case.  Keyes Decl. ¶ 8.  This alone defeats Plaintiff's claim that it was previously unaware of Defendant's affirmative defenses prior to the Answer in this case.

---

[2] Notably, Plaintiff's counsel did not move to extend deadlines in *Waterman*. Keyes Decl. ¶ 9.

DEFENDANT'S OPPOSITION
TO MOTION FOR EXTENSION                                      Case No. 2:24-CV-04837-FLA-MAR

Finally, it bears emphasis that Plaintiff is the epitome of a sophisticated serial litigator.  *See Michael Grecco Prods. Inc.*, 2019 U.S. Dist. LEXIS 235754, at *7 (discussing Plaintiff's litigation history); *Michael Grecco Prods. Inc. v. RADesigns, Inc.*, 112 F4th 144, 148-149 (2d Cir. 2024) (noting Plaintiff has "filed numerous cases" and Plaintiff is "an experienced litigator in identifying and bringing causes of action for unauthorized use of Grecco's copyrighted works").  Plaintiff intimately knows what defenses and other issues arise in the copyright lawsuits that Plaintiff files by the dozen, and has not pointed to anything materially different about this case.  This, too, makes Plaintiff's excuse of needing to wait for the Answer untenable.

In sum, Plaintiff comes nowhere close to showing that it could not have completed discovery on schedule.  The Motion should be denied for this reason too.

**C.    Plaintiff's Arguments Presented in Its Prior Reply Are Insufficient.**

The Court should not consider the arguments that Plaintiff made in its Reply to the Second Motion because they are *not* included in the present Motion and they were improperly raised previously.  *Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007) ("The district court need not consider arguments raised for the first time in a reply brief.").  Still, Defendant briefly addresses those arguments here in case Plaintiff (improperly) attempts to makes similar arguments in its Reply here.

Plaintiff argued that it has been diligent because it attempted to file the First Motion on May 5.  Dkt. 58 at 3-4.  Even if Plaintiff followed the Local Rules and properly noticed the First Motion for a hearing, that hearing would have fallen after the close of discovery, leaving Plaintiff in the same position it is in now.  *See* L.R. 6-1.  And Plaintiff's First Motion was in violation of the Court's Initial Standing Order.  Initial Standing Order, Dkt. 10 at 17 (prohibiting a motion to extend filed less than five days before the deadline).  Further, that Defendant was aware of Plaintiff's motion to extend a few days prior to the present Motion is irrelevant and has no bearing on the fact that Plaintiff had not been diligent throughout the discovery period.

-10-

Plaintiff next contends that "the disposition of this case was unknown" and this case was "in a holding pattern" while the Court considered Defendant's Motion to Dismiss. Dkt. 58 at 4. Plaintiff claims it had to wait until the pleadings were final to "execute *all* discovery," but provides no reason why it failed to conduct *any* discovery until days before the discovery cutoff. *Id.* at 5. If Plaintiff was concerned about needing more time while the Motion to Dismiss was pending, it could and should have sought an extension of the discovery period sooner. *See Dimitre v. Cal. State Univ. Emples. Union*, No. 2:17-CV-01698-KJM-DB, 2019 U.S. Dist. LEXIS 164591, at *6 (E.D. Cal. Sep. 24, 2019) (denying motion to reopen discovery where the need to do was "foreseeable" and "plaintiff provides no reason why he could not move to extend the discovery deadline before it expired").

Plaintiff next argued that it would be prejudiced absent an extension and that Defendant will not be prejudiced. Dkt. 58 at 8-10. Plaintiff's argument for its own prejudice is that "Plaintiff has been very clear since the 26(f) conference that it would need at least one deposition" and that it will be unable to conduct that deposition absent an extension. Dkt. 58 at 9. But the fact that Plaintiff has long known it needs a deposition shows a lack of diligence in failing to request one during discovery, not prejudice now. *United States ex rel. Vatan v. QTC Med. Servs.*, No. CV 14-8961 PA (SSx), 2019 U.S. Dist. LEXIS 63959, at *6 (C.D. Cal. Jan. 4, 2019) (Plaintiff's arguments "about additional discovery that [she] requires or would pursue" if the schedule were amended "suggest only [Plaintiff's] lack of diligence"). Any prejudice to Plaintiff is self-inflicted.

As to Defendant's prejudice, if an extension is granted, Defendant would have to engage in costly discovery that Plaintiff failed to seek earlier. *De Paz v. Wells Fargo Bank, N.A.*, No. CV 18-9779 PSG (PJWx), 2020 U.S. Dist. LEXIS 88118, at *9 (C.D. Cal. Feb. 18, 2020) (finding prejudice to Defendant where "Defendant opposes the request" and re-opening discovery would entail "costly representative discovery that Plaintiff failed to timely pursue"). An extension would also prolong

DEFENDANT'S OPPOSITION
TO MOTION FOR EXTENSION                                    Case No. 2:24-CV-04837-FLA-MAR

litigation and delay resolution of this case, imposing still more costs and business disruption on Defendant. *Dimitre*, 2019 U.S. Dist. LEXIS 164591, at *5 ("Defendant will suffer at least some prejudice due to the delay that would be caused by reopening discovery").

## **CONCLUSION**

Plaintiff's third Motion for an extension remains legally and procedurally deficient for the numerous reasons explained above. The Court should deny Plaintiff's Motion and order that this case proceed on the schedule set forth in the Scheduling Order.

Dated:   May 16, 2025                    DORSEY & WHITNEY LLP


By:  */s/ J. Michael Keyes*
J. Michael Keyes (SBN 262281)
  *keyes.mike@dorsey.com*
Connor J. Hansen (*pro hac vice*)
  *hansen.connor@dorsey.com*
Dylan J. Harlow (*pro hac vice*)
  *harlow.dylan@dorsey.com*
Columbia Center
701 Fifth Avenue, Suite 6100
Seattle, WA
Telephone:  206.903.8800
Facsimile:  206.903.8820

DORSEY & WHITNEY LLP
Kent J. Schmidt (SBN 195969)
  *schmidt.kent@dorsey.com*
600 Anton Boulevard, Suite 200
Costa Mesa, CA 92626
Telephone:  714.800.1400
Facsimile:  714.800.1499

*Attorneys for Defendant TikTok, Inc.*

DEFENDANT'S OPPOSITION
TO MOTION FOR EXTENSION                    Case No. 2:24-CV-04837-FLA-MAR

**CERTIFICATE OF SERVICE**

I hereby certify that on May 16, 2025, a true and correct copy of the foregoing was filed electronically using the Court's CM/ECF system, which shall send notification of such filing to all counsel of record. Any counsel of record who has not consented to electronic service through the Court's CM/ECF system will be served by electronic mail.

*/s/ J. Michael Keyes*
J. Michael Keyes, SBN 262281