DORSEY & WHITNEY LLP
J. Michael Keyes (SBN 262281)
  keyes.mike@dorsey.com
Connor J. Hansen (*pro hac vice*)
  hansen.connor@dorsey.com
Dylan J. Harlow (*pro hac vice*)
  harlow.dylan@dorsey.com
701 Fifth Avenue, Suite 6100
Seattle, WA 98104
Telephone: 206.903.8800
Facsimile: 206.903.8820

DORSEY & WHITNEY LLP
Kent J. Schmidt (SBN 195969)
  schmidt.kent@dorsey.com
600 Anton Boulevard, Suite 200
Costa Mesa, CA 92626
Telephone: 714.800.1400
Facsimile: 714.800.1499

*Attorneys for Defendant TikTok, Inc.*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL GRECCO PRODUCTIONS INC., <br><br> *Plaintiff*, <br><br> v. <br><br> TIKTOK, INC., <br><br> *Defendant*. | Case No. 2:24-CV-04837-FLA-MAR <br><br> **DECLARATION OF J. MICHAEL KEYES IN SUPPORT OF DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR EXTENSION OF DEADLINES** <br><br> Hon. Fernando L. Aenlle-Rocha <br> Date:  June 6, 2025 <br> Time:  10:30 a.m. <br> Courtroom: 6B <br><br> Filed concurrently with Defendant's Opposition |

I, J. Michael Keyes, hereby declare as follows:

1. I am a partner with the law firm of Dorsey & Whitney LLP. I am over the age of 18 and am counsel of record for Defendant TikTok, Inc. ("Defendant" or "TTI") in the above-referenced action.

2. I make and submit this declaration in connection with Defendant's Opposition to the Motion for Extension of Deadlines filed by Plaintiff Michael

Grecco Productions, Inc. ("Plaintiff").

3. On April 15, 2025, for the first time in this case, Plaintiff served discovery on Defendant, including Plaintiff's Initial Disclosures, a First Set of Interrogatories, a First Set of Requests for Production, and a First Set of Requests for Admission.

4. Attached hereto as **Exhibit A** is a true and correct copy of the First Set of Interrogatories served by Plaintiff on April 15, 2025.

5. As of the filing of this Declaration, Plaintiff has not served any notices of deposition on Defendant.

6. Defendant served discovery requests on Plaintiff on March 7, 2025 and Plaintiff responded, after agreed extensions, on April 28, 2025.

7. Defendant also served notices of deposition on Plaintiff, including a notice of 30(b)(6) deposition of Plaintiff and two notices of deposition directed to individuals identified in Plaintiff's Initial Disclosures.

8. I also represent TTI in another case pending in this court, *Waterman v. TikTok, Inc.*, No. 2:24-cv-04802-SRM-AJR. TTI filed an Answer in the *Waterman* case on December 18, 2024, asserting many of the same affirmative defenses that TTI asserts in this case.

9. Plaintiff in this case and Plaintiff in the *Waterman* case are represented by the same counsel. Plaintiff's counsel has not filed a motion to extend deadlines in the *Waterman* case.

I certify under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct.

Executed this 16th day of May, 2025 in Notre Dame, Indiana.

                                       */s/ J. Michael Keyes*
                                       J. Michael Keyes, SBN 262281

-2-

## CERTIFICATE OF SERVICE

I hereby certify that on May 16, 2025, a true and correct copy of the foregoing was filed electronically using the Court's CM/ECF system, which shall send notification of such filing to all counsel of record. Any counsel of record who has not consented to electronic service through the Court's CM/ECF system will be served by electronic mail.

/s/ J. Michael Keyes
J. Michael Keyes, SBN 262281

# Exhibit A

1 | Lauren M. Hausman (CA Bar No. 349514)
**COPYCAT LEGAL PLLC**
2 | 113 N San Vicente Blvd
Suite 232
Beverly Hills, CA 90211
3 | T: (877) 437-6228
E: lauren@copycatlegal.com

4 | Attorney for Plaintiff
Michael Grecco Productions, Inc.

5 |

IN THE UNITED STATES DISTRICT COURT
6 | FOR THE CENTRAL DISTRICT OF CALIFORNIA

7 | MICHAEL GRECCO
PRODUCTIONS, INC.,
8 |                                               Civil Action No. 2:24-cv-04837-FLA-
                 Plaintiff,                      MAR
9 |
        v.
10 |                                             **PLAINTIFF'S FIRST SET OF
TIKTOK, INC.,                                    INTERROGATORIES**
11 |
                 Defendant.
12 |

13 |

14 |
        Pursuant to Rule 33 of the Federal Rules of Civil Procedure, plaintiff
15 |
Michael Grecco Productions, Inc. ("Plaintiff") requests that defendant TikTok, Inc.
16 |
("Defendant") answer the following interrogatories fully and separately, in writing
17 |
and under oath, and deliver them to the offices of CopyCat Legal PLLC, 3111 N.
18 |

1

University Drive, Suite 301, Coral Springs, FL 33065, within thirty (30) days of the date of service of these requests.

## DEFINITIONS

1. "Communication" means any oral or written utterance, notation or statement of any nature whatsoever, by and to whomsoever made, including correspondence, conversations, dialogues, discussions, e-mails, interviews, meetings, consultants, agreements, and other understandings between or among two or more people.

2. "Complaint" means the governing Complaint in the above-captioned action.

3. "Concerning" or "Regarding" means relating to, referring to, describing, evidencing, mentioning, affecting, showing, reflecting, touching on, bearing on or constituting.

4. "Document" is used in the broadest sense permitted under the Federal Rules of Civil Procedure and includes, but is not limited to, all originals, non-identical copies and copies with marginal notations or interlineations of any writing, e-mail, text message, computer data, sworn statement, deposition transcript, affidavit, recording, photograph, or other item containing information of any kind or nature, however produced or reproduced, whatever its origin or

location, and regardless of the form maintained. The term "Document" also includes all Communications and all Electronically Stored Information.

5. "All Documents" means every document or group of documents or communication as above defined that are known to you or that can be located or discovered by reasonably diligent efforts.

6. "Electronically Stored Information" refers to all computer or electronically stored or generated data and information, and shall include all attachments to and enclosures with any requested item, and all drafts thereof. Electronically Stored Information includes (but is not limited to): e-mails; text messages; messages sent via messaging services/applications (such as WeChat, WhatsApp, Messenger, Facebook Messenger, etc.); word-processing documents; electronic spreadsheets; electronic presentation documents; image files; sound files; and material or information stored in a database, or accessible from a database. Electronically Stored Information also includes all associated metadata that is maintained or saved, which includes: document title or name; file name; date and time of creation; date and time of last edit; identity of author; identity of owner; identities of editors; identities of recipients; changes; history of changes; e-mail header information; history of who viewed an e-mail and when; and e-mail routing information.

7. "<u>Identify</u>" means, when referring to a Person, to give, to the extent known, the Person's full name, job title, present or last known address and when referring to a natural Person, additionally, the present or last known place of employment.

8. "<u>Identify</u>" means, when referring to any other information, to give a full, complete, forthright and correct account of whatever is the subject of the inquiry.

9. "<u>Including</u>" shall mean including but not by way of limitation.

10. "<u>Lawsuit</u>" means the above-captioned case, currently pending in United States District Court for the Central District of California.

11. "<u>Person</u>" means any natural person, individual, proprietorship, partnership, corporation, association, organization, joint venture, firm, or other business enterprise, governmental body, group of natural persons or other entity.

12. "<u>Defendant</u>" refers to defendant TikTok, Inc. and includes any agents, servants and other persons acting or purporting to act on its behalf.

13. <u>DMCA Takedown Notice(s)</u> refer to any DMCA Takedown Notice (and any attachments thereto) sent to Defendant on behalf of Plaintiff.

14. "<u>Facebook Page</u>" refers to Defendant's Facebook page located at https://www.facebook.com/tiktok/?brand_redir=758806760970544.

15. "Instagram" refers to Defendant's Instagram account/page located at https://www.instagram.com/tiktok/.

16. "Plaintiff" refers to plaintiff Michael Grecco Productions, Inc. and includes any agents, servants and other persons acting or purporting to act on Plaintiff's behalf.

17. "Platform" refers to any website (including any sub-pages thereof), or application owned and/or controlled by Defendant, including but not limited to the website located at https://www.tiktok.com/ or the application able to be downloaded.

18. "Work" refers to the photograph included in the definition of "Work" in the Complaint.

19. All capitalized terms not otherwise defined herein shall have the same meaning ascribed to them in the Complaint.

20. All words in the present tense include the past, and all words in the past tense include the present tense.

21. As used herein, the singular shall include the plural, the plural shall include the singular, and masculine, feminine, and neuter shall include each of the other genders.

**INSTRUCTIONS**

1. If any part of the following Interrogatories cannot be responded to in full, please respond to the extent possible, specifying the reason(s) for your inability to respond to the remainder and stating whatever information or knowledge you have concerning the portion to which you do not respond.

2. The following Interrogatories are to be deemed continuing in nature. In the event you become aware of or acquire additional information relating or referring to any of the following Interrogatories, such additional information is to be promptly disclosed.

3. The terms "each" and "all" shall be construed as both meaning each and all.

4. The connectives "and" and "or" are both conjunctive and disjunctive and shall be construed disjunctively or conjunctively as necessary to being within the scope of discovery all responses that might otherwise be construed as outside of its scope.

5. Unless otherwise instructed, the date range for these requests shall be January 1, 2020 through the date your responses to these requests are served.

## INTERROGATORIES

1. Please state the name, address and telephone number of any person preparing or aiding in the preparation of the answers to these Interrogatories.

2. Describe in detail all policies, procedures, terms, and/or conditions implemented by Defendant at the time the Work was published or displayed on the Platform, and/or any other social media page or website controlled by Defendant were properly licensed and/or purchased with respect to intellectual property and/or ensuring that photographs published or displayed on the Platform, and/or any other social media page or website controlled by Defendant were properly licensed.

3. Describe in detail how it is that the Work came to be published or displayed on the Platform, and/or any other social media page or website controlled by Defendant. Your response should include, but not be limited to: (a) an identification of the first date on which each of the photographs comprising the Work was published or displayed and (b) an identification of what person(s) participated in the upload of each of the photographs comprising the Work.

4. Describe the relationship (if any) between Defendant and the person purportedly responsible for uploading to and/or causing each photograph comprising the Work to be displayed on the Platform, and/or any other social media page or website controlled by Defendant.

5. What are the terms of any agreement between Defendant and the person purportedly responsible for uploading to and/or causing each photograph

comprising the Work to be displayed on the Platform, and/or any other social media page or website.

6. Do you contend that Defendant or any of its users was authorized and/or licensed to publish or display any of the photographs comprising the Work on the Platform, and/or any other social media page or website controlled by Defendant? If yes, describe in detail the factual basis for such contention.

7. Has Defendant received any other notice of copyright infringement or letter alleging infringement with respect to any photograph (including but not limited to DMCA Takedown Notices)? If yes: (a) identify the date of such notice/letter; (b) identify the person or entity from which such notice/letter was sent; and (c) describe the subject matter of such notice/letter.

8. Identify each and every sub-page of the Platform, and/or any other social media page or website controlled by Defendant on which each of the photographs comprising the Work was published and/or displayed.

9. Identify all gross revenues paid to Defendant with respect to any services and/or products offered by Defendant that utilized, displayed, and/or published any of the photographs comprising the Work in connection therewith.

10. Identify the date ranges for which each photograph comprising the Work were published/displayed on the Platform.

11. Describe Defendant's policies and producers with respect to DMCA Takedown Notices.

12. Describe what actions, if any, Defendant took upon receipt of the DMCA Takedown Notices.

13. Identify all employees or persons involved in reviewing the DMCA Takedown Notices and any subsequent responsive actions taken therein.

Dated: April 15, 2025.    **COPYCAT LEGAL PLLC**

By: /s/ Lauren M. Hausman
Lauren M. Hausman, Esq.
Jonathan Alejandrino, Esq. *(pro hac vice)*
Attorney for Plaintiff
Michael Grecco Productions, Inc.

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 15, 2025, , I served the foregoing document via e-mail to: Connor Hansen, Esq. (Hansen.Connor@dorsey.com), Michael Keyes, Esq. (keyes.mike@dorsey.com), and Dylan Harlow, Esq. (Harlow.Dylan@dorsey.com).

/s/ Lauren M. Hausman
Lauren M. Hausman, Esq.

9

## VERIFICATION

I, _____, hereby attest that the answers to the foregoing interrogatories are true and correct to the best of my knowledge and belief.

_____

Affiant

The foregoing instrument was acknowledged before me by means of physical presence ☐ or online notarization☐, under oath, this _____ day of _____, ____ by _____, who is personally known to me or has produced _____ as identification.

_____

NOTARY PUBLIC

_____

**Printed Name of Notary Public**

My Commission Expires: