1  Lauren M. Hausman (CA Bar No. 349514)
   **COPYCAT LEGAL PLLC**
2  113 N San Vicente Blvd
   Suite 232
3  Beverly Hills, CA 90211
   T: (877) 437-6228
4  E: lauren@copycatlegal.com

5  Attorney for Plaintiff
6  Michael Grecco Productions, Inc.

7

8                IN THE UNITED STATES DISTRICT COURT
                FOR THE CENTRAL DISTRICT OF CALIFORNIA
9

| | |
|---|---|
| MICHAEL GRECCO PRODUCTIONS, INC., | Civil Action No. 2:24-cv-04837-FLA-MAR |
| Plaintiff, | **DECLARATION OF LAUREN M. HAUSMAN IN SUPPORT OF ITS MOTION/REPLY IN SUPPORT OF ITS MOTION FOR EXTENSION OF DEADLINES** |
| v. | |
| TIKTOK, INC., | |
| Defendant. | DATE: Friday, May 16, 2025<br>TIME: 10:30 a.m.<br>JUDGE: Fernando L. Aenlle-Rocha |

I, Lauren Hausman, hereby declare pursuant to 28 U.S.C. § 1746:

1.   I am over the age of 18 and otherwise competent to testify. I am an attorney at CopyCat Legal PLLC, and I serve as counsel of record for plaintiff Michael Grecco Productions, Inc. ("Plaintiff").

2. I submit this declaration in support of Plaintiff's Motion (and reply in support thereof) to Extend Deadlines.

3. On June 7, 2024, Plaintiff filed its Complaint in this action.

4. On August 15, 2024, Plaintiff filed its First Amended Complaint. See D.E. 23.

5. On August 29, 2024, defendant TikTok, Inc. ("Defendant") filed its Motion to Dismiss. See D.E. 24.

6. On October 23, 2024, the Court entered a Scheduling and Trial Order. See D.E. 42.

7. On March 12, 2025, the Court granted Defendant's Motion to Dismiss without prejudice and with leave for Plaintiff to file a Second Amended Complaint. See D.E. 45.

8. On April 1, 2025, Plaintiff filed its Second Amended Complaint. See D.E. 46.

9. On April 29, 2025, Defendant filed its Answer and its Affirmative Defenses to the Second Amended Complaint. See D.E. 46.

10. The discovery cut-off is May 9, 2025, which is only ten days after Defendant filed its Answer.

11. In Defendant's Answer, it asserted eighteen (18) affirmative defenses.

12. As Plaintiff did not have Defendant's Answer until ten days prior to the discovery cut-off, Plaintiff was unable to complete discovery.

13. Defendant has been aware since the 26(f) conference that Plaintiff wishes to take at least one deposition of Defendant. As it would have been impossible to take Defendant's deposition and inquire about its affirmative defenses prior to the Answer being filed, Plaintiff was left with only ten calendar days to coordinate depositions among counsel, deponents, and court reporters. The time was simply insufficient.

14. On Thursday, May 1, 2025, Defendant served the following deposition notices:

    a. Notice of deposition of Michael Grecco for Friday, May 9, 2025;

    b. Notice of 30(b)(6) deposition of Michael Grecco Productions, Inc. for Thursday, May 8, 2025;

    c. (3) Notice of deposition of Torina Yamada for Wednesday, May 7, 2025.

The Notice of deposition for Ms. Yamada was improper, as it should have been a subpoena, so her deposition was never effectively scheduled. Additionally, Defendant's notices gave insufficient time to confirm with counsel and deponents that each party was available.

15. On Thursday, May 8, 2025, Defendant inquired as to when Ms. Yamada would be made available and demanded that, if she was not made available, that counsel provide a detailed explanation as to why. It is evident that Defendant would like to take depositions in this matter. All three depositions that Defendant seeks could be scheduled and taken on proper notice, which is why an extension would be beneficial, and not prejudicial, to Defendant.

16. Again, while it is perplexing that Defendant and its counsel continues to bring up *Waterman v. TikTok, Inc., No. 2:24-cv-04802-SRM-AJR*, a motion for extension of time for deadlines has not been filed in *Waterman* as an extension is currently not needed in that matter. In *Waterman*, depositions have been noticed by both parties and appear to be moving forward without issue.

17. Both parties are unable to take any deposition. Accordingly, modification of the scheduling order would permit both parties to take their desired depositions.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

DATED: May 23, 2025.                    /s/ Lauren M. Hausman
                                        Lauren M. Hausman, Esq.

## CERTIFICATE OF SERVICE

I hereby certify that on May 23, 2025, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will electronically serve all counsel of record.

/s/ Lauren M. Hausman
Lauren M. Hausman, Esq.
