Lauren M. Hausman (CA Bar No. 349514)
**COPYCAT LEGAL PLLC**
113 N San Vicente Blvd
Suite 232
Beverly Hills, CA 90211
T: (877) 437-6228
E: lauren@copycatlegal.com

Jonathan Alejandrino, *pro hac vice*
**COPYCAT LEGAL PLLC**
3111 North University Drive
Suite 301
Coral Springs, FL 33065
T: (877) 437-6228
E: jonathan@copycatlegal.com

Attorneys for Plaintiff
Michael Grecco Productions, Inc.

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL GRECCO PRODUCTIONS, INC.<br><br>    Plaintiff,<br><br>v.<br><br>TIKTOK, INC.<br><br>    Defendant. | Civil Action No. 2:24-cv-04837-FLA-MAR<br><br>**PLAINTIFF'S MOTION TO EXCLUDE AND/OR STRIKE DEFENDANT'S EXPERT WITNESS AND REPORT (OPPOSED)**<br><br>DATE: September 26, 2025<br>TIME: 1:30 p.m.<br>JUDGE: Fernando L. Aenlle-Rocha |

## <u>TABLE OF CONTENTS</u>

INTRODUCTION ................................................................................ 5

BACKGROUND .................................................................................. 6

ARGUMENT ...................................................................................... 9

I.   LEGAL STANDARD ................................................................... 9

II.  DEFENDANT'S EXPERT MUST BE EXCLUDED AS IMPROPER AND
UNTIMELY ................................................................................. 10

   A.  The Date to Disclose an Expert Has Passed ......................... 10

   B.  Defendant Cannot Proffer a Rebuttal Expert Where Plaintiff has not
Proffered an Expert ................................................................. 10

     1.  Michael Grecco is Incontrovertibly a Lay Witness ......................... 11

     2.  Defendant Improperly Designates its Initial Expert as a 'Rebuttal'
Expert ................................................................. 14

   C.  Unicolors, Inc. v. H & M Hennes & Mauritz, L.P. is *Instructive* ....... 15

III. THE UNTIMELY DISCLOSURE IS NOT SUBSTANTIALLY JUSTIFIED OR
HARMLESS ................................................................................. 16

   A.  Admission Prejudices Plaintiff ............................................. 17

   B.  Any Cure Would Disrupt Trial Deadlines ........................... 18

   C.  Defendant was Aware the Disclosure was Untimely ........... 20

CONCLUSION .................................................................................. 22

LOCAL RULE 7.3 CERTIFICATE ...................................................... 22

1

2

### TABLE OF AUTHORITIES

**Cases**

Behar v. Northrup Grumman Corp., No. 2:21-cv-03946-HDV-SK, 2025 U.S. Dist. LEXIS 93705 (C.D. Cal. Apr. 1, 2025) ....................................... 9

Clear-View Techs., Inc. v. Rasnick, No. CV 13-2744-BLF, 2015 U.S. Dist. LEXIS 72601, 2015 WL 3509384 (N.D. Cal. June 3, 2015) ........................... 10

Dixon v. Legacy Transp. Sys., LLC, No. 2:15-cv-01359-JAD-PAL, 2017 U.S. Dist. LEXIS 144621, 2017 WL 3927105 (D. Nev. Sept. 6, 2017).................... 14

Dubey v. Concentric Healthcare Sols. LLC, No. CV-22-02044-PHX-DJH, 2024 U.S. Dist. LEXIS 150055 (D. Ariz. Aug. 20, 2024)............................... 16, 17, 19

Grasshopper House, LLC v. Clean & Sober Media LLC, No. 2:18-cv-00923-SVW-RAO, 2019 U.S. Dist. LEXIS 110803 (C.D. Cal. July 1, 2019)............. 11

Joshua David Mellberg LLC v. Will, 386 F. Supp. 3d 1098 (D. Ariz. 2019) ...... 13

Le Brun v. Richards, 210 Cal. 308, 291 P. 825 (1930) ......................................... 12

Lincoln Ben. Life Co. v. Dallal, No. CV 16-9307-MWF (Ex), 2018 U.S. Dist. LEXIS 243097 (C.D. Cal. June 19, 2018)......................................................... 10

Lindner v. Meadow Gold Dairies, Inc., 249 F.R.D. 625 (D. Haw. 2008) ............ 11

Mayorga v. Fancher (In re Fancher), Nos. 1:23-bk-10324-VK, 1:23-ap-01026-VK, 2025 Bankr. LEXIS 924 (Bankr. C.D. Cal. Apr. 10, 2025) ...................... 11

McCoy v. Depuy Orthopaedics, Inc., No. 22-CV-2075 JLS (SBC), 2023 U.S. Dist. LEXIS 201074 (S.D. Cal. Nov. 8, 2023) ................................................... 13

Murray v. Southern Route Mar., S.A., No. C12-1854-RSL, 2014 U.S. Dist. LEXIS 189101, 2014 WL 12029283 (W.D. Wash. Sept. 16, 2014)................. 14

State Indus. Prods. Corp. v. Beta Tech., Inc., No. 3:07-cv-77-WHB-LRA, 2008 U.S. Dist. LEXIS 42198 (S.D. Miss. May 28, 2008) ......................................... 13

TCL Communs. Tech. Holdings Ltd. v. Telefonaktebologet LM Ericsson, No. CV 15-02370 JVS, 2016 U.S. Dist. LEXIS 194814, 2016 WL 7042085 (C.D. Cal. Aug. 17, 2016)............................................................................................. 14

Unicolors, Inc. v. H &M Hennes & Mauritz, L.P., No. 2:16-cv-02322-AB (SKx), 2017 U.S. Dist. LEXIS 222511 (C.D. Cal. Nov. 15, 2017) ....................... 16, 18

United States v. Corona, 359 F. App'x 848 (9th Cir. 2009)................................. 13

Yeti by Molly, Ltd. v. Deckers Outdoor Corp., 259 F.3d 1101 (9th Cir. 2001) ... 9, 17

**<u>Statutes</u>**

Fed. R. Civ. P. 26(a)(2)(D) ........................................................ 9
Fed. R. Civ. P. 37(c)(1) ............................................................. 9
Fed. R. Civ. Pro. R. 16(f)(1)(C) ................................................ 9
Fed. R. Evid. 701. .................................................................... 11
Fed. R. Evid. 702 Adv. Comm. Notes (2000 Am.) ............................. 13

**<u>Other Authorities</u>**

Beverly Reid O'Connell & Karen L. Stevenson, <u>Rutter Group Practice Guide:
Federal Civil Procedure Before Trial, Calif. & 9th Cir. Editions</u>, § 11:369 (Mar.
2018) ........................................................................... 15

Plaintiff Michael Grecco Productions, Inc. ("Plaintiff") hereby files this motion to exclude and/or strike Defendant's expert witness, David Duski ("Duski"), and his expert report as untimely.

## INTRODUCTION

No sleight of hand can magically transform an ***initial expert*** into a ***rebuttal expert*** when there is nothing to rebut… yet that is precisely what Defendant is trying to accomplish in this case. Although Plaintiff has not identified ***any*** experts, Defendant perplexingly served a 'rebuttal' expert report on August 15, 2025 (the deadline for rebuttal reports). Common sense (and more importantly, ***the law***) dictates that a rebuttal expert must respond to an opponent's initial expert and that a 'rebuttal' report is improper when no such initial report exists.

Defendant, however, abandons reason/logic in favor of the absurd by attempting to mischaracterize the lay testimony of Plaintiff's principal (Michael Grecco) as 'expert' testimony Defendant was entitled to rebut. Having failed to identify an initial expert (and fervidly opposing Plaintiff's earlier motion to extend the pre-trial deadlines), Defendant now grasps at straws to identify a 'rebuttal' expert that, in the eyes of the law, is clearly and unequivocally a late-disclosed 'initial' expert. The Court should not excuse such antics/gamesmanship. The late-disclosed expert report is untimely, unjustifiable, and harmful (prejudicial). As such, the Court should unreservedly exclude/strike Defendant's expert and expert

1  report.

## **BACKGROUND**

2

3      1.      On June 7, 2024, Plaintiff filed its initial Complaint asserting a claim

4  for secondary copyright infringement against Defendant TikTok, Inc.

5  ("Defendant") with respect to the display/publication of Plaintiff's photograph

6  without license/authorization. See D.E. 1.

7      2.      On October 23, 2024, the Court issued its Scheduling and Trial Order.

8  See D.E. 42.

9      3.      The Scheduling and Trial Order required initial expert disclosures by

10  May 16, 2025 and rebuttal expert disclosures by May 30, 2025. It also set the fact

11  discovery cut-off for May 9, 2025 and the expert discovery cut-off for June 13,

12  2025.

13      4.      On April 1, 2025, Plaintiff filed its Second Amended Complaint. See

14  D.E. 46.  While adding additional factual allegations concerning Defendant's

15  secondary liability, the Second Amended Complaint does not materially alter

16  Plaintiff's theories of liability or add any additional infringements beyond those

17  included in the initial Complaint.   In other words, the scope of this lawsuit

18  remained the same from June 7, 2024 (filing of the initial Complaint) through April

19  1, 2025 (filing of the governing Complaint).

20      5.      On April 29, 2025, Defendant filed its Answer to the Second

Amended Complaint. See D.E. 49.

6.     On May 9, 2025, given the limited time between Defendant's Answer and close of Discovery (10 days), Plaintiff filed its Motion to Extend Discovery Cut-Off Date. See D.E. 61.

7.     On May 16, 2025, Defendant filed its Opposition to Plaintiff's Motion to Extend Discovery claiming that Defendant would be prejudiced by the extension. See D.E. 63.

8.     Notably, Defendant's opposition to the Motion to Extend Discovery was filed on the original deadline for initial expert disclosures.  As Defendant did not serve any expert report on such date and Defendant opposed any extension of the deadline, Defendant itself acknowledged through its opposition that it did not intend to proffer any expert testimony in this case.

9.     On May 29, 2025, the Court issued an Order Granting the Extension of Pretrial and Trial Deadlines. See D.E. 65.

10.     The Order Granting the Extension of Pretrial and Trial deadlines required initial expert disclosures by August 1, 2025 and rebuttal expert disclosures by August 15, 2025.

11.     Defendant requested Plaintiff's Rule 30(b)(6) deposition for a date in mid to late July.[1]  On July 18, 2025, Defendant took Plaintiff's Rule 30(b)(6)

---

[1]     See August 20, 2025, Declaration of Jonathan Alejandrino (the "Alejandrino

deposition.[2]  Plaintiff appeared at the deposition through its principal, Michael Grecco ("Mr. Grecco").[3]

12.     Neither Plaintiff nor Defendant served any expert reports/disclosures by August 1, 2025 (the deadline for initial expert disclosures under the modified Scheduling Order), nor has Defendant's counsel ever raised with undersigned counsel the prospect of extending the deadline for doing so.[4]

13.     On August 11, 2025, Defendant's counsel informed the undersigned that Defendant intended to serve an expert report later that week.[5]

14.     On that same day, Plaintiff's counsel informed Defendant's counsel that the report was untimely.[6]

15.     On August 15, 2025, during the Parties' meet and confer regarding their respective summary judgment motions, Defendant's counsel reiterated its intent to serve an expert report that day asserting that such report would 'rebut' the testimony of Plaintiff's Rule 30(b)(6) representative (who has never been disclosed or proffered as an expert and never issued any reports in this case). Plaintiff's

_____

Decl.") attached hereto as Exhibit "A", at ¶ 13.

[2]  Id. at ¶ 17.

[3]  Id.

[4]  Id. at ¶ 18–19.

[5]  Id. at ¶ 20.

[6]  Id. at ¶ 21.

counsel again cautioned that it was untimely, as it would be improper for Defendant to offer a rebuttal expert.[7]

16.    To its word, Defendant served its Expert Disclosure and Expert Report that day.[8]

## ARGUMENT

### I.    Legal Standard

Expert disclosures must be made according to the deadlines set by the Court. Fed. R. Civ. P. 26(a)(2)(D). A party failing to identify a witness as required is not allowed to use that witness to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless. Fed. R. Civ. P. 37(c)(1). The Court has discretion to prohibit a disobedient party from introducing designated matters into evidence if a party or its attorney fails to obey a scheduling or other pretrial order. Id. at 37(b)(2)(A)(ii); Fed. R. Civ. Pro. R. 16(f)(1)(C). "This rule excludes untimely expert witness testimony, unless the 'parties' failure to disclose the required information is substantially justified or harmless.'" Behar v.

---

[7]    Id. at ¶¶ 23–26.

[8]    Id. at ¶ 28–31. Curiously, Defendant refused to disclose to undersigned *when* it retained its expert. Defendant's failure to provide such information leaves both undersigned counsel and the Court to guess whether Defendant waited until after Mr. Grecco's deposition to retain an expert *or* retained such expert well in advance of the initial expert disclosure deadline but simply failed to timely serve the report by the August 1, 2025 deadline.

Northrup Grumman Corp., No. 2:21-cv-03946-HDV-SK, 2025 U.S. Dist. LEXIS
93705 (C.D. Cal. Apr. 1, 2025) (quoting Yeti by Molly, Ltd. v. Deckers Outdoor
Corp., 259 F.3d 1101 (9th Cir. 2001)).

## II.    Defendant's Expert Must Be Excluded as Improper and Untimely

### A.    The Date to Disclose an Expert Has Passed

There is no question that the deadline for serving initial expert reports was
August 1, 2025.  There is likewise no question that, by August 1, 2025, neither
party served any initial expert reports.  It is therefore axiomatic that Defendant's
August 15, 2025 service of its expert report did not meet the deadline for disclosure
of initial expert reports.  Thus, unless the expert report is truly a 'rebuttal' report
(which were due on August 15, 2025), the report is untimely and should be
stricken.

### B.    Defendant Cannot Proffer a Rebuttal Expert Where Plaintiff has
not Proffered an Expert

"A party may disclose an expert as a 'rebuttal expert' when the expert's
testimony is 'intended solely to contradict or rebut evidence on the same subject
matter identified by an initial expert witness.'" Lincoln Ben. Life Co. v. Dallal,
No. CV 16-9307-MWF (Ex), 2018 U.S. Dist. LEXIS 243097 (C.D. Cal. June 19,
2018) (quoting Clear-View Techs., Inc. v. Rasnick, No. CV 13-2744-BLF, 2015
U.S. Dist. LEXIS 72601, 2015 WL 3509384, at *2 (N.D. Cal. June 3, 2015)). This
is because the purpose of a rebuttal expert is to explain, counter, disprove, or refute

evidence provided by the adverse party's expert. Id. "Rebuttal experts 'cannot testify in [a party's] case-in-chief, and they cannot testify unless and until [the opposing party's] experts testify as to the opinions for which [the rebuttal experts] have been designated as rebuttal experts.'" Grasshopper House, LLC v. Clean & Sober Media LLC, No. 2:18-cv-00923-SVW-RAO, 2019 U.S. Dist. LEXIS 110803, at *49 (C.D. Cal. July 1, 2019) (quoting Lindner v. Meadow Gold Dairies, Inc., 249 F.R.D. 625, 636 (D. Haw. 2008)).

### 1. Michael Grecco is Incontrovertibly a Lay Witness

A witness not testifying as an expert may testify to matters "(a) rationally based on the witness's perception; (b) helpful to clearly understand the testimony or to determine a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge." See Fed. R. Evid. 701.

Most courts have permitted the owner or officer of a business to testify to the value or projected profits of the business, without the necessity of qualifying the witness as an accountant, appraiser, or similar expert. See Mayorga v. Fancher (In re Fancher), Nos. 1:23-bk-10324-VK, 1:23-ap-01026-VK, 2025 Bankr. LEXIS 924 (Bankr. C.D. Cal. Apr. 10, 2025) ("Such opinion testimony is admitted not because of experience, training or specialized knowledge within the realm of an expert, but because of the particularized knowledge that the witness has by virtue of his or her position in the business.").

Here, Mr. Grecco appeared at the 30(b)(6) deposition noticed by Defendant. He answered the questions posed to him by Defendant's counsel, testifying to Plaintiff's business practices, licensing history, discovery of the subject infringements, etc.  At no point during his deposition did Mr. Grecco declare himself an expert or frankly do anything other than respond to Defendant's questions.  Notwithstanding this, Defendant attempts to excuse its late-disclosure of its expert as somehow 'rebutting' Mr. Grecco's unequivocal lay witness testimony.

Mr. Grecco is ***not*** a damages expert and did not submit any expert reports in this case (neither party did by the August 1, 2025 deadline). He is, however, both the owner and an officer for Plaintiff. Mr. Grecco testified based on his *particularized* knowledge about Plaintiff's licenses gained through his position. In fact, in Mr. Grecco's deposition, he testified that most customers go to him to negotiate a license directly. Accordingly, he has personal knowledge and first-hand experience as to what Plaintiff will/would charge for licensing.  Defendant is certainly free to challenge such testimony at trial or move *in limine* to exclude testimony/subjects it may deem improper.  It may not, however, designate such testimony as 'expert' in a haphazard effort to excuse its failure to timely disclose its own expert.

Further, "[a]n owner of property may, without being qualified as an expert

on values, testify as to his opinion of the value of that which he owns." <u>Le Brun v. Richards</u>, 210 Cal. 308, 319, 291 P. 825, 830 (1930). Given that Mr. Grecco is the corporative representative (and owner) of Plaintiff, Mr. Grecco has the ability – without being qualified as an expert – to testify on behalf of Plaintiff (the owner of the [intellectual] property) as to his opinion on the value of the photographs.

There is simply ***no*** shortage of law explaining what a lay witness is permitted to testify on. "[L]ay testimony results from a process of reasoning familiar in everyday life, while expert testimony results from a process of reasoning which can be mastered only by specialists in the field." <u>United States v. Corona</u>, 359 F. App'x 848, 852 (9th Cir. 2009) (quoting Fed. R. Evid. 702 Adv. Comm. Notes (2000 Am.)). Thus, "[t]he meaning of Rule 701 is clear: '[l]ay opinion testimony [should] not . . . provide specialized explanations or interpretations that an untrained layman could not make if perceiving the same acts or events.'" <u>McCoy v. Depuy Orthopaedics, Inc.</u>, No. 22-CV-2075 JLS (SBC), 2023 U.S. Dist. LEXIS 201074, at *5 (S.D. Cal. Nov. 8, 2023) (quoting <u>Joshua David Mellberg LLC v. Will</u>, 386 F. Supp. 3d 1098, 1101 (D. Ariz. 2019)); <u>See also</u> <u>State Indus. Prods. Corp. v. Beta Tech., Inc.</u>, No. 3:07-cv-77-WHB-LRA, 2008 U.S. Dist. LEXIS 42198 (S.D. Miss. May 28, 2008) ("Under this Rule 'a lay opinion must be based on personal perception, must be one that a normal person would form from those perceptions, and must be helpful to the [fact finder].'"). Mr. Grecco's testimony

does not require any specialized knowledge. His opinions and testimony are based off his personal experience with running his business and licensing his work through Plaintiff. Any untrained layperson could make the same interpretation if they were to be in Mr. Grecco's position. Mr. Grecco's testimony, both in his deposition and forthcoming at trial, is based on his own perceptions, making his testimony unmistakably within the purview of a lay witness. As such, Mr. Grecco's classification as a lay witness is evident.

### 2. Defendant Improperly Designates its Initial Expert as a 'Rebuttal' Expert

As Plaintiff did not serve any expert reports, there is plainly nothing for Defendant to rebut. Accordingly, a rebuttal expert is ***wholly*** improper. See <u>Murray v. Southern Route Mar., S.A.</u>, No. C12-1854-RSL, 2014 U.S. Dist. LEXIS 189101, 2014 WL 12029283, at *2 (W.D. Wash. Sept. 16, 2014) (holding that the defendants' experts could not properly be considered rebuttal experts because "there was nothing to rebut"); <u>See</u> <u>TCL Communs. Tech. Holdings Ltd. v. Telefonaktenbologet LM Ericsson</u>, No. CV 15-02370 JVS, 2016 U.S. Dist. LEXIS 194814, 2016 WL 7042085, at *7 (C.D. Cal. Aug. 17, 2016) (excluding portions of an expert's testimony because a party "should have submitted expert testimony on [the topic] at the deadline for initial, not rebuttal, disclosures"); <u>Dixon v. Legacy Transp. Sys., LLC</u>, No. 2:15-cv-01359-JAD-PAL, 2017 U.S. Dist. LEXIS 144621, 2017 WL 3927105, at *3 (D. Nev. Sept. 6, 2017) (holding that a rebuttal expert

could testify "if and only if" an opposing expert testified on the same topic).

Defendant has, without doubt, served an untimely initial expert report under the guise of calling Mr. Duski a rebuttal expert. Rather than acknowledge this, Defendant instead attempts to characterize Mr. Grecco as an expert (even though he is a lay witness) and Mr. Duski as a rebuttal expert (even though Mr. Duski is Defendant's initial expert witness). This is both an obvious and transparent attempt to circumvent the deadlines issued by the Court. Such blatant mischaracterization of an untimely expert report is grounds for exclusion. <u>See</u> Beverly Reid O'Connell & Karen L. Stevenson, <u>Rutter Group Practice Guide: Federal Civil Procedure Before Trial, Calif. & 9th Cir. Editions</u>, § 11:369 (Mar. 2018) ("Inappropriately characterizing an expert's analysis as 'rebuttal' can result in the exclusion of his or her testimony.").

## C. <u>Unicolors, Inc. v. H & M Hennes & Mauritz, L.P.</u> is *Instructive*

Whether a defendant could offer a rebuttal expert, where an initial expert was never proffered may sound like a unique question. It is not. The same issue was before this very Circuit, within this very District, nearly eight years ago. For an inexplicable reason, Defendant chooses to ***ignore*** case law that is instructive on the issue at bar. In <u>Unicolors</u>, the plaintiff filed a motion in limine to strike an expert report, in relevant part, because the defendant did not properly disclose the expert. The court granted the motion.

Defendant's failure to properly disclose Ms. Lake as an expert justifies her exclusion as a witness. Defendant did not disclose Ms. Lake as an expert witness on the initial expert disclosure deadline, April 7, 2017. Instead, Defendant disclosed Ms. Lake as a "rebuttal" expert on the rebuttal expert disclosure deadline, April 28, 2017. Doniger Decl., ¶ 2, Ex. 1. But Ms. Lake does not have any expert testimony to rebut, as Plaintiff did not disclose any expert witnesses.

Courts frequently exclude "rebuttal" experts where the opposing party does not offer an expert on the same topic. … Because Defendant only disclosed Ms. Lake as a rebuttal expert, Ms. Lake will not be permitted to offer expert testimony without Plaintiff first offering expert testimony to rebut.

<u>Unicolors, Inc. v. H &M Hennes & Mauritz, L.P.</u>, No. 2:16-cv-02322-AB (SKx), 2017 U.S. Dist. LEXIS 222511, at *4–7 (C.D. Cal. Nov. 15, 2017). Defendant's conduct here mirrors defendant's conduct in <u>Unicolors</u>. In this case, Defendant also disclosed its expert witness on the rebuttal expert disclosure deadline issued by this Court without Plaintiff disclosing its own expert witness. Accordingly, there is no expert testimony for Defendant to rebut. As such, this Court should not permit Defendant to offer Mr. Duski as a rebuttal expert.

## III.    The Untimely Disclosure is Not Substantially Justified or Harmless

"Rule 37(c)(1) … contains an express exception under which a failure to timely serve an expert report may be excused[:] if the failure was 'substantially justified' or is 'harmless.'" <u>Dubey v. Concentric Healthcare Sols. LLC</u>, No. CV-22-02044-PHX-DJH, 2024 U.S. Dist. LEXIS 150055, at *7 (D. Ariz. Aug. 20,

2024). To determine whether a violation is substantially justified or harmless, courts consider the following factors: "(1) prejudice or surprise to the party against whom the evidence is offered; (2) the ability of that party to cure the prejudice; (3) the likelihood of disruption at trial; and (4) bad faith or willfulness involved in not timely disclosing the evidence." Id. at *10–11. As explained herein, Defendant's untimely disclosure is not substantially justified nor harmless.

### A.    Admission Prejudices Plaintiff

Defendant should have disclosed its initial expert on August 1, 2025. Defendant chose to disclose its initial expert and the corresponding report two weeks late on August 15, 2025, which was the rebuttal expert deadline. Allowing Defendant's untimely expert and report to be admitted would prejudice Plaintiff. As Defendant served its expert disclosure and report on the last day for either party to disclose any rebuttal experts, Defendant effectively denied Plaintiff the opportunity to engage in discovery, depose Defendant's expert, and determine if Plaintiff needed a rebuttal expert in response to Mr. Duski.

In Yeti by Molly, Ltd., the plaintiff received the expert report one month before the parties were to litigate, leaving plaintiff no time to depose the expert. Subsequently, the court affirmed the exclusion of the expert.[9] Here, Plaintiff received Defendant's expert report *one week* before the deadline to submit its

---

[9]    See generally Yeti by Molly, Ltd., 259 F.3d 1101

summary judgment motion, which Defendant stated it would rely on to argue

damages, and *two weeks* before the end of expert discovery.[10] Defendant has given

Plaintiff inadequate time to engage in discovery with its initial expert (given that

Defendant served the disclosure and report two weeks late). Admission of

Defendant's expert would be harmful to Plaintiff and should be excluded, as the

court did in Yeti by Molly, Ltd.

In Unicolors, the plaintiff did not take the expert's deposition and, given the

confusing designation as a rebuttal expert (where plaintiff never provided an initial

expert), left plaintiff with little reason to depose the expert, as it did not plan to

offer expert testimony to rebut.[11] As such, the court found the late disclosure was

not harmless. Accordingly, excluding Defendant's expert would be well supported

by the court's decision in Unicolors.

### B.    Any Cure Would Disrupt Trial Deadlines

Any potential cure the Court could order would require an extension of the

pretrial and trial deadlines. The original Scheduling Order required both initial and

rebuttal expert disclosures by May 16, 2025 and May 30, 2025, respectively. Since

October 23, 2024, when the Court entered the original Scheduling Order,

Defendant has been well aware that the Court has separate deadlines for initial

---

[10]    Expert Discovery ends on August 29, 2024

[11]    See generally Unicolors, 2017 U.S. Dist. LEXIS 222511.

expert disclosure and rebuttal expert disclosure. Defendant never disclosed any expert prior to *either* deadline.

Following contested motion practice, the Court entered an Order continuing all pretrial and trial deadlines by sixty (60) days. That modified Scheduling Order provided clear deadlines and set a trial date. The deadline for initial expert disclosures and rebuttal expert disclosures became August 1, 2025, and August 15, 2025, respectively. It should be noted that Defendant vehemently opposed any extension, arguing that an extension **would be** prejudicial to Defendant.[12] Defendant did not disclose any expert prior to the August 1, 2025 initial expert disclosure deadline.  Rather, Defendant waited until the afternoon of the rebuttal expert disclosure deadline to improperly disclose its expert.

To cure the untimeliness of Defendant's disclosure, the Court would have to extend the expert discovery deadlines and all remaining pretrial/trial deadlines.  As such, any cure would disrupt the trial schedule.  Contra Dubey, 2024 U.S. Dist. LEXIS 150055, at *13 (finding that there was still time to cure this prejudice because no trial date had been set and the expert's name was disclosed before the parties' fact discovery deadline had passed). Additionally, as Defendant pointed out in its Opposition to Plaintiff's Motion for Extension of Deadlines, relying on

---

[12]    See Defendant's [renewed] Opposition to Motion for Extension of Deadlines [D.E. 63] at pp. 11–12.

the Court's Initial Standing Order, "***The court has a strong interest in keeping scheduled dates certain. Changes in dates are disfavored. Trial dates set by the court are firm and will not readily be changed.***"[13] That Defendant has acted improperly and flown directly in the face of established case law is no reason for this Court to extend deadlines again.  Here, summary judgment motions are due August 22, 2025 (with both parties intending to file such motions) and trial is quickly approaching.  Plaintiff and its counsel have already spent a significant amount of time preparing for summary judgment, and any further delays in this case would only serve to delay the trial/Plaintiff's day in court.

### C.    Defendant was Aware the Disclosure was Untimely

Defendant failed to disclose an initial expert on the original deadline (May 16, 2025), then failed to disclose an initial expert on the extended deadline (August 1, 2025). On August 11, 2025, already ten (10) days after the deadline to disclose an initial expert had passed, Defendant—for the first time in the entire case proceeding—informed Plaintiff about its intention to utilize an expert. Undersigned (just 32 minutes later) informed Defendant's counsel that the disclosure and report was untimely and attached a copy of the Court's Order, which clearly displayed the pretrial deadlines in a table. Defendant did not respond to

---

[13]    See Defendant's [original] Opposition to Motion for Extension of Deadlines [D.E. 57] at p. 5 (emphasis added).

Plaintiff on this point until the day of the Rebuttal Expert deadline during a meet and confer to discuss summary judgment. During the meet and confer, undersigned once again informed Defendant's counsel that any expert disclosure would be untimely and noted that Plaintiff would object the expert and the expert report. In response, Defendant's counsel stated that Defendant considered its expert to be a rebuttal to the testimony of Mr. Grecco. The undersigned then explained to Defendant's counsel that no expert had been offered by Plaintiff so any rebuttal expert would be improper. Still, Defendant served its expert disclosure and report hours later.

Defendant's conduct plainly demonstrates that it was not only aware that the report was untimely and could not constitute a rebuttal witness, but it disregarded those facts. Defendant was given ample time to disclose an expert and failed to do so – in fact Defendant was given an additional sixty days (that it opposed) to retain an expert. Instead, Defendant disregards well-established case law to insult the intelligence of Plaintiff and this Court by pretending that Mr. Duski (an initial expert) is a rebuttal expert in response to Plaintiff's expert, Mr. Grecco (a lay witness). Whether guided by willful blindness or bad faith, Defendant's behavior cannot be rewarded. The Court should find Defendant's untimely disclosure to be neither substantially justified nor harmless and exclude Defendant's expert and report.

## **CONCLUSION**

WHEREFORE, for the foregoing reasons, Plaintiff respectfully requests that the Court enter an Order: (a) excluding and/or striking Mr. Duski as an expert in this matter (including, but not limited to, his Report) and (b) for such other relief as the Court deems proper.[14]

## **LOCAL RULE 7.3 CERTIFICATE**

Before filing this Motion, undersigned counsel conferred with counsel for Defendant (Connor Hansen, Esq.) who indicated that Defendant does not agree to the requested relief.

COPYCAT LEGAL PLLC
113 North San Vicente Boulevard
Suite 232
Beverly Hills, CA 90211
Telephone: (877) 437-6228
lauren@copycatlegal.com
jonathan@copycatlegal.com

*Attorneys for Plaintiff*

By: /s/ Lauren M. Hausman
          Lauren M. Hausman, Esq.
          Jonathan Alejandrino, Esq.
          (*pro hac vice*)

---

[14] The Court would be well within its right to exercise its discretion and award Plaintiff its costs, expenses, and attorneys' fees pursuant to 28 U.S.C. § 1927.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 20, 2025, I electronically filed the foregoing
document with the Clerk of the Court using CM/ECF, which will electronically
serve all counsel of record.


<u>/s/ Lauren M. Hausman</u>
Lauren M. Hausman, Esq.