Lauren M. Hausman (CA Bar No. 349514)
**COPYCAT LEGAL PLLC**
113 N San Vicente Blvd
Suite 232
Beverly Hills, CA 90211
T: (877) 437-6228
E: lauren@copycatlegal.com

Jonathan Alejandrino, *pro hac vice*
**COPYCAT LEGAL PLLC**
3111 North University Drive
Suite 301
Coral Springs, FL 33065
T: (877) 437-6228
E: jonathan@copycatlegal.com

Attorneys for Plaintiff
Michael Grecco Productions, Inc.

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL GRECCO PRODUCTIONS, INC.<br><br>      Plaintiff,<br><br>v.<br><br>TIKTOK, INC.<br><br>      Defendant. | Civil Action No. 2:24-cv-04837-FLA-MAR<br><br>**DECLARATION OF JONATHAN ALEJANDRINO** |

Jonathan Alejandrino does hereby declare pursuant to 28 U.S.C. § 1746:

1.      I am over the age of 18 and otherwise competent to testify.

1

2. I submit this declaration in support of plaintiff Michael Grecco Productions, Inc.'s ("Plaintiff") Motion to Exclude and/or Strike TikTok, Inc.'s ("Defendant") Expert Witness and Report. This declaration and the facts stated herein are based upon my personal knowledge.

3. I am counsel for Plaintiff in this matter. Lauren Hausman is co-counsel.

4. On June 7, 2024, Plaintiff filed its initial Complaint asserting a claim for secondary copyright infringement against Defendant TikTok, Inc. ("Defendant") with respect to the display/publication of Plaintiff's photograph without license/authorization. See D.E. 1.

5. On October 23, 2024, the Court issued its Scheduling and Trial Order setting pretrial and trial deadlines. See D.E. 42.

6. On April 1, 2025, Plaintiff filed its Second Amended Complaint. See D.E. 46. While adding additional factual allegations concerning Defendant's secondary liability, the Second Amended Complaint does not materially alter Plaintiff's theories of liability or add any additional infringements beyond those included in the initial Complaint.

7. On April 29, 2025, Defendant filed its Answer to the Second Amended Complaint. See D.E. 49.

8. During the initial fact discovery period ending on May 9, 2025,

Defendant did not disclose an expert.

9. On May 9, 2025, given the limited time between Defendant's Answer and close of Discovery (10 days), Plaintiff filed its Motion to Extend Discovery Cut-Off Date. See D.E. 61.

10. On May 16, 2025, Defendant filed its Opposition to Plaintiff's Motion to Extend Discovery claiming that Defendant would be prejudiced by the extension. See D.E. 63.

11. Notably, Defendant's opposition to the Motion to Extend Discovery was filed on the original deadline for initial expert disclosures. Defendant did not disclose an expert.

12. On May 29, 2025, the Court issued an Order Granting the Extension of Pretrial and Trial Deadlines. See D.E. 65.

13. On May 30, 2025, I received an email from Defendant's counsel requesting dates in mid to late July to depose Plaintiff's Rule 30(b)(6) representative.

14. On June 17, 2025, myself, Ms. Hausman, and Defendant's counsel Connor Hansen, spoke on the phone and exchanged potential dates for the respective 30(b)(6) depositions.

15. On July 8, 2025, I provided Defendant with a date and time (July 18, 2025, at 9:30 AM PST) to depose Plaintiff's representative.

16. That same day, I received a Notice of 30(b)(6) deposition of Plaintiff.

17. On July 18, 2025, the deposition of Plaintiff's Representative, Michael Grecco, took place over zoom.

18. Plaintiff and Defendant did not disclose an expert on, or prior to, August 1, 2025.

19. Defendant's counsel did not request an extension of the initial expert disclosure deadline.

20. On August 11, 2025, Defendant's counsel sent an email stating, among other things, its intent to disclose an expert and their report later that week relating to damages. Defendant's counsel also requested times to meet and confer regarding the parties' respective summary judgment motions.

21. That same day, Ms. Hausman informed Defendant's counsel that a disclosure/report would be untimely, as the deadline had passed 10 days prior, and provided August 15, 2025, for a meet and confer regarding the parties' respective summary judgment motions.

22. On August 12, 2025, Defendant's counsel provided times to meet and confer. Defendant's counsel did not address the missed deadline.

23. On August 15, 2025, the parties held their meet and confer regarding the respective summary judgment motions.

24. During the meet and confer, Defendant's counsel stated he knew we

would 'fight about this,' but that they would be moving forward with serving their expert report. Defendant had not yet disclosed its expert.

25. Ms. Hausman and I, again, informed Defendant's counsel that an expert disclosure was untimely. Defendant's counsel then stated that they are producing a rebuttal expert and, therefore, the disclosure was timely.

26. Ms. Hausman and I stated that a rebuttal expert was improper as Plaintiff never disclosed an expert or served a report in this case. Defendant's counsel argued that their expert would be rebutting the testimony of Plaintiff's representative Mr. Grecco.

27. Ms. Hausman and I informed Defendant's counsel that we object to any disclosure of an expert and would move to strike/exclude the expert and their report. Ms. Hausman asked Defendant's counsel if they would agree to consider the conversation a meet and confer on the motion, as we clearly did not consent to the untimely disclosure. Defendant's counsel agreed.

28. Later that day, Defendant's counsel served its expert disclosure and report. In its email, Defendant's counsel referred to the report as the "Rebuttal Expert Report of David R. Duski."

29. On August 19, 2025, I emailed Defendant's counsel asking when Defendant retained Mr. Duski.

30. That same day, Ms. Hausman also called Defendant's counsel, and

followed up by email, inquiring the same.

31. On August 20, 2025, Defendant's counsel responded and refused to provide the requested information, stating it was not relevant or required.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

DATED: August 20, 2025.

/s/ Jonathan Alejandrino
Jonathan Alejandrino, Esq.