Lauren M. Hausman (CA Bar No. 349514)
**COPYCAT LEGAL PLLC**
113 N San Vicente Blvd
Suite 232
Beverly Hills, CA 90211
T: (877) 437-6228
E: lauren@copycatlegal.com

Jonathan Alejandrino, *pro hac vice*
**COPYCAT LEGAL PLLC**
3111 North University Drive
Suite 301
Coral Springs, FL 33065
T: (877) 437-6228
E: jonathan@copycatlegal.com

Attorneys for Plaintiff
Michael Grecco Productions, Inc.

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL GRECCO PRODUCTIONS, INC.<br><br>    Plaintiff,<br><br>v.<br><br>TIKTOK, INC.<br><br>    Defendant. | Civil Action No. 2:24-cv-04837-FLA-MAR<br><br>**PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS** |

Plaintiff Michael Grecco Productions, Inc. ("Plaintiff") hereby files its Statement of Uncontroverted Facts

**TikTok, Inc. ("<u>Defendant</u>") Received Plaintiff's Digital Millenium Copyright Act ("<u>DMCA</u>") Letter Requesting Removal Identifying Infringing Material ("<u>DMCA Takedown Notice</u>")**

| Undisputed Fact | Evidence |
|---|---|
| 1. Defendant's DMCA email is <u>copyright@tiktok.com</u>. | Declaration of Jonathan Alejandrino dated August 22, 2025 (the "<u>Alejandrino Decl.</u>"), at ¶ 3, Exhibit A (the "Boutros Tr."), at 44:22-44:24; <u>Alejandrino Decl.</u> at ¶ 3, Exhibit A, at Boutros Tr. at Exhibit 2. |
| 2. DMCA Takedown Notices submitted to Defendant go to its designated DMCA email. | <u>Alejandrino Decl.</u> at ¶ 3, Exhibit A, at Boutros Tr. at 44:11-44:21. |
| 3. Plaintiff sent 25 e-mails to Defendant's designated DMCA email address (<u>copyright@tiktok.com</u>), each with respect to one of | <u>Alejandrino Decl.</u> at ¶ 3, Exhibit A, at Boutros Tr. at 47:9-47:17; 53:13-53:17; 56:16-56:21; 57:14-57:19; 59:9-59:14: 60:5-60:9; 61:1-61:5; 62:6-62:11; 69:15-69:21; 70:18- |

| | |
|---|---|
| the 22 photographs at issue in this lawsuit, each of which identified itself as a DMCA takedown notice. | 70:23; 71:16-71:21; 72:16-72:20; 73:12-73:16; 74:10-74:14; 75:7-75:11; 76:4-76:8; 76:24-77:3; 77:22-77:25; 78:16-78:20; 79:8-79:13; 80:6-80:10; 81:3-81:7; 81:25-82:4; 82:22-83:2. |
| 4. ██████████ ████ ██ ██████ ████████ | Alejandrino Decl. at ¶ 3, Exhibit A, at Boutros Tr. at 123:21-123:25. |
| 5. Defendant admits it received Plaintiff's DMCA Takedown Notices. | Alejandrino Decl. at ¶ 5, Exhibit C, Nos. 9-13. |

**Plaintiff's DMCA Takedown Notices Were Compliant Because They Contained the Necessary Information**

| Undisputed Fact | Evidence |
|---|---|
| 1. Plaintiff and/or the agent authorized to act on Plaintiff's behalf subjectively considered | Declaration of Michael Grecco dated August 22, 2025 (the "Grecco Decl.") at ¶ 36, Composite Exhibit B. |

| | |
|---|---|
| whether Defendant's user's use of each photograph was fair use. | |
| 2. Plaintiff and/or the agent authorized to act on Plaintiff's behalf determined that each unauthorized use would not qualify as fair use. | <u>Grecco Decl.</u>, at ¶ 37. |
| 3. Each of Plaintiff's DMCA Takedown Notices identified one of the 22 photographs at issue in this lawsuit. | <u>Grecco Decl.</u>, at ¶ 36. |
| 4. Each of Plaintiff's DMCA Takedown Notices identified the infringing material by providing the original image and URL Links to Defendant's Platform. | <u>Grecco Decl.</u> at ¶ 36, Composite Exhibit B. |
| 5. Each of Plaintiff's DMCA | <u>Grecco Decl.</u> at ¶ 36, Composite |

| | Takedown Notice contains a statement of good faith belief that the infringement is not authorized by the copyright owner, its agent, or the law. | Exhibit B. |
|---|---|---|

**Plaintiff Provided DMCA Takedown Notices for Every Unauthorized Use**

| Undisputed Fact | Evidence |
|---|---|
| 1. Plaintiff submitted 24 DMCA Takedown Notices to Defendant. | <u>Grecco Decl.</u> at ¶ 36, Composite Exhibit B. |
| 2. Two of the Takedown Notices were with respect to the First Photograph. | <u>Grecco Decl.</u> at ¶ 36, Composite Exhibit B. |
| 3. One of the Takedown Notices was with respect to a photograph not at issue in this lawsuit. | <u>Grecco Decl.</u> at ¶ 36, Composite Exhibit B; Second Amended Complaint [D.E. 46], Exhibit N at 116. |
| 4. The remaining Takedown | <u>Grecco Decl.</u> at ¶ 36, Composite |

| | |
|---|---|
| Notices were with respect to one of the 22 photographs at issue in this lawsuit. | Exhibit B. |

**Defendant Failed to Comply with the DMCA by Not Removing Infringements Expeditiously**

| Undisputed Fact | Evidence |
|---|---|
| 1. ████████ ████████ ██ ████ █ ████ ████ █████ █████ ████ | Alejandrino Decl. at ¶ 3, Exhibit A, at Boutros Tr. at 17:8-17:15. |
| 2. Defendant did not remove any unauthorized display of the Work (as identified in Plaintiff's DMCA Takedown Notices) for at least a year after Plaintiff sent the DMCA Takedown Notices to Defendant. | Alejandrino Decl. at ¶ 5, Exhibit C, Nos. 9-13. |

| | |
|---|---|
| 3. As of the filing date of Plaintiff's motion for summary judgment. Defendant did not remove any unauthorized display of the Work (as identified in Plaintiff's DMCA Takedown Notices) as a result of the DMCA Takedown Notices. | Alejandrino Decl. at ¶ 3, Exhibit A, at Boutros Tr. at 126:23-127:8; 58:12-58:25; 67:6-67:13. |

**Defendant Failed to Comply with the DMCA by Not Removing Infringements**

| Undisputed Fact | Evidence |
|---|---|
| 1. Defendant did not remove any unauthorized display of the Work as a result of the DMCA Takedown Notices. | Alejandrino Decl. at ¶ 3, Exhibit A, at Boutros Tr. at 58:12-58:25; 67:6-67:13; 126:23-127:8. |
| 2. Defendant testified that eight infringements identified in | Alejandrino Decl. at ¶ 3, Exhibit A, at Boutros Tr. at 58:12-58:22. |

| | |
|---|---|
| Plaintiff's DMCA Takedown Notices are no longer displayed. | |
| 3. Of the eight infringements no longer displayed, seven of the infringements are at issue in this lawsuit. | Alejandrino Decl. at ¶ 6, Exhibit D, No. 10; Second Amended Complaint [D.E. 46], Exhibit N at pp. 2, 5, 38, 53, 55, 65, and 106. |
| 4. The photographs at issue in this lawsuit that were the subject of the infringing materials that were removed are two of the First Photograph, the Sixth Photograph, the Twelfth Photograph, the Thirteenth Photograph, the Fifteenth Photograph, and the Twenty-second Photograph. | Alejandrino Decl. at ¶ 3, Exhibit A, at Boutros Tr. at 106:5-106:25. Alejandrino Decl. at ¶ 6, Exhibit D, No. 10; Second Amended Complaint [D.E. 46], Exhibit N at pp. 2, 5, 38, 53, 55, 65, and 106. |
| 5. An additional infringement was removed that is not at | Alejandrino Decl. at ¶ 3, Exhibit A, at Boutros Tr. at 58:12-22. |

| | |
|---|---|
| issue in this lawsuit. | Alejandrino Decl. at ¶ 6, Exhibit D, No. 10; Second Amended Complaint [D.E. 46], Exhibit N at 116. |
| 6. Defendant did not remove seven of the infringements, as they were removed by the users themselves. | Alejandrino Decl. at ¶ 3, Exhibit A, at Boutros Tr. at 58:12-58:25; 67:6-67:13; 106:5-106:25. |
| 7. Defendant removed an unspecified infringement for a reason unrelated to Plaintiff's DMCA Takedown Notice. | Alejandrino Decl. at ¶ 3, Exhibit A, at Boutros Tr. at 106:5-106:25. |
| 8. ███ ███ █ ███ ██ ██ ████████ ████████ ███ | Alejandrino Decl. at ¶ 3, Exhibit A, at Boutros Tr. at 19:23-20:5; 125:23-126:8; 127:1-127:8. |
| 9. A majority of the Work is still published. | Alejandrino Decl. at ¶ 3, Exhibit A, at Boutros Tr. at 106:5-106:25. |

**Defendant Failed to Comply with the DMCA by Not Noticing Users of the DMCA Takedown Notice**

| Undisputed Fact | Evidence |
|---|---|
| 1. A user has the opportunity to provide licensing after receiving notification that the content has been pursuant to a DMCA Takedown Notice. | Alejandrino Decl. at ¶ 3, Exhibit A, at Boutros Tr. at 96:17-96:23. |
| 2. Defendant did not have any communication with the users who posted the Work without authorization. | Alejandrino Decl. at ¶ 3, Exhibit A, at Boutros Tr. at 66:12-67:1. |

**Defendant Failed to Comply with the DMCA by Not Informing Plaintiff the Work Would Remain Published**

| Undisputed Fact | Evidence |
|---|---|
| 1. Defendant did not have any communication with | Grecco Decl. at ¶ 38 |

| Plaintiff regarding the refusal to remove the Work. | |

**Defendant Failed to Comply with the DMCA by Allowing the Work to Remain Published Despite Notice of the Lawsuit**

| Undisputed Fact | Evidence |
| --- | --- |
| 1. Defendant was served the complaint. | Proof of Service [D.E. 11]. |
| 2. The Complaint seeks an injunction to restrain the user's infringing behavior. | Complaint [D.E. 1]; First Amended Complaint [D.E. 23]; Second Amended Complaint [D.E. 46]. |

**Defendant Did Not Follow Its Own Policy Regarding the DMCA Takedown Notices**

| Undisputed Fact | Evidence |
| --- | --- |
| 1. Defendant did not review any of the DMCA Takedown | Alejandrino Decl. at ¶ 3, Exhibit A, at Boutros Tr. at 51:3-51:23. |

| | |
|---|---|
| Notices prior to receiving notice of this lawsuit. | |
| 2.  | Alejandrino Decl. at ¶ 3, Exhibit A, at Boutros Tr. at 64:2-64:12. |

**Plaintiff Owns the Work**

| Undisputed Fact | Evidence |
|---|---|
| 1. Michael Grecco created 8 of the photographs comprising the Work prior to 1998. | Grecco Decl. at ¶ 40, Exhibit C. |
| 2. The Seventeenth Photograph as published in 1980 and registered in 2019. | Grecco Decl. at ¶ 40, Exhibit C. |
| 3. The Twelfth, Nineteenth, and Twentieth Photographs were published in 1993 and registered in 2017. | Grecco Decl. at ¶ 40, Exhibit C. |

| | |
|---|---|
| 4. The Twenty-first Photograph was published in 1995 and registered in 2003. | Grecco Decl. at ¶ 40, Exhibit C. |
| 5. The Eighth, Ninth, and Tenth Photographs were published in 1997 and registered in 2017. | Grecco Decl. at ¶ 40, Exhibit C. |
| 6. The Eleventh Photograph was published in 1998 and registered in 2017. | Grecco Decl. at ¶ 40, Exhibit C. |
| 7. In 1998, Plaintiff was incorporated. | Alejandrino Decl. at ¶ 4, Exhibit B, (the "Grecco Tr.") at 53:9-53:11; 54:6-54:8. |
| 8. All photography that was created prior to the incorporation of Plaintiff was assigned/transferred to Plaintiff. | Alejandrino Decl. at ¶ 4, Exhibit B, at Grecco Tr. at 53:12-53:18; 54:9-54:11. |
| 9. Michael Grecco was an employee of Plaintiff at the | Alejandrino Decl. at ¶ 3, Exhibit A, at Boutros Tr. at 54:12-54:19. |

| | |
|---|---|
| time of the creation of the photographs after 1998. | |
| 10. The Eighteenth Photograph was published and registered in 2001. | <u>Grecco Decl.</u> at ¶ 40, Composite Exhibit C. |
| 11. The Seventh Photograph was published and registered in 2002. | <u>Grecco Decl.</u> at ¶ 40, Composite Exhibit C. |
| 12. The Sixteenth Photograph was published and registered in 2004. | <u>Grecco Decl.</u> at ¶ 40, Composite Exhibit C. |
| 13. The Thirteenth, Fourteenth, and Fifteenth Photographs were published in 2008 and registered in 2010. | <u>Grecco Decl.</u> at ¶ 40, Composite Exhibit C. |
| 14. The First, Second, Third, Fourth, Fifth, and Sixth Photographs were published in 2009 and registered in 2010. | <u>Grecco Decl.</u> at ¶ 40, Composite Exhibit C. |

| | |
|---|---|
| 15. The Twenty-second Photograph was published and registered in 2010. | <u>Grecco Decl.</u> at ¶ 40, Composite Exhibit C. |
| 16. The photographs were taken of well-known celebrities (generally in private/studio settings where general members of the public would not have access), involve complex elements of lighting/staging, and cannot be recreated. | <u>Grecco Decl.</u> at ¶ 42. |
| 17. In 2012, Plaintiff changed its name from Michael Grecco Photography to Michael Grecco Productions. | <u>Grecco Decl.</u> at ¶ 6, Exhibit A. |
| 18. Plaintiff owns the copyright for all photographs comprising the work. | Grecco Decl. at ¶ 6. |
| 19. Defendant has no evidence | <u>Alejandrino Decl.</u> at ¶ 3, Exhibit A, |

| | |
|---|---|
| that the Work is not owned by Plaintiff. | at Boutros Tr. at 93:10-93:12. |

**Defendant's Users Displayed the Work**

| Undisputed Fact | Evidence |
|---|---|
| 1. Each photograph comprising the Work was displayed by one or more of Defendant's users. | Second Amended Complaint [D.E. 46], at ¶¶ 12, 14, 16, 18, 20, 22, 24, 26, 28, 30, 32, 34, 36, 38, 40, 42, 44, 46, 48, 50, 52, 54; Exhibit N. |

**Defendant and its Users Were Not Licensed/Authorized to Use Plaintiff's Work**

| Undisputed Fact | Evidence |
|---|---|
| 1. None of the users were licensed to use or display any of the photographs comprising the Work. | Grecco Decl. at ¶ 43. |
| 2. Defendant was not licensed | Alejandrino Decl. at ¶ 3, Exhibit A, |

| | |
|---|---|
| to use or display any of the photographs comprising the Work. | at Boutros Tr. at 95:17-95:20. |

**Defendant had Knowledge of the Infringements Because of Plaintiff's DMCA Takedown Notices**

| Undisputed Fact | Evidence |
|---|---|
| 1. Plaintiff's DMCA Takedown Notices were addressed to Defendant's designated DMCA email. | <u>Grecco Decl.</u> at ¶ 36, Composite Exhibit B; Boutros Tr. at 44:22-44:24. |
| 2. Plaintiff's DMCA Takedown Notice provided a link to the infringement. | <u>Grecco Decl.</u> at ¶ 36, Composite Exhibit B. |
| 3. Defendant admits it received Plaintiff's DMCA Takedown Notices. | <u>Alejandrino Decl.</u> at ¶ 5, Exhibit C, Nos. 9-13. |
| 4. ████████████████ ████████████████ | <u>Alejandrino Decl.</u> at ¶ 3, Exhibit A, at Boutros Tr. at 44:15-44:21. |



| 5. | | Alejandrino Decl. at Boutros Tr. at 64:9-65:21; Alejandrino Decl. at ¶ 6, Exhibit D, No. 12. |
|---|---|---|
| 6. | | Alejandrino Decl. at Boutros Tr. at 64:9-65:21. |
| 7. | | Alejandrino Decl. at Boutros Tr. at 117:1-118:24. |



**Defendant had Knowledge of the Infringements when Plaintiff filed this Lawsuit**

| Undisputed Fact | Evidence |
|---|---|
| 1. Defendant was served the complaint. | Proof of Service [D.E. 11]. |
| 2. The complaint contains an exhibit with all infringements comprising the Work. | Complaint [D.E. 1]; First Amended Complaint [D.E. 23]; Second Amended Complaint [D.E. 46], Exhibit N. |
| 3. Defendant received legal notice of the lawsuit. | Proof of Service [D.E. 11] <u>Alejandrino Decl.</u> at ¶ 3, Exhibit A, at Boutros Tr. at 117:4-117:8. |

**Defendant's Failure to Remove the Infringement was a Material Contribution**

| Undisputed Fact | Evidence |
| --- | --- |
| 1. Defendant made a determination to not remove the Work after receiving notice of the lawsuit. | Alejandrino Decl. at ¶ 3, Exhibit A, at Boutros Tr. at 19:23-20:5; 125:23-126:8; 127:1-127:8. |

**Defendant Making a Fair Use Determination was a Material Contribution**

| Undisputed Fact | Evidence |
| --- | --- |
| 1. Defendant made the decision to analyze the reported infringement for fair use after receiving notice of the lawsuit. | Alejandrino Decl. at ¶ 3, Exhibit A, at Boutros Tr. at 94:7-94:20; 111:21-112:4; 112:10-112:17; 127:1-127:8; Alejandrino Decl. at ¶ 6, Exhibit D, No. 12. |
| 2. Defendant determined the infringements were fair use. | Alejandrino Decl. at ¶ 3, Exhibit A, at Boutros Tr. at 94:7-94:20; 111:21-112:4; 112:10-112:17; 127:1-127:8; Alejandrino Decl. at ¶ 6, Exhibit D, Nos. 12-13. |
| 3. Defendant's fair use | Alejandrino Decl. at ¶ 3, Exhibit A, |

| | |
|---|---|
| determination is why it did not remove the Work. | at Boutros Tr. at 94:7-94:20; 111:21-112:4; 112:10-112:17; 127:1-127:8; <u>Alejandrino Decl.</u> at ¶ 6, Exhibit D, Nos. 12-13. |

**Defendant has Simple Measures in Place to Remove Infringements**

| Undisputed Fact | Evidence |
|---|---|
| 1. Defendant has established several ways to submit DMCA takedown notices, including but not limited to: in-app reporting, submitting a from report on the desktop website, email, an internal database with trusted partners who submit notices. | <u>Alejandrino Decl.</u> at ¶ 3, Exhibit A, at Boutros Tr. at 16:14-16:16; 31:13-31:25; 124:2-124:22. |
| 2. Each of Plaintiff's DMCA Takedown Notices contains links/URLs to the specific location on Defendant's | <u>Grecco Decl.</u> at ¶ 36, Composite Exhibit B. |



| | | |
|---|---|---|
| | website/platform of the alleged infringement at issue therein. | |
| 3. | ██████████████ ██████████████ ████████████ | Alejandrino Decl. at ¶ 3, Exhibit A, at Boutros Tr. at 124:11-125:1. |
| 4. | ██████████████ ██████████████ ██████████ | Alejandrino Decl. at ¶ 3, Exhibit A, at Boutros Tr. at 17:16-17:24; 30:12-30:20. |
| 5. | ████ ██ ████ ██████████████ ████ | Alejandrino Decl. at ¶ 3, Exhibit A, at Boutros Tr. at 125:22-126:7. |

**Fair Use is Not Applicable**

| Undisputed Fact | Evidence |
|---|---|
| 1. Defendant's Creator Program allows users to monetize their content. | Alejandrino Decl. at ¶ 3, Exhibit A, at Boutros Tr. at 24:7-24:12. |

| | |
|---|---|
| 2. With respect to at least some of the infringements at issue in the DMCA Takedown Notices, the subject user who posted such infringement to Defendant's platform was in Defendant's Creator Program. | Alejandrino Decl. at ¶ 3, Exhibit A, at Boutros Tr. at 25:12-26:12. |
| 3. Defendant makes money from advertisements and the TikTok Shop. | Alejandrino Decl. at ¶ 3, Exhibit A, at Boutros Tr. at 26:22-27:4. |
| 4. Advertisements are placed in Defendant's users' content, including with respect to the alleged infringements at issue in this lawsuit. | Alejandrino Decl. at ¶ 3, Exhibit A, at Boutros Tr. at 98:8-98:17. |
| 5. Plaintiff is a boutique high-end licensor of high-quality imagery. | Alejandrino Decl. at ¶ 4, Exhibit B, at Grecco Tr. at 318:19-318:20. |
| 6. Plaintiff is selective about | Alejandrino Decl. at ¶ 4, Exhibit B, |

| | |
|---|---|
| what photographs get licensed and to whom for the purpose of not wanting to undermine the market. | <u>Alejandrino Decl.</u> at ¶ 4, Exhibit B at Grecco Tr. at 321:14-321:25. |
| 7. Plaintiff has no way to control how its photographs operate in the market when the photographs are being infringed and may lose licensing revenue. | <u>Alejandrino Decl.</u> at ¶ 4, Exhibit B, at Grecco Tr. at 133:12-134:1. |

COPYCAT LEGAL PLLC
113 North San Vicente Boulevard
Suite 232
Beverly Hills, CA 90211
Telephone: (877) 437-6228
lauren@copycatlegal.com
jonathan@copycatlegal.com

*Attorneys for Plaintiff*

By: /s/ Lauren M. Hausman
      Lauren M. Hausman, Esq.
      Jonathan Alejandrino,
      Esq. (*pro hac vice*)

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 22, 2025, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will electronically serve all counsel of record.


/s/ Lauren M. Hausman
Lauren M. Hausman, Esq.