DORSEY & WHITNEY LLP
J. Michael Keyes (SBN 262281)
  keyes.mike@dorsey.com
Connor J. Hansen (*pro hac vice*)
  hansen.connor@dorsey.com
Dylan J. Harlow (*pro hac vice*)
  harlow.dylan@dorsey.com
701 Fifth Avenue, Suite 6100
Seattle, WA 98104
Telephone: 206.903.8800
Facsimile: 206.903.8820

DORSEY & WHITNEY LLP
Kent J. Schmidt (SBN 195969)
  schmidt.kent@dorsey.com
600 Anton Boulevard, Suite 200
Costa Mesa, CA 92626
Telephone: 714.800.1400
Facsimile: 714.800.1499

*Attorneys for Defendant TikTok, Inc.*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL GRECCO PRODUCTIONS INC., <br><br> *Plaintiff*, <br><br> v. <br><br> TIKTOK, INC., <br><br> *Defendant*. | Case No. 2:24-CV-04837-FLA-MAR <br><br> **UNOPPOSED APPLICATION FOR LEAVE TO FILE UNDER SEAL RELATING TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT** <br><br> Hon. Fernando L. Aenlle-Rocha <br><br> Filed concurrently with: <br> (1) Declaration of J. Michael Keyes; and <br> (2) [Proposed] Order <br><br> Second Amended Complaint filed: April 1, 2025 |

1  PLEASE TAKE NOTICE that, pursuant to Civil Local Rule 79-5, Defendant TikTok, Inc. ("Defendant" or "TTI") files this application to file under seal relating to Plaintiff Michael Grecco Productions Inc.'s ("Plaintiff") Motion for Partial Summary Judgment (Dkt. 68; 69).

This Application is based on this Application for Leave to File Under Seal, the following Memorandum of Points and Authorities, the Declaration of J. Michael Keyes ("Keyes Decl.") submitted herewith, the concurrently lodged Proposed Order, the pleadings and evidence in the Court's files, and any further evidence and oral argument that may be requested by the Court.

Before filing this Application, counsel for Defendant discussed this issue with Plaintiff's counsel, who indicated Plaintiff does not oppose this Application. Keyes Decl. ¶ 9.

## MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiff has filed a Motion for Partial Summary Judgment by way of an *ex parte* unredacted version (Dkt. 68) (the "Unredacted Version") and a redacted version (Dkt. 69) (the "Redacted Version") (collectively the "Motion"). Plaintiff filed the Unredacted Version *ex parte* pursuant to the parties' protective order (Dkt. 62), acknowledging the Motion includes Defendant's confidential information. Because Plaintiff's Motion and supporting documents include Defendant's confidential business information, Defendant respectfully submits this Application to provide good cause to keep the Unredacted Version of the Motion sealed from public view.

**I.   LEGAL STANDARD**

While there is a strong presumption of public access to judicial records, documents filed in support of a motion nevertheless may be sealed if there are "compelling reasons" to protect the information contained therein. *See* L.R. 79-5.2.2; *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178–80 (9th Cir. 2006).

Courts have found that such compelling reasons exist when the filing could "become a vehicle for improper purposes," such as release of trade secrets or confidential business information. *Id*. at 1179 (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)). In the Ninth Circuit, courts adopted the Restatement's definition of trade secrets, which includes "any . . . compilation of information which is used in one's business, and which gives [one] an opportunity to obtain an advantage over [other] competitors who do not know or use [the information]." Restatement of Torts § 757, cmt. b.

Courts in this District routinely determine that under seal filing is appropriate to limit the disclosure of confidential or sensitive business information that could be used by a competitor. *See, e.g., Miotox LLC v. Allergan, Inc.*, 2016 WL 3176557, at *2 (C.D. Cal. June 2, 2016); *Gasio v. Target Corp.*, 2015 WL 11387768, at *1 (C.D. Cal. Jan. 30, 2015); *see also Center for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016) (factors for granting a motion to seal include when documents act "as sources of business information that might harm a litigant's competitive standing"). Financial information and information relating to customers are among the categories of "confidential or sensitive business information" courts protect. *In re Apple Inc. Device Performance Litig.*, 2019 WL 1767158, at *2 (N.D. Cal. Apr. 22, 2019); *See Icon-IP Pty Ltd. v. Specialized Bicylce Components, Inc.*, 2015 U.S. Dist. LEXIS 26519, at *5 (N.D. Cal. Mar. 3, 2015) ("Under Ninth Circuit law, pricing, profit, and customer usage information, when kept confidential by a company, is appropriately sealable under the 'compelling reasons' standard where that information could be used to the company's competitive disadvantage.").

## II. ARUGMENT

### A. Ms. Boutros' Testimony From Her Deposition Involves TTI's Confidential Information And Should Be Sealed

In support of its Motion, Plaintiff has submitted deposition testimony from Ms. Jemili Boutros, a Senior Intellectual Property Specialist. Keyes Decl. ¶ 3.

Ms. Boutros's deposition testimony is provided through Exhibit A to the Declaration of Jonathan Alejandrino filed in support of the Motion. Dkts. 68-2; 69-2. Specifically, Plaintiff submitted an unredacted version of Ms. Boutros's deposition transcript under seal at Dkt. 68-2 at 3–61 and a redacted version of the transcript publicly at Dkt. 69-2 at 3–61.

Ms. Boutros's testimony includes TTI's confidential business information relating to policies and procedures for processing and reviewing copyright takedown notices received by TTI. Keyes Decl. ¶ 3. Notably, some of TTI's copyright policies are publicly available, and TTI does not seek to file those polices under seal. *Id*. Rather, TTI seeks to file under seal only information relating to TTI's internal policies and procedures, which it treats as highly confidential. *Id*. Disclosure of this information could provide a roadmap for third parties to interfere with TTI's internal policies and procedures or for competitors to copy and implement Defendant's confidential policies and procedures. Therefore, such information is properly sealed. *E.g., Felix v. Davis Moreno Constr., Inc.*, 2008 WL 3009867, at *1-3 (E.D. Cal. Aug. 1, 2008) (recognizing that injury may result from the disclosure of confidential business information, such as use of the information by competitors to "compete for [its] customers, or interfere with [its] business plan and thereby gain a competitive advantage in the marketplace") (citation omitted).

Ms. Boutros's testimony also includes confidential data relating to TTI's user metrics, namely the number of TikTok users and the number of videos they have posted to the TikTok platform. Keyes Decl. ¶ 4. This customer usage information is highly confidential and properly sealed. *See Icon-IP Pty Ltd.*, 2015 U.S. Dist. LEXIS 26519, at *5 (finding "customer usage information, when kept confidential by a company, is appropriately sealable"). Ms. Boutros also provides confidential testimony relating to the ways that TTI generates revenues. Keyes Decl. ¶ 5. Disclosure of this information could give competitors insight into TTI's business and

strategies that they otherwise would not have and allow them to unfairly compete with Defendant. *Id.* This information is properly sealed. *Center for Auto Safety, LLC*, 809 F.3d at 1097.

The confidential information described above appears on pages 17, 19–20, 30–31, 44, 64–65, 67, 112, 117-118, 123–126 of Ms. Boutros's deposition transcript, and Plaintiff has already filed a redacted version of the transcript with redactions on these pages of the transcript. Dkt. 69-2 at 7–9, 14–16, 28–29, 31, and 54–60. For the reasons stated above, the unredacted version of Ms. Boutros's transcript, Dkt. 68-2 at 3–61, should remain sealed from public viewing. Keyes Decl. ¶ 6.

### B. The Portions Of Plaintiff's Motion And Statement Of Facts Summarizing The Referenced Testimony Should be Sealed

For the reasons stated above, portions of Ms. Boutros's deposition testimony are properly sealed. Plaintiff's Motion and the Statement of Uncontroverted Facts submitted therewith reproduce, quote from, or summarize the confidential information disclosed in Ms. Boutros's deposition testimony. Keyes Decl. ¶¶ 7–8; Dkts. 68; 68-1. Plaintiff filed publicly-available versions of these documents, with minimal redactions, as Dkt. 69 and Dkt. 69-1. The unredacted versions of these documents, Dkt. 68 and Dkt. 68-1, should remain sealed for the same reasons as the Boutros deposition transcript.

### III. CONCLUSION

Defendant's Application is narrowly tailored because it seeks to file under seal only information relating to the categories of information identified above. None of these documents have been or will be sealed in their entirety in the public record. Rather, the publicly filed Redacted Version of Plaintiff's Motion (Dkt. 69), Statement of Uncontroverted Facts (Dkt. 69-1), and Boutros transcript (Dkt. 69-2) have minimal redactions, leaving the majority of these documents visible to the public. Keyes Decl. ¶ 8; Dkt. 69. Further, this Application is narrowly tailored because the information

-5-
DEFENDANT'S APPLICATION FOR LEAVE TO
FILE UNDER SEAL RELATING TO PLAINTIFF'S
MOTION FOR PARTIAL SUMMARY JUDGMENT                Case No. 2:24-CV-04837-FLA-MAR

to be sealed constitutes a small fraction of the evidentiary material submitted in connection with Plaintiff's Motion. *See* Dkts. 69-3, 69-4.

For the foregoing reasons, Defendant respectfully requests leave to file these documents under seal as set forth in the Proposed Order submitted herewith.

Dated: August 30, 2025

DORSEY & WHITNEY LLP

By: */s/ J. Michael Keyes*
J. Michael Keyes (SBN 262281)
  *keyes.mike@dorsey.com*
Connor J. Hansen (*pro hac vice*)
  *hansen.connor@dorsey.com*
Dylan J. Harlow (*pro hac vice*)
  *harlow.dylan@dorsey.com*
Columbia Center
701 Fifth Avenue, Suite 6100
Seattle, WA
Telephone: 206.903.8800
Facsimile: 206.903.8820

DORSEY & WHITNEY LLP
Kent J. Schmidt (SBN 195969)
  *schmidt.kent@dorsey.com*
600 Anton Boulevard, Suite 200
Costa Mesa, CA 92626
Telephone: 714.800.1400
Facsimile: 714.800.1499

*Attorneys for Defendant TikTok, Inc.*

# CERTIFICATE OF SERVICE

I hereby certify that on August 30, 2025, a true and correct copy of the foregoing was filed electronically using the Court's CM/ECF system, which shall send notification of such filing to all counsel of record. Any counsel of record who has not consented to electronic service through the Court's CM/ECF system will be served by electronic mail.

                              */s/ J. Michael Keyes*
                              J. Michael Keyes, SBN 262281