Lauren M. Hausman (CA Bar No. 349514)
**COPYCAT LEGAL PLLC**
113 N San Vicente Blvd
Suite 232
Beverly Hills, CA 90211
T: (877) 437-6228
E: lauren@copycatlegal.com

Jonathan Alejandrino, *pro hac vice*
**COPYCAT LEGAL PLLC**
3111 North University Drive
Suite 301
Coral Springs, FL 33065
T: (877) 437-6228
E: jonathan@copycatlegal.com


Attorneys for Plaintiff
Michael Grecco Productions, Inc.


### IN THE UNITED STATES DISTRICT COURT
### FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL GRECCO PRODUCTIONS, INC., | Civil Action No. 2:24-cv-04837-FLA-MAR |
| Plaintiff, | |
| v. | **DECLARATION OF MICHAEL GRECCO** |
| TIKTOK, INC., | |
| Defendant. | |

Michael Grecco does hereby declare pursuant to 28 U.S.C. § 1746:

1.    I am over the age of 18 and otherwise competent to testify. I make the following statements based on personal knowledge.

2.    I am the CEO and sole shareholder of plaintiff Michael Grecco Productions, Inc. ("Plaintiff").

3.    Both Elizabeth Waterman and Torina Yamada manage Plaintiff's independent contractors.

4.    Ms. Waterman manages and supervises a significant portion of Plaintiff's business. She receives a percentage of all infringement income, regardless of litigation.

5.    Ms. Yamada serves as Plaintiff's Executive Administrator. Her job responsibilities do not encompass searching for infringements—that is a task she undertakes on her own accord/time. Ms. Yamada's responsibilities include assistance with daily operations and clerical tasks; managing/providing comparable, licensing, email records, and all other documents; assisting in litigation tasks as needed; and, bookkeeping.

6.    The lawsuit concerns the infringement of twenty-two (22) of Plaintiff's copyrighted photographs by twenty-four (24) TikTok users. Exhibit N to the Complaint includes reference to a twenty-third (23) copyrighted photograph of Plaintiff's that was infringed by a twenty-fifth (25) TikTok user, but the

1  photograph of Jerry Springer ("100406_Springer_Jerry_MGP_0409"), posted by

2  TikTok user @wordsofwarning is not at issue in this lawsuit.

3       7.    Of the twenty-four (24) TikTok users whose content is at issue in this

4  lawsuit, nineteen (19) TikTok users infringed by using one of Plaintiff's

5  copyrighted photographs in a video posted by the user to TikTok.

6       8.    Plaintiff sent twenty-five (25) takedown notices to Defendant.

7  However, the takedown notice that Plaintiff sent to TTI relating to the photograph

8  of Jerry Springer ("100406_Springer_Jerry_MGP_0409"), posted by TikTok user

9  @wordsofwarning is not at issue in this lawsuit.

10      9.    The twenty-five (25) takedown notices were sent to Defendant's

11  DMCA e-mail address (copyright@tiktok.com) as permitted by the DMCA.

12      10.   Plaintiff's DMCA takedown notices use a general template. This is

13  done to ensure that Plaintiff complies with all the requirements of the DMCA. A

14  legally effective DMCA takedown notice must include the following, pursuant to

15  17 U.S.C. § 512(c)(3)(A): A physical or electronic signature of the copyright

16  holder or a person authorized to act on behalf of the copyright holder. Identification

17  of the specific copyrighted work(s) claimed to have been infringed. Identification

18  of the material that is to be removed or access to which is to be disabled, and

19  information reasonably sufficient to permit the service provider to locate the

20  material (e.g. URL). Information reasonably sufficient to permit the service

provider to contact the complaining party, such as an address, telephone number, and e-mail address. A statement that the complaining party has a good faith belief that use of the material in the manner complained of is not authorized. A statement that the information in the notification is accurate, and under penalty of perjury, that the complaining party is authorized to act on behalf of the copyright holder. Plaintiff updates the information that would be different from one DMCA takedown notice to another.

11.    Plaintiff's takedown process for TikTok is 'automated' to the extent that if Plaintiff's subcontractors do not locate a license, and the use is determined to not be fair use, the takedown notice will be sent out. Plaintiff does not have a TikTok, so there is no way that the TikTok user could 'tag' Plaintiff—meaning Plaintiff would not consider the use publicity or marketing.

12.    I respect the fair use doctrine and consider whether a use is fair use in all of my cases. If I think someone's use of Plaintiff's photograph qualifies as fair use, the matter will not proceed. In this case, I did not and do not believe that any of the uses by Defendant's users was fair use.

13.    I am generally responsible for determining whether a potentially infringing use is fair use. I approve every case at the outset. There is not a case that proceeds that I have not approved. Given that I determine whether I subjectively believe a case qualifies as fair use before it commences, I do not review every

DMCA notice, as the determination has already been made. A fair use assessment is made before sending out a DMCA takedown notice, as that is within Plaintiff's standard operating procedure.

14.    I did not review every actual notice itself, but I did review the infringements that were subject of the DMCA takedown notices. In my review, I subjectively believed that none of the uses by Defendant's users was fair use.

15.    I found projected advertising revenues for Defendant online. The sources included the following: https://tiktokeconomicimpact.com/?gad_source=1&gad_campaignid=21105539190&gbraid=0AAAAApbYvmx2YmJTdo5-Xqnsf9r2-wGRX&gclid=CjwKCAjwiNXFBhBKEiwAPSaPCaR4hzgkZVSyR-jXG33zcAVlCjG9_1HLmanVLkv7e-TMrE5P2IgKcBoC2-oQAvD_BwE; https://www.demandsage.com/tiktok-ad-revenue/#:~:text=TikTok%20net%20ad%20revenue%20is,of%20the%20video%20ad%20market; https://www.marketingdive.com/news/tiktok-ad-revenue-could-top-30-billion-ban-us/742056/; https://searchengineland.com/tiktoks-30b-ad-boom-faces-us-uncertainty-453049#:~:text=TikTok%20is%20projected%20to%20achieve,poised%20to%20absorb%20displaced%20spending; https://basis.com/blog/tiktok-by-the-numbers-stats-and-facts-for-digital-advertisers;    https://www.businessofapps.com/data/tik-

tok-statistics/;        https://www.statista.com/statistics/1305708/tiktok-ad-revenue/;

https://www.warc.com/content/paywall/article/warc-curated-datapoints/tiktok-

global-ad-revenue-to-reach-348bn-in-2026/en-gb/156878?;

https://roirevolution.com/blog/state-of-tiktok-advertising-in-2024/;

https://resourcera.com/data/social/tiktok-revenue/. While each source has slightly

varying information, there is no shortage of information on Defendant's profits.

16.    Plaintiff produced license agreements to Defendant. Of the license agreements produced, some of them were retroactive licenses. Retroactive licenses generally follow Plaintiff locating an unauthorized use of its photographs and contacting the unauthorized user. Plaintiff permits the unauthorized user to negotiate a licensing agreement if the unauthorized user would like a license.

17.    During Plaintiff's deposition, for which I served as the 30(b)(6) Corporate Representative, Defendant's counsel inquired if the license with G+J Corporate Editors relates to a photograph at issue in this case. At the time, I could not recall. However, upon review of the license with G+J Corporate Editors following the deposition, I can confirm that the license to G+J Corporate Editors pertains to a photograph at issue in this case.

1

2

3          I declare under penalty of perjury under the laws of the United States of

4     America that the foregoing is true and correct.

5

6          DATED: _9/5/2025_____.

7

8                                        *Michael Grecco*
                                         ID v799sFybdwvNoQPJxxM1cW5V

9                                   Michael Grecco

10

11

12

13

14

15

16

17

18

19

20

## eSignature Details

---

**Signer ID:**          **v799sFybdwvNoQPJxxM1cW5V**
Signed by:              Michael Grecco
Sent to email:          MG@Grecco.com
IP Address:             47.181.73.69
Signed at:              Sep 5 2025, 6:10 pm EDT