DORSEY & WHITNEY LLP
J. Michael Keyes (SBN 262281)
 *keyes.mike@dorsey.com*
Connor J. Hansen (*pro hac vice*)
 *hansen.connor@dorsey.com*
Dylan J. Harlow (*pro hac vice*)
 *harlow.dylan@dorsey.com*
701 Fifth Avenue, Suite 6100
Seattle, WA 98104
Telephone: 206.903.8800
Facsimile: 206.903.8820

DORSEY & WHITNEY LLP                         REDACTED
Kent J. Schmidt (SBN 195969)
 *schmidt.kent@dorsey.com*
600 Anton Boulevard, Suite 200
Costa Mesa, CA 92626
Telephone: 714.800.1400
Facsimile: 714.800.1499

*Attorneys for Defendant TikTok, Inc.*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL GRECCO PRODUCTIONS INC., <br><br> *Plaintiff*, <br><br> v. <br><br> TIKTOK, INC., <br><br> *Defendant*. | Case No. 2:24-CV-04837-FLA-MAR <br><br> **DEFENDANT'S STATEMENTS OF GENUINE DISPUTES OF MATERIAL FACT IN OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT** <br><br> Hon. Fernando L. Aenlle-Rocha <br> Date: September 26, 2025 <br> Time: 1:30pm <br> Courtroom: 6B <br><br> Filed concurrently with: <br> (1) Opposition to Plaintiff's Motion for Partial Summary Judgment; <br> (2) Statement of Additional Uncontroverted Facts; <br> (3) Declaration of Jemili Boutros; <br> (4) Declaration of J. Michael Keyes; and <br> (5) [Proposed] Order. |

Defendant TikTok, Inc. ("TTI" or "Defendant") hereby submits its Statement of Uncontroverted Facts in support of its Motion for Summary Judgment or Partial Summary Judgment.

All of Defendant's evidentiary citations herein are to either: (1) the Declaration of Jemili Boutros In Support of Defendant's Opposition to Plaintiff's Motion for Partial Summary Judgment ("Boutros Decl."); (2) the Declaration of J. Michael Keyes In Support of Defendant's Opposition to Plaintiff's Motion for Partial Summary Judgment ("Keyes Decl."); (3) Defendant's Exhibits 1–25, which are attached to the Boutros Declaration and the Keyes Declaration; or (4) the pleadings in this case. Exhibits 1–3 are attached to the Boutros Declaration and Exhibits 4–25 are attached to the Keyes Declaration.

All headings herein are reproduced from Plaintiff's Statement of Uncontroverted Facts, Dkt. 68-1, for the convenience of the Court and Defendant does not admit that any facts or arguments presented in the headings are accurate or undisputed.

**TikTok, Inc. ("Defendant") Received Plaintiff's Digital Millenium Copyright Act ("DMCA") Letter Requesting Removal Identifying Infringing Material ("DMCA Takedown Notices")**

| No.[1] | Undisputed Fact and Evidence | Disputed/Undisputed and Evidence |
|---|---|---|
| 1. | 1. Defendant's DMCA email is copyright@tiktok.com.<br><br>Declaration of Jonathan Alejandrino dated August 22, 2025 (the "Alejandrino Decl."), at ¶ 3, Exhibit A (the "Boutros | Undisputed. |

---

[1] Plaintiff failed to sequentially number its alleged Undisputed Facts. *See* Dkt. 68-1. Defendant has sequentially numbered each alleged fact in the "No." column and retained the numbering assigned by Plaintiff in the "Undisputed Fact and Evidence" column.

DEFENDANT'S STATEMENTS OF GENUINE
DISPUTES OF MATERIAL FACT                          Case No. 2:24-CV-04837-FLA-MAR

| No.[1] | Undisputed Fact and Evidence | Disputed/Undisputed and Evidence |
|---|---|---|
| | Tr."), at 44:22-44:24; Alejandrino Decl. at ¶ 3, Exhibit A, at Boutros Tr. at Exhibit 2. | |
| 2. | 2. DMCA Takedown Notices submitted to Defendant go to its designated DMCA email.<br><br>Alejandrino Decl. at ¶ 3, Exhibit A, at Boutros Tr. at 44:11-44:21. | Undisputed. |
| 3. | 3. Plaintiff sent 25 e-mails to Defendant's designated DMCA email address (copyright@tiktok.com), *each with respect to one of the 22 photographs at issue in this lawsuit,* each of which identified itself as a DMCA takedown notice.<br><br>Alejandrino Decl. at ¶ 3, Exhibit A, at Boutros Tr. at 47:9-47:17; 53:13-53:17; 56:16-56:21; 57:14-57:19; 59:9-59:14: 60:5-60:9; 61:1-61:5; 62:6-62:11; 69:15-69:21; 70:18-70:23; 71:16-71:21; 72:16-72:20; 73:12-73:16; 74:10-74:14; 75:7-75:11; 76:4-76:8; 76:24-77:3; 77:22-77:25; 78:16-78:20; 79:8-79:13; 80:6-80:10;81:3-81:7; 81:25-82:4; 82:22-83:2. | Disputed in Part. Plaintiff clarified that one of the notices does not relate to a photograph at issue in this case. *See* Fact No. 13 below. |
| 4. | ████████████████████<br>████████████████<br>████<br><br>Alejandrino Decl. at ¶ 3, Exhibit A, at Boutros Tr. at 123:21-123:25. | Disputed in Part<br>████████████████<br>██████<br>██████ Dkt. 68-2, Exh. A, Boutros Tr. at 123:21-123:25. |
| 5. | 5. Defendant admits it received Plaintiff's DMCA Takedown Notices.<br><br>Alejandrino Decl. at ¶ 5, Exhibit C, Nos. 9-13. | Disputed.<br>██████████████<br>██████████████<br>██████████<br>████████ Boutros Decl. ¶ 10. |

DEFENDANT'S STATEMENTS OF GENUINE DISPUTES OF MATERIAL FACT

Case No. 2:24-CV-04837-FLA-MAR

**Plaintiff's DMCA Takedown Notices Were Compliant Because They Contained the Necessary Information**

| No. | Undisputed Fact and Evidence | Disputed/Undisputed and Evidence |
|---|---|---|
| 6. | 1. Plaintiff and/or the agent authorized to act on Plaintiff's behalf subjectively considered whether Defendant's user's use of each photograph was fair use.<br><br>Declaration of Michael Grecco dated August 22, 2025 (the "<u>Grecco</u> <u>Decl.</u>") at ¶ 36, Composite  Exhibit B. | Disputed.<br>Grecco admitted he did not review each allegedly infringing use before the takedown notices were sent to Defendant. Exh. 4, Grecco Depo. at 209:15-210:2 ("I did not look at every one, and I did not approve every one."). Grecco also expressly admitted he did not consider fair use before authorizing Plaintiff to send the takedown notices to Defendant.  Exh. 4, Grecco Depo. at 211:1-4 (Q: Did your company consider the doctrine of fair use before issuing the takedown notice with respect to this first video? A: No.); 211:9-15 (Q: So is it fair to say, then, sir, that before your company issued any of the takedown notices in this case, that you didn't consider whether—you didn't consider fair use? A: I still don't consider fair use.); 260:18-24 (Q: And its your position that the allegations of infringement in these DMCA notices were true and accurate even though you did not consider fair use before sending these DMCA notices; right? A: Correct. I still don't consider fair use; correct.). |

| No. | Undisputed Fact and Evidence | Disputed/Undisputed and Evidence |
|---|---|---|
| | | *See also* Objection Nos. 1-2. |
| 7. | 2. Plaintiff and/or the agent authorized to act on Plaintiff's behalf determined that each unauthorized use would not qualify as fair use.<br><br>Grecco Decl., at ¶ 37. | Disputed. Neither Plaintiff nor Grecco considered whether each unauthorized use would or would not qualify as fair use. *See* factual citations referenced in Genuine Dispute of Fact No. 6, above.<br><br>*See also* Objection Nos. 1-2. |
| 8. | 3. Each of Plaintiff's DMCA Takedown Notices identified one of the 22 photographs at issue in this lawsuit.<br><br>Grecco Decl., at ¶ 36. | Disputed. Plaintiff clarified that one of the notices does not relate to a photograph at issue in this case. *See* Fact No. 13 below. The cited portion of the Grecco Declaration does not say that each notice identified one of the 22 photographs at issue. |
| 9. | 4. Each of Plaintiff's DMCA Takedown Notices identified the infringing material by providing the original image and URL Links to Defendant's Platform.<br><br>Grecco Decl. at ¶ 36, Composite Exhibit B. | Disputed in Part as to "original images." Plaintiff has failed to present evidence supporting this fact. Several of the notices submitted in Exhibit B to the Grecco Declaration do not include a copy of the original image. *See* Dkt. 68-3 at 62-65, 68-69, 81-82, |
| 10. | 5. Each of Plaintiff's DMCA Takedown Notice contains a statement of good faith belief that the infringement is not authorized by the copyright owner, its agent, or the law.<br><br>Grecco Decl. at ¶ 36, Composite Exhibit B. | Disputed. Plaintiff's DMCA Takedown Notices do not contain statements of good faith belief that the infringement is not authorized by the law because Grecco expressly admitted he did not consider fair use before authorizing Plaintiff to send the takedown notices to Defendant. Exh. 4, |

DEFENDANT'S STATEMENTS OF GENUINE
DISPUTES OF MATERIAL FACT                                    Case No. 2:24-CV-04837-FLA-MAR

| No. | Undisputed Fact and Evidence | Disputed/Undisputed and Evidence |
|-----|------------------------------|----------------------------------|
|     |                              | Grecco Depo. at 211:1-4 (Q: Did your company consider the doctrine of fair use before issuing the takedown notice with respect to this first video? A: No.); 211:9-15 (Q: So is it fair to say, then, sir, that before your company issued any of the takedown notices in this case, that you didn't consider whether—you didn't consider fair use? A: I still don't consider fair use.); 260:18-24 (Q: And its your position that the allegations of infringement in these DMCA notices were true and accurate even though you did not consider fair use before sending these DMCA notices; right? A: Correct. I still don't consider fair use; correct.). *See also* Objection Nos 1-2. |

**Plaintiff Provided DMCA Takedown Notices for Every Unauthorized Use**

| No. | Undisputed Fact and Evidence | Disputed/Undisputed and Evidence |
|-----|------------------------------|----------------------------------|
| 11. | 1. Plaintiff submitted 24 DMCA Takedown Notices to Defendant.<br><br>Grecco Decl. at ¶ 36, Composite Exhibit B | Disputed in Part as to "24." Plaintiff submitted 25 notices to Defendant. Dkt. 68-3, Grecco Decl. ¶ 35. *See also* Fact No. 3 above. |
| 12. | 2. Two of the Takedown Notices were with respect to the First Photograph.<br><br>Grecco Decl. at ¶ 36, Composite Exhibit B. | Undisputed. |

DEFENDANT'S STATEMENTS OF GENUINE
DISPUTES OF MATERIAL FACT                    Case No. 2:24-CV-04837-FLA-MAR

| No. | Undisputed Fact and Evidence | Disputed/Undisputed and Evidence |
|---|---|---|
| 13. | 3. One of the Takedown Notices was with respect to a photograph not at issue in this lawsuit.<br><br>Grecco Decl. at ¶ 36, Composite Exhibit B; Second Amended Complaint [D.E. 46], Exhibit N at 116. | Undisputed. |
| 14. | 4. The remaining Takedown Notices were with respect to one of the 22 photographs at issue in this lawsuit.<br><br>Grecco Decl. at ¶ 36, Composite Exhibit B. | Undisputed. |

**Defendant Failed to Comply with the DMCA by Not Removing Infringements Expeditiously**

| No. | Undisputed Fact and Evidence | Disputed/Undisputed and Evidence |
|---|---|---|
| 15. | 1. Defendant considers the removal of infringing material from its platform to be "expeditious" if done within 24 – 48 hours.<br><br>Alejandrino Decl. at ¶ 3, Exhibit A, at Boutros Tr. at 17:8-17:15. | Disputed in Part as to the circumstances of removal. ████████████████ ████████████████ ████████████████ Dkt 68-2, Exh. A, Boutros Depo. at 17:8-17:15. |
| 16. | 1. Defendant did not remove any unauthorized display of the Work (as identified in Plaintiff's DMCA Takedown Notices) for at least a year after Plaintiff sent the DMCA Takedown Notices to Defendant.<br><br>Alejandrino Decl. at ¶ 5, Exhibit C, Nos. 9-13. | Disputed in Part as to "unauthorized." Fair use is "authorized by the law" and the alleged infringement is fair use as set forth in Defendant's Opposition to Plaintiff's Motion for Summary Judgment. *See Lenz v. Universal Music Corp.*, 815 F.3d 1145, 1153 (9th Cir. 2016). |

DEFENDANT'S STATEMENTS OF GENUINE
DISPUTES OF MATERIAL FACT                              Case No. 2:24-CV-04837-FLA-MAR

| No. | Undisputed Fact and Evidence | Disputed/Undisputed and Evidence |
|---|---|---|
| 17. | 2. As of the filing date of Plaintiff's motion for summary judgment. Defendant did not remove any unauthorized display of the Work (as identified in Plaintiff's DMCA Takedown Notices) as a result of the DMCA Takedown Notices.<br><br>Alejandrino Decl. at ¶ 3, Exhibit A, at Boutros Tr. at 126:23-127:8; 58:12-58:25; 67:6-67:13. | Disputed in Part as to "unauthorized." Fair use is "authorized by the law" and the alleged infringment is fair use as set forth in Defendant's Opposition to Plaintiff's Motion for Summary Judgment. *See Lenz v. Universal Music Corp.*, 815 F.3d 1145, 1153 (9th Cir. 2016). |

**Defendant Failed to Comply with the DMCA by Not Removing Infringements**

| No. | Undisputed Fact and Evidence | Disputed/Undisputed and Evidence |
|---|---|---|
| 18. | 1. Defendant did not remove any unauthorized display of the Work as a result of the DMCA Takedown Notices.<br><br>Alejandrino Decl. at ¶ 3, Exhibit A, at Boutros Tr. at 58:12-58:25; 67:6-67:13; 126:23-127:8. | Disputed in Part as to unauthorized. Fair use is "authorized by the law" and the alleged infringment is fair use as set forth in Defendant's Opposition to Plaintiff's Motion for Summary Judgment. *See Lenz v. Universal Music Corp.*, 815 F.3d 1145, 1153 (9th Cir. 2016). |
| 19. | 2. Defendant testified that eight infringements identified in Plaintiff's DMCA Takedown Notices are no longer displayed.<br><br>Alejandrino Decl. at ¶ 3, Exhibit A, at Boutros Tr. at 58:12-58:22. | Undisputed. |
| 20. | 3. Of the eight infringements no longer displayed, seven of the infringements are at issue in this lawsuit. | Undisputed. |

DEFENDANT'S STATEMENTS OF GENUINE
DISPUTES OF MATERIAL FACT                                    Case No. 2:24-CV-04837-FLA-MAR

| No. | Undisputed Fact and Evidence | Disputed/Undisputed and Evidence |
|-----|------------------------------|----------------------------------|
|  | Alejandrino Decl. at ¶ 6, Exhibit D, No. 10; Second Amended Complaint [D.E. 46], Exhibit N at pp. 2, 5, 38, 53, 55, 65, and 106. |  |
| 21. | 4. The photographs at issue in this lawsuit that were the subject of the infringing materials that were removed are two of the First Photograph, the Sixth Photograph, the Twelfth Photograph, the Thirteenth Photograph, the Fifteenth Photograph, and the Twenty-second Photograph.<br><br>Alejandrino Decl. at ¶ 3, Exhibit A, at Boutros Tr. at 106:5-106:25.<br>Alejandrino Decl. at ¶ 6, Exhibit D, No. 10; Second Amended Complaint [D.E. 46], Exhibit N at pp. 2, 5, 38, 53, 55, 65, and 106. | Undisputed. |
| 22. | 5. An additional infringement was removed that is not at issue in this lawsuit.<br><br>Alejandrino Decl. at ¶ 3, Exhibit A, at Boutros Tr. at 58:12-22.<br>Alejandrino Decl. at ¶ 6, Exhibit D, No. 10; Second Amended Complaint [D.E. 46], Exhibit N at 116. | Undisputed. |
| 23. | 6. Defendant did not remove seven of the infringements, as they were removed by the users themselves.<br><br>Alejandrino Decl. at ¶ 3, Exhibit A, at Boutros Tr. at 58:12-58:25; 67:6-67:13; 106:5-106:25. | Undisputed. |

DEFENDANT'S STATEMENTS OF GENUINE
DISPUTES OF MATERIAL FACT                                    Case No. 2:24-CV-04837-FLA-MAR

| No. | Undisputed Fact and Evidence | Disputed/Undisputed and Evidence |
|---|---|---|
| 24. | 7. Defendant removed an unspecified infringement for a reason unrelated to Plaintiff's DMCA Takedown Notice.<br><br>Alejandrino Decl. at ¶ 3, Exhibit A, at Boutros Tr. at 106:5-106:25. | Undisputed for purposes of this motion. |
| 25. | 8. ███████████████████████<br>███████████████████<br><br>Alejandrino Decl. at ¶ 3, Exhibit A, at Boutros Tr. at 19:23-20:5; 125:23-126:8; 127:1-127:8. | Undisputed. |
| 26. | 9. A majority of the Work is still published.<br><br>Alejandrino Decl. at ¶ 3, Exhibit A, at Boutros Tr. at 106:5-106:25. | Undisputed. |

**Defendant Failed to Comply with the DMCA by Not Noticing Users of the DMCA Takedown Notice**

| No. | Undisputed Fact and Evidence | Disputed/Undisputed and Evidence |
|---|---|---|
| 27. | 1. A user has the opportunity to provide licensing after receiving notification that the content has been pursuant to a DMCA Takedown Notice.<br><br>Alejandrino Decl. at ¶ 3, Exhibit A, at Boutros Tr. at 96:17-96:23. | Disputed because the sentence in incomplete. ███████████ ████████████████████████ ████████████████████████ ████████████████████████ ████████████████████ Dkt. 68-2, Exh. A, Boutros Depo. at 96:5-96:23. |

| No. | Undisputed Fact and Evidence | Disputed/Undisputed and Evidence |
|---|---|---|
| 28. | 2. Defendant did not have any communication with the users who posted the Work without authorization.<br><br>Alejandrino Decl. at ¶ 3, Exhibit A, at Boutros Tr. at 66:12-67:1. | Disputed in Part as to without authorization. Fair use is "authorized by the law" and the alleged infringment is fair use as set forth in Defendant's Opposition to Plaintiff's Motion for Summary Judgment. *See Lenz v. Universal Music Corp.*, 815 F.3d 1145, 1153 (9th Cir. 2016) |

**Defendant Failed to Comply with the DMCA by Not Informing Plaintiff the Work Would Remain Published**

| No. | Undisputed Fact and Evidence | Disputed/Undisputed and Evidence |
|---|---|---|
| 29. | 1. Defendant did not have any communication with Plaintiff regarding the refusal to remove the Work.<br><br>Grecco Decl. at ¶ 38 | Disputed in Part ███████<br>███████████████<br>███████████████<br>███████████████<br>███████████████<br>███████████████<br>██████████. Dkt. 68-2, Exh. A, Boutros Depo. at 48:10-14; 65:6-11. Boutros Decl. ¶ 10. |

**Defendant Failed to Comply with the DMCA by Allowing the Work to Remain Published Despite Notice of the Lawsuit**

| No. | Undisputed Fact and Evidence | Disputed/Undisputed and Evidence |
|---|---|---|
| 30. | 1. Defendant was served the complaint.<br><br>Proof of Service [D.E. 11]. | Undisputed. |

| No. | Undisputed Fact and Evidence | Disputed/Undisputed and Evidence |
|---|---|---|
| 31. | 2. The Complaint seeks an injunction to restrain the user's infringing behavior.<br><br>Complaint [D.E. 1]; First Amended Complaint [D.E. 23]; Second Amended Complaint [D.E. 46]. | Disputed in Part as to "user's." Plaintiff's complaint seeks to enjoin and restrain Defendant. Dkt. 46 at 36, 42. |

**Defendant Did Not Follow Its Own Policy Regarding the DMCA Takedown Notices**

| No. | Undisputed Fact and Evidence | Disputed/Undisputed and Evidence |
|---|---|---|
| 32. | 1. Defendant did not review any of the DMCA Takedown Notices prior to receiving notice of this lawsuit.<br><br>Alejandrino Decl. at ¶ 3, Exhibit A, at Boutros Tr. at 51:3-51:23. | Undisputed. |
| 33. | 2. ███████████████████████<br><br>Alejandrino Decl. at ¶ 3, Exhibit A, at Boutros Tr. at 64:2-64:12. | Disputed. ████████████████ ██████ Dkt. 68-2, Exh. A, Boutros Depo. 64:2-64:12; 65:6-11. Boutros Decl. ¶ 10. |

**Plaintiff Owns the Work**

| No. | Undisputed Fact and Evidence | Disputed/Undisputed and Evidence |
|---|---|---|
| 34. | 1. Michael Grecco created 8 of the photographs comprising the Work prior to 1998. | Undisputed for purposes of this Motion. |

-12-

| No. | Undisputed Fact and Evidence | Disputed/Undisputed and Evidence |
|---|---|---|
|  | Grecco Decl. at ¶ 40, Exhibit C. |  |
| 35. | 2. The Seventeenth Photograph was published in 1980 and registered in 2019.<br><br>Grecco Decl. at ¶ 40, Exhibit C. | Undisputed for purposes of this Motion. |
| 36. | 3. The Twelfth, Nineteenth, and Twentieth Photographs were published in 1993 and registered in 2017.<br><br>Grecco Decl. at ¶ 40, Exhibit C. | Undisputed. |
| 37. | 4. The Twenty-first Photograph was published in 1995 and registered in 2003.<br><br>Grecco Decl. at ¶ 40, Exhibit C. | Undisputed. |
| 38. | 5. The Eighth, Ninth, and Tenth Photographs were published in 1997 and registered in 2017.<br><br>Grecco Decl. at ¶ 40, Exhibit C. | Undisputed. |
| 39. | 6. The Eleventh Photograph was published in 1998 and registered in 2017.<br><br>Grecco Decl. at ¶ 40, Exhibit C. | Undisputed. |
| 40. | 7. In 1998, Plaintiff was incorporated.<br><br>Alejandrino Decl. at ¶ 4, Exhibit B, (the "Grecco Tr.") at 53:9-53:11; 54:6-54:8. | Undisputed. |
| 41. | 8. All photography that was created prior to the incorporation of Plaintiff was assigned/transferred to Plaintiff.<br><br>Alejandrino Decl. at ¶ 4, Exhibit B, at Grecco Tr. at 53:12-53:18; 54:9-54:11. | Undisputed for purposes of this Motion. |

DEFENDANT'S STATEMENTS OF GENUINE
DISPUTES OF MATERIAL FACT                                      Case No. 2:24-CV-04837-FLA-MAR

| No. | Undisputed Fact and Evidence | Disputed/Undisputed and Evidence |
|---|---|---|
| 42. | 9. Michael Grecco was an employee of Plaintiff at the time of the creation of the photographs after 1998.<br><br>Alejandrino Decl. at ¶ 3, Exhibit A, at Boutros Tr. at 54:12-54:19. | Disputed.  Mr. Grecco testified he is not an employee of Plaintiff.  Exh. 4, Grecco Depo. at 21:18-22.  Grecco testified that whether and when he was an employee would be shown by an "operating agreement," which was not produced during discovery.  Exh. 4, Grecco Depo. at 55:2-20; Keyes Decl. ¶ 9.<br>Further the "Boutros Tr." that Plaintiff cites to for support of this fact has nothing to do with Mr. Grecco's employment status.  Dkt. 68-2, Exh. A, Boutros Depo. at 54:12-19. |
| 43. | 10. The Eighteenth Photograph was published and registered in 2001.<br><br>Grecco Decl. at ¶ 40, Composite Exhibit C. | Disputed.  The Eighteenth Photograph was captured in 1998 and the registration relating the Eighteenth Photograph is for a "Web Site" and it indicates the "photographs" therein are preexisting materials.  Dkt. 46 ¶ 46; Dkt. 46-10. |
| 44. | 11. The Seventh Photograph was published and registered in 2002.<br><br>Grecco Decl. at ¶ 40, Composite Exhibit C. | Undisputed. |
| 45. | 12. The Sixteenth Photograph was published and registered in 2004.<br><br>Grecco Decl. at ¶ 40, Composite Exhibit C. | Undisputed. |

DEFENDANT'S STATEMENTS OF GENUINE
DISPUTES OF MATERIAL FACT                    Case No. 2:24-CV-04837-FLA-MAR

| No. | Undisputed Fact and Evidence | Disputed/Undisputed and Evidence |
|---|---|---|
| 46. | 13. The Thirteenth, Fourteenth, and Fifteenth Photographs were published in 2008 and registered in 2010.<br><br>Grecco Decl. at ¶ 40, Composite Exhibit C. | Undisputed for purposes of this Motion. |
| 47. | 14. The First, Second, Third, Fourth, Fifth, and Sixth Photographs were published in 2009 and registered in 2010.<br><br>Grecco Decl. at ¶ 40, Composite Exhibit C. | Undisputed for purposes of this Motion. |
| 48. | 15. The Twenty-second Photograph was published and registered in 2010.<br><br>Grecco Decl. at ¶ 40, Composite Exhibit C. | Undisputed for purposes of this Motion. |
| 49. | 16. The photographs were taken of well-known celebrities (generally in private/studio settings where general members of the public would not have access), involve complex elements of lighting/staging, and cannot be recreated.<br><br>Grecco Decl. at ¶ 42. | Disputed.  At least some of the photographs at issue were captured at public events. Exh. 4, Grecco Depo. at 106:18-20; 110:2-10. Dkt. 46 ¶¶ 38, 40, 54. |
| 50. | 17. In 2012, Plaintiff changed its name from Michael Grecco Photography to Michael Grecco Productions.<br><br>Grecco Decl. at ¶ 6, Exhibit A. | Undisputed. |
| 51. | 18. Plaintiff owns the copyright for all photographs comprising the work.<br><br>Grecco Decl. at ¶ 6. | Disputed.  Plaintiff has not shown that Mr. Grecco assigned Plaintiff any copyrights for images created in 1998 or later or that Mr. Grecco was an employee at the relevant times. *See* Fact No. 42, above.  Mr. Grecco testified there is no |

-15-

DEFENDANT'S STATEMENTS OF GENUINE
DISPUTES OF MATERIAL FACT

Case No. 2:24-CV-04837-FLA-MAR

| No. | Undisputed Fact and Evidence | Disputed/Undisputed and Evidence |
|---|---|---|
| | | assignment for images created in 1998 or later. Exh. 4, Grecco Depo. at 55:25–56:11. Further Grecco granted "unlimited rights" to third parties who commissioned the photographs. Exhs. 8-10. *See also* Defendant's Statement of Additional Uncontroverted Facts Nos. 104-109. |
| 52. | 19. Defendant has no evidence that the Work is not owned by Plaintiff.<br><br>Alejandrino Decl. at ¶ 3, Exhibit A, at Boutros Tr. at 93:10-93:12. | Disputed. *See* facts presented in response to Fact No. 51, above. |

**Defendant's Users Displayed the Work**

| No. | Undisputed Fact and Evidence | Disputed/Undisputed and Evidence |
|---|---|---|
| 53. | 1. Each photograph comprising the Work was displayed by one or more of Defendant's users.<br><br>Second Amended Complaint [D.E. 46], at ¶¶ 12, 14, 16, 18, 20, 22, 24, 26, 28, 30, 32, 34, 36, 38, 40, 42, 44, 46, 48, 50, 52, 54; Exhibit N. | Disputed in Part to the extent this Fact suggests that the *entirety* of each photograph was displayed by a user when several of the photos are cropped. *See* Defendant's Statement of Additional Uncontroverted Facts Nos. 162, 185, 196, 199, 212, 224, 227, 230, 233, 236. |

DEFENDANT'S STATEMENTS OF GENUINE
DISPUTES OF MATERIAL FACT                                     Case No. 2:24-CV-04837-FLA-MAR

**Defendant and its Users Were Not Licensed/Authorized to Use Plaintiff's Work**

| No. | Undisputed Fact and Evidence | Disputed/Undisputed and Evidence |
|---|---|---|
| 54. | 1. None of the users were licensed to use or display any of the photographs comprising the Work.<br><br>Grecco Decl. at ¶ 43. | Undisputed for purposes of this Motion. |
| 55. | 2. Defendant was not licensed to use or display any of the photographs comprising the Work.<br><br>Alejandrino Decl. at ¶ 3, Exhibit A, at Boutros Tr. at 95:17-95:20. | Disputed. TikTok users represent that they own or have permission to use content they post to TikTok and grant TTI a license to that content. *See* Exh. 1 at 6-7. |

**Defendant had Knowledge of the Infringements Because of Plaintiff's DMCA Takedown Notices**

| No. | Undisputed Fact and Evidence | Disputed/Undisputed and Evidence |
|---|---|---|
| 56. | 1. Plaintiff's DMCA Takedown Notices were addressed to Defendant's designated DMCA email.<br><br>Grecco Decl. at ¶ 36, Composite Exhibit B; Boutros Tr. at 44:22- 44:24. | Undisputed. |
| 57. | 2. Plaintiff's DMCA Takedown Notice provided a link to the infringement.<br><br>Grecco Decl. at ¶ 36, Composite Exhibit B. | Undisputed. |
| 58. | 3. Defendant admits it received Plaintiff's DMCA Takedown Notices.<br><br>Alejandrino Decl. at ¶ 5, Exhibit C, Nos. 9-13. | Disputed in Part ▮▮▮▮▮<br><br>Dkt. 68-2, Exh. A, |

| No. | Undisputed Fact and Evidence | Disputed/Undisputed and Evidence |
|---|---|---|
| | | Boutros Depo. at 64:2-64:12; 65:6-11.  Boutros Decl. ¶ 10. |
| 59. | 4.  Alejandrino Decl. at ¶ 3, Exhibit A, at Boutros Tr. at 44:15-44:21. | Undisputed. |
| 60. | 5. Alejandrino Decl. at Boutros Tr. at 64:9-65:21; Alejandrino Decl. at ¶ 6, Exhibit D, No. 12. | Disputed. . Dkt. 68-2, Exh. A, Boutros Depo. at 64:2-64:12; 65:6-11.  Boutros Decl. ¶ 10. |
| 61. | 6. Alejandrino Decl. at Boutros Tr. at 64:9-65:21. | Undisputed. |
| 62. | 7. Alejandrino Decl. at Boutros Tr. at 117:1-118:24. | Undisputed. |

DEFENDANT'S STATEMENTS OF GENUINE
DISPUTES OF MATERIAL FACT                    Case No. 2:24-CV-04837-FLA-MAR

**Defendant had Knowledge of the Infringements when Plaintiff Filed This Lawsuit**

| No. | Undisputed Fact and Evidence | Disputed/Undisputed and Evidence |
|-----|------------------------------|----------------------------------|
| 63. | 1. Defendant was served the complaint.<br><br>Proof of Service [D.E. 11]. | Undisputed. |
| 64. | 2. The complaint contains an exhibit with *all infringements comprising the Work*.<br><br>Complaint [D.E. 1]; First Amended Complaint [D.E. 23]; Second Amended Complaint [D.E. 46], Exhibit N. | Disputed in Part. Plaintiff makes clear that one of the alleged infringements in Exhibit N to the Second Amended Complaint is not at issue in this lawsuit. *See* Fact No. 13, above.<br>Undisputed that the remainder of Exhibit N is comprised of screenshots of the alleged infringement. |
| 65. | 3. Defendant received legal notice of the lawsuit.<br><br>Proof of Service [D.E. 11] <u>Alejandrino Decl.</u> at ¶ 3, Exhibit A, at Boutros Tr. at 117:4-117:8. | Undisputed. |

**Defendant's Failure to Remove the Infringement was a Material Contribution**

| No. | Undisputed Fact | Evidence |
|-----|-----------------|----------|
| 66. | 1. Defendant made a determination to not remove the Work after receiving notice of the lawsuit.<br><br><u>Alejandrino Decl.</u> at ¶ 3, Exhibit A, at Boutros Tr. at 19:23-20:5; 125:23-126:8; 127:1-127:8. | Undisputed. |

DEFENDANT'S STATEMENTS OF GENUINE
DISPUTES OF MATERIAL FACT                      Case No. 2:24-CV-04837-FLA-MAR

**Defendant Making a Fair Use Determination was a Material Contribution**

| No. | Undisputed Fact and Evidence | Disputed/Undisputed and Evidence |
|---|---|---|
| 67. | 1. Defendant made the decision to analyze the reported infringement for fair use after receiving notice of the lawsuit.<br><br>Alejandrino Decl. at ¶ 3, Exhibit A, at Boutros Tr. at 94:7-94:20; 111:21-112:4; 112:10-112:17; 127:1-127:8; Alejandrino Decl. at¶ 6, Exhibit D, No. 12. | Undisputed. |
| 68. | 2. Defendant determined the infringements were fair use.<br><br>Alejandrino Decl. at ¶ 3, Exhibit A, at Boutros Tr. at 94:7-94:20; 111:21-112:4; 112:10-112:17; 127:1-127:8; Alejandrino Decl. at¶ 6, Exhibit D, Nos. 12-13. | Undisputed. |
| 69. | 3. Defendant's fair use determination is why it did not remove the Work.<br><br>Alejandrino Decl. at ¶ 3, Exhibit A, at Boutros Tr. at 94:7-94:20; 111:21-112:4; 112:10-112:17; 127:1-127:8; Alejandrino Decl. at ¶ 6, Exhibit D, Nos. 12-13. | Undisputed. |

**Defendant has Simple Measures in Place to Remove Infringements**

| No. | Undisputed Fact and Evidence | Disputed/Undisputed and Evidence |
|---|---|---|
| 70. | 1. Defendant has established several ways to submit DMCA takedown notices, including but not limited to: in-app reporting, submitting a from report on the desktop website, email, an internal database with trusted partners who submit notices.<br><br>Alejandrino Decl. at ¶ 3, Exhibit A, at Boutros Tr. at 16:14-16:16; 31:13-31:25; 124:2-124:22. | Undisputed. |
| 71. | 2. Each of Plaintiff's DMCA Takedown Notices contains links/URLs to the specific location on Defendant's website/platform of the alleged infringement at issue therein.<br><br>Grecco Decl. at ¶ 36, Composite Exhibit B. | Undisputed. |
| 72. | 3. ███████████████<br>██ ██ ██ ████<br>████████<br><br>Alejandrino Decl. at ¶ 3, Exhibit A, at Boutros Tr. at 124:11-125:1. | Undisputed. |
| 73. | 4. ███████████████<br>████████████<br><br>Alejandrino Decl. at ¶ 3, Exhibit A, at Boutros Tr. at 17:16-17:24; 30:12-30:20. | Undisputed. |
| 74. | 5. ████████ ███ ███<br>████████████<br><br>Alejandrino Decl. at ¶ 3, Exhibit A, at Boutros Tr. at 125:22-126:7. | Disputed. ████████████<br>████████████<br>███████████<br>█████ Boutros Tr. at 125:22-126:11. |

**Fair Use is Not Applicable**

| No. | Undisputed Fact and Evidence | Disputed/Undisputed and Evidence |
|---|---|---|
| 75. | 1.  Defendant's Creator Program allows users to monetize their content.<br><br>Alejandrino Decl. at ¶ 3, Exhibit A, at Boutros Tr. at 24:7-24:12. | Undisputed. |
| 76. | 2.  With respect to at least some of the infringements at issue in the DMCA Takedown Notices, the subject user who posted such infringement to Defendant's platform was in Defendant's Creator Program.<br><br>Alejandrino Decl. at ¶ 3, Exhibit A, at Boutros Tr. at 25:12-26:12. | Undisputed. |
| 77. | 3.  Defendant makes money from advertisements and the TikTok Shop.<br><br>Alejandrino Decl. at ¶ 3, Exhibit A, at Boutros Tr. at 26:22-27:4. | Undisputed. |
| 78. | 4.  Advertisements are placed in Defendant's users' content, including with respect to the alleged infringements at issue in this lawsuit.<br><br>Alejandrino Decl. at ¶ 3, Exhibit A, at Boutros Tr. at 98:8-98:17. | Disputed.  None of the alleged infringements are advertisements and none are associated with advertising. Exh. 4, Grecco Depo. at 127:11-12 ("none of my images have been used in an ad on TikTok"); 133:2-3 ("There are—no one is saying that my work was used in an advertisement . . . ."). |
| 79. | 5.  Plaintiff is a boutique high-end licensor of high-quality imagery. | Disputed.  Most of Plaintiff's licenses produced during discovery are the result of "retroactive licenses" entered |

DEFENDANT'S STATEMENTS OF GENUINE
DISPUTES OF MATERIAL FACT                                    Case No. 2:24-CV-04837-FLA-MAR

| No. | Undisputed Fact and Evidence | Disputed/Undisputed and Evidence |
|---|---|---|
| | Alejandrino Decl. at ¶ 4, Exhibit B, at Grecco Tr. at 318:19-318:20. | into under threat of litigation. Exh. 4, Grecco Depo. at 296:8-14; 297:22-25; 284:24-285:6; 288:11-15; 290:16-291:4; 298:16-22; 299:14-22; 300:7-301:4; 292:16-21; 300:10-17. Plaintiff offers its photographs for license through its website, but has never licensed one of the photographs at issue here through the website. *Id.*, Grecco Depo. at 266:25-267:8. *See also* Objection No. 3. |
| 80. | 6.  Plaintiff is selective about what photographs get licensed and to whom for the purpose of not wanting to undermine the market. Alejandrino Decl. at ¶ 4, Exhibit B, Alejandrino Decl. at ¶ 4, Exhibit B at Grecco Tr. at 321:14-321:25. | Disputed.  Plaintiff establishes retroactive licenses as a result of Plaintiff locating an unauthorized use of its photographs and contacting the user to negotiate a license after infringement began. Exh. 4, Grecco Depo. at 296:8-14; 297:22-25; 284:24-285:6; 288:11-15; 290:16-291:4; 298:16-22; 299:14-22; 300:7-301:4; 292:16-21; 300:10-17. Plaintiff offers its photographs for license to the public through its website. *Id.*, Grecco Depo. at 266:25-267:8. |
| 81. | 7.  Plaintiff has no way to control how its photographs operate in the market when the photographs are being infringed and may lose licensing revenue. Alejandrino Decl. at ¶ 4, Exhibit B, at Grecco Tr. at 133:12-134:1. | Disputed.  The testimony cited here states that Plaintiff "wouldn't know" if it had "been deprived licensing revenue" as a result of its images appearing on TikTok.  Exhibit B, at Grecco Tr. at 133:12-134:1. Plaintiff presents no evidence of this fact. |

DEFENDANT'S STATEMENTS OF GENUINE
DISPUTES OF MATERIAL FACT                    Case No. 2:24-CV-04837-FLA-MAR

1

2   Dated:    September 5, 2025          DORSEY & WHITNEY LLP

3
                                        By: */s/ Connor J. Hansen*
4                                       J. Michael Keyes (SBN 262281)
                                          *keyes.mike@dorsey.com*
5                                       Connor J. Hansen (*pro hac vice*)
                                          *hansen.connor@dorsey.com*
6                                       Dylan J. Harlow (*pro hac vice*)
                                          *harlow.dylan@dorsey.com*
7                                       Columbia Center
                                        701 Fifth Avenue, Suite 6100
8                                       Seattle, WA
                                        Telephone:  206.903.8800
9                                       Facsimile:  206.903.8820

10                                      DORSEY & WHITNEY LLP
                                        Kent J. Schmidt (SBN 195969)
11                                        *schmidt.kent@dorsey.com*
                                        600 Anton Boulevard, Suite 200
12                                      Costa Mesa, CA 92626
                                        Telephone:  714.800.1400
13                                      Facsimile:  714.800.1499

14                                      *Attorneys for Defendant TikTok, Inc.*

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT'S STATEMENTS OF GENUINE
DISPUTES OF MATERIAL FACT                              Case No. 2:24-CV-04837-FLA-MAR

1

**CERTIFICATE OF SERVICE**

2          I hereby certify that on September 5, 2025, a true and correct copy of the

3   foregoing was filed electronically using the Court's CM/ECF system, which shall

4   send notification of such filing to all counsel of record.  Any counsel of record who

5   has not consented to electronic service through the Court's CM/ECF system will be

6   served by electronic mail.

7

8                                         */s/ Connor J. Hansen*

9                                         Connor J. Hansen

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT'S STATEMENTS OF GENUINE
DISPUTES OF MATERIAL FACT                                    Case No. 2:24-CV-04837-FLA-MAR