DORSEY & WHITNEY LLP
J. Michael Keyes (SBN 262281)
  keyes.mike@dorsey.com
Connor J. Hansen (*pro hac vice*)
  hansen.connor@dorsey.com
Dylan J. Harlow (*pro hac vice*)
  harlow.dylan@dorsey.com
701 Fifth Avenue, Suite 6100
Seattle, WA 98104
Telephone: 206.903.8800
Facsimile:  206.903.8820

DORSEY & WHITNEY LLP
Kent J. Schmidt (SBN 195969)
  schmidt.kent@dorsey.com
600 Anton Boulevard, Suite 200
Costa Mesa, CA 92626
Telephone:  714.800.1400
Facsimile:   714.800.1499

*Attorneys for Defendant TikTok, Inc.*

REDACTED

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL GRECCO PRODUCTIONS INC.,<br><br>*Plaintiff*,<br><br>v.<br><br>TIKTOK, INC.,<br><br>*Defendant*. | Case No. 2:24-CV-04837-FLA-MAR<br><br>**DECLARATION OF JEMILI BOUTROS IN SUPPORT OF DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>Hon. Fernando L. Aenlle-Rocha<br>Date:  September 26, 2025<br>Time:  1:30pm<br>Courtroom: 6B<br><br>Filed concurrently with:<br>(1) Opposition to Plaintiff's Motion for Partial Summary Judgment;<br>(2) Statement of Genuine Disputes of Material Fact;<br>(3) Statement of Additional Uncontroverted Facts;<br>(4) Declaration of J. Michael Keyes;<br>(5) [Proposed] Order |

-1-
DECLARATION OF JEMILI BOUTROS IN SUPPORT
OF DEFENDANT'S OPPOSITION TO PLAINTIFF'S
MOTION FOR PARTIAL SUMMARY JUDGMENT

Case No. 2:24-CV-04837-FLA-MAR

I, Jemili Boutros, declare under penalty of perjury under the laws of the United States and the State of California, as follows:

1. I submit this declaration in support of Defendant TikTok, Inc.'s ("Defendant" or "TTI") Opposition to Plaintiff's Motion for Partial Summary Judgment. I have personal knowledge of the facts set forth in this declaration and, if called as a witness, could and would competently testify thereto.

2. I am a Senior Intellectual Property Specialist for TikTok U.S. Data Security, a subsidiary of TTI. As part of my responsibilities and experience, I am familiar with the TikTok platform and TTI's copyright policies and procedures.

3. TTI provides the TikTok platform in the United States. TikTok is an online entertainment platform that allows users to create, share, and engage with content posted by other users. TikTok's mission is to inspire creativity and bring joy to its users. The platform is designed to provide a creative and entertaining forum for users to express themselves and make connections with other content creators and users.

4. TikTok users engage with the platform by creating and sharing videos or watching and interacting with videos posted by others. ███████████████████████████████████████████████ Videos on TikTok relate to a wide variety of topics including politics, educational content, news, family, comedy, and users' jobs and hobbies.

5. TikTok users agree to Terms of Service that govern their use of the platform. Attached hereto as **Exhibit 1** is a true and correct copy of TikTok's Terms of Service. The Terms of Service are publicly available online at the URL shown in the exhibit.

6. I understand that Plaintiff Michael Grecco Productions ("Plaintiff" or "MGP") alleges that TikTok users have infringed Plaintiff's copyrights by posting content to the TikTok platform that includes or incorporates photographs owned by

-1-
DECLARATION OF JEMILI BOUTROS IN SUPPORT
OF DEFENDANT'S OPPOSITION TO PLAINTIFF'S
MOTION FOR PARTIAL SUMMARY JUDGMENT              Case No. 2:24-CV-04837-FLA-MAR

1  Plaintiff.  TTI itself did not create or post any of the allegedly infringing content.  I
2  understand that there are twenty-two photographs at issue in this case, which I will
3  refer to as the "Asserted Works."

4      7.    TTI takes intellectual property and infringement allegations seriously.
5  TTI has established policies and procedures for addressing allegations of
6  infringement. ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬
7  ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬
8  ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬
9  ▬▬▬

10      8.    TTI publishes an "Intellectual Property Removal Request Report" on
11  approximately an annual basis.  The Intellectual Property Removal Request Report is
12  prepared using records kept in the regular course of business and reports, among other
13  things, the total number of copyright removal requests that TTI received in a six-
14  month period and the number of reports that resulted in the removal of the reported
15  content in that same period.  I help draft the annual Intellectual Property Removal
16  Request Reports.

17      9.    Attached hereto as **Exhibit 2** is a true and correct copy of an Intellectual
18  Property Removal Request Report published on June 26, 2025, which is publicly
19  available at the URL shown in the exhibit.  As shown in this exhibit, in 2023 TTI
20  received 462,119 copyright removal requests, 266,321 of which (approximately 58%)
21  resulted in removal of content.  Similarly, in 2024 TTI received 546,651 copyright
22  removal requests, 368,296 of which (approximately 67%) resulting in removal of
23  content.

24      10. ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬
25  ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬
26  ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬
27  ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬
28

-2-
DECLARATION OF JEMILI BOUTROS IN SUPPORT
OF DEFENDANT'S OPPOSITION TO PLAINTIFF'S
MOTION FOR PARTIAL SUMMARY JUDGMENT    Case No. 2:24-CV-04837-FLA-MAR

1  █████████████████████████████████████████████████████████

2  █████████████████████████████████████████████████████████

3  ████████████████████████████████████

4      11.   Each of the alleged acts of infringement identified by Plaintiff are profile pictures or videos created and posted by TikTok users to TikTok. I understand that TTI's legal counsel determined that each alleged act of infringement constitutes fair use. Accordingly, the profile pictures and videos identified by Plaintiff were not removed from the TikTok platform due to alleged copyright violations. However, a number of the videos and profile pictures have nevertheless been removed for other reasons, generally by the users themselves.

11      12.   ████████████████████████████████████

12 █████████████████████████████████████████████████████████

13 █████████████████████████████████████████████████████████

14 █████████████████████████████████████████████████████████

15 ██████████████████████  ███████████████████████████

16 ██████████████████████████████████████

17      13.   TTI operates the e-commerce platform TikTok Shop. Generally speaking, third-party TikTok Shop sellers can promote and sell products through TikTok Shop. None of the Asserted Works was used in content associated with TikTok Shop in any way, such as being used to promote or sell a product.

21      14.   TTI did not generate any revenue or profits from the use of the Asserted Works. TTI did not generate any revenue or profits from the allegedly infringing content identified by Plaintiff.

-3-

DECLARATION OF JEMILI BOUTROS IN SUPPORT
OF DEFENDANT'S OPPOSITION TO PLAINTIFF'S
MOTION FOR PARTIAL SUMMARY JUDGMENT    Case No. 2:24-CV-04837-FLA-MAR

1  I certify under penalty of perjury under the laws of the United States that the
2  foregoing is true and correct.
3
4  This declaration was executed on September 4th, 2025 in Los Angeles, California.
5
6  _____
   Jemili Boutros
7

# CERTIFICATE OF SERVICE

I hereby certify that on September 5, 2025, a true and correct copy of the foregoing was filed electronically using the Court's CM/ECF system, which shall send notification of such filing to all counsel of record. Any counsel of record who has not consented to electronic service through the Court's CM/ECF system will be served by electronic mail.

                                       */s/ Connor J. Hansen*
                                       Connor J. Hansen