DORSEY & WHITNEY LLP
J. Michael Keyes (SBN 262281)
  *keyes.mike@dorsey.com*
Connor J. Hansen (*pro hac vice*)
  *hansen.connor@dorsey.com*
Dylan J. Harlow (*pro hac vice*)
  *harlow.dylan@dorsey.com*
701 Fifth Avenue, Suite 6100
Seattle, WA 98104
Telephone: 206.903.8800
Facsimile: 206.903.8820

DORSEY & WHITNEY LLP
Kent J. Schmidt (SBN 195969)
  *schmidt.kent@dorsey.com*
600 Anton Boulevard, Suite 200
Costa Mesa, CA 92626
Telephone: 714.800.1400
Facsimile: 714.800.1499

*Attorneys for Defendant TikTok, Inc.*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| MICHAEL GRECCO PRODUCTIONS INC., <br><br> *Plaintiff,* <br><br> v. <br><br> TIKTOK, INC., <br><br> *Defendant.* | Case No. 2:24-CV-04837-FLA-MAR <br><br> **DEFENDANT'S OBJECTIONS TO PLAINTIFF'S EVIDENCE SUBMITTED IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT** <br><br> Hon. Fernando L. Aenlle-Rocha <br> Date: September 26, 2025 <br> Time: 1:30pm <br> Courtroom: 6B <br><br> Filed concurrently with: <br> [Proposed] Order |

Defendant TikTok, Inc. ("TTI" or "Defendant") hereby submits its Statement of Objections to Plaintiff's Evidence Submitted in Support of its Motion for Partial Summary Judgment (Dkt. 68).

All evidence cited herein is to the concurrently filed Declaration of J. Michael Keyes In Support of Defendant's Opposition to Plaintiff's Motion for Partial Summary Judgment ("Keyes Decl.") and Exhibits 4, 8, 9 and 10 thereto.

| Objection No. and Evidence Objected To | Objections |
|---|---|
| 1. "Prior to each take-down notice being sent to Defendant, Plaintiff (or an agent authorized to act on behalf of Plaintiff) subjectively considered whether Defendant's user's use of each photograph was fair use."<br><br>Dkt. 68-3, Declaration of Michael Grecco ("Grecco Decl.") ¶ 37. | The Court should disregard this statement in Grecco's declaration under the Sham Affidavit Rule because such later declaration testimony directly contradicts Grecco's original, sworn deposition testimony that he did not consider fair use before Plaintiff's takedown notices were submitted. Exh. 4, Grecco Depo. at 211:1-4 (Q: Did your company consider the doctrine of fair use before issuing the takedown notice with respect to this first video? A: No.); 211:9-15 (Q: So is it fair to say, then, sir, that before your company issued any of the takedown notices in this case, that you didn't consider whether—you didn't consider fair use? A: I still don't consider fair use.); 260:18-24 (Q: And its your position that the allegations of infringement in these DMCA notices were true and accurate even though you did not consider fair use before sending these DMCA notices; right? A: Correct. I still don't consider fair use; correct.).<br><br>Grecco's original testimony controls. *See Van Asdale v. Int'l Game Tech.*, 577 F.3d 989 (9th Cir. 2009) ("The general rule in the Ninth Circuit is that a party cannot create an issue of fact by an |

| Objection No. and Evidence Objected To | Objections |
|---|---|
| | affidavit contradicting his prior deposition testimony." (quoting *Kennedy v. Allied Mut. Ins. Co.*, 952 F.2d 262, 266 (9th Cir. 1991) (The sham affidavit rule prevents "a party who has been examined at length on deposition" from "submitting an affidavit contradicting his own prior testimony," which "would greatly diminish the utility of summary judgment as a procedure for screening out sham issues of fact.")). |
| 2. "Plaintiff and/or the agent authorized to act on Plaintiff's behalf determined that each unauthorized use would not qualify as fair use."<br><br>Dkt. 68-3, Grecco Decl. ¶ 37. | The Court should disregard the statement in Grecco's declaration under the sham affidavit rule because such later testimony contradicts his original, sworn deposition testimony that he did not consider fair use before Plaintiff's takedown notices were submitted, that Plaintiff's process for submitting takedown notices is automated, and that Plaintiff only considers whether a work at issue is licensed before submitting a takedown notice. Exh. 4, Grecco Depo. at 208:19-209:7 ("its automated that, if there's no license, that they send a takedown notice"); 211:1-4 (Q: Did your company consider the doctrine of fair use before issuing the takedown notice with respect to this first video? A: No.); 211:9-15 (Q: So is it fair to say, then, sir, that before your company issued any of the takedown notices in this case, that you didn't consider whether—you didn't consider fair use? A: I still don't consider fair use.); 260:18-24 (Q: And its your position that the allegations of infringement in these DMCA notices were true and accurate |

| Objection No. and Evidence Objected To | Objections |
|---|---|
| | even though you did not consider fair use before sending these DMCA notices; right? A: Correct. I still don't consider fair use; correct.). |
| | Grecco's original testimony controls. *Van Asdale v. Int'l Game Tech.*, 577 F.3d 989 (9th Cir. 2009) ("The general rule in the Ninth Circuit is that a party cannot create an issue of fact by an affidavit contradicting his prior deposition testimony." (quoting *Kennedy v. Allied Mut. Ins. Co.*, 952 F.2d 262, 266 (9th Cir. 1991) (The sham affidavit rule prevents "a party who has been examined at length on deposition" from "submitting an affidavit contradicting his own prior testimony," which "would greatly diminish the utility of summary judgment as a procedure for screening out sham issues of fact.")). |
| 3. "Plaintiff has licensed individual images of celebrities for thousands of dollars to top-tier outlets." Dkt. 68-3, Grecco Decl. ¶ 7. | Lack of Foundation Fed. R. Evid. 602; Best Evidence Rule Fed. R. Evid. 1002; Assumes Facts Not in Evidence. Plaintiff has failed to introduce any evidence that it has licensed its photographs for "thousands of dollars." *See United States v. Bennett*, 363 F.3d 947, 953 (9th Cir. 2004) (best evidence rule applies when a witness testifies about the contents of documents without introducing the documents). To the extent Plaintiff contends it has licensed the images at issue in this case for thousands of dollars, Plaintiff's testimony establishes that most licenses are "retroactive" licenses entered into under the threat of litigation and are not |

| Objection No. and Evidence Objected To | Objections |
|---|---|
| | actual, arms-length licenses. Exh. 4, Grecco Depo. at 296:8-14 (testifying that Exhibits 24 through 40 to the Grecco deposition are retroactive licenses); 284:24-285:6; 288:11-15; 190:16-191:4; 292:16-21; 298:16-22; 299:14-22; 300:7-301:4 ("we sent them a demand letter that they need to pay for our content. Whether they get to keep it up or not is a matter of how much they're going to pay and what the negotiation is."). |
| 4. "Plaintiff is the owner of the Work and has remained the owner at all times material hereto."<br><br>Dkt. 68-3, Grecco Decl. ¶ 32. | Lack of Foundation Fed. R. Evid. 602; Best Evidence Rule Fed. R. Evid. 1002; Assumes Facts Not in Evidence; States a Legal Conclusion.<br><br>Grecco testified there is no assignment between Grecco and Plaintiff for images created in 1998 or later. Exh. 4, Grecco Depo. at 55:25–56:11. Further Grecco granted "unlimited rights" to third parties who commissioned the photographs. Exhs. 8, 9, and 10. Mr. Grecco testified he is not an employee of Plaintiff. Exh. 4, Grecco Depo. at 21:18-22. Grecco testified that whether and when he was an employee would be shown by an "operating agreement," which was not produced during discovery. Exh. 4, Grecco Depo. at 55:2-20; Keyes Decl. ¶ 9. Further, one of the registrations is issued to Grecco rather than Plaintiff. Dkt. 46-9. And the Nineteenth Photograph attributes its copyright to a third party, namely "©1993 FoxBroadcastingCompany." Dkt. 46 ¶ 48. |

DEFENDANT'S OBJECTIONS TO PLAINTIFF'S SUMMARY JUDGMENT EVIDENCE

Case No. 2:24-CV-04837-FLA-MAR

| | |
|---|---|
| 5. "All of the photographs at issue in this lawsuit were created by me and are owned by Plaintiff."<br><br>Dkt. 68-3, Grecco Decl. ¶ 39. | Defendant objects as to ownership for the reasons stated above. *See* Objection No. 4. |
| 6. "I, or other agents on behalf of Plaintiff, discovered the unauthorized use of twenty-two (22) of Plaintiff's photographs on defendant TikTok, Inc.'s website."<br><br>Dkt. 68-3, Grecco Decl. ¶ 34. | Defendant objects to the extent Plaintiff uses "unauthorized" to mean the uses are not authorized under the law. "[F]air use is 'authorized by the law'" and does not constitute infringement. *Lenz v. Universal Music Corp.*, 815 F.3d 1145, 1153 (9th Cir. 2016).<br><br>As stated above, Plaintiff did not consider fair use and therefore could have determined the uses were unauthorized under the law. *See* Objection Nos. 1-2. |
| 7. "Each takedown notices was compliant with the DCMA."<br><br>Dkt. 68-3, Grecco Decl. ¶ 36. | Lacks Foundation Fed. R. Evid. 602; Assumes Facts Not in Evidence; States a Legal Conclusion.<br><br>As stated above, Plaintiff did not consider fair use before sending the takedown notices. *See* Objections Nos. 1-2. "[F]air use is 'authorized by the law' and a copyright holder *must* consider the existence of fair use before sending a takedown notification under § 512(c)" of the DMCA. *Lenz v. Universal Music Corp.*, 815 F.3d 1145, 1153 (9th Cir. 2016) (emphasis added). Plaintiff's failure to do so does not comply with the DMCA. |

////

////

////

////

////

DEFENDANT'S OBJECTIONS TO PLAINTIFF'S
SUMMARY JUDGMENT EVIDENCE                    Case No. 2:24-CV-04837-FLA-MAR

1

2
Dated:    September 5, 2025              DORSEY & WHITNEY LLP

3

4
                                        By: */s/ Connor J. Hansen*
                                        J. Michael Keyes (SBN 262281)
5
                                          keyes.mike@dorsey.com
                                        Connor J. Hansen (*pro hac vice*)
6
                                          hansen.connor@dorsey.com
                                        Dylan J. Harlow (*pro hac vice*)
7
                                          harlow.dylan@dorsey.com
                                        Columbia Center
8
                                        701 Fifth Avenue, Suite 6100
                                        Seattle, WA
9
                                        Telephone:  206.903.8800
                                        Facsimile:  206.903.8820

10
                                        DORSEY & WHITNEY LLP
11
                                        Kent J. Schmidt (SBN 195969)
                                          schmidt.kent@dorsey.com
12
                                        600 Anton Boulevard, Suite 200
                                        Costa Mesa, CA 92626
13
                                        Telephone:  714.800.1400
                                        Facsimile:  714.800.1499

14
                                        *Attorneys for Defendant TikTok, Inc.*

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-7-

# CERTIFICATE OF SERVICE

I hereby certify that on September 5, 2025, a true and correct copy of the foregoing was filed electronically using the Court's CM/ECF system, which shall send notification of such filing to all counsel of record.  Any counsel of record who has not consented to electronic service through the Court's CM/ECF system will be served by electronic mail.

*/s/ Connor J. Hansen*
Connor J. Hansen

DEFENDANT'S OBJECTIONS TO PLAINTIFF'S
SUMMARY JUDGMENT EVIDENCE                          Case No. 2:24-CV-04837-FLA-MAR