DORSEY & WHITNEY LLP
J. Michael Keyes (SBN 262281)
  *keyes.mike@dorsey.com*
Connor J. Hansen (*pro hac vice*)
  *hansen.connor@dorsey.com*
Dylan J. Harlow (*pro hac vice*)
  *harlow.dylan@dorsey.com*
701 Fifth Avenue, Suite 6100
Seattle, WA 98104
Telephone: 206.903.8800
Facsimile: 206.903.8820

DORSEY & WHITNEY LLP
Kent J. Schmidt (SBN 195969)
  *schmidt.kent@dorsey.com*
600 Anton Boulevard, Suite 200
Costa Mesa, CA 92626
Telephone: 714.800.1400
Facsimile: 714.800.1499

*Attorneys for Defendant TikTok, Inc.*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| MICHAEL GRECCO PRODUCTIONS, INC., <br><br> *Plaintiff,* <br><br> v. <br><br> TIKTOK, INC., <br><br> *Defendant.* | CASE NO. 2:24-CV-04837-FLA-MAR <br><br> **DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO EXCLUDE AND/OR STRIKE DEFENDANT'S EXPERT WITNESS AND REPORT** <br><br> Hon. Fernando L. Aenlle-Rocha <br> Date: September 26, 2025 <br> Time: 1:30pm <br> Courtroom: 6B <br><br> Filed concurrently with: <br> (1) Declaration of J. Michael Keyes; and <br> (2) [Proposed] Order |

-i-

DEFENDANT'S OPPOSITION TO PLAINTIFF'S
MOTION TO EXCLUDE AND/OR STRIKE
DEFENDANT'S EXPERT WITNESS AND REPORT                    CASE NO. 2:24-CV-04837-FLA-MAR

1

# TABLE OF CONTENTS

2

I.    INTRODUCTION .............................................................................................. 1

3

II.   BACKGROUND ............................................................................................... 2

4

III.  ARGUMENT ..................................................................................................... 3

5

      A.    Plaintiff's Motion Should Be Stricken For Failure to Comply with the Court's Rules ............................................................................... 3

6

7

      B.    Duski's Rebuttal Expert Witness Report is Both Proper and Timely Disclosed. ........................................................................................ 5

8

            1.    Duski is a Rebuttal Expert Witness on Damages. ...................... 6

9

            2.    Duski's Rebuttal Expert Report was Timely Disclosed. .......... 13

10

            3.    Alternatively, Any Untimely Disclosure Is Substantially Justified Or Harmless. .............................................................. 14

11

12

IV.   CONCLUSION ............................................................................................... 16

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# TABLE OF AUTHORITIES

**CASES**                                                                          **Page(s)**

*12909 Cordary, Ltd. Liab. Co. v. Berri*,
  No. 8:22-cv-01748-JWH-JDE, 2024 U.S. Dist. LEXIS 88243 (C.D. Cal.
  Apr. 2, 2024) ........................................................................................... 8

*Brooktree Corp. v. Advanced Micro Devices, Inc.*,
  757 F. Supp. 1088 (S.D. Cal. 1990) .................................................... 15

*Edge Sys. LLC v. Ageless Serums LLC*,
  No. 2:20-cv-09669-FLA (PVCx), 2023 U.S. Dist. LEXIS 53267
  (C.D. Cal. Mar. 28, 2023).................................................................... 4

*Everest Stables, Inc. v. Canani*,
  No. CV 09-9446 DSF (VBKx), 2011 U.S. Dist. LEXIS 163107
  (C.D. Cal. Oct. 6, 2011)................................................................ 11, 12

*FLOE Int'l Inc. v. Newmans' Mfg.*,
  No. 04-5120 (DWF/RLE), 2006 U.S. Dist. LEXIS 97170
  (D. Minn. Feb. 23, 2006) ................................................................. 7, 8

*Hasbro, Inc. v. Sweetpea Entm't, Inc.*,
  No. CV 13-3406 DMG (JCGx), 2014 U.S. Dist. LEXIS 190438 (C.D.
  Cal. Mar. 18, 2014).......................................................................... 9, 10

*James River Ins. Co. v. Rapid Funding*,
  LLC, 648 F.3d 1134 (10th Cir. 2011) .................................................. 11

*Krause v. Cty. of Mohave*,
  459 F. Supp. 3d 1258 (D. Ariz. 2020) ................................................. 13

*Lanard Toys, Ltd. v. Novelty, Inc.*,
  375 F. App'x 705 (9th Cir. 2010) ............................................. 6, 13, 14

*Le Brun v. Richards*,
  291 P. 825 (1930) .................................................................................. 11

*Leeper v. City of Tacoma*,
  No. 20-cv-5467, 2024 U.S. Dist. LEXIS 226176
  (W.D. Wash. Dec. 13, 2024) .................................................................. 7

*Michael Grecco Prods. Inc. v. RADesigns, Inc.*,
  112 F4th 144 (2d Cir. 2024) ................................................................. 15

*Moreno v. United States*,
  No. 1:23-cv-00449-SAB, 2025 U.S. Dist. LEXIS 121868
  (E.D. Cal. June 26, 2025) .............................................................. 14, 16

*RG Abrams Ins. v. Law Office of C.R. Abrams*,
  No. CV 21-00194-DFM, 2024 U.S. Dist. LEXIS 239063
  (C.D. Cal. Nov. 22, 2024) ...................................................................... 8

-iii-

*Sandy v. Paramount Pictures Corp.*,
    No. 2:24-cv-04403-RGK-RAO, 2024 U.S. Dist. LEXIS 240637
    (C.D. Cal. Dec. 13, 2024) ......................................................................... 4

*Sankaranarayanan v. Sashidhar*,
    No. 24-cv-01745-RAJ, 2025 U.S. Dist. LEXIS 1082
    (W.D. Wash. Jan. 3, 2025) ........................................................................ 7

*Theoharis v. Rongen*,
    No. 13-cv-1345, 2014 U.S. Dist. LEXIS 98086
    (W.D. Wash. July 18, 2014) ...................................................................... 7

*Tumwater Dev. LLC v. LeDerman*,
    No. 2:22-cv-00100-JRC, 2022 U.S. Dist. LEXIS 228061
    (W.D. Wash. Dec. 19, 2022) ...................................................................... 7

*U.S. Bank, N.A. v. Glogowski Law Firm, PLLC*,
    339 F.R.D. 579 (W.D. Wash. 2021) ....................................................... 6, 7

*Unicolors, Inc. v. H &M Hennes & Mauritz, L.P.*,
    No. 2:16-cv-02322-AB (SKx), 2017 U.S. Dist. LEXIS 222511
    (C.D. Cal. Nov. 15, 2017) ...................................................................... 8, 9

*United States v. Figueroa-Lopez*,
    125 F.3d 1241 (9th Cir. 1997) ................................................................. 10

*United States v. McCollum*,
    732 F.2d 1419 (9th Cir. 1984); *cert. denied*, 469 U.S. 920, 83 L. Ed. 2d
    236, 105 S. Ct. 301 (1984) ...................................................................... 14

*Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*,
    259 F.3d 1101 (9th Cir. 2001) ................................................... 5, 6, 13, 15

**OTHER AUTHORITIES**

Fed. R. Civ. P. 26 .................................................................................... 7, 9

Fed. R. Civ. P. 26(a) ........................................................................... 5, 6, 10

Fed. R. Civ. P. 26(a)(1)(A)(iii) ................................................................. 14

Fed. R. Civ. P. 26(a)(2) ............................................................................ 5, 6

Fed. R. Civ. P. 26(e) .................................................................................. 10

Fed. R. Civ. P. 37(c)(1) ........................................................................ 5, 16

Fed. R. Evid. 701 ................................................................................. 10, 11

Fed. R. Evid. 702 ................................................................................. 10, 11

# I.    INTRODUCTION

Plaintiff Michael Grecco Productions, Inc. ("Plaintiff" or "MGP") in its procedurally improper Motion to Exclude And/Or Strike Defendant's Expert Witness and Report ("Motion to Exclude"), Dkt. 67, seeks to exclude Defendant TikTok, Inc.'s ("Defendant" or "TTI") damages expert David R. Duski ("Duski") and his timely disclosed rebuttal expert report.  The Court should deny Plaintiff's Motion to Exclude for several reasons.

*First*, Plaintiff's Motion to Exclude runs afoul of the Court's clear Standing Orders as well as the Scheduling and Trial Order entered in this case.  The Court requires that challenges to expert reports and testimony be filed as motions *in limine* and comply with the Court's requirements and limitations for such motions.  But Plaintiff—once again—ignored the applicable rules and orders.  On two other occasions in this case, the Court struck Plaintiff's motions for failure to comply with the Court's rules.  *See* Dkts. 54 and 60.  It should do so again here.

*Second*, this Court should deny Plaintiff's Motion to Exclude on the merits because Duski's rebuttal expert report and testimony are proper and timely disclosed.  Duski's rebuttal expert report addresses damages, an issue on which Plaintiff has the burden of proof.  Throughout this case, Plaintiff has failed to provide any calculation of damages and instead plans to ambush Defendant with Mr. Grecco's "lay" testimony at trial.[1]  This testimony is expert testimony offered through a purported lay witness and Defendant would be significantly prejudiced if unable to rebut it through Duski's report and testimony.

---

[1] Defendant has moved for summary judgment on damages.  *See* Dkt. 70.  The outcome of that motion may change the expected testimony from Mr. Grecco and from Duski.  Moreover, Defendant intends to file an appropriate motion *in limine* to preclude Mr. Grecco's improper testimony on damages if needed after resolution of the summary judgment motion.

*Third*, even if Duski's report was not timely disclosed, there is no prejudice to Plaintiff because the disclosure was within the expert discovery period set by the Court and months before trial. Plaintiff was given an opportunity to depose Duski and chose not to. Plaintiff's failure to engage in expert discovery does not justify excluding Duski. Defendant's disclosure of Duski and his report on the deadline for rebuttal expert disclosures was justified and harmless.

## II.     BACKGROUND

On October 23, 2024, the Court issued its Scheduling Order for this case. Dkt. 42. The Scheduling Order initially established the Fact Discovery Cut-Off as May 9, 2025 and the Expert Discovery Cut-Off as June 13, 2025, with Initial Expert Disclosures Due May 16, 2025 and Rebuttal Expert Disclosures due May 30, 2025. *Id.* at 4.

Plaintiff did not engage in any discovery until April 15, 2025, mere weeks before the Fact Discovery Cut-Off. Keyes Decl. ¶ 2. After realizing its discovery requests were untimely, Plaintiff filed a Motion for Extension of Deadlines on May 5, 2025. Dkt. 50. After that Motion was stricken—twice—for failure to comply with the Court's rules, Dkts. 54 and 60, Plaintiff re-filed the Motion for Extension of Deadlines on May 9, 2025. Dkt. 61.

On May 28, 2025, this Court granted MGP's Motion for Extension of Deadlines and issued its updated scheduling order ("Scheduling Order"), providing the following deadlines:

- July 25, 2025: Fact Discovery Cut Off
- August 1, 2025: Expert Disclosure (Initial)
- August 15, 2025: Expert Disclosure (Rebuttal)
- August 29, 2025: Expert Discovery Cut Off

Dkt. 65.

-2-

During discovery, Plaintiff failed to provide a calculation of the damages it seeks. Instead, its Initial Disclosures indicated that "Plaintiff would calculate its actual damages by multiplying the license it would have charged by the number of years the photographs were published." Keyes Decl. ¶ 3, Exh. A. In its written discovery responses, Plaintiff stated the amount it would charge "consists of the licensing fees shown by the shopping cart feature on Plaintiff's website for each of the Works." Keyes Decl. ¶ 5, Exh. B (Interrogatory Response Nos. 4 and 5). However, Mr. Grecco testified in his deposition that "no one uses" the shopping cart feature. Keyes Decl. ¶ 7, Exh. C, Grecco Depo. at 265:12-267:6. Mr. Grecco now intends to provide testimony, divorced from the only method disclosed during discovery, relating to Plaintiff's damages calculations. *See* Dkt. 67.

On August 11, 2025, TTI previewed for Plaintiff its intent to provide a rebuttal expert via email. Keyes Decl. ¶ 9, Exh. D. On August 15, 2025, the deadline for rebuttal experts, TTI timely disclosed Duski as a rebuttal expert witness on the issue of damages. Keyes Decl. ¶ 11, Exh. E. In doing so, TTI served Expert Disclosures and Duski's Rebuttal Expert Report and proposed a date before the end of expert discovery on which Plaintiff could depose Duski. *Id.*

Plaintiff never sought to depose Duski. Instead, on August 20, 2025, Plaintiff filed the present Motion to Exclude. Dkt. 67. TTI reached out in another attempt to schedule Duski's deposition on an alternative date. Keyes Decl. ¶ 11, Exh. E. However, Plaintiff confirmed that it was not seeking an alternative deposition date—although expert discovery had not yet closed. *Id.*

## III.    ARGUMENT

### A.    Plaintiff's Motion Should Be Stricken For Failure to Comply with the Court's Rules

Plaintiff's Motion to Exclude should be struck due to multiple fatal procedural flaws.

DEFENDANT'S OPPOSITION TO PLAINTIFF'S
MOTION TO EXCLUDE AND/OR STRIKE
DEFENDANT'S EXPERT WITNESS AND REPORT                    CASE NO. 2:24-CV-04837-FLA-MAR

*First*, under this Court's Standing Order, motions to exclude expert witnesses must be brought as motions *in limine*.  *See* Standing Order § IV.D.3;[2] Dkt. 42, Scheduling and Trial Order § II.A.1 ("Challenges to expert testimony and/or reports should be brought as motions *in limine*.").  "Any challenges to expert testimony or reports brought as separate motions *shall* be stricken."  Dkt. 42, Scheduling and Trial Order § II.A.1 (emphasis added).  Despite this clear language, Plaintiff filed its Motion to Exclude as a "separate motion" rather than as a motion *in limine*.  *See* Dkt. 67; *see, e.g.*, *Edge Sys. LLC v. Ageless Serums LLC*, No. 2:20-cv-09669-FLA (PVCx), 2023 U.S. Dist. LEXIS 53267, at *26-27 (C.D. Cal. Mar. 28, 2023) (declining to consider arguments regarding expert witnesses because "objections to the admissibility of [a party's] experts' testimony are more properly the subject of a motion in limine or pretrial [*Daubert*] motion").  It therefore must be stricken.

*Second*, if treated as a motion *in limine*, Plaintiff's Motion to Exclude significantly exceeds this Court's 2,800-word or ten-page limit for motions *in limine*.  *See* Dkt. 42, Scheduling and Trial Order § II.A.1 ("Motions *in limine* and oppositions must not exceed 2,800 words in length, or ten (10) pages for handwritten briefs and briefs prepared using a typewriter.").  Plaintiff's Motion to Exclude totals 23 pages, including 3,977 words in the body text.  Vastly exceeding this Court's mandatory limits for a motion *in limine*, Plaintiff's Motion to Exclude must be stricken.  *See, e.g.*, *Sandy v. Paramount Pictures Corp.*, No. 2:24-cv-04403-RGK-RAO, 2024 U.S. Dist. LEXIS 240637, at *1, *4 (C.D. Cal. Dec. 13, 2024) (striking motion for procedural defects).

*Third*, the Motion to Exclude is premature.  Motions *in limine*, including challenges to expert reports, are "heard and ruled on at the FPTC."  Dkt. 42, Scheduling and Trial Order § II.A.1.  This makes sense because premature

---

[2] Judge Aenlle-Rocha, Civil Standing Order, https://www.cacd.uscourts.gov/sites/default/files/documents/FLA/AD/Judge%20Aenlle-Rocha%20Civil%20Standing%20Order%20%282-1-25%29.pdf.

evidentiary motions waste judicial resources and call for the Court to issue advisory opinions.  For example, Defendant has moved for summary judgment on certain damages that Plaintiff seeks.  *See* Dkt. 70 at 15-21.  Duski, who Plaintiff seeks to exclude in the present Motion to Exclude, is Defendant's damages expert intended to rebut Mr. Grecco's testimony and the Court's ruling on Defendant's Motion for Summary Judgment on damages may change or limit the scope of Mr. Grecco's and Duski's testimony at trial.  In addition to violating the Court's orders, Plaintiff wastes the Court's resources by asking it to prematurely rule on its Motion to Exclude.

Given the clear violation of the Court's orders, Plaintiff's motion should be stricken.  *See* Standing Order § IV.D.3[3] ("Failure to comply with the court's orders may result in the striking of a motion"); Dkt. 42, Scheduling and Trial Order § II.A.1 ("Any challenges to expert testimony or reports brought as separate motions *shall* be stricken.") (emphasis added).

In the event the Court does not strike the Motion, Defendant's opposition to the merits of the Motion are below.[4]

## B.    Duski's Rebuttal Expert Witness Report is Both Proper and Timely Disclosed.

Rule 26(a)(2) requires that the parties disclose expert witnesses "at the times and in the sequence that the court orders," "accompanied by a written report . . . if the witness is one retained or specially employed to provide expert testimony in the case." Fed. R. Civ. P. 26(a)(2)(A)-(D).  The Rule contemplates separate, later disclosure deadlines for expert witnesses whose "evidence is intended solely to

---

[3] Judge Aenlle-Rocha, Civil Standing Order (Feb. 1, 2025), https://www.cacd.uscourts.gov/sites/default/files/documents/FLA/AD/Judge%20Aenlle-Rocha%20Civil%20Standing%20Order%20%282-1-25%29.pdf
[4] Because Plaintiff exceeded the word limit in its Motion, Defendant has concurrently filed a Motion to Accept Overlength Brief to permit it to respond in full to Plaintiff's overlength motion.

-5-

1  contradict or rebut evidence on the same subject matter."  *See* Fed. R. Civ. P.

2  26(a)(2)(D)(ii).

3      Federal Rule of Civil Procedure 37(c)(1) "gives teeth to these requirements by

4  forbidding the use at trial of any information required to be disclosed by Rule 26(a)

5  that is not properly disclosed." *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259

6  F.3d 1101, 1106 (9th Cir. 2001).  "Rule 37(c)(1) did not, however, strip the district

7  courts of discretion to allow expert testimony in appropriate circumstances; to the

8  contrary, it contains an express exception under which a failure timely to serve an

9  expert report may be excused if the failure was substantially justified or is harmless."

10 *Lanard Toys, Ltd. v. Novelty, Inc.*, 375 F. App'x 705, 713 (9th Cir. 2010) (citing *Yeti*

11 *by Molly*, 259 F.3d at 1106-07).

12     For the following reasons, the Court should deny Plaintiff's Motion to Exclude

13 because Duski is a rebuttal expert who was properly disclosed.

14     ### 1.    Duski is a Rebuttal Expert Witness on Damages.

15     Rule 26(a)(2)(D)(ii) defines a rebuttal expert report as a report "intended solely

16 to contradict or rebut" a report "on the same subject matter identified by another

17 party." Fed. R. Civ. Pro. 26(a)(2)(D)(ii).  Under this definition, a report must satisfy

18 only two elements to qualify as a rebuttal report: it must address "the same subject

19 matter" as another party's report and must be "intended solely to contradict or rebut"

20 that report.  *U.S. Bank, N.A. v. Glogowski Law Firm, PLLC*, 339 F.R.D. 579, 581

21 (W.D. Wash. 2021) (quoting Fed. R. Civ. Pro. 26(a)(2)(D)(ii)).

22     At first blush, there is a colorable argument that technically, under Rule 26(a)

23 a defendant may only bring a rebuttal expert after a plaintiff provides an opening

24 expert report on that topic.  *See* Fed. R. Civ. Pro. 26(a)(2)(D)(ii).  But as noted in

25 *U.S. Bank¸* "this Rule affects plaintiffs and defendants differently" and has serious

26 implications for foreseeability, fairness, and prejudice in certain circumstances.  *U.S.*

27 *Bank, N.A*, 339 F.R.D. at 581.

28

DEFENDANT'S OPPOSITION TO PLAINTIFF'S
MOTION TO EXCLUDE AND/OR STRIKE
DEFENDANT'S EXPERT WITNESS AND REPORT          CASE NO. 2:24-CV-04837-FLA-MAR

The court in *U.S. Bank* ruled that a rebuttal expert may be introduced on an anticipated issue that has been present from the start of litigation, such that a defendant need not introduce its rebuttal expert by the initial expert disclosure deadline but may wait until the rebuttal expert deadline. *Id.*  The court expressed that "a party who does not bear the burden of proof on an issue may wait until the party with the burden of proof discloses its expert report on that issue before producing a report rebutting that expert, even if the issue was anticipated." *Id.* at 580-81.

A two-step process, with plaintiffs first producing experts on issues on which they hold the burden of proof and defendants rebutting, is the "most consistent with the text of the Rule and the advisory committee's notes," "conserves resources," and "is most likely 'to secure the just, speedy, and inexpensive determination of every action.'" *Id.* at 581.  Therefore, the *U.S. Bank* court observed, permitting defendants to sequence expert disclosures avoids waste of defendants', plaintiffs', and Court resources. *Id.* at 582.

Courts in this Circuit agree that the two-step process makes good sense. "[T]he party with the burden of proof on an issue . . . should disclose its expert testimony before the other party is required to disclose an expert to rebut that opinion testimony." *Sankaranarayanan v. Sashidhar*, No. 24-cv-01745-RAJ, 2025 U.S. Dist. LEXIS 1082, at *9 (W.D. Wash. Jan. 3, 2025) (citing *Leeper v. City of Tacoma*, No. 20-cv-5467, 2024 U.S. Dist. LEXIS 226176, at *2 (W.D. Wash. Dec. 13, 2024); *Theoharis v. Rongen*, No. 13-cv-1345, 2014 U.S. Dist. LEXIS 98086, at *4 (W.D. Wash. July 18, 2014) (declining to adopt rule that expert testimony on an anticipated portion of opposing party's case cannot be rebuttal expert testimony); Advisory Comm. Notes to 1993 Amendments to Fed. R. Civ. P. 26).  "In a typical case, the plaintiff will be required to disclose its expert report by the initial deadline and then the defendant may respond by the rebuttal deadline." *Tumwater Dev. LLC v. LeDerman*, No. 2:22-cv-00100-JRC, 2022 U.S. Dist. LEXIS 228061, at *15 (W.D.

DEFENDANT'S OPPOSITION TO PLAINTIFF'S
MOTION TO EXCLUDE AND/OR STRIKE
DEFENDANT'S EXPERT WITNESS AND REPORT          CASE NO. 2:24-CV-04837-FLA-MAR

Wash. Dec. 19, 2022).  This Court should not exclude Duski's rebuttal testimony and hold Defendants to the initial expert deadline merely because damages are an anticipated portion of Plaintiff's case-in-chief.

But this case involves an additional wrinkle:  what should happen when plaintiffs miss the first step in the two-step process?  At least one district court has expressly adopted and endorsed the position that when expert report deadlines are staggered, "the party which does not bear the burden of proof can still submit an expert report in 'rebuttal,' even in the absence of an initial report produced by the party which bears the burden of proof."  *See FLOE Int'l Inc. v. Newmans' Mfg.*, No. 04-5120 (DWF/RLE), 2006 U.S. Dist. LEXIS 97170, at *18-20 (D. Minn. Feb. 23, 2006).  The court reasoned that "[t]o hold otherwise would prevent a party from presenting an expert to respond to any argument – not necessarily one that is predicated on expert opinion – which the party that bears the burden of proof should make."  *Id.*  Further, the court persuasively noted that "[w]hile the party carrying the burden on an issue may not want to present expert opinion evidence on that issue, the opposing party should not be denied the opportunity to present expert opinion evidence on the same issue, simply because the party carrying the burden chose not to."  *Id.*  This reasoning applies to the matter before this Court, and for the following reasons, Duski's testimony should not be prematurely excluded.

*First*, Plaintiff's Motion to Exclude is premised on the Court finding that any testimony Mr. Grecco may provide at trial is *not* expert testimony.  *See* Dkt. 67 at 11-14.  In fact, whether Mr. Grecco's testimony is expert or lay opinion is a matter for this Court to decide in response to a motion *in limine*.  *See, e.g.*, *12909 Cordary, Ltd. Liab. Co. v. Berri*, No. 8:22-cv-01748-JWH-JDE, 2024 U.S. Dist. LEXIS 88243, at *12 (C.D. Cal. Apr. 2, 2024) (granting motion *in limine* excluding any lay witness evidence that should properly be presented by an expert witness); *see also RG Abrams Ins. v. Law Office of C.R. Abrams*, No. CV 21-00194-DFM, 2024 U.S. Dist.

DEFENDANT'S OPPOSITION TO PLAINTIFF'S
MOTION TO EXCLUDE AND/OR STRIKE
DEFENDANT'S EXPERT WITNESS AND REPORT                    CASE NO. 2:24-CV-04837-FLA-MAR

LEXIS 239063, at *3 (C.D. Cal. Nov. 22, 2024) (considering motions *in limine* involving expert witnesses and issue of whether witness on damages is expert or lay opinion).  Plaintiff says as much in its Motion to Exclude: "Defendant is certainly free to challenge [Mr. Grecco's] testimony at trial or move *in limine* to exclude testimony/subjects it may deem improper." Dkt. 67 at 12.  Defendant has not yet had the proper opportunity to raise its challenges to Mr. Grecco's testimony—which may change depending on the outcome of Defendant's pending motion for summary judgment—and Plaintiff's Motion to Exclude is therefore procedurally premature and ask the Court to preemptively determine that any testimony to be provided by Mr. Grecco is not expert testimony.

Plaintiff points to a decision from this district, *Unicolors, Inc. v. Hennes & Mauritz, L.P.*, for the proposition that a defendant's rebuttal experts should be excluded when a plaintiff offers no expert witness.  Dkt. 67 at 15-16 (citing *Unicolors, Inc. v. H &M Hennes & Mauritz, L.P.*, No. 2:16-cv-02322-AB (SKx), 2017 U.S. Dist. LEXIS 222511, at *5 (C.D. Cal. Nov. 15, 2017)).  Actually, the court in *Unicolors* expressly contemplates that a plaintiff "might open the door for [the defendant's rebuttal expert's] rebuttal testimony," "[i]f Plaintiff attempts to offer expert testimony through its lay witnesses." *Id.* at *6.  But the court excluded the defendant's rebuttal witness *because* it had already ruled that "Plaintiff's lay witnesses [would] not be permitted to offer expert testimony at trial," so the defendant's justification for offering rebuttal testimony for "expert-like" lay testimony was moot.  *Id.*  Here, the Court has made no such ruling.  Nor has the Court had the opportunity to do so.

*Second*, as discussed above, Plaintiff failed provide a damages calculation in its Initial Disclosures.  And the only method Plaintiff disclosed during discovery for calculating its damages is the licensing fee "calculated by the shopping cart tool on Plaintiff's website." Keyes Decl. ¶ 5, Exh. B (Interrogatory Response Nos. 4 and 5).

-9-

Any purported license fee calculated using the shopping cart tool is admittedly speculative because Mr. Grecco frankly admitted that his website's cart tool generated zero revenue in 2024, zero revenue in 2023, zero revenue in 2022, zero revenue in 2021, and that "there was one instance where someone bought a print using the cart, and I think that in the entire history of us using that [] site, that was the only time someone used the cart." Keyes Decl. ¶ 7, Exh. C, Grecco Depo. 266:1-267:5. And that "one instance" did not relate to any of the photographs at issue in this case. *Id.* With Plaintiff pointing to damages calculated only by a shopping cart that has been literally empty for years, Defendant is left with nothing whatsoever that could, on its face, provide notice of Plaintiff's calculation of damages.

Moreover, Plaintiff violates Rule 26 by its ongoing failure to provide damages calculations. In *Hasbro v. Sweetpea Entertainment*, the court observed that after a party fails to provide damages calculations in initial disclosures under Rule 26(a), failing to timely correct or supplement its initial disclosures regarding the damages calculations also violates Rule 26(e) because the other party "no longer has the ability to conduct non-expert discovery to secure evidence that would be pertinent to this and other late-blooming damage theories." No. CV 13-3406 DMG (JCGx), 2014 U.S. Dist. LEXIS 190438, at *17 (C.D. Cal. Mar. 18, 2014). In *Hasbro*, the court granted sanctions against a party that "appears to have intentionally withheld its damages calculations on the theory that it did not need to disclose them" and instead provided only "an 'example' of the damages calculations upon which it is entitled to rely." *Id.* at *20. Here, permitting a rebuttal expert is wholly appropriate given Plaintiff's ongoing failure to provide damages calculations and reliance on speculative "lay" testimony to assert its damages claims.

*Third*, with no non-speculative damages calculation disclosed, Plaintiff intends to have Mr. Grecco testify as to Plaintiff's damages. Under Federal Rule of Evidence 701, lay testimony "is limited to those opinions or inferences which are (a) rationally

-10-

based on the perception of the witness, and (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue, and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." Rule 701 "does not distinguish between expert and lay *witnesses*, but rather between expert and lay *testimony*." 2000 Advisory Comm. Notes, Fed. R. Evid. 701 (emphasis in original) (citing *United States v. Figueroa-Lopez*, 125 F.3d 1241, 1246 (9th Cir. 1997)).

The Advisory Committee Notes to Rule 701 acknowledge that "most courts have permitted the owner or officer of a business to testify to the value or project profits of the business, without the necessity of qualifying the witness as an [expert]." 2000 Advisory Comm. Notes, Fed. R. Evid. 701. But if the business owner offers testimony based on the "intricate workings" or "specialized knowledge" of an industry, that testimony must be classed as expert and "the witness would have to qualify as an expert under Rule 702." *Id.* A party cannot evade Rule 702's expert witness requirements with "the simple expedient of proffering an expert in lay witness clothing." *Id.*

Plaintiff cites *Le Brun v. Richards*, a California Supreme Court case from 1930, for the proposition that a property owner may testify as to valuation of his property without being qualified as an expert. Dkt. 67 at 12-13 (citing *Le Brun v. Richards*, 291 P. 825, 830 (1930)). But this nearly century-old case from the State of California does not control. Indeed, courts in this district and several circuits have rejected the argument that a property owner may provide valuation testimony without being qualified as an expert because "a witness, even the owner of property, may not offer lay testimony that is based on specialized knowledge." *Everest Stables, Inc. v. Canani*, No. CV 09-9446 DSF (VBKx), 2011 U.S. Dist. LEXIS 163107, at *8 (C.D. Cal. Oct. 6, 2011) (collecting cases).

DEFENDANT'S OPPOSITION TO PLAINTIFF'S
MOTION TO EXCLUDE AND/OR STRIKE
DEFENDANT'S EXPERT WITNESS AND REPORT                    CASE NO. 2:24-CV-04837-FLA-MAR

In *Eve* nal valuation of his property because it was "recognized as highly specialized and is frequently the subject of expert testimony," such that the property owner's "valuation testimony is based on specialized knowledge and professional experience outside the ambit of Rule 701." *Id.* at *11-12. The court noted persuasive reasoning from the Tenth Circuit that valuation testimony was "based on specialized knowledge" and the owner's "technical judgment and professional experience, rather than on common observations," and therefore inadmissible lay opinion testimony. *Id.* at *9 (citing *James River Ins. Co. v. Rapid Funding*, LLC, 648 F.3d 1134, 1141 (10th Cir. 2011)). And the *Everest Stables* court observed that "[e]ven if an average juror possessed the information available to [the owner] . . . the juror would not be able to generate an approximate valuation." *Id.* at *12. Indeed, the property owner himself explained that his valuation knowledge was based on 25 years' professional experience in the field. *Id.*

This precise circumstance will undoubtedly arise in this matter. Plaintiff has no firm damages calculations to provide from its "shopping cart tool." Rather, Mr. Grecco is anticipated to attempt to testify to the valuation of his damages based on his extensive career experience negotiating licenses for his works. *See, e.g.*, Keyes Decl. ¶ 7, Exh. C, Grecco Depo. at 25:3-23 (Mr. Grecco is a founder and board member of The American Society for Collective Rights Licensing, an organization that "distribute[s] copyright payments collected abroad to U.S. visual arts creators"); *id.* at 212:18-213:13 (noting Mr. Grecco's "40 years of experience" and "30-some-odd years of experience handling [his] copyright cases"); *id.* at 170:9-173:23 (discussing licensing and fee negotiations "as unlimited rights" as compared to "advertising and publicity" rights, "merchandising rights," "product rights"); *id.* at 292:13-293:4 ("Like, every one of these is a negotiation based on the size of the company, the size of the platform, so on and so forth. . . . Again, it's all a negation, you know.").

DEFENDANT'S OPPOSITION TO PLAINTIFF'S
MOTION TO EXCLUDE AND/OR STRIKE
DEFENDANT'S EXPERT WITNESS AND REPORT                    CASE NO. 2:24-CV-04837-FLA-MAR

Overall, Mr. Grecco's valuation testimony will be sophisticated, based on specialized knowledge gained from Mr. Grecco's decades of experience negotiating the niche world of image licensing. Given the specialized nature of these calculations, even if an average juror were given all facts known to Mr. Grecco, no average juror could possibly determine valuation, and therefore would be improper if admitted as lay testimony. *See Everest Stables, Inc*, 2011 U.S. Dist. LEXIS 163107, at *8. To the extent Mr. Grecco is permitted to testify to damages based on this specialized knowledge, Mr. Grecco must be qualified as an expert and that Duski's rebuttal expert testimony is therefore proper.

*Finally*, striking Duski's report would produce an absurd result. Plaintiff has the burden of proof on damages. It failed to provide damages calculations in its Initial Disclosures, presented only a speculative method for calculating damages throughout discovery, and failed to disclose its damages calculations through expert disclosures. Had TTI disclosed Duski's report on August 1, as Plaintiff argues it should have, that would have permitted Plaintiff to then disclose a rebuttal expert on August 15. That would produce the absurd result of forcing TTI, the Defendant, to make initial expert disclosures in the absence of any damages calculations from Plaintiff, while allowing Plaintiff to wait and provide an unopposed rebuttal for an issue on which Plaintiff has the burden of proof. That would be contrary to the basic principles of proof in litigation and further supports the appropriateness of TTI serving Duski's report on August 15.

Duski's rebuttal testimony is exactly what is contemplated under the Federal Rules of Civil Procedure as a properly noticed rebuttal expert on an anticipated issue. Defendant will require Duski's participation as a rebuttal expert, and this Court should not prematurely exclude him.

### 2.    Duski's Rebuttal Expert Report was Timely Disclosed.

Plaintiff concedes that Defendant disclosed Duski's expert report on "the

-13-

afternoon of the rebuttal expert disclosure deadline." Dkt. 67 at 19. Therefore, since Duski is properly classed as a rebuttal expert, and TTI disclosed Duski and his expert materials on the rebuttal expert deadline, his disclosure was timely.

### 3. Alternatively, any Untimely Disclosure is Substantially Justified or Harmless.

Even if Mr. Duski's disclosure was untimely—it was not—such disclosure is both substantially justified and harmless.

To determine whether a violation is substantially justified or harmless, courts consider the following factors: "(1) prejudice or surprise to the party against whom the evidence is offered; (2) the ability of that party to cure the prejudice; (3) the likelihood of disruption at trial; and (4) bad faith or willfulness involved in not timely disclosing the evidence." *Yeti by Molly*, 259 F.3d at 1107; *Krause v. Cty. of Mohave*, 459 F. Supp. 3d 1258, 1270 (D. Ariz. 2020).

Regarding the first factor, Duski's expert report, served on the rebuttal expert deadline with weeks before the end of discovery and months before trial, neither surprised nor prejudiced Plaintiff. In *Lanard Toys, Ltd. v. Novelty, Inc.*, the Ninth Circuit affirmed that although an expert disclosure served *more than one month late* "did not strictly comply" with the scheduling order, the district court did not abuse its discretion in permitting the expert because the delay caused no prejudice to the opposing party nor any unfairness at trial. 375 F. App'x 705, 713 (9th Cir. 2010). There, the party offering the expert previewed its use of the expert and then served complete expert materials weeks before the expert discovery deadline, while the opposing party "made no effort whatsoever to depose" the expert. *Id.* Similarly, TTI previewed its rebuttal expert on August 11, 2025. TTI served its complete expert materials just fourteen days after the expert disclosure deadline (timely as to the rebuttal expert deadline). And as in *Lanard*, Plaintiff has made no effort to depose Duski at any point during the expert discovery window, even with multiple offers and opportunities to do so. *See, e.g.*, *Moreno v. United States*, No. 1:23-cv-00449-

-14-

SAB, 2025 U.S. Dist. LEXIS 121868, at *8 (E.D. Cal. June 26, 2025) (permitting late-disclosed expert because opposing party "is in possession of the untimely written reports, expert discovery remains open, the dispositive motion deadline is six months away, and the bench trial will not be held for another ten months").

As for fairness, Plaintiff chose not to call an expert on damages, relying solely on improper speculative lay testimony and failing to provide damages calculations as required under Rule 26(a)(1)(A)(iii). It now claims it will be unable to offer an expert to rebut Duski. This is inappropriate for two reasons. First, Plaintiff has pursued the bare minimum at every step of this case, refusing to depose Duski after failing to disclose its damages calculations as required in initial disclosures and in discovery responses. Plaintiff has the burden to prove its damages, had every opportunity to find an expert and prepare a report, and chose not to do so. Second, and relatedly, since Plaintiff has the burden of proof, Plaintiff would not normally get the chance to rebut a rebuttal expert without moving this Court to, in its discretion, permit a surrebuttal expert. *See United States v. McCollum*, 732 F.2d 1419 (9th Cir. 1984); *cert. denied*, 469 U.S. 920, 83 L. Ed. 2d 236, 105 S. Ct. 301 (1984) (affirming trial court's broad discretion in denying surrebuttal testimony); *see also Brooktree Corp. v. Advanced Micro Devices, Inc.*, 757 F. Supp. 1088, 1096 (S.D. Cal. 1990) (denying cumulative surrebuttal testimony). Plaintiff has filed hundreds of similar cases and is "an experienced litigator in identifying and bringing causes of action for unauthorized use of Grecco's copyrighted works." *Michael Grecco Prods. Inc. v. RADesigns, Inc.*, 112 F4th 144, 148-149 (2d Cir. 2024). It is or should be well aware that its own failures to prove its case cannot be the basis to exclude Defendant's expert witness. And notably, Plaintiff still has not sought to bring its own expert witness on damages, which is apparently the remedy it contemplates. Therefore, Plaintiff cannot claim prejudice when it has turned down every reasonable opportunity to prepare itself.

1       Plaintiff points to the Ninth Circuit's decision in *Yeti by Molly, Ltd.* to support

2 its proposition that exclusion is appropriate given that Mr. Duski's expert report was

3 submitted two weeks before the end of expert discovery.  259 F.3d 1101 (9th Cir.

4 2001).  But *Yeti by Molly* involved a wildly different timeline:  the extremely dilatory

5 expert report was disclosed *two years* after close of discovery, *one year* after the

6 opposing party's expert report was last supplemented, and just one month before trial.

7 *Id.* at 1105.  Here, Duski was timely disclosed by the rebuttal expert deadline, but

8 even if viewed as an "initial" expert, his disclosure was delayed only by two weeks,

9 well before the close of expert discovery, and months before the trial date.  Dkt. 65.

10       Finally, TTI demonstrated no bad faith or willfulness in disclosing Duski by

11 the rebuttal expert deadline.  In fact, in TTI's view, Duski was timely disclosed as a

12 rebuttal expert witness.  But even if this Court disagrees, the record simply does not

13 show that TTI acted in bad faith or willfully.  Instead, Defendant alerted Plaintiff that

14 it was serving Duski's report before serving it and offered multiple times for Duski

15 to be deposed.

16       Simply put, if this Court views Duski as a late-disclosed expert, any late

17 disclosure is both substantially justified and harmless and this Court should, in its

18 discretion, permit his participation.  Further, to the extent this Court seeks lesser

19 remedies than excluding the witness, Rule 37(c)(1)(C) provides this Court broad

20 discretion to craft an appropriate remedy, including a limited modification of the

21 scheduling order.  *See, e.g.*, *Moreno v. United States*, No. 1:23-cv-00449-SAB, 2025

22 U.S. Dist. LEXIS 121868, at *12 (E.D. Cal. June 26, 2025).

### IV.    CONCLUSION

24       Based on the foregoing, Defendant respectfully requests that the Court deny

25 Plaintiff's Motion to Exclude And/Or Strike Defendant's Expert Witness and Report.

DEFENDANT'S OPPOSITION TO PLAINTIFF'S
MOTION TO EXCLUDE AND/OR STRIKE
DEFENDANT'S EXPERT WITNESS AND REPORT            CASE NO. 2:24-CV-04837-FLA-MAR

1    Dated:    September 5, 2025          DORSEY & WHITNEY LLP

2

3                                        By: */s/ Connor J. Hansen*
                                         J. Michael Keyes (SBN 262281)
4                                            keyes.mike@dorsey.com
                                         Connor J. Hansen (*pro hac vice*)
5                                            hansen.connor@dorsey.com
                                         Dylan J. Harlow (*pro hac vice*)
6                                            harlow.dylan@dorsey.com
                                         Columbia Center
7                                        701 Fifth Avenue, Suite 6100
                                         Seattle, WA
8                                        Telephone:  206.903.8800
                                         Facsimile:   206.903.8820
9
                                         DORSEY & WHITNEY LLP
10                                       Kent J. Schmidt (SBN 195969)
                                             schmidt.kent@dorsey.com
11                                       600 Anton Boulevard, Suite 200
                                         Costa Mesa, CA 92626
12                                       Telephone:  714.800.1400
                                         Facsimile:   714.800.1499
13
                                         *Attorneys for Defendant TikTok, Inc.*
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                                              -17-

1

**CERTIFICATE OF COMPLIANCE**

2      The undersigned, counsel of record for Defendant TikTok Inc. certifies that

3  this brief contains 5153 words, which complies with the word limit of L.R. 11-6 and

4  is within the limit requested through Defendant's concurrently filed Application for

5  Leave to File an Opposition in Excess of the Word Count Limit established for

6  motions *in limine* and responses thereto.

7

8  Dated: September 5, 2025

9

10                                        */s/ Connor J. Hansen*
                                          Connor J Hansen

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT'S OPPOSITION TO PLAINTIFF'S
MOTION TO EXCLUDE AND/OR STRIKE
DEFENDANT'S EXPERT WITNESS AND REPORT              CASE NO. 2:24-CV-04837-FLA-MAR

**CERTIFICATE OF SERVICE**

I hereby certify that on September 5, 2025, a true and correct copy of the foregoing was filed electronically using the Court's CM/ECF system, which shall send notification of such filing to all counsel of record.  Any counsel of record who has not consented to electronic service through the Court's CM/ECF system will be served by electronic mail.

*/s/ Connor J. Hansen*
Connor J. Hansen

DEFENDANT'S OPPOSITION TO PLAINTIFF'S
MOTION TO EXCLUDE AND/OR STRIKE
DEFENDANT'S EXPERT WITNESS AND REPORT                CASE NO. 2:24-CV-04837-FLA-MAR