DORSEY & WHITNEY LLP
J. Michael Keyes (SBN 262281)
  keyes.mike@dorsey.com
Connor J. Hansen (*pro hac vice*)
  hansen.connor@dorsey.com
Dylan J. Harlow (*pro hac vice*)
  harlow.dylan@dorsey.com
701 Fifth Avenue, Suite 6100
Seattle, WA 98104
Telephone: 206.903.8800
Facsimile: 206.903.8820

DORSEY & WHITNEY LLP
Kent J. Schmidt (SBN 195969)
  schmidt.kent@dorsey.com
600 Anton Boulevard, Suite 200
Costa Mesa, CA 92626
Telephone: 714.800.1400
Facsimile: 714.800.1499

*Attorneys for Defendant TikTok, Inc.*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL GRECCO PRODUCTIONS INC.,<br><br>*Plaintiff*,<br><br>v.<br><br>TIKTOK, INC.,<br><br>*Defendant*. | Case No. 2:24-CV-04837-FLA-MAR<br><br>**DECLARATION OF J. MICHAEL KEYES IN SUPPORT OF DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO EXCLUDE AND/OR STRIKE DEFENDANT'S EXPERT WITNESS AND REPORT**<br><br>Hon. Fernando L. Aenlle-Rocha<br>Date: September 26, 2025<br>Time: 1:30pm<br>Courtroom: 6B<br><br>Filed concurrently with:<br>(1) Opposition to Motion to Exclude And/Or Strike Defendant's Expert Witness and Report; and<br>(2) [Proposed] Order. |

I, J. Michael Keyes, declare under penalty of perjury under the laws of the United States and the State of Washington, as follows:

1. I am a Partner with the law firm Dorsey & Whitney LLP and one of the attorneys of record representing Defendant TikTok, Inc. ("Defendant" or "TTI") in this matter. I submit this declaration in support of Defendant's Opposition To Plaintiff's Motion To Exclude And/Or Strike Defendant's Expert Witness And Report. I have personal knowledge of the facts set forth herein.

2. Plaintiff did not serve any discovery requests or otherwise engage in any discovery until April 15, 2025. Attached as **Exhibit A** is a true and correct copy of "Plaintiff's Initial Disclosures," served by Plaintiff's counsel in this matter on April 15, 2025.

3. The Initial Disclosures indicate that "Plaintiff would calculate its actual damages by multiplying the license it would have charged by the number of years the photographs were published." Exh. A.

4. Attached as **Exhibit B** is a true and correct copy of relevant portions of "Plaintiff's Amended Interrogatory Responses," served by Plaintiff's counsel in this matter on July 14, 2025.

5. In the Amended Interrogatory Responses, Plaintiff stated the amount it would charge "consists of the licensing fees shown by the shopping cart feature on Plaintiff's website for each of the Works." Exh. B. The Amended Interrogatory Responses contain the only method Plaintiff disclosed during discovery for calculating its damages: the licensing fee "calculated by the shopping cart tool on Plaintiff's website." *Id.*

6. On July 18, 2025, I conducted the deposition of Mr. Michael Grecco ("Grecco") as the designated representative of Plaintiff Michael Grecco Productions Inc. ("Plaintiff" or "MGP") pursuant to Federal Rule of Civil Procedure 30(b)(6). Attached hereto as **Exhibit C** is a true and correct copy of relevant excerpts from the 30(b)(6) deposition of Plaintiff (the "Grecco Depo").

7. Mr. Grecco testified in his deposition that "no one uses" the shopping cart feature." Exh. C. He admitted that his website's cart tool generated zero revenue in 2021-2024. *Id.* at 266:1-267:5. That "one instance" did not relate to any of the photographs at issue in this case. *Id.* Mr. Grecco is anticipated to attempt to testify to the valuation of his damages based on his extensive career experience negotiating licenses for his works. *Id.* at 25:3-23; 170:9-173:23; 292:13-293:4.

8. Attached as **Exhibit D** is a true and correct copy of correspondence between Plaintiff's and Defendant's counsel, on which I was copied, dated August 11, 2025, subject line "Grecco v. TikTok – Summary Judgment." Certain content of the email relates to settlement discussions and has been redacted.

9. Attached as **Exhibit E** is a true and correct copy of correspondence between Plaintiff's and Defendant's counsel, on which I was copied, dated between August 15 and August 25, 2025, subject line "RE: Grecco v. TikTok – Expert."

10. On August 15, 2025, the deadline for rebuttal experts, TTI disclosed Mr. Duski as a rebuttal expert witness on the issue of damages. Exh. E. In doing so, TTI served Expert Disclosures and Mr. Duski's Rebuttal Expert Report and proposed a date before the end of expert discovery on which Plaintiff could depose Mr. Duski. Plaintiff never sought to depose Mr. Duski. *Id.* TTI reached out in another attempt to schedule Duski's deposition on an alternative date. *Id.* However, Plaintiff confirmed that it was not seeking an alternative deposition date. *Id.*

I certify under penalty of perjury under the laws of the United States that the foregoing is true and correct.

This declaration was executed on September 5, 2025 in Spokane, Washington.

                             */s/ J. Michael Keyes*
                             J. Michael Keyes

-2-

# CERTIFICATE OF SERVICE

I hereby certify that on September 5, 2025, a true and correct copy of the foregoing was filed electronically using the Court's CM/ECF system, which shall send notification of such filing to all counsel of record. Any counsel of record who has not consented to electronic service through the Court's CM/ECF system will be served by electronic mail.

                                           */s/ Connor J. Hansen*
                                           Connor J. Hansen

DECLARATION OF J. MICHAEL KEYES OPPOSING
PLAINTIFF'S MOTION TO EXCLUDE EXPERT        Case No. 2:24-CV-04837-FLA-MAR