# Exhibit A

To the Declaration of J. Michael Keyes in Support of Defendant's Opposition to Plaintiff's Motion to Exclude and/or Strike Defendant's Expert Witness and Report

Lauren M. Hausman (CA Bar No. 349514)
**COPYCAT LEGAL PLLC**
113 N San Vicente Blvd.
Suite 232
Beverly Hills, CA 90211
T: (877)-437-6228
E: lauren@copycatlegal.com

Attorney for Plaintiff
Michael Grecco Productions, Inc.

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL GRECCO PRODUCTIONS, INC., <br><br> Plaintiff, <br><br> v. <br><br> TIKTOK INC., <br><br> Defendant. | Civil Action No. 2:24-cv-04837-FLA-MAR <br><br> **PLAINTIFF'S INITIAL DISCLOSURES** |

Pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure, plaintiff Michael Grecco Productions, Inc. ("Plaintiff") hereby provides to defendant TikTok, Inc. ("Defendant") the following initial disclosures. These disclosures are based on information now reasonably available to Plaintiff. Plaintiff reserves the

right to supplement, amend, or modify these disclosures as it obtains information through discovery or otherwise becomes aware of additional information.

## INDIVIDUALS LIKELY TO HAVE DISCOVERABLE INFORMATION

The following individuals are believed to have discoverable information that Plaintiff may use to support its claims or defenses. Plaintiff reserves the right to identify additional individuals if it learns that any such persons have information that Plaintiff may use to support its claims or defenses.

| Individual and Location | Subject Matter |
|---|---|
| Michael Grecco<br>c/o Copycat Legal PLLC<br>3111 N. University Drive<br>Suite 301<br>Coral Springs, FL 33065 | Information concerning the subject photograph, Plaintiff's efforts to sell/license its library of professional photography, and discovery of Defendant's use of the subject photograph. |
| Elizabeth Waterman<br>c/o Copycat Legal PLLC<br>3111 N. University Drive<br>Suite 301<br>Coral Springs, FL 33065 | Information concerning the subject photograph, Plaintiff's efforts to sell/license its library of professional photography, and discovery of Defendant's use of the subject photograph. |
| Torina Yamada<br>c/o Copycat Legal PLLC<br>3111 N. University Drive<br>Suite 301<br>Coral Springs, FL 33065 | Information concerning the subject photograph, Plaintiff's efforts to sell/license its library of professional photography, and discovery of Defendant's use of the subject photograph. |
| TikTok, Inc.<br>c/o Dorsey & Whitney LLP<br>701 Fifth Avenue, Suite 6100<br>Seattle, WA 98104 | Information concerning Defendant's affirmative defenses, Defendant's publication/display of the subject photographs, Defendant's |

| Individual and Location | Subject Matter |
|---|---|
|  | profits/revenue generated therefrom, and Defendant's prior payment of licensing fees for photographs. |

## LOCATION AND DESCRIPTION OF DOCUMENTS AND THINGS

Plaintiff will make available to Defendant for inspection and copying, as provided by Federal Rule of Civil Procedure 34, all documents, data collections, and tangible things in its possession, custody or control that may be used by it (other than solely for impeachment purposes) to support its claims or defenses in this case.  These documents are generally located on Plaintiff's computers and/or e-mail accounts.  The categories of documents upon which Plaintiff currently intends to rely include the following:

1. Copyright Office registration materials for the subject photographs.

2. Documents showing Defendant's display of the subject photograph.

3. Communications with Defendant with respect to the subject photograph.

4. Prior licensing information with respect to Plaintiff's professional photography.

## COMPUTATION OF DAMAGES

Plaintiff seeks either actual damages/disgorgement of Defendant's profits or statutory damages in this lawsuit.  Defendant's profits are currently unknown (as discovery is pending).  Plaintiff will make an election of actual damages/disgorgement or statutory damages at the appropriate time.  Because Plaintiff licenses its work on an annual basis, Plaintiff would calculate its actual damages by multiplying the license it would have charged by the number of years the photographs were published.  Plaintiff needs further discovery of Defendant's usage to determine the license that would have been charged.

## INSURANCE AGREEMENTS

Plaintiff is not aware of any insurance agreement relevant to the claims asserted in this lawsuit.

Dated: April 15, 2025.	**COPYCAT LEGAL PLLC**

By: /s/ Lauren M. Hausman
Lauren M. Hausman, Esq.
Jonathan Alejandrino, Esq. *(pro hac vice)*
Attorneys for Plaintiff
Michael Grecco Productions, Inc.

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 15, 2025, I served the foregoing document via e-mail to: Connor Hansen, Esq. (Hansen.Connor@dorsey.com), Michael Keyes, Esq. (keyes.mike@dorsey.com), and Dylan Harlow, Esq. (Harlow.Dylan@dorsey.com).

/s/ Lauren M. Hausman
Lauren M. Hausman, Esq.