# Exhibit B

To the Declaration of J. Michael Keyes in Support of Defendant's Opposition to Plaintiff's Motion to Exclude and/or Strike Defendant's Expert Witness and Report

Lauren M. Hausman (CA Bar No. 349514)
**COPYCAT LEGAL PLLC**
113 N San Vicente Blvd
Suite 232
Beverly Hills, CA 90211
T: (877) 437-6228
E: lauren@copycatlegal.com

Attorney for Plaintiff
Michael Grecco Productions, Inc.

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL GRECCO PRODUCTIONS, INC.,<br><br>        Plaintiff,<br><br>v.<br><br>TIKTOK, INC.,<br><br>        Defendant. | Civil Action No. 2:24-cv-04837-FLA-MAR<br><br>**PLAINTIFF'S AMENDED ANSWERS TO DEFENDANT'S FIRST SET OF INTERROGATORIES** |

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, plaintiff Michael Grecco Productions, Inc. ("Plaintiff") submits these amended answers to defendant TikTok, Inc.'s ("Defendant") First Set of Interrogatories (the "Interrogatories") as follows:

**INTERROGATORIES**

1

**AMENDED RESPONSE:** Pursuant to Fed. R. Civ. P. 33(d), Plaintiff refers Defendants to the documents being produced in response to the First Requests for Production 4, 5 and 6.

3. Identify all marketplaces through which the Works are offered for download, purchase, license, access or use, including without limitation all websites owned by Plaintiff and any stock photo marketplaces, such as Shutterstock, iStock, Unsplash, Pixabay, or the like.

**ANSWER:** See response to Interrogatory 1.

4. State the standard or going licensing fee for each of the Works, including the terms associated with such licensing fee.

**ANSWER:** The licensing fee for each of the works is determined by the use of the end user, as calculated by the shopping cart tool on Plaintiff's website.

5. Describe in detail the damages to which Plaintiff claims it is entitled for each of the Works, including without limitation the amount of actual damages, if any, and the amount of statutory damages, if any, for each Work.

**ANSWER:** Statutory damages under the Copyright Act are in the court/jury's discretion and range from $200 - $150,000 for each of the Works. Plaintiff defers to the court/jury to determine the fair amount Plaintiff's actual damages consists of the licensing fees shown by the shopping cart feature on Plaintiff's website for each of the Works. Further,

by proliferating Plaintiff's Works, Defendant has lessened the value thereof for future licensing abilities. Plaintiff does not know the extent of the proliferation or loss in value at this time.

6. Identify all Documents relating to Plaintiff's calculation of damages for each Work, including without limitation all Documents relating to Plaintiff's calculation of actual damages, if any, and Plaintiff's calculation of statutory damages, if any, for each Work.

**ANSWER:** Pursuant to Fed. R. Civ. P. 33(d), Plaintiff refers Defendant to the documents being produced in response to the First Request for Production, specifically those produced in response to Request 4 and 6.

7. Identify all Agreements relating to the use of one or more of the Works, including without limitation all settlement agreements and licensing agreements.

**ANSWER:** Plaintiff objects to this interrogatory as not relevant to claims or defenses at issue in this lawsuit. The identity and/or existence of other infringers has no bearing on whether Defendant committed infringement or any of the actual defenses asserted by Defendant. Subject to the foregoing, and pursuant to Fed. R. Civ. P. 33(d), Plaintiff refers Defendant to the documents being produced in response to the First Request for Production, specifically those produced in response to Request 6.

**ANSWER:** Plaintiff objects to this interrogatory as it seeks a legal analysis and/or legal conclusion. Subject to the foregoing, Plaintiff's works were used in commercial fashion on Defendant's platform to generate income and/or exposure for Defendant and its end-users. There was nothing transformative about the use, nor was it educational/done for commentary.

14. Describe in detail the basis for Your contention that Plaintiff sent DCMA compliant takedown notices to Defendant for each of the allegedly infringing uses identified in Exhibit N, including without limitation when each takedown notice was sent, to whom and by whom each takedown notice was sent, and what information was included in each takedown notice.

**ANSWER:** Pursuant to Fed. R. Civ. P. 33(d), Plaintiff refers Defendants to the documents being produced in response to the First Request for Production, specifically those produced in response to Request 22.

**AMENDED ANSWER:** The DMCA Takedown notices were drafted by Ceci Iglesias.

Dated: April 28, 2025.

AMENDED: July 14, 2025

COPYCAT LEGAL PLLC
113 North San Vicente Boulevard
Suite 232
Beverly Hills, CA 90211
Telephone: (877) 437-6228
lauren@copycatlegal.com
jonathan@copycatlegal.com

7

*Attorneys for Plaintiff*

By: /s/ Lauren M. Hausman
Lauren M. Hausman, Esq.
Jonathan Alejandrino, Esq. *(pro hac vice)*

## CERTIFICATE OF SERVICE

I hereby certify that on July 14, 2025, I served the foregoing *amended* document via e-mail to: J. Michael Keyes (keyes.mike@dorsey.com), Connor J. Hansen (hansen.connor@dorsey.com), Dylan J. Harlow (harlow.dylan@dorsey.com), and Kent J. Schmidt (schmidt.kent@dorsey.com).

/s/ Lauren M. Hausman
Lauren M. Hausman, Esq.