DORSEY & WHITNEY LLP
J. Michael Keyes (SBN 262281)
  *keyes.mike@dorsey.com*
Connor J. Hansen (*pro hac vice*)
  *hansen.connor@dorsey.com*
Dylan J. Harlow (*pro hac vice*)
  *harlow.dylan@dorsey.com*
701 Fifth Avenue, Suite 6100
Seattle, WA 98104
Telephone: 206.903.8800
Facsimile: 206.903.8820

DORSEY & WHITNEY LLP
Kent J. Schmidt (SBN 195969)
  *schmidt.kent@dorsey.com*
600 Anton Boulevard, Suite 200
Costa Mesa, CA 92626
Telephone: 714.800.1400
Facsimile: 714.800.1499

*Attorneys for Defendant TikTok, Inc.*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL GRECCO PRODUCTIONS INC., <br><br> *Plaintiff*, <br><br> v. <br><br> TIKTOK, INC., <br><br> *Defendant*. | Case No. 2:24-CV-04837-FLA-MAR <br><br> **APPLICATION FOR LEAVE TO FILE UNDER SEAL RELATING TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT** <br><br> Hon. Fernando L. Aenlle-Rocha <br><br> Filed concurrently with: <br>(1) Declaration of J. Michael Keyes; and <br>(2) [Proposed] Order <br><br> Second Amended Complaint filed: April 1, 2025 |

PLEASE TAKE NOTICE that, pursuant to Civil Local Rule 79-5, Defendant TikTok, Inc. ("Defendant" or "TTI") files this application to file under seal relating to Defendant's Opposition to Plaintiff's Motion for Partial Summary Judgment.

This Application is based on this Application for Leave to File Under Seal, the following Memorandum of Points and Authorities, the Declaration of J. Michael Keyes ("Keyes Decl.") submitted herewith, the concurrently lodged Proposed Order, the pleadings and evidence in the Court's files, and any further evidence and oral argument that may be requested by the Court.

## MEMORANDUM OF POINTS AND AUTHORITIES

Defendant is filing an Opposition to Plaintiff's Motion for Partial Summary Judgment (the "Opposition Brief") and respectfully requests leave to file under seal:

(1) Portions of the Declaration of Ms. Jemili Boutros filed in support of the Opposition Brief (the "Boutros Declaration"). Keyes Decl., Exh. D.

(2) Portions of the transcript from the deposition of Ms. Boutros, filed as Exhibit 6 in support of the Opposition Brief ("Exhibit 6). Keyes Decl., Exh. E.

(3) Exhibit 3 filed in support of the Opposition Brief ("Exhibit 3"), which identifies which TikTok users at issue in the matter participate in the Creator Program. Keyes Decl., Exh. F.

(4) Portions of Opposition Brief that quote from or summarize confidential information from the Boutros Declaration, Exhibit 6, or Exhibit 3. Keyes Decl., Exh. A.

(5) Portions of Defendant's Statement of Additional Uncontroverted Facts in support of the Opposition Brief ("Statement of Additional Uncontroverted Facts") that quote from or summarize confidential information from the Boutros Declaration, Exhibit 6, or Exhibit 3. Keyes Decl., Exh. B.

(6) Portions of Defendant's Statement of Genuine Disputed Facts in support of the Opposition Brief "Statement of Genuine Disputed Facts" that quote from or

summarize confidential information from the Boutros Declaration, Exhibit 6, or Exhibit 3. Keyes Decl., Exh. C.

For the reasons below, leave to file these documents under seal should be granted.

## I. LEGAL STANDARD

While there is a strong presumption of public access to judicial records, documents filed in support of a motion nevertheless may be sealed if there are "compelling reasons" to protect the information contained therein. *See* L.R. 79-5.2.2; *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178–80 (9th Cir. 2006). Courts have found that such compelling reasons exist when the filing could "become a vehicle for improper purposes," such as release of trade secrets or confidential business information. *Id*. at 1179 (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)). In the Ninth Circuit, courts adopted the Restatement's definition of trade secrets, which includes "any . . . compilation of information which is used in one's business, and which gives [one] an opportunity to obtain an advantage over [other] competitors who do not know or use [the information]." Restatement of Torts § 757, cmt. b.

Courts in this District routinely determine that under seal filing is appropriate to limit the disclosure of confidential or sensitive business information that could be used by a competitor. *See, e.g., Miotox LLC v. Allergan, Inc.*, 2016 WL 3176557, at *2 (C.D. Cal. June 2, 2016); *Gasio v. Target Corp.*, 2015 WL 11387768, at *1 (C.D. Cal. Jan. 30, 2015); *see also Center for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016) (factors for granting a motion to seal include when documents act "as sources of business information that might harm a litigant's competitive standing"). Financial information and information relating to customers are among the categories of "confidential or sensitive business information" courts protect. *In re Apple Inc. Device Performance Litig.*, 2019 WL 1767158, at *2 (N.D. Cal. Apr. 22, 2019); *See Icon-IP Pty Ltd. v. Specialized Bicylce Components, Inc.*,

2015 U.S. Dist. LEXIS 26519, at *5 (N.D. Cal. Mar. 3, 2015) ("Under Ninth Circuit law, pricing, profit, and customer usage information, when kept confidential by a company, is appropriately sealable under the 'compelling reasons' standard where that information could be used to the company's competitive disadvantage.").

## II.  ARUGMENT

### A. Ms. Boutros' Testimony and Exhibit 3 Involve TTI's Confidential Information and Should be Sealed

Defendant is submitting testimony from Ms. Boutros, a Senior Intellectual Property Specialist, in support of its Motion.  Ms. Boutros's testimony is provided both through the Boutros Declaration and through Exhibit 6, which is relevant portions from the July 10, 2025, deposition of Ms. Boutros.  Keyes Decl. ¶¶ 6–8.  Ms. Boutros's testimony includes TTI's confidential business information relating to policies and procedures for processing and reviewing copyright takedown notices received by TTI.  *Id.* ¶ 6.  TTI seeks to file under seal only information relating to TTI's internal policies and procedures, which it treats as highly confidential.  *Id.*  Disclosure of this information could provide a roadmap for third parties to interfere with TTI's internal policies and procedure or for competitors to copy and implement Defendant's confidential policies and procedures.  Therefore, such information is properly sealed. *E.g., Felix v. Davis Moreno Constr., Inc.*, 2008 WL 3009867, at *1-3 (E.D. Cal. Aug. 1, 2008) (recognizing that injury may result from the disclosure of confidential business information, such as use of the information by competitors to "compete for [its] customers, or interfere with [its] business plan and thereby gain a competitive advantage in the marketplace") (citation omitted).

Ms. Boutros's testimony also includes confidential data relating to TTI's user metrics, namely the number of TikTok users and the number of videos they have posted to the TikTok platform.  Keyes Decl. ¶ 7.  Similarly, Exhibit 3 includes data identifying which TikTok user accounts are part of the Creator Program, which TikTok and its users treat as confidential.  Keyes Decl. ¶ 7.  This customer usage

DEFENDANT'S APPLICATION FOR
LEAVE TO FILE UNDER SEAL                                             Case No. 2:24-CV-04837-FLA-MAR

information is highly confidential and properly sealed. *See Icon-IP Pty Ltd.*, 2015 U.S. Dist. LEXIS 26519, at *5 (finding "customer usage information, when kept confidential by a company, is appropriately sealable"). Ms. Boutros also provides confidential testimony relating to the ways that TTI generates revenues. Keyes Decl. ¶ 8. Disclosure of this information could give competitors insight into TTI's business and strategies that they otherwise would not have and allow them to unfairly compete with Defendant. *Id.* This information is properly sealed. *Center for Auto Safety, LLC*, 809 F.3d at 1097.

The confidential information described above appears in paragraphs 4, 7, 10, and 12 of the Boutros Declaration and Defendant only seeks to file those portions under seal, leaving the remaining paragraphs visible to the public. Keyes Decl. ¶ 9. Similarly, the confidential information described above appears on less than half of the pages of the transcript in Exhibit 6. *Id.* ¶ 10. Defendant seeks to file the entirety of Exhibit 3 under seal as it only contains confidential user information. *Id.* at ¶ 11.

**B. The Portions of the Memorandum and Statement of Facts Summarizing the Referenced Testimony and Exhibits Should be Sealed**

For the reasons stated above, portions of the Boutros Declaration, portions of Exhibit 6, and the entirety of Exhibit 3 are properly sealed. Keyes Decl., Exhs. D, E, F. The portions of the Opposition Brief, Statement of Additional Uncontroverted Facts, and the Statement of Genuine Disputed Facts that TTI seeks to file under seal either reproduce, quote from, or summarize the confidential information disclosed in the Boutros Declaration, Exhibit 6, or Exhibit 3. Keyes Decl. ¶¶ 3–5. Thus, those portions are properly sealed for the same reasons. *Id.*, Exhs. A, B, C. Defendant will file publicly-available versions of the Opposition Brief, Statement of Additional Uncontroverted Facts, and the Statement of Genuine Disputed Facts that redact the confidential information, leaving the majority of these documents visible to the public.

### III. CONCLUSION

Defendant's Application is narrowly tailored because it seeks to file under seal only information relating to the categories of information identified above. Only Exhibit 3 will be sealed in its entirety in the public record. Defendant will publicly file redacted versions of the Boutros Declaration, Exhibit 6, the Opposition Brief, the Statement of Additional Uncontroverted Facts, and the Statement of Genuine Disputed Facts with minimal redactions, leaving the majority of these documents visible to the public. *Id.* ¶ 12. Further, this Application is narrowly tailored because the information to be sealed constitutes a small fraction of the evidentiary material submitted in connection with Defendant's Opposition Brief. For example, Defendant does not seek to file under seal twenty-three exhibits submitted in support of its Opposition Brief.

For the foregoing reasons, Defendant respectfully request leave to file these documents under seal as set forth in the Proposed Order submitted herewith.

Dated:   September 7, 2025                          DORSEY & WHITNEY LLP

By: */s/ Connor J. Hansen*
J. Michael Keyes (SBN 262281)
  *keyes.mike@dorsey.com*
Connor J. Hansen (*pro hac vice*)
  *hansen.connor@dorsey.com*
Dylan J. Harlow (*pro hac vice*)
  *harlow.dylan@dorsey.com*
Columbia Center
701 Fifth Avenue, Suite 6100
Seattle, WA
Telephone:  206.903.8800
Facsimile:  206.903.8820

DORSEY & WHITNEY LLP
Kent J. Schmidt (SBN 195969)
  *schmidt.kent@dorsey.com*
600 Anton Boulevard, Suite 200
Costa Mesa, CA 92626
Telephone:  714.800.1400
Facsimile:  714.800.1499

*Attorneys for Defendant TikTok, Inc.*

# CERTIFICATE OF SERVICE

I hereby certify that on September 7, 2025, a true and correct copy of the foregoing was filed electronically using the Court's CM/ECF system, which shall send notification of such filing to all counsel of record. Any counsel of record who has not consented to electronic service through the Court's CM/ECF system will be served by electronic mail.

*/s/ Connor J. Hansen*
Connor J. Hansen