DORSEY & WHITNEY LLP
J. Michael Keyes (SBN 262281)
  *keyes.mike@dorsey.com*
Connor J. Hansen (*pro hac vice*)
  *hansen.connor@dorsey.com*
Dylan J. Harlow (*pro hac vice*)
  *harlow.dylan@dorsey.com*
701 Fifth Avenue, Suite 6100
Seattle, WA 98104
Telephone: 206.903.8800
Facsimile: 206.903.8820

DORSEY & WHITNEY LLP
Kent J. Schmidt (SBN 195969)
  *schmidt.kent@dorsey.com*
600 Anton Boulevard, Suite 200
Costa Mesa, CA 92626
Telephone: 714.800.1400
Facsimile: 714.800.1499

*Attorneys for Defendant TikTok, Inc.*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL GRECCO PRODUCTIONS INC., <br><br> *Plaintiff*, <br><br> v. <br><br> TIKTOK, INC., <br><br> *Defendant*. | Case No. 2:24-CV-04837-FLA-MAR <br><br> **APPLICATION FOR LEAVE TO FILE UNDER SEAL RELATING TO DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT OR PARTIAL SUMMARY JUDGMENT** <br><br> Hon. Fernando L. Aenlle-Rocha <br><br> Filed concurrently with: <br> (1) Declaration of J. Michael Keyes; and <br> (2) [Proposed] Order <br><br> Second Amended Complaint filed: April 1, 2025 |

-1-

PLEASE TAKE NOTICE that, pursuant to Civil Local Rule 79-5, Defendant TikTok, Inc. ("Defendant" or "TTI") files this application to file under seal relating to Defendant's Reply In Support of its Motion for Summary Judgment or Partial Summary Judgment.

This Application is based on this Application for Leave to File Under Seal, the following Memorandum of Points and Authorities, the Declaration of J. Michael Keyes ("Keyes Decl.") submitted herewith, the concurrently lodged Proposed Order, the pleadings and evidence in the Court's files, and any further evidence and oral argument that may be requested by the Court.

## **MEMORANDUM OF POINTS AND AUTHORITIES**

Defendant is filing a Reply In Support of its Motion for Summary Judgment or Partial Summary Judgment (the "Reply") and respectfully requests leave to file under seal portions of Defendant's Response to Plaintiff's Statement of Genuine Disputes of Material Fact Relating to Defendant's Motion For Summary Judgment or Partial Summary Judgment ("Fact Responses") filed in support of the Reply that quote or summarize Defendant's confidential information.

The portions of the Fact Responses that Defendant seeks to file under seal quote from or summarize Defendant's confidential information made of record through the testimony of Ms. Jemili Boutros. Defendant previously filed a declaration from Mr. Boutros as well as excerpts from Ms. Boutros' deposition and sought to file portions of those documents under seal. Specifically, Ms. Boutros' testimony has been previously lodged under seal as attachments to the Declaration of J. Michael Keyes in Support of Defendant's August 22, 2025 Application for Leave to File Under Seal (Dkt. 73) (the "Prior Keyes Declaration") (Dkt. 73). Dkts. 73-3 (unredacted Declaration of Ms. Jemili Boutros filed in support of the Motion); 73-5 (unredacted July 10, 2025, deposition transcript of Ms. Boutros).

For the reasons below, leave to file the Fact Responses under seal should be granted.

## I.    LEGAL STANDARD

1
2          While there is a strong presumption of public access to judicial records,
3  documents filed in support of a motion nevertheless may be sealed if there are
4  "compelling reasons" to protect the information contained therein.  *See* L.R. 79-5.2.2;
5  *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178–80 (9th Cir. 2006).
6  Courts have found that such compelling reasons exist when the filing could "become
7  a vehicle for improper purposes," such as release of trade secrets or confidential
8  business information.  *Id*. at 1179 (quoting *Nixon v. Warner Commc'ns, Inc.*, 435
9  U.S. 589, 598 (1978)).   In the Ninth Circuit, courts adopted the Restatement's
10  definition of trade secrets, which includes "any . . . compilation of information which
11  is used in one's business, and which gives [one] an opportunity to obtain an
12  advantage over [other] competitors who do not know or use [the information]."
13  Restatement of Torts § 757, cmt. b.

14          Courts in this District routinely determine that under seal filing is appropriate
15  to limit the disclosure of confidential or sensitive business information that could be
16  used by a competitor.  *See, e.g., Miotox LLC v. Allergan, Inc*., 2016 WL 3176557, at
17  *2 (C.D. Cal. June 2, 2016); *Gasio v. Target Corp*., 2015 WL 11387768, at *1 (C.D.
18  Cal. Jan. 30, 2015); *see also Center for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d
19  1092, 1097 (9th Cir. 2016) (factors for granting a motion to seal include when
20  documents act "as sources of business information that might harm a litigant's
21  competitive standing").   Financial information and information relating to customers
22  are among the categories of "confidential or sensitive business information" courts
23  protect.  *In re Apple Inc. Device Performance Litig*., 2019 WL 1767158, at *2 (N.D.
24  Cal. Apr. 22, 2019); *See Icon-IP Pty Ltd. v. Specialized Bicylce Components, Inc.*,
25  2015 U.S. Dist. LEXIS 26519, at *5 (N.D. Cal. Mar. 3, 2015) ("Under Ninth Circuit
26  law, pricing, profit, and customer usage information, when kept confidential by a
27  company, is appropriately sealable under the 'compelling reasons' standard where
28  that information could be used to the company's competitive disadvantage.").

## II.    ARGUMENT

Defendant has previously lodged under seal testimony from Ms. Boutros, a Senior Intellectual Property Specialist, in support of its Motion for Summary Judgment ("Motion").   Ms. Boutros' testimony was provided both through the Declaration of Ms. Jemili Boutros filed in support of the Motion (the "Boutros Declaration"), which is filed at Dkt. 73-3, and through excerpts of the transcript from Ms. Boutros' July 10, 2025, deposition, which is filed at Dkt. 73-4.  Keyes Decl. ¶¶ 3, 4 ; Dkt. 73 ¶¶ 5, 8, 9.  Ms. Boutros' testimony includes TTI's confidential business information relating to policies and procedures for processing and reviewing copyright takedown notices received by TTI.  Keyes Decl. ¶ 4.   TTI seeks to file under seal only information relating to TTI's internal policies and procedures, which it treats as highly confidential.  *Id.*  Disclosure of this information could provide a roadmap for third parties to interfere with TTI's internal policies and procedures or for competitors to copy and implement Defendant's confidential policies and procedures.   Therefore, such information is properly sealed.  *E.g., Felix v. Davis Moreno Constr., Inc.*, 2008 WL 3009867, at *1-3 (E.D. Cal. Aug. 1, 2008) (recognizing that injury may result from the disclosure of confidential business information, such as use of the information by competitors to "compete for [its] customers, or interfere with [its] business plan and thereby gain a competitive advantage in the marketplace") (citation omitted).

Ms. Boutros' testimony also includes confidential data relating to TTI's user metrics, namely the number of TikTok users and the number of videos they have posted to the TikTok platform.  Keyes Decl. ¶ 5.  This customer usage information is highly confidential and properly sealed.  *See Icon-IP Pty Ltd.*, 2015 U.S. Dist. LEXIS 26519, at *5 (finding "customer usage information, when kept confidential by a company, is appropriately sealable").   Ms. Boutros also provides confidential testimony relating to the ways that TTI generates revenues.  Keyes Decl. ¶ 6.

DEFENDANT'S APPLICATION FOR
LEAVE TO FILE UNDER SEAL                                  Case No. 2:24-CV-04837-FLA-MAR

Disclosure of this information could give competitors insight into TTI's business and strategies that they otherwise would not have and allow them to unfairly compete with Defendant. *Id.* This information is properly sealed. *Center for Auto Safety, LLC*, 809 F.3d at 1097.

Defendant's Fact Responses quote from or summarize the foregoing testimony from Ms. Boutros. Specifically, the confidential information described above appears in Fact Nos. 4, 5, 19, 20, 21, 22, and 23 of Defendant's Fact Responses. Keyes Decl., Exh. A. Defendant only seeks to file those portions under seal, leaving the remainder of the Fact Responses visible to the public. *Id.* ¶ 7.

## III.   CONCLUSION

Defendant's Application is narrowly tailored because it seeks to file under seal only information relating to the categories of information identified above. None of these documents will be sealed in their entirety in the public record, rather Defendant will publicly file redacted versions of the Fact Responses with minimal redactions, leaving the majority of these documents visible to the public. *Id.* ¶ 7. Further, this Application is narrowly tailored because the information to be sealed constitutes a small fraction of the evidentiary material submitted in connection with Defendant's Reply.

For the foregoing reasons, Defendants respectfully request leave to file its Fact Responses under seal as set forth in the Proposed Order submitted herewith.

////

////

////

////

////

////

////

DEFENDANT'S APPLICATION FOR
LEAVE TO FILE UNDER SEAL                                    Case No. 2:24-CV-04837-FLA-MAR

1    Dated:    September 12, 2025              DORSEY & WHITNEY LLP

2

3                                             By: */s/ J. Michael Keyes*
                                              J. Michael Keyes (SBN 262281)
4                                                *keyes.mike@dorsey.com*
                                              Connor J. Hansen (*pro hac vice*)
5                                                *hansen.connor@dorsey.com*
                                              Dylan J. Harlow (*pro hac vice*)
6                                                *harlow.dylan@dorsey.com*
                                              Columbia Center
7                                             701 Fifth Avenue, Suite 6100
                                              Seattle, WA
8                                             Telephone:  206.903.8800
                                              Facsimile:   206.903.8820

9                                             DORSEY & WHITNEY LLP
                                              Kent J. Schmidt (SBN 195969)
10                                               *schmidt.kent@dorsey.com*
                                              600 Anton Boulevard, Suite 200
11                                            Costa Mesa, CA 92626
                                              Telephone:  714.800.1400
12                                            Facsimile:   714.800.1499

13                                            *Attorneys for Defendant TikTok, Inc.*

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT'S APPLICATION FOR
LEAVE TO FILE UNDER SEAL                                Case No. 2:24-CV-04837-FLA-MAR

1

**CERTIFICATE OF SERVICE**

2       I hereby certify that on September 12, 2025, a true and correct copy of the

3 foregoing was filed electronically using the Court's CM/ECF system, which shall

4 send notification of such filing to all counsel of record.  Any counsel of record who

5 has not consented to electronic service through the Court's CM/ECF system will be

6 served by electronic mail.

7

8
*/s/ J. Michael Keyes*
J. Michael Keyes, SBN 262281

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT'S APPLICATION FOR
LEAVE TO FILE UNDER SEAL               Case No. 2:24-CV-04837-FLA-MAR