DORSEY & WHITNEY LLP
J. Michael Keyes (SBN 262281)
  keyes.mike@dorsey.com
Connor J. Hansen (*pro hac vice*)
  hansen.connor@dorsey.com
Dylan J. Harlow (*pro hac vice*)
  harlow.dylan@dorsey.com
701 Fifth Avenue, Suite 6100
Seattle, WA 98104
Telephone: 206.903.8800
Facsimile:  206.903.8820

DORSEY & WHITNEY LLP
Kent J. Schmidt (SBN 195969)
  schmidt.kent@dorsey.com
600 Anton Boulevard, Suite 200
Costa Mesa, CA 92626
Telephone:  714.800.1400
Facsimile:   714.800.1499

*Attorneys for Defendant TikTok, Inc.*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MICHAEL GRECCO PRODUCTIONS INC., <br><br>*Plaintiff*, <br><br>v. <br><br>TIKTOK, INC., <br><br>*Defendant*. | Case No. 2:24-CV-04837-FLA-MAR <br><br>**DEFENDANT'S OBJECTIONS TO PLAINTIFF'S EVIDENCE SUBMITTED IN SUPPORT OF ITS OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT OR PARTIAL SUMMARY JUDGMENT** <br><br>Hon. Fernando L. Aenlle-Rocha <br>Date:  September 26, 2025 <br>Time:  1:30pm <br>Courtroom: 6B <br><br>Filed concurrently with: <br>[Proposed] Order |

Defendant TikTok, Inc. ("TTI" or "Defendant") hereby submits its Statement of Objections to Plaintiff's Evidence Submitted in Support of its Opposition to Defendant's Motion for Summary Judgment or Partial Summary Judgment.

All evidence cited herein are to the following documents: Plaintiff's Opposition to Defendant's Motion for Summary Judgment or Partial Summary Judgment (Dkt. 78) and all materials attached thereto (Dkts. 78-1; 78-2; 78-3); Exhibit 4 attached to the Declaration of J. Michael Keyes in Support of Defendant's for Partial Summary Judgment (Dkt. 70-8) ("Exh. 4"); Exhibit 1 attached to the Declaration of J. Boutros in Support of Defendant's for Partial Summary Judgment (Dkt. 70-4) ("Exh. 1"); Exhibit 2 attached to the Declaration of J. Boutros (Dkt. 70-5) ("(Exh. 2").

| Objection No. and Evidence Objected To | Objections |
|---|---|
| 1. "Plaintiff's takedown process for TikTok is 'automated' to the extent that if Plaintiff's subcontractors do not locate a license, and the use is determined to not be fair use, the takedown notice will be sent out."<br><br>Declaration of Michael Grecco ("Grecco Decl."), Dkt. 78-3, at ¶ 11. | To the extent Grecco is testifying that his contractors send a notice if they do not locate a license *and the use is determined not to be fair use*, the Court should disregard this statement under the Sham Affidavit Rule. This later declaration testimony directly contradicts Grecco's original, sworn deposition testimony that Plaintiff's takedown process is "just automated that, if there's no license, [his contractors] send a takedown notice." Exh. 4, Grecco Depo. at 209:6-7. Grecco explained, "sans license and sans being tagged, its infringing so that's my rule. . . . They look to see if anyone's licensed it. . . . And if it's not, they send a takedown notice." *Id.* at 210:18-25.<br><br>The "rule" articulated by Grecco during his deposition, looking only at licensing and notably missing any fair use analysis, and the "takedown process" now described as including a fair use analysis, are inconsistent and Grecco's |

| Objection No. and Evidence Objected To | Objections |
|---|---|
|  | declaration directly contradicts his prior deposition testimony.<br><br>Grecco's original testimony controls. *See Van Asdale v. Int'l Game Tech.*, 577 F.3d 989, 998 (9th Cir. 2009) ("The general rule in the Ninth Circuit is that a party cannot create an issue of fact by an affidavit contradicting his prior deposition testimony.") (quoting *Kennedy v. Allied Mut. Ins. Co.*, 952 F.2d 262, 266 (9th Cir. 1991) (The sham affidavit rule prevents "a party who has been examined at length on deposition" from "submitting an affidavit contradicting his own prior testimony," which "would greatly diminish the utility of summary judgment as a procedure for screening out sham issues of fact.")). |
| 2. "In this case, I did not and do not believe that any of the uses by Defendant's users was fair use."<br><br>Dkt. 78-3, Grecco Decl. at ¶ 12<br><br>Dkt. 78, Opposition Brief, at 7 n.4. | To the extent Grecco is testifying that he "did not . . . believe that any of the uses by Defendant's users was fair use" *before* sending the takedown notices, the Court should disregard this statement under the Sham Affidavit Rule. This later declaration testimony directly contradicts Grecco's original, sworn deposition testimony that he did not consider fair use before Plaintiff's takedown notices were submitted. Exh. 4, Grecco Depo. at 211:1-4 ("Q: Did your company consider the doctrine of fair use before issuing the takedown notice with respect to this first video? A: No."); *Id*. at 211:9-15 ("Q: So is it fair to say, then, sir, that before your company issued any of the takedown notices in this case, that you didn't consider whether—you didn't consider fair use? A: I still don't consider fair use."); *Id*. at 260:18-24 (Q: And its your position that the allegations of infringement in these DMCA notices were true and accurate even though you did not consider fair use before sending these DMCA notices; right? A: Correct. I still don't consider fair use; correct.). |

| Objection No. and Evidence Objected To | Objections |
|---|---|
| | Accordingly, Grecco could not have formed a belief as to fair use before sending the takedown notices. Grecco's original testimony controls. *See Van Asdale*, 577 F.3d at 998; *Kennedy*, 952 F.2d at 266. |
| 3. "I . . . consider whether a use is fair use in all of my cases. If I think someone's use of Plaintiff's photograph qualifies as fair use, the matter will not proceed."<br><br>Dkt. 78-3, Grecco Decl. at ¶ 12<br><br>Dkt. 78, Opposition Brief, at 7 n.4. | The Court should disregard this statement in Grecco's declaration under the Sham Affidavit Rule because such later declaration testimony directly contradicts Grecco's original, sworn deposition testimony that he did not consider fair use before Plaintiff's takedown notices were submitted. *See supra* Objection No. 2. Grecco's original testimony controls. *See Van Asdale*, 577 F.3d at 998; *Kennedy*, 952 F.2d at 266. |
| 4. "A fair use assessment is made before sending out a DMCA takedown notice, as that is within Plaintiff's standard operating procedure."<br><br>Dkt. 78-3, Grecco Decl. ¶ 13.<br><br>Dkt. 78, Opposition Brief, at 7 n.4; *id*. at 7 n.5; *id*. at 8 n.7. | The Court should disregard this statement in Grecco's declaration under the Sham Affidavit Rule because such later declaration testimony directly contradicts Grecco's original, sworn deposition testimony. It is undisputed that Grecco was responsible for considering fair use on Plaintiff's behalf. Fact No. 61. And Grecco testified that he did not consider fair use before Plaintiff's takedown notices were submitted. *See supra* Objection Nos. 2, 3.<br><br>Further, Grecco testified that Plaintiff's takedown process is automated and his "rule" is that his contractors are authorized to send takedown notices if the uses are not licensed. *See supra* Objection No 1. The "rule" articulated by Grecco during his deposition and the "standard operating procedure" now described are inconsistent and Grecco's declaration directly contradicts his prior deposition testimony. *Id*. |

| Objection No. and Evidence Objected To | Objections |
|---|---|
| | Grecco's original testimony controls. *See Van Asdale*, 577 F.3d at 998; *Kennedy*, 952 F.2d at 266. |
| 5. "I approve every case at the outset. There is not a case that proceeds that I have not approved."<br><br>Dkt. 78-3, Grecco Decl. ¶ 13.<br><br>Dkt. 78, Opposition Brief, at 7 n.4; *id*. at 7 n.5; *id*. at 8 n.7. | The Court should disregard this statement in Grecco's declaration under the Sham Affidavit Rule because such later declaration testimony directly contradicts Grecco's original, sworn deposition testimony that he neither reviewed all of the alleged infringements at issue in this case nor approved prosecution of the same. Exh. 4, Grecco Depo. at 209:15-210:2 ("I did not look at every one, and *I did not approve every one.*") (emphasis added).<br><br>Grecco's original testimony controls. *See Van Asdale*, 577 F.3d at 998; *Kennedy*, 952 F.2d at 266. |
| 6. "In my review [of the infringements that were subject of the DMCA takedown notices], I subjectively believed that none of the uses by Defendant's users was fair use."<br><br>Dkt. 78-3, Grecco Decl. ¶ 14.<br><br>Dkt. 78, Opposition Brief, at 7 n.4. | The Court should disregard this statement in Grecco's declaration under the Sham Affidavit Rule because such later declaration testimony directly contradicts Grecco's original, sworn deposition testimony that he did not consider fair use before Plaintiff's takedown notices were submitted. *See supra* Objection Nos. 2, 3, 4.<br><br>Grecco's original testimony controls. *See Van Asdale*, 577 F.3d at 998; *Kennedy*, 952 F.2d at 266. |
| 7. "I did review the infringements that were subject of the DMCA takedown notices."<br><br>Dkt. 78-3, Grecco Decl. ¶ 14.<br><br>Dkt. 78, Opposition Brief, at 7 n.4. | To the extent Grecco is testifying that he reviewed the infringement *before* the notices were sent or even before his deposition, the Court should disregard this statement in Grecco's declaration under the Sham Affidavit Rule because such later declaration testimony directly contradicts Grecco's original, sworn deposition testimony that he did not review all of the alleged |

-4-

| Objection No. and Evidence Objected To | Objections |
|---|---|
| | infringements at issue in this case. *See supra* Objection Nos. 5.<br><br>Grecco's original testimony controls. *See Van Asdale*, 577 F.3d at 998; *Kennedy*, 952 F.2d at 266. |
| 8. "I found projected advertising revenues for Defendant online. The sources included the following: [six URLs to various websites]."<br><br>Dkt. 78-3, Grecco Decl. ¶ 15.<br><br>Dkt. 78, Opposition Brief, at 14. | Lacks Foundation Fed. R. Evid. 602; Lacks Authentication Fed. R. Evid. 901; Hearsay Fed. R. Evid. 801; Relevance Fed. R. Evid. 401.<br><br>Plaintiff's attempt to make several websites of record by supplying only URLs to those websites is insufficient. *E.g.*, *Retina Assocs. Med. Grp., Inc. v. Alliancemed, LLC*, No. SACV 18-1670 JVS (KES), 2020 U.S. Dist. LEXIS 40868, at *7 (C.D. Cal. Feb. 12, 2020) (sustaining objection to "citation to a public website" because it lacks authentication); *Gerritsen v. Warner Bros. Entm't Inc.*, 112 F. Supp. 3d 1011, 1029 (C.D. Cal. 2015) ("information appearing on third party websites is not a proper subject of judicial notice"). To the extent Plaintiff offers the websites to prove the truth of the matters asserted therein, this is clearly hearsay. *E.g., Epps v. CVS Health Corp.*, No. CV18-1274-PHX DGC, 2019 U.S. Dist. LEXIS 76738, at *15 (D. Ariz. May 7, 2019) (excluding statements in a website as hearsay at summary judgment). To the extent Plaintiff has not relied on the websites in its Opposition brief, the websites are not "of consequence in determining the action" and are irrelevant. Fed. R. Evid. 401. |
| 9. "[Plaintiff's Counsel]: So is it fair to say that, when you are considering enforcing your copyrights, fair use is one of those considerations?<br>MR. KEYES: Objection. Leading. | The Court should disregard Grecco's subsequent deposition testimony under the Sham Affidavit Rule because such later testimony directly contradicts Grecco's original, sworn deposition testimony that he did not consider fair use before Plaintiff's takedown notice were submitted. *See* Objection Nos. 2, 3, 4, 6. |

-5-

| Objection No. and Evidence Objected To | Objections |
|---|---|
| THE WITNESS: Yes. . . .”<br><br>Declaration of Jonathan Alejadrino ("Alejandrino Decl"), Dkt. 78-2. ¶ 4, Dkt. 78-2 at 71, Exhibit B, Grecco Tr. at 325:11-15.<br><br>Dkt. 78, Opposition Brief, at 8 n.7. | Grecco's original testimony controls. *See Van Asdale*, 577 F.3d at 998; *Kennedy*, 952 F.2d at 266. |
| 10. "Well, I -- look. We always consider fair use. If I see something used in an educational informational site, you know, for educational purposes with a not-for-profit company, I won't approve that case. If I see -- you know, if I see someone criticizing or critiquing one of my works, then it's obviously protected by the first amendment, and it's fair use. If I see something that's truly transformative, then we would consider fair use. But that's not the case here with TikTok. There's -- there's no criteria that I see from my 40 years of experience handling -- 30-some-odd years of experience handling my copyright cases that relates to fair use here. So no, we didn't consider it for the entirety of the platform because there's no fair use defense here from my perspective."<br><br>Dkt. 78-2, Alejandrino Decl. | To the extent this testimony is referenced to show Grecco reviewed the alleged infringements *before* the takedown notices were sent, the Court should disregard this contradictory testimony under the Sham Affidavit Rule. Mr. Grecco's original deposition testimony is clear that he did not review each alleged infringement nor consider fair use before sending the takedown notices, and his contractors look only for licensing before sending takedown notices. *See* Objection Nos. 2, 3, 4, 6, 9.<br><br>Grecco's original testimony controls. *See Van Asdale*, 577 F.3d at 998; *Kennedy*, 952 F.2d at 266. |

-6-

OBJECTIONS TO PLAINTIFF'S EVIDENCE
IN OPPOSITION OF SUMMARY JUDGMENT                    Case No. 2:24-CV-04837-FLA-MAR

| Objection No. and Evidence Objected To | Objections |
|---|---|
| ¶ 4, Dkt. 78-2 at 63-62, Exhibit B, Grecco Tr. at 212:20-213:12.<br><br>Dkt. 78, Opposition Brief, at 7 n.3; *id*. at 7 n.4; *id*. at 8 n.7. | |
| 11. "From the moment content is uploaded to TikTok by a user, the content can be flagged by either a user or one of Defendant's algorithms. See [Dkt. 78-2] Alejandrino Decl. at ¶ 3, [Dkt. 78-2 at 63-64,] Exhibit A, at Boutros Tr. at 12:1-12:4, 12:12-12:14, 13:5-13:7."<br><br>Dkt. 78, Opposition Brief, at 12. | Relevance Fed. R. Evid. 401; Prejudicial, Confusing the Issues Fed. R. Evid. 403.<br><br>To the extent Plaintiff contends TTI monitors content for the type of copyright infringement at issue here as content is uploaded, Plaintiff takes Ms. Boutros' testimony out of context. Ms. Boutros was testifying as to TTI's polices in general, of which they are many. *See* Exh. 1. Indeed, when asked how the mechanisms identified by Plaintiff work, Ms. Boutros testified "I'm not sure of the full extent of that, since my expertise is more in the IP scope." Dkt. 78-2, Alejandrino Decl. at ¶ 3, Dkt. 78-2 at 6, Exhibit A, at Boutros Tr. 13:11-12. For copyright infringement claims, Defendant relies on compliant DMCA notices. Exh. 2. Further, Plaintiff makes this argument with respect to the "control prong" of vicarious copyright infringement, and Defendant's Motion is premised on a lack of knowledge and lack of direct financial benefit, Dkt. 70-1, and therefore this citation to Ms. Boutros' testimony is irrelevant to the determination of the Motion. |

////

////

////

////

////

////

| | | |
|---|---|---|
| 1 | Dated: September 12, 2025 | DORSEY & WHITNEY LLP |
| 2 | | |
| 3 | | By: /s/ J. Michael Keyes |
| | | J. Michael Keyes (SBN 262281) |
| 4 | | keyes.mike@dorsey.com |
| | | Connor J. Hansen (*pro hac vice*) |
| 5 | | hansen.connor@dorsey.com |
| | | Dylan J. Harlow (*pro hac vice*) |
| 6 | | harlow.dylan@dorsey.com |
| | | Columbia Center |
| 7 | | 701 Fifth Avenue, Suite 6100 |
| | | Seattle, WA |
| 8 | | Telephone: 206.903.8800 |
| | | Facsimile: 206.903.8820 |
| 9 | | DORSEY & WHITNEY LLP |
| 10 | | Kent J. Schmidt (SBN 195969) |
| | | schmidt.kent@dorsey.com |
| 11 | | 600 Anton Boulevard, Suite 200 |
| | | Costa Mesa, CA 92626 |
| 12 | | Telephone: 714.800.1400 |
| | | Facsimile: 714.800.1499 |
| 13 | | *Attorneys for Defendant TikTok, Inc.* |

-8-

**CERTIFICATE OF SERVICE**

I hereby certify that on September 12, 2025, a true and correct copy of the foregoing was filed electronically using the Court's CM/ECF system, which shall send notification of such filing to all counsel of record. Any counsel of record who has not consented to electronic service through the Court's CM/ECF system will be served by electronic mail.

*/s/ J. Michael Keyes*
J. Michael Keyes, SBN 262281