Lauren M. Hausman (CA Bar No. 349514)
**COPYCAT LEGAL PLLC**
113 N San Vicente Blvd
Suite 232
Beverly Hills, CA 90211
T: (877) 437-6228
E: lauren@copycatlegal.com

Jonathan Alejandrino, *pro hac vice*
**COPYCAT LEGAL PLLC**
3111 North University Drive
Suite 301
Coral Springs, FL 33065
T: (877) 437-6228
E: jonathan@copycatlegal.com

Attorneys for Plaintiff
Michael Grecco Productions, Inc.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL GRECCO PRODUCTIONS, INC., | Civil Action No. 2:24-cv-04837-FLA-MAR |
| Plaintiff, | **PLAINTIFF'S REPLY MEMORANDUM IN FURTHER SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT** |
| v. | **(OPPOSED)** |
| TIKTOK, INC., | DATE: September 26, 2025 |
| Defendant. | TIME: 1:30 P.M. |
| | JUDGE: Fernando L. Aenlle-Rocha |

# **TABLE OF CONTENTS**

**INTRODUCTION** ................................................................ **5**

**ARGUMENT** .................................................................... **5**

**I.  There are no Issues of Material Fact Relating to Plaintiff's Ownership of an/or Rights in the Work** ................................... **5**

    *A.        Registration No. VAu 1-397-398* ........................... 6

    *B.        The First, Second, Eighth, Ninth, Tenth, Eleventh, Twelfth, Nineteenth, and Twentieth Photographs* .......................... 10

    *C.        Copyright to Images Created in 1998 or Later* ............... 12

**II. The Uses by Defendant's Users are Not Fair Use** ................... **12**

    *A.        Purpose and Character of the Use* ......................... 13

    *B.        The Nature of the Copyrighted Work* ...................... 18

    *C.        The Amount and Substantiality of the Portion Used* ......... 19

    *D.        The Effect of the Use Upon the Potential Market* ........... 19

**III. Defendant Committed Contributory Infringement** ................... **20**

**CONCLUSION** ................................................................ **23**

**LOCAL RULE 11-6.2 CERTIFICATE OF COMPLIANCE** ...................... **23**

COPYCAT LEGAL PLLC
113 N. SAN VICENTE BLVD., SUITE 232 • BEVERLY HILLS, CA 90211
TELEPHONE (877) 437-6228

1

## <u>TABLE OF AUTHORITIES</u>

2

<u>**Cases**</u>

<u>Andy Warhol Found. for the Visual Arts, Inc. v. Goldsmith</u>, 598 U.S. 508 (2023) ...................................................................................................12, 17

<u>Aquarian Found., Inc. v. Lowndes</u>, 127 F.4th 814, 820 (9th Cir. 2025) ...............6

<u>Dr. Seuss Enters., L.P. v. Penguin Books USA, Inc.</u>, 109 F.3d 1394 (9th Cir. 1997)........................................................................................................18

<u>Ellison v. Robertson</u>, 357 F.3d 1072 (9th Cir. 2004) ..........................................14

<u>Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.</u>, 499 U.S. 340 (1991) ...........................5

<u>Golden v. Michael Grecco Prods., Inc.</u>, No. 19-CV-3156 (NGG) (RER), 524 F. Supp. 3d 52, 2021 WL 878587 (E.D.N.Y. Mar. 9, 2021)..................................19

<u>Harper & Row Publishers, Inc. v. Nation Enters.</u>, 471 U.S. 539 (1985)........12, 19

<u>Hirsch v. CBS Broad. Inc.</u>, 2017 U.S. Dist. LEXIS 123468 (S.D.N.Y. Aug. 4, 2017)........................................................................................................18

<u>Kelly v. Arriba Soft Corp.</u>, 336 F.3d 811 (9th Cir. 2003) ..............................13, 15

<u>Menjivar v. JVCKenwood USA Holdings, Inc.</u>, No. CV 24-0448-CBM(AJRx), 2024 U.S. Dist. LEXIS 71349 (C.D. Cal. Apr. 17, 2024) ...................................5

<u>Michael Grecco Photography, Inc. v. Everett Collection, Inc.</u>, 589 F. Supp. 2d 375 (S.D.N.Y. 2008) ...............................................................................10, 11

<u>Michael Grecco Prods. v. Livingly Media</u>, No. CV 20-0151 DSF (JCx) (C.D. Cal. Apr. 16, 2021)........................................................................................16

<u>Monge v. Maya Magazines, Inc.</u>, 688 F.3d 1164 (9th Cir. 2012) ........................18

<u>Perfect 10, Inc. v. Amazon.com, Inc.</u>, 508 F.3d 1146 (9th Cir. 2007) .................15

<u>Seltzer v. Green Day, Inc.</u>, 725 F.3d 1170 (9th Cir. 2013)..................................18

<u>Sony Corp. of America v. Universal City Studios, Inc.</u>, 464 U.S. 417 (1984) ....19

20

**<u>Statutes</u>**

17 U.S.C. § 512 (c)(3) ........................................................................20

COPYCAT LEGAL PLLC
113 N. SAN VICENTE BLVD., SUITE 232 • BEVERLY HILLS, CA 90211
TELEPHONE (877) 437-6228

Plaintiff[1] hereby files this reply memorandum in further support of its motion partial summary judgment (the "Motion") against defendant TikTok, Inc. ("Defendant") [D.E. 68 and 69], and states as follows:

## INTRODUCTION

While Defendant may attempt to muddy the waters with its attempts to create factual disputes, the facts could not be any clearer, Defendant failed to comply with its obligations under the Digital Millenium Copyright Act ("DMCA"). Defendant was required to expeditiously remove the infringing content on its platform yet chose not to.

Defendant, coupled with its actual knowledge and failure to remove the content, materially contributed to the infringements. There can be no genuine dispute of material facts—Defendant is liable for contributory copyright infringement. As such, this Court should grant Plaintiff's Motion for Partial Summary Judgment.

## ARGUMENT

### I.    There are no Issues of Material Fact Relating to Plaintiff's Ownership of and/or Rights in the Work

While Defendant may prefer to ignore such, Plaintiff established direct infringement in the Work, which encompasses both ownership of the Work as well

---

[1] Terms not defined herein shall have the meaning ascribed to them in the Motion.

COPYCAT LEGAL PLLC
113 N. SAN VICENTE BLVD., SUITE 232 • BEVERLY HILLS, CA 90211
TELEPHONE (877) 437-6228

as unauthorized copying of the Work.[2] Plaintiff reincorporates its argument from

its Motion and additionally addresses the individual points raised by Defendant

below.

### A. Registration No. VAu 1-397-398

Defendant notes that "Registration No. VAu 1-397-398, relating to the

Seventeenth Photograph, lists the author and claimant as 'Michael Grecco,' not

Plaintiff, and indicates that the photo was not a work for hire."[3] While Defendant

is correct that Registration No. VAu 1-397-398 identifies Michael Grecco as the

author and litigant, Defendant ignores pertinent information. The photograph *was*

work made for hire for Plaintiff by Mr. Grecco. Defendant's citation to Aquarian

Found., Inc. proves constructive in making this determination. To determine if

disputed works constituted work made for hire under the 1976 Copyright Act, the

court applied the following:

> In accordance with Supreme Court precedent, we apply
> principles of agency law to determine whether the works
> in question were "prepared by an employee within the
> scope of his or her employment." See Cmty. for Creative

[2] Menjivar v. JVCKenwood USA Holdings, Inc., No. CV 24-0448-CBM(AJRx), 2024 U.S. Dist.
LEXIS 71349, at *6 (C.D. Cal. Apr. 17, 2024) (quoting Feist Publ'ns, Inc. v. Rural Tel. Serv.
Co., 499 U.S. 340, 361 (1991) ("'To establish infringement, two elements must be proven: (1)
ownership of a valid copyright, and (2) copying of constituent elements of the work that are
original.'").

[3] D.E. 80, p. 10.

COPYCAT LEGAL PLLC
113 N. SAN VICENTE BLVD., SUITE 232 • BEVERLY HILLS, CA 90211
TELEPHONE (877) 437-6228

> <u>Non-Violence v. Reid</u>, 490 U.S. 730, 738–41 (1989)
> (interpreting 17 U.S.C. § 101(1)'s definition of a "work
> made for hire"). Specifically, we refer to Section 228 of
> the Restatement (Second) of Agency and its three-
> pronged test that asks whether a work: (1) "is of the kind
> the employee is employed to perform"; (2) "occurs
> substantially within the authorized time and space
> limits"; and (3) "is actuated, at least in part, by a purpose
> to serve the employer." <u>U.S. Auto Parts Network, Inc. v.
> Parts Geek, LLC</u>, 692 F.3d 1009, 1015 (9th Cir. 2012)
> (cleaned up).

<u>Aquarian Found., Inc. v. Lowndes</u>, 127 F.4th 814, 820 (9th Cir. 2025). Here, it

cannot be disputed that Mr. Grecco's photos, despite being registered in his name

in the instance of Registration No. VAu 1-397-398 are works made for hire, thus

conferring ownership on Plaintiff.

> 1.    The Work is of The Kind the Employee is Employed to
>       Perform

Mr. Grecco testified that he is an employee of Plaintiff.[4] Mr. Grecco

declared that he is the CEO and sole shareholder of Plaintiff.[5] He further declared

that he is "an award-winning celebrity portrait photographer that is hired by top-

tier media outlets to take photographs of celebrities for magazine covers."[6] Plaintiff

maintains a commercial website (https://grecco.com/) which describes the

photography services offered by Mr. Grecco, hosts a sample portfolio of

---

[4] <u>See</u> the September 12, 2025 Declaration of Jonathan Alejandrino (the "<u>Alejandrino Decl.</u>"),
at ¶ 3, Exhibit B, at Grecco Tr. at 56:5-56:24.
[5] Motion [D.E. 69-3, p.2].
[6] Id.

COPYCAT LEGAL PLLC
113 N. SAN VICENTE BLVD., SUITE 232 • BEVERLY HILLS, CA 90211
TELEPHONE (877) 437-6228

photographs taken and cinemagraphs created by Mr. Grecco, and invites

prospective customers to contact Plaintiff to arrange for a professional photo

shoot.[7] Mr. Grecco is employed by Plaintiff to do a myriad of things as the sole

shareholder. Mr. Grecco captures award-winning photographs that can be licensed

through Plaintiff. There is no question that capturing photographs, including the

Seventeenth Photograph, is exactly the kind of work Mr. Grecco is employed to

do.

### 2. The Work Occurs Substantially Within the Authorized Time and Space Limits

The Seventeenth Photograph occurred substantially within the authorized

time and space limits. Plaintiff was formed in 1998 as "Michael    Grecco

Photography, Inc."[8] At that time, Mr. Grecco transferred the rights with respect to

his existing copyrights (pursuant to a written assignment agreement) to Michael

Grecco Photography, Inc.[9] In 2012, the company name was formally changed to

Michael Grecco Productions, Inc. to accommodate for the expansion into motion

productions in addition to photography.[10] Later, in 2014, Plaintiff created "Michael

Grecco Photography" as a d/b/a of Plaintiff.[11] The Seventeenth Photograph was

---

[7] Second Amended Complaint, ¶ 9. See D.E. 46.
[8] Second Amended Complaint, ¶ 10. See D.E. 46.
[9] Id.
[10] Id.
[11] Id.

COPYCAT LEGAL PLLC
113 N. SAN VICENTE BLVD., SUITE 232 • BEVERLY HILLS, CA 90211
TELEPHONE (877) 437-6228

created in 1980, and registered in 2019. The registration date of the photograph is well within the time frame of Plaintiff's creation.

### 3. The Work is Actuated, at Least in Part, by a Purpose to Serve the Employer

One of Plaintiff's purposes is to license high end photography captured by Mr. Grecco. Without Mr. Grecco's photographs, there would be no work for Plaintiff to license. The creation of photographs by Mr. Grecco is actuated by a purpose to serve Plaintiff.

Because the Seventeenth Photograph is the kind of work Mr. Grecco is employed to perform; (2) occurred substantially within the authorized time and space limits; and, (3) was actuated, at least in part, by a purpose to serve Plaintiff, it goes without saying that—despite how the name designation appears on the Certificate—the Seventeenth Photograph was a work for hire that Plaintiff owns.

Additionally, it is worth noting that, unlike in Aquarian Found., Inc., Mr. Grecco is not disputing Plaintiff's ownership.

### 4. Ownership was Transferred to Plaintiff

Significantly, to the extent the Court does not wish to determine that the Seventeenth Photograph is a work made for hire, ownership was transferred from Mr. Grecco to Plaintiff. Documentation regarding such was in Defendant's

COPYCAT LEGAL PLLC
113 N. SAN VICENTE BLVD., SUITE 232 • BEVERLY HILLS, CA 90211
TELEPHONE (877) 437-6228

possession prior to it raising this issue. Mr. Grecco executed an assignment agreement with Plaintiff in 1998.[12] The transfer agreement specifically stated that Mr. Grecco transferred all rights to his images and copyrights as identified by Exhibit "A" to the Transfer Agreement.[13] Exhibit "A" included "Michael Grecco's Photographs, 1980."[14] The Seventeenth Photograph is included in a group of Mr. Grecco's photographs that were unpublished from 1980.[15] The right to the Seventeenth Photograph was included in the transfer of rights to Plaintiff.

Consequently, whether Plaintiff has ownership of the Seventeenth Photograph pursuant to it being a work-for-hire, or because the Seventeenth Photograph was included in the 1998 Assignment Agreement, it is undisputed that Plaintiff has ownership of the Seventeenth Photograph.

### B. The First, Second, Eighth, Ninth, Tenth, Eleventh, Twelfth, Nineteenth, and Twentieth Photographs

Defendant's argument that Plaintiff transferred its rights in the First, Second, Eighth, Ninth, Tenth, Eleventh, Twelfth, Nineteenth, and Twentieth Photographs is simply baseless. Defendant has provided no documentation nor assignment

---

[12] Motion [D.E. 69-3, p.16–22].
[13] Id.
[14] Id.
[15] Second Amended Complaint. See D.E. 46-9, Exhibit "I".

COPYCAT LEGAL PLLC
113 N. SAN VICENTE BLVD., SUITE 232 • BEVERLY HILLS, CA 90211
TELEPHONE (877) 437-6228

agreement to support the allegation. While Plaintiff could understand why it would be appealing for Defendant to cite to <u>Michael Grecco Photography, Inc. v. Everett Collection, Inc.</u>, 589 F. Supp. 2d 375 (S.D.N.Y. 2008), the holding from that case simply does not apply. In <u>Everett Colledction, Inc.</u>, the court posited:

> Nonetheless, Everett has not offered any evidence tending to show that the certificates of registration provided by Grecco are invalid, or that Grecco does not in fact own the copyrights in the Images covered by those registrations. And there is considerable evidence (including the various license agreements, which are discussed below) demonstrating that plaintiff does indeed own the copyright in these photographs. Therefore, the Court, in its discretion, will consider the certificates as prima facie evidence of valid copyrights in the Images.

<u>Everett Collection, Inc.</u>, 589 F. Supp. 2d at 382. Here, too, Defendant has provided no evidence tending to show that Plaintiff's certificates of registration are invalid. And, when considered in conjunction with the licensing agreements provided, this Court, as the court in <u>Everett Collection, Inc.</u> did, can easily find that the Certificates of Registration establish *prima facie* evidence of valid copyrights. Defendant wants this Court to focus on the issue of exclusivity as was done in <u>Everett Collection, Inc.</u> where "Grecco may well have intended to confer an exclusive license, giving the studios all his § 106 rights except in connection with promoting himself as a photographer. As a result, this issue must go to trial, and summary judgment is denied as to the 'Xena,' 'Sentinel,' and Christian McBride

COPYCAT LEGAL PLLC
113 N. SAN VICENTE BLVD., SUITE 232 • BEVERLY HILLS, CA 90211
TELEPHONE (877) 437-6228

Images." See Everett Collection, Inc., 589 F. Supp. 2d at 384. However, this is not

necessary. Grecco, as explained in Everett Collection, Inc., and here, did not intend

(nor did he actually) transfer all rights to create an issue of standing.[16]

### C. Copyright to Images Created in 1998 or Later

Plaintiff has ownership of and rights in the Work. Defendant, despite what

it would like to present in its Opposition, is well aware that Mr. Grecco testified he

is an employee, making their citation to DSAUF no. 112 wholly incorrect. Mr.

Grecco is an employee of Plaintiff.[17] To avoid reiteration, Plaintiff incorporates

what has already been explained regarding ownership and rights previously within

this section.

### II.    The Uses by Defendant's Users are Not Fair Use

The alleged infringements of the Work de Defendant's users do not

constitutes fair use. "To determine whether a particular use is 'fair,' the statute sets

out four factors to be considered: (1) the purpose and character of the use, including

whether such use is of a   commercial nature or is for nonprofit educational

purposes; (2) the nature of the copyrighted work; (3) the amount and substantiality

of the portion used in relation to the copyrighted work as a whole; and (4) the effect

of the use upon the potential market for or value of the copyrighted work." See

---

[16] See generally Alejandrino Decl. at ¶ 3, Exhibit B, at Grecco Tr. at 177:14-177:25.
[17] Id. at ¶ 4, Exhibit B, at Grecco Tr. at 56:5-56:24.

COPYCAT LEGAL PLLC
113 N. SAN VICENTE BLVD., SUITE 232 • BEVERLY HILLS, CA 90211
TELEPHONE (877) 437-6228

Andy Warhol Found. for the Visual Arts, Inc. v. Goldsmith, 598 U.S. 508, 527
(2023).

### A. Purpose and Character of the Use

1. The Use was Commercial

Defendant opines that the crux of whether a use was commercial is "whether
the user stands to profit from exploitation of the copyrights material." Harper &
Row Publishers, Inc. v. Nation Enters., 471 U.S. 539, 562 (1985).

Defendant and its users assuredly stand to profit from the exploitation of
Plaintiff's Work. Setting aside whether Defendant itself profited,[18] Defendant
testified that users of its platform can make money by being in the creator fund.[19]
Defendant's users certainly had the ability to profit from using Plaintiff's Work
without paying the customary price.

Defendant's proposed application of Kelly is misguided (and inconsistent
with the actual applicable holding of the case).

> There is no dispute that Arriba operates its web site for
> commercial purposes and that Kelly's images were part
> of Arriba's search engine database. As the district court
> found, while such use of Kelly's images was
> commercial, it was more incidental and less exploitative
> in nature than more traditional types of commercial
> use. Arriba was neither using Kelly's images to directly
> promote its web site nor trying to profit by selling Kelly's
> images. Instead, Kelly's images were among thousands

---

[18] Plaintiff has alleged that Defendant profits off its platform.
[19] D.E. 68-2, Exhibit A, Boutros Tr. at 24:7-24:12.

COPYCAT LEGAL PLLC
113 N. SAN VICENTE BLVD., SUITE 232 • BEVERLY HILLS, CA 90211
TELEPHONE (877) 437-6228

> of images in Arriba's search engine data-base. Because
> the use of Kelly's images was not highly exploitative, the
> commercial nature of the use weighs only slightly
> against a finding of fair use.

Kelly v. Arriba Soft Corp., 336 F.3d 811, 818 (9th Cir. 2003). Defendant focuses on the idea that "the 24 alleged infringements are among *billions* of videos and *millions* of profile pictures on TikTok" so the commercial use could only be incidental at best. By Defendant's logic, it would never be found liable for infringement because any infringement would be a mere drop in the bucket for the megalith platform. That ***cannot*** be the applicable rule of Kelly. And notably, Kelly concludes that the use was commercial and weighs in favor of finding against fair use. As Defendant says, "[t]he same is true here."[20] Defendant's users unauthorized uses of Plaintiff's Work weights against a finding of fair use.

Defendant, and its users, has a financial interest and benefit from the unauthorized use of the Work. "Direct financial interest exists when a '[f]inancial benefit exists where the availability of infringing material acts as a draw for customers.'" BackGrid USA, Inc., 2024 U.S. Dist. LEXIS 103090, *15 (quoting Ellison v. Robertson, 357 F.3d 1072, 1078 (9th Cir. 2004)). "The standard requires a showing of proximate cause between the infringing activity and any financial benefit to the defendant, but that benefit need not be 'substantial' in light of the

---

[20] D.E. 80, p. 13.

COPYCAT LEGAL PLLC
113 N. SAN VICENTE BLVD., SUITE 232 • BEVERLY HILLS, CA 90211
TELEPHONE (877) 437-6228

1  defendant's overall profits." Id. at *15–16 (referencing Ellison, 357 F.3d at1078–

2  79). Given Defendant's sheer size and impressive overall profits, the financial

3  benefit (which does exist) need not be substantial. Defendant has sizeable

4  advertising revenue.[21]

5      Defendant attempts to weaponize testimony given by Plaintiff's non-

6  30(b)(6) witness. Defendant misses the point. Whether Ms. Yamada testified that

7  if the uses were commercial, a cease and desist would have been sent is

8  inconsequential. Defendant engaged in commercial, unauthorized use of Plaintiff's

9  Work. Given Defendant's DMCA registration, a mere cease and desist would not

10  have been proper. In context of this case, a DMCA takedown notice is a cease and

11  desist by another name. That Defendant chose not to respect the takedown notice

12  in no way diminishes the commerciality.

13          2.    The Use was Not Transformative

14      "The creation and use of the thumbnails in the search engine is a fair use."

15  Kelly, 336 F.3d at 815.

16              The Google search engine that provides responses in the
               form of images is called "Google Image Search." In
17             response to a search query, Google Image Search
               identifies text in its database responsive to the query and
18             then communicates to users the images associated with
               the relevant text. …. Google Image Search provides

19

20

---

[21] D.E. 78-3, ¶ 15.

COPYCAT LEGAL PLLC
113 N. SAN VICENTE BLVD., SUITE 232 • BEVERLY HILLS, CA 90211
TELEPHONE (877) 437-6228

> search results as a webpage of small images called
> "thumbnails."
>
> When a user clicks on a thumbnail image, the user's
> browser program interprets HTML instructions on
> Google's webpage. These HTML instructions direct the
> user's browser to cause a rectangular area (a "window")
> to appear on the user's computer screen.

Perfect 10, Inc. v. Amazon.com, Inc., 508 F.3d 1146, 1155 (9th Cir. 2007).

Defendant misses the point of the 'thumbnail' cases it cites. Defendant is not a

search engine and a profile picture is not a thumbnail. Whether a profile picture

displays a 'smaller' version or a photograph, or a lower-quality resolution of the

photograph is dependent on the user, and Defendant's platform itself. The profile

pictures are not the by-product of a search engine search result. Plaintiff's Work

being used as profile pictures on Defendant's platform by its users is not

transformative.

3.    The Use of Asserted Works in Videos with Added
Commentary, Editing, and Other Elements is Transformative

In Livingly Media, the court found that "[c]onsidering commerciality and

transformativeness together, the Court finds the first factor weighs slightly in favor

of fair use." Michael Grecco Prods. v. Livingly Media, No. CV 20-0151 DSF

(JCx), at 27–28 (C.D. Cal. Apr. 16, 2021). This was a holistic determination. The

court did not explicitly hold that the use was transformative. Moreover, a pertinent

COPYCAT LEGAL PLLC
113 N. SAN VICENTE BLVD., SUITE 232 • BEVERLY HILLS, CA 90211
TELEPHONE (877) 437-6228

fact Defendant ignores is that *unlike* Defendant, "on being notified of the infringement, Livingly replaced the Photographs." Id. at 28.

Additionally, "[the Court finds the fourth factor weighs against a finding of fair use. Because the relevant facts are undisputed and the majority of the factors weigh against a finding of fair use, the Court **GRANTS** summary judgment to MGP on Livingly's fair use defense." Id. at 31 (emphasis added). Plaintiff agrees with Defendant that this Court should find as the court in Livingly Media did.

As stated in the seminal case on fair use:

> Copying might have been helpful to convey a new meaning or message. It often is. But that does not suffice under the first factor. Nor does it distinguish AWF from a long list of would-be fair users: a musician who finds it helpful to sample another artist's song to make his own, a playwright who finds it helpful to adapt a novel, or a filmmaker who would prefer to create a sequel or spinoff, to name just a few. As Judge Leval has explained, "[a] secondary author is not necessarily at liberty to make wholesale takings of the original author's expression merely because of how well the original author's expression would convey the secondary author's different message." Authors Guild, 804 F. 3d, at 215.

Andy Warhol Found. for the Visual Arts, Inc., 598 U.S. at 547–548. Defendant, nor its users, have provided a single justification, let alone a compelling one of why Defendant or its users were entitled to use Plaintiff's Work. ***Because they were not***. Defendant wants this Court to determine that any minutiae of added text, sound, color, etc. somehow transforms the Work. Defendant's ask of this Court

stands contrary to the direction provided by the Supreme Court: "[t]he court correctly rejected the idea that any secondary work that adds a new aesthetic or new expression to its source material is necessarily transformative." The use by Defendant's users were not transformative nor justified.

### B. The Nature of the Copyrighted Work

Defendant spends little time explaining why the second factor should weigh in favor of fair use. As Plaintiff identified in its Motion, "[t]he second factor in the fair use analysis 'recognizes that creative works are closer to the core of intended copyright protection than informational and functional works.'" Walking Mt. Prods., 353 F.3d at 803 (quoting Dr. Seuss Enters., L.P. v. Penguin Books USA, Inc., 109 F.3d 1394, 1402 (9th Cir. 1997) (internal quotations omitted)).

Defendant itself directs this Court to Monge v. Maya Magazines, Inc., 688 F.3d 1164 (9th Cir. 2012), a case where photographs of celebrities were determined to be "marginally creative." There is no qualifying threshold of *how* creative a photograph must be once it is determined to be creative. The Work at bar is not factual, but creative. While courts have traditionally found this factor to not be the most heavily weighted in a fair use analysis, this factor would weigh in favor of Plaintiff, as the Work is creative.

COPYCAT LEGAL PLLC
113 N. SAN VICENTE BLVD., SUITE 232 • BEVERLY HILLS, CA 90211
TELEPHONE (877) 437-6228

### C.  The Amount and Substantiality of the Portion Used

"The third factor looks to the quantitative amount and qualitative value of the original work used in relation to the justification for that use." Seltzer v. Green Day, Inc., 725 F.3d 1170, 1178 (9th Cir. 2013). Whether one of Plaintiff's photographs was cropped is not indicative of fair use.[22] Defendant's users utilized substantial portions of the Work that is clearly identifiable from a comparison to the Work. As already addressed, the use of the Work was not transformative. Accordingly, the third factor does not support a finding of fair use, either.

### D. The Effect of the Use Upon the Potential Market

"[O]ne need only show that if the challenged use 'should become widespread, it would adversely affect the potential market for the copyrighted work.'" Harper & Row, 471 U.S. at 568 (quoting Sony Corp. of America v. Universal City Studios, Inc., 464 U.S. 417, 451 (1984)). "[A]llowing websites to post copyrighted material without a license merely because the market for the material has gone cold would pose a substantial threat to the licensing market in general." See Golden v. Michael Grecco Prods., Inc., No. 19-CV-3156 (NGG) (RER), 524 F. Supp. 3d 52, 2021 WL 878587, at *5 (E.D.N.Y. Mar. 9, 2021).

---

[22] Hirsch v. CBS Broad. Inc., 2017 U.S. Dist. LEXIS 123468, at *8 (S.D.N.Y. Aug. 4, 2017) ("[E]ven though a fair amount of the Photo is cropped out, the average lay observer would recognize it as a copy.").

COPYCAT LEGAL PLLC
113 N. SAN VICENTE BLVD., SUITE 232 • BEVERLY HILLS, CA 90211
TELEPHONE (877) 437-6228

Plaintiff is selective about what photographs get licensed and to whom for the purpose of not wanting to undermine the market.[23] Plaintiff has no way to control how its photographs operate in the market when the photographs are being infringed and may lose licensing revenue.[24]

Defendant spends much of its time criticizing Plaintiff or misconstruing facts. While Defendant would prefer to distract the Court with its baseless claims of "failure to adduce evidence," its ill-fated attempts cannot dispute what is actually fact. The infringements cause market harm, and Defendant has ***willingly*** and ***consciously*** chosen to allow the infringements to continue. Plaintiff has a right to license its Work.

When viewed in totality, the four fair use factors all militate toward a finding in favor of Plaintiff and against a finding of fair use.

## III. Defendant Committed Contributory Infringement

Much like a broken record, Defendant repeats its story of ineffective takedown notices. ***Not so***. Defendant received compliant DMCA takedown notices

---

[23] D.E. 68-2, Exhibit B, at Grecco Tr. at 321:14-321:25.

[24] D.E. 68-2, Exhibit B, at Grecco Tr. at 133:12-134:1.

COPYCAT LEGAL PLLC
113 N. SAN VICENTE BLVD., SUITE 232 • BEVERLY HILLS, CA 90211
TELEPHONE (877) 437-6228

and has had every opportunity to comply. Notably, Plaintiff's takedown notices were addressed and submitted to Defendant's designated DMCA email address.[25] Defendant maintains that fair use was not considered by Plaintiff, ergo the takedown notices were insufficient. This belief is **not** supported by the record. Plaintiff unequivocally considered fair use before sending its DMCA takedown notices. Plaintiff has complied with *all* of 17 U.S.C. § 512 (c)(3)'s requirements. Plaintiff's takedown notices sent to Defendant via its designated DMCA email address: copyright@tiktok.com[26] each contained the required information, including: the identity of the copyrighted work; the location of the infringing material; and, a statement of good faith.[27] Plaintiff (or an agent authorized to act on behalf of Plaintiff) subjectively considered whether the use of each photograph by Defendant's users were fair use.[28] Plaintiff did not subjectively believe the uses to be fair use, and as such, sent out its **compliant** DMCA takedown notices.[29]

---

[25] D.E. 68-2, Exhibit A, Boutros Tr. at 47:9-47:17; 53:13-53:17; 56:16-56:21; 57:14-57:19; 59:9-59:14: 60:5-60:9; 61:1-61:5; 62:6-62:11; 69:15-69:21; 70:18-70:23; 71:16-71:21; 72:16-72:20; 73:12-73:16; 74:10-74:14; 75:7-75:11; 76:4-76:8; 76:24-77:3; 77:22-77:25; 78:16-78:20; 79:8-79:13; 80:6-80:10; 81:3-81:7; 81:25-82:4; 82:22-83:2; see also D.E. 68-3, Declaration of Michael Grecco (the "Grecco Decl."), at ¶ 35.

[26] D.E. 68-2, Exhibit A, Boutros Tr. at 47:9-47:17; 53:13-53:17; 56:16-56:21; 57:14-57:19; 59:9-59:14: 60:5-60:9; 61:1-61:5; 62:6-62:11; 69:15-69:21; 70:18-70:23; 71:16-71:21; 72:16-72:20; 73:12-73:16; 74:10-74:14; 75:7-75:11; 76:4-76:8; 76:24-77:3; 77:22-77:25; 78:16-78:20; 79:8-79:13; 80:6-80:10; 81:3-81:7; 81:25-82:4; 82:22-83:2.

[27] D.E. 68-3, Grecco. Decl., at ¶ 36, Composite Exhibit B.

[28] D.E. 78-2, Exhibit B, Grecco Tr. at 212:20-213:12.

[29] D.E. 78-2, Exhibit B, Grecco Tr. at 212:20-213:12; D.E. 78-3, Grecco Decl., at ¶¶ 12, 13, 14.

COPYCAT LEGAL PLLC
113 N. SAN VICENTE BLVD., SUITE 232 • BEVERLY HILLS, CA 90211
TELEPHONE (877) 437-6228

1    Each of the DMCA takedown notices was reviewed by Mr. Grecco
2    (Plaintiff's sole owner) or someone else authorized to review it on Plaintiff's
3    behalf.[30] For each infringement, and prior to the DMCA takedown notice being
4    sent, Mr. Grecco or someone else authorized on Plaintiff's behalf formed a good-
5    faith belief that the infringement was not fair use.

6    And, as Plaintiff identified in both its Motion and its Opposition
7    Memorandum to Defendant's Motion for Summary Judgment, Defendant's
8    knowledge (if somehow not conferred by the takedown notices) was certainly
9    evidence the instant the complaint was filed. Defendant's actual knowledge is
10   established by the service of the Complaint. Defendant was served the Complaint
11   on June 14, 2024.[31] The Complaint contains screenshots and links to the infringing
12   materials. ███████████████████████████████████
13   ████████████████████████████████████████████
14   ████████████████████████[32] Evidently, Defendant believed it should
15   not remove the content. Defendant has been on notice about the infringements for
16   well over a year and has deliberately and consistently chosen not to comply with

17

18

---

19   [30] D.E. 78-3, Grecco Decl., at ¶¶ 13, 14; D.E. 78-2, Exhibit B, at Grecco Tr. at 209:8-210:8
     [31] Proof of Service [D.E. 11].

20   [32] D.E. 68-2, Exhibit A, at Boutros Tr. at 19:23-20:5; 94:7-94:20; 111:21-112:4; 112:10-17;125:23-126:8; 127:1-127:8; D.E. 68-2, Exhibit D, No. 12.

COPYCAT LEGAL PLLC
113 N. SAN VICENTE BLVD., SUITE 232 • BEVERLY HILLS, CA 90211
TELEPHONE (877) 437-6228

the DMCA requirements. Thus, it is indisputable that Defendant has actual knowledge.

The expeditious removal requirement was unequivocally triggered, and no matter how many ways Defendant would like to pretend it had no obligation to act, *it did*. Ultimately, Defendant had actual knowledge of the infringements, materially contributed to the infringements, and failed to engage its simple measures to remove the infringements. No matter what the perspective, the outcome remains: Defendant is liable for contributory infringement.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully request that the Court enter an Order: (a) granting its Motion;[33] and (b) for such further relief as the Court deems proper.

## LOCAL RULE 11-6.2 CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Plaintiff, certifies that this brief contains 4,591 words, which complies with the word limit of L.R. 11-6.1.

---

[33] The sole remaining issue for trial on Plaintiff's claim for contributory infringement would thus be damages.

COPYCAT LEGAL PLLC
113 N. SAN VICENTE BLVD., SUITE 232 • BEVERLY HILLS, CA 90211
TELEPHONE (877) 437-6228

Dated: September 12, 2025.

**COPYCAT LEGAL PLLC**
3111 N. University Dr.
Suite 301
Coral Springs, FL 33065
Telephone: (877) 437-6228
jonathan@copycatlegal.com

*Attorney for Plaintiff*

By: /s/ Jonathan Alejandrino
Jonathan Alejandrino, Esq. (*pro hac vice*)


**COPYCAT LEGAL PLLC**
113 North San Vicente Boulevard
Suite 232
Beverly Hills, CA 90211
Telephone: (877) 437-6228
lauren@copycatlegal.com

*Attorney for Plaintiff*

By: /s/ Lauren M. Hausman
Lauren M. Hausman, Esq.


## CERTIFICATE OF SERVICE

I hereby certify that on September 12, 2025, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will electronically serve all counsel of record.

/s/ Lauren M. Hausman
Lauren M. Hausman, Esq.